## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-399 (RDM)** |
| **v.** | : | |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant.** | : | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

### All Materials

1.      All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      The defendant and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense (including experts), persons who are interviewed as potential witnesses or experts, counsel for potential witnesses, and other persons to whom disclosure is made for purposes of this litigation or to whom the Court may authorize disclosure (collectively, "authorized persons").   Potential witnesses, experts, and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without signing the acknowledgment form attached as Attachment A to this Order, pursuant to the provisions of Paragraph 8 of this Order, or prior permission of the Court.

3.      The defendant, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendant, defense counsel, and authorized persons.   Such copies and reproductions shall be treated in the same manner as the original materials.   The defendant, defense counsel, and

authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4.      Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

5.      Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

6.      The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below.

## Sensitive Materials

7.      The United States may produce materials containing individuals' personal information (such as name and address), financial information (such as bank account information), and identifying numbers (such as taxpayer identification numbers), and other sensitive personal information; as well as non-public information about or relating to third parties and potential witnesses to this matter ("sensitive materials") to defense counsel, pursuant to the defendants' discovery requests.   Sensitive materials shall be plainly marked as "sensitive" by the United States prior to disclosure.

8.      No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense (including experts), or the person to whom the sensitive information solely and directly pertains, except if the person to whom disclosure is made signs the acknowledgment form attached as Attachment A to this Order.   Defense counsel shall maintain a copy of any signed acknowledgment form and shall provide such copy of the signed acknowledgement form to the Court for *ex parte* review upon request by the Court or the United States.   Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

2

9.      Sensitive materials must be maintained in the custody and control of defense counsel or persons employed to assist the defense, including experts retained by the defense. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant.   Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials.

10.      Should defense counsel determine that, for purposes of preparing the defense of the above-captioned case, it is necessary for defendant to maintain a copy of sensitive materials, the defense counsel will notify government counsel.   To the extent practicable, government counsel will then provide the defense with a copy of the sensitive materials redacted of sensitive personal information or non-public information about or relating to third parties and potential witnesses to this matter for use of defendant.

11.      The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.   No party shall disclose designated sensitive documents in open court without prior consideration by the Court.

12.      Absent prior agreement by the parties or permission from the Court, no party shall disclose materials designated as sensitive in any public filing with the Court.   Such materials shall be submitted under seal.   Absent statutory authority, no party shall file such materials under seal without an order from the Court pursuant to Local Rule of Criminal Procedure 49(f)(6).

## Scope of this Order

13.      **Modification Permitted.**   Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

14.      **No Waiver**.   The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive.

15.     **No Ruling on Discoverability or Admissibility**.   This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this _____ day of _____, 2021.

_____
RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

**<u>ATTACHMENT A</u>**

ACKNOWLEDGMENT

      The below-signed has read the attached Protective Order Governing Discovery, and agrees to abide by its terms.   Counsel for Defendant Roman Sterlingov represents that disclosure to the below-signed individual, someone who is not an employee of Counsel's organization and is a non-party to this litigation, is necessary for the purpose of this litigation and that a copy of this acknowledgment will be provided to the Court for *ex parte* review upon request by the Court or the United States.

Date: _____        _____
                                       Counsel for Roman Sterlingov

Date: _____        _____
                                       (Printed Name:                         )