# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 21 - CR - 399 (RDM) |
| *Plaintiff*, | |
| v. | |
| ROMAN STERLINGOV, | |
| *Defendant*. | |

**Defendant Roman Sterlingov's Memorandum of Law in Support of His Motion for a Bill of Particulars**

## Table of Contents

**INTRODUCTION** ................................................................................................................................ **- 1 -**
**BACKGROUND** .................................................................................................................................. **- 2 -**
**ARGUMENT** ...................................................................................................................................... **- 3 -**
**I.   THE COURT SHOULD ORDER A BILL OF PARTICULARS FOR COUNT ONE** ................................... **- 4 -**
**II.  THE COURT SHOULD ORDER A BILL OF PARTICULARS FOR COUNT TWO** .................................. **- 7 -**
**III. THE COURT SHOULD ORDER A BILL OF PARTICULARS FOR COUNT THREE** ............................... **- 9 -**
**IV.  THE COURT SHOULD ORDER A BILL OF PARTICULARS FOR COUNT FOUR** ................................ **- 9 -**
**V.   THE COURT SHOULD ORDER A BILL OF PARTICULARS ON VENUE** ......................................... **- 10 -**
**CONCLUSION** .................................................................................................................................. **- 11 -**

# Table of Authorities

**CASES**

*Cochran and Sayre* v. *United States*, 157 U.S. 286 (1895) ........................................................................ - 3 -
*Hagner* v. *United States*, 285 U.S. 427 (1932) ........................................................................................ - 3 -
*Rosen* v. *United States*, 161 U.S. 29 (1896) ............................................................................................ - 3 -
*U.S. v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ............................................................................. - 3 -, - 4 -
*United States v. Automated Med. Labs., Inc.*, 770 F.2d 399 (4th Cir. 1985) ............................................ - 3 -
*United States v. Bolden*, 325 F.3d 471 (4th Cir. 2003) ........................................................................... - 7 -
*United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69 (D.D.C. 2019) ............................ - 4 -
*United States v. Debrow*, 346 U.S. 374, 376, 74 S. Ct. 113 (1953) ......................................................... - 3 -
*United States v. Dulin*, 410 F.2d 363 (4th Cir. 1969) ............................................................................. - 3 -
*United States v. Harmon*, 514 F. Supp. 3d 47 (D.D.C. 2020) ................................................................ - 10 -
*United States v. Sutton*, 2022 U.S. Dist. LEXIS 73553, *5 (D.D.C. 2022). ............................................... - 4 -
*United States v. Ziccardi*, No. 3:14cr107, 2014 U.S. Dist. LEXIS 152007, at *2 (E.D. Va. Oct. 27, 2014) ........... - 3 -, - 4 -

**STATUTES**

18 USC 1956(a)(1 ..................................................................................................................................... - 7 -
18 USC 1956(a)(3)(A), (B). ....................................................................................................................... - 7 -
Fed. R. Crim. P. 7(c)(1). ........................................................................................................................... - 3 -

**OTHER AUTHORITIES**

Taylor Locke, Criminals are using 'mizers' to launder millions in crypto. They're not illegal yet", Fortune Magazine, March 26, 2022 ........................................................................................................................ - 10 -

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Amend. V, VI ......................................................................................................................... - 3 -
U.S. Const. amend. VI. .......................................................................................................................... - 10 -
U.S. Const. Art. III § 2 ............................................................................................................................ - 10 -

## Introduction

Defendant Roman Sterlingov, through his undersigned counsel, submits this Memorandum of Law in support of his Motion for a Bill of Particulars.

This is a criminal prosecution under 18 U.S.C. § 1956(h) ("§ 1956 (h)") (money laundering conspiracy), 18 U.S.C. § 1956(a)(3)(A), (B) (money laundering), 18 U.S.C. § 1960(a) (operating an unlicensed money transmitting business), and D.C. Code § 26-1023(c) (a money transmission without a license.)

To address this and the Indictment's other defects in the forthcoming Motion to Dismiss, the Fifth and Sixth Amendments require that the Government provides the necessary information for Mr. Sterlingov to mount a defense. This Motion asks that the Government state the particulars of its criminal prosecution of a conspiracy to commit money laundering, money laundering, unlicensed money transmitting business, and a money transmission without a license; plain, concise, and definite, as our Constitution requires.

This Court should grant Mr. Sterlingov's Motion for a Bill of Particulars because the Indictment:

1. violates the Fifth, and Sixth Amendments to the United States Constitution by not providing a plain, concise, definite statement identifying the elements of the crime charged and their supporting factual predicates necessary for Mr. Sterlingov to mount a defense,
2. invites trial by surprise, and,
3. invites future double jeopardy.

## Background

On April 26, 2021, Mr. Sterlingov arrived at Los Angeles International Airport, where the Government arrested him on a Criminal Complaint alleging money laundering, operating an unlicensed money transmitting business, and money transmission without a license in the District of Columbia.

On June 14, 2021, a grand jury indicted Mr. Sterlingov on three counts:

1. Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(A), (B)
2. Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a)
3. Money Transmission Without a License, in violation of D.C. Code § 26-1023(c).[1]

On July 18, 2022, the Government filed a four-count Superseding Indictment (the "Indictment"). It charges:

1. Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) ("Count One")
2. Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(A) and (B) ("Count Two")
3. Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a) ("Count Three"), and,
4. Money Transmission Without a License, in violation of D.C. Code § 26-1023(c) ("Count Four").

---

[1] (Dkt. 8, ¶¶ 1, 2, and 3).

## Argument

The Indictment lacks particularity and thus violates the Fifth Amendment's Due Process and Indictment clauses and the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation. . ."[2] The failure to provide any factual predicates as to the online activities being prosecuted in this case further prejudices Mr. Sterlingov in relation to raising a defense.[3] The Constitution requires that a felony indictment provides notice to the defendant of the information necessary to prepare a defense.[4] This is especially true of a broad, bare-bones conspiracy accusation like the one in this Indictment. An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."[5] An indictment is insufficient if:

1. "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused;"[6]

2. it doesn't state the elements of the crime;[7]

3. it doesn't supply the information necessary to prepare a defense and avoid surprise at trial;[8] or,

---

[2] U.S. Const. Amend. V, VI
[3] *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *see United States v. Dulin*, 410 F.2d 363 (4th Cir. 1969) (The purpose of a bill of particulars is to inform a defendant of the charges so that he may adequately prepare a defense, avoid or minimize surprise at trial, and plead in bar of another prosecution for the same offence.)
[4] *Cochran and Sayre* v. *United States*, 157 U.S. 286, 290 (1895); *Rosen* v. *United States*, 161 U.S. 29, 34 (1896); *Hagner* v. *United States*, 285 U.S. 427, 431 (1932); *United States v. Debrow*, 346 U.S. 374, 376, 74 S. Ct. 113, 115 (1953) (The true test of the sufficiency of an indictment is whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet).
[5] Fed. R. Crim. P. 7(c)(1).
[6] *United States v. Ziccardi*, No. 3:14cr107, 2014 U.S. Dist. LEXIS 152007, at *2 (E.D. Va. Oct. 27, 2014) (A bill of particulars should be required only where the charges of the indictment are so general they do not advise the defendant of the specific acts of which he is accused.) *See also U.S. v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).
[7] *See id.*
[8] *See id.*

    4.  fails to bar future double jeopardy.[9]

Courts regularly grant Bills of Particulars in cases where the indictment alleges criminal activity that spans a significant period of time and involves voluminous discovery, multiple actors, and complex transactions.[10] In deciding whether to order a bill of particulars, "the court must balance the defendant's need to know evidentiary-type facts in order to adequately prepare a defense with the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial."[11]

**I.**    **The Court Should Order a Bill of Particulars for Count One**

The Government's eleventh-hour addition of a conspiracy charge lacks all particularity. The Government alleges the conspiracy began in 2011, well outside the five-year statute of limitations, and is alleged, without any factual support, to have continued until 2021. Besides the usual vague, superstitious innuendo about interactions with the "darknet", Count One lacks any specificity, even after an extensive, expensive, six-year investigation.

Count One charges conspiracy to money laundering under 18 U.S.C. § 1956(h). The scope of the conspiracy is not defined, and besides rote recitation of the statute, no particular agreement is referenced, nor are any co-conspirators named. No particular conspiratorial acts are mentioned.

We are left guessing as to what financial transactions constitute "specified unlawful activity" involving a "controlled substance" that Defendant intended "to promote" or "knowingly" conceal, as generically stated in the Indictment.[12] There are no eyewitnesses to anything in this case; it is all the speculative product of people at desks thousands of miles away

---

[9] *See id.*
[10] *United States v. Sutton*, 2022 U.S. Dist. LEXIS 73553, *5 (D.D.C. 2022).
[11] *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 74 (D.D.C. 2019).
[12] (Indictment ¶¶ 1a-b, Dkt. No. 43).

from Sweden where the Defendant resides. The Government creates the illusion of scientific precision with its purported "blockchain analysis" and pseudo-scientific "clusters" yet fails to state its case precisely in the Indictment despite ample time.

To date, the Government has not identified a single criminal transaction tied to Mr. Sterlingov; every allegation is speculative innuendo. We are asked to trust the Government's guesses as it peels back layers, never a direct connection, finally arriving at Mr. Sterlingov through a convoluted process laden with speculative junk science, typos in BTC wallet addresses, misrepresentations, and inexplicable errors that a quick check of the public blockchain record reveals.

Nothing in the discovery produced by the Government to date changes this. The over three terabyte volume of Government discovery is no indication of its substance. If Mr. Sterlingov is to defend himself in this complex guessing game of a case involving networked computers, cryptography and decentralized data ledgers that are a radical, unprecedented change in the history of information technology; the Constitution requires particularity of the Indictment, so that Mr. Sterlingov knows what to look for to defend himself against the Government's Kafkaesque prosecution. If the Government has a case, it should state it clearly and plainly, instead of engaging in evasive pleading in a run around of the statute of limitations.

The Court should order the Government to produce a Bill of Particulars providing:

1. The scope of conspiracy;

2. The names of the conspirators;

3. The precise nature of the conspiratorial agreement;

4. The date of the conspiratorial agreement;

5. The illegal object of the conspiracy;

6. The particular factual predicates for the intent to conceal or disguise the nature, location, source, ownership, or control of property that Mr. Sterlingov believed to be the proceeds of specified unlawful activity;

7. The particular factual predicates for the intent to promote the carrying on of specified unlawful activity;

8. The particular factual predicates for the intent to avoid a transaction reporting requirement under state or federal law;

9. The particular factual predicates for the alleged proceeds of specified unlawful activity;

10. The particular factual predicates for the alleged property that was represented to be the proceeds of, or used to conduct, specified unlawful activity;

11. The particular factual predicates underlying the date, time, place, and manner of the alleged conspiracy;

12. The particular factual predicates that indicate Mr. Sterlingov had knowledge that Bitcoin Fog was an unlicensed money transmitting business in the United States;

13. Identify all unindicted co-conspirators known to the Government;

14. Identify the particular conspirator and conspirators who completed each conspiratorial act alleged in the Indictment;

15. Identify persons other than co-conspirators, including victims, referenced in the Indictment.

## II.     The Court Should Order a Bill of Particulars for Count Two

Count Two, charging money laundering under 18 U.S.C. §§ 1956(a)(3)(A), (B) requires the Government to prove beyond a reasonable doubt that Mr. Sterlingov believed some unspecified property to be the proceeds of a specified unlawful activity that has not been specified under § 1956(a)(3)(B).[13] The statute further requires "intent to promote the carrying on of specified unlawful activity" or an intent "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."[14]

The Government's unilateral internet theater of withdrawing BTC from its account at foggedddriztrcar2.onion provides no particularity, just obscurity. 18 U.S.C. § 1956(a)(1) requires any financial transaction coming under it to "in fact involve the proceeds of specified unlawful activity."[15] There is no allegation in Count Two that the proceeds in question are the ill-gotten gains of a crime. Nor does the Government explain the factual difference between what it states in its Criminal Complaint - that in November 2019, it was the sole actor sending and accessing BTC at its foggedddriztrcar2.onion account[16] - and the Indictment's coy implication that Mr. Sterlingov "moved" " BTC by wire or other means" to an undefined "BITCOIN FOG" wallet "controlled" by the IRS.[17]

The Court should order the Government to produce a Bill of Particulars for Count Two, providing:

   1. The specific "specified unlawful activity" (or activities);

---

[13] *United States v. Bolden*, 325 F.3d 471, 486 (4th Cir. 2003) (In order to contravene § 1956(a)(1), a defendant must know that the property involved in a "financial transaction" represents the "proceeds" of some "specified unlawful activity.")
[14] 18 USC 1956(a)(3)(A), (B).
[15] 18 USC 1956(a)(1)
[16] (Criminal Compl., Statement of Facts p. 6. Dkt. No. 1-1).
[17] (Indictment., p. 3. Dkt. No. 43).

2. The particular "property" (or properties) involved in a financial transaction . . .of unlawful activity;

3. The particular financial transaction involving the alleged unlawful activity;

4. The "unlawful activity";

5. The particular factual predicates supporting the conclusory allegation under 18 U.S.C. § 1956(b) for Mr. Sterlingov's knowledge of the "design," either in whole or part, of the financial transactions related to numbers 1-4 directly above;

6. The particular factual predicates supporting the Indictment's rote allegations of an intent to conceal or disguise the nature, location, source, ownership, or control of property that Mr. Sterlingov believed to be the proceeds of the unspecified specified unlawful activity;

7. The particular factual predicates for the intent to promote the carrying on of specified unlawful activity;

8. The particular factual predicates for the intent to avoid a transaction reporting requirement under state or federal law;

9. The particular factual predicates for the alleged proceeds of specified unlawful activity;

10. The particular factual predicates for the alleged property that was represented to be the proceeds of, or used to conduct, specified unlawful activity; andm

11. The particular factual predicates for underlying the date, time, place, and manner of the alleged conspiracy.

### III. The Court Should Order a Bill of Particulars for Count Three

Without referencing a single particular transaction and only a general date range starting outside the statute of limitations, the Government alleges that for almost a decade, Mr. Sterlingov operated a money transmissions business in Washington D.C, and aided and abetted, in violation of 18 U.S.C. §§ 1960(a) and (b)(2). Given that nothing in the discovery produced to date supports this conclusory allegation, this Court should order the Government to produce a Bill of Particulars providing the factual predicates for this count, particularly describing what Mr. Sterlingov is alleged to have done that constitutes running a money transmission business.

Furthermore, this Court should order the government to produce a Bill of Particulars providing the factual predicates to support any count under 18 U.S.C. §§1960 (b)(2).

Concerningly, the defense cannot determine under what statute the Government is attempting to prosecute Mr. Sterlingov for aiding and abetting. This Court should order the Government to produce a Bill of Particulars providing the statutes under which it is prosecuting Mr. Sterlingov for aiding and abetting, as well as the factual predicates for these charges.

### IV. The Court Should Order a Bill of Particulars for Count Four

Without referencing a single transaction and only a general date range starting outside the statute of limitations, the Government alleges that for almost a decade, Mr. Sterlingov operated a money transmissions business in Washington D.C, in violation of D.C. Code §26-1023(c). Given that nothing in the discovery produced to date supports this conclusory allegation, this Court should order the Government to produce a Bill of Particulars providing the factual predicates to support this count.

**V.      The Court Should Order a Bill of Particulars on Venue**

Article III and the Sixth Amendment of the United States Constitution require all criminal trials to be in the state and district where the crime occurred.[18] Nothing in the Indictment and its predecessors, nor the discovery produced to date, justifies venue in this District. The only apparent connection with the District Columbia is the unilateral interaction of an IRS Agent on November 19, 2019, who allegedly sent a message to "the BITCOIN FOG administrator using the messaging function on the BITCOIN FOG site, stating the funds [he wanted to tumble] were the proceeds of illegal narcotics sales."[19]

On November 18, 2019, the Agent had sent a small amount of BTC to the alleged Bitcoin Fog onion site at foggeddriztrcar2.onion, none of which is alleged to be the proceeds of any crime and that came from a publicly identifiable government-controlled wallet.[20] On November 21, 2019, after receiving no response to his message, the Agent sent BTC by accessing foggeddriztrcar2.onion and directing it to send BTC from the Government's wallet. There is nothing obviously illegal about this transaction. No humans besides the Agent are alleged to have participated in it, no one is alleged to have seen the Agent's message, and tumbling BTC in and of itself is not illegal.[21] Chainalysis, one of the Government's for-profit forensic investigators on this case, has BTC tumbling clients, and the defense is left scratching its head as to what it is

---

[18] *See* U.S. Const. Art. III § 2; *see also* U.S. Const. amend. VI.
[19] (Criminal Compl., Statement of Facts p. 6. Dkt. No. 1-1).
[20] (Criminal Compl., Statement of Facts p. 6. Dkt. No. 1-1).
[21] *See United States v. Harmon*, 514 F. Supp. 3d 47, 50 (D.D.C. 2020) (holding that this business model (crypto tumbling) qualifies as money transmission; *see also* FIN-2019-G001 "Application of FinCEN's Regulations to Certain Business Models Involving Convertible Virtual Currencies," May 9, 2019 (2019 VC Guidance); *see also* Taylor Locke, Criminals are using 'mizers' to launder millions in crypto. They're not illegal yet", Fortune Magazine, March 26, 2022 available at https://fortune.com/2022/03/26/what-are-crypto-mixers/ (quoting Kim Grauer, Director of Research at Chainalysis "[cryptocurrency mixing services] are not inherently illegal – they can be used for legitimate privacy purposes.")

supposed to be defending itself against here when nothing is in the Indictment, its predecessors, or the discovery indicate that Mr. Sterlingov ever had any contact with the District of Columbia or anything to do with this transaction. The Court should order a Bill of Particulars on the question of Venue so that Mr. Sterlingov can mount a complete defense, avoid surprise at trial, and so the Indictment can serve as a future bar to double jeopardy.

## Conclusion

This Court should order the Government to produce a sworn Bill of Particulars for all the Indictment's counts to correct the constitutional deficiencies in its Indictment.

Dated: New York, New York
August 1, 2022

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail and mail delivery via first class mail.

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov