# United States District Court
# District of Columbia

*United States of America*,

        Plaintiffs,

  v.

*Roman Sterlingov*,

        Defendant.

21 - CR - 399 (RDM)

## Memorandum of Law in Support of Defendant's Motion to Dismiss the Indictment

TABLE OF CONTENTS

*Introduction* ............................................................................................................................. 1

*Legal Standard* ....................................................................................................................... 4

*Argument* ............................................................................................................................... 5

*I.    Venue is Unconstitutional in the District of Columbia* ...................................................... 6

   A.   There is no Locus Delicti in the District of Columbia ................................................... 7

   B.   No Substantial or Essential Conduct Occurred in D.C. ................................................. 8

   C.   18 U.S.C. § 1956's Venue Provisions are Unconstitutional as Applied ........................ 8

   D.   The Sixth Amendment Forbids Venue for Criminal Trials in the District of Columbia ................. 9

*II.   Count One Insufficiently Pleads Conspiracy* ..................................................................... 9

*III.  The Court Should Dismiss the Indictment for Legal and Factual Insufficiency* .............. 10

*IV.   The Indictment Violates Fifth Amendment Due Process as Applied* .............................. 10

*V.    The Statute of Limitations Has Run on All Counts* .......................................................... 11

   A.   The Five-Year Statute of Limitations Has Run on Count One .................................... 11

   B.   The Five-Year Statute of Limitations Has Run on Count Two ................................... 12

   C.   The Five-Year Statute of Limitations Has Run on Count Three ................................. 12

   D.   The Six-Year Statute of Limitations Has Run on Count Four .................................... 13

*VI.   The Indictment Violates the First Amendment as Applied* ............................................. 13

*Conclusion* ........................................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Elonis v. United States*, 575 U.S. 723 (2015). ...................................................................................13
*Russell v. United States*, 369 U.S. 749 (1962)......................................................................................5
*Sandvig v. Barr*, 451 F. Supp. 3d 73 (D.D.C. 2020) ...........................................................................13
Travis v. United States, 364 U.S. 631 (1961) .........................................................................................6
*United States v. Auernheimer*, 748 F.3d 525, 534 (3d Cir. 2014). ...............................................6, 8
*United States v. Bowdin*, 770 F. Supp. 2d. 142 (D.D.C. 2011) ...........................................................4
United States v. Brown, No. 07-75 (CKK), 2007 U.S. Dist. LEXIS 49169, at *4-5 (D.D.C. July 9, 2007)........................................................................................................................................5
*United States v. Cabrales,* 524 U.S. 1 (1998) .......................................................................................6
*United States v. Cabrales*, 524 U.S. 1, 6-7, 118 S. Ct. 1772 (1998). .................................................7
*United States v. El-Saadi*, 549 F. Supp. 3d 148 (D.D.C. 2021) ......................................................4, 9
*United States v. Gamble*, No. 19-348 (CKK), 2020 U.S. Dist. LEXIS 116370, at *11-12 (D.D.C. July 2, 2020) ...........................................................................................................................8
*United States v. Gamble*, No. 19-348 (CKK), 2020 U.S. Dist. LEXIS 116370, at *12-13 (D.D.C. July 2, 2020) ........................................................................................................................4, 8
*United States v. Green*, 599 F.3d 360 (4th Cir. 2010). .......................................................................9
*United States v. Hewlett*, 395 F.3d 458 (D.C. Cir. 2005) ....................................................................5
*United States v. Hillie*, 227 F. Supp. 3d 57 (D.D.C. 2017) ..............................................................10
*United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130 (D.D.C. 2015).........................................5
*United States v. Nance*, 533 F.2d 699 (1976).....................................................................................10
*United States v. Saffarinia*, 424 F. Supp. 3d 46 (D.D.C. 2020) .......................................................10
*United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102 (D.D.C. 2012) ..................................................5
*United States v. Sitzmann*, 74 F. Supp. 3d 96 (D.D.C. 2014)............................................................6
*United States v. Sunia*, 643 F. Supp. 2d 51 (D.D.C. 2009) ...................................................4, 5, 10
*United States v. Wright*, 651 F.3d 764 (7th Cir. 2011).......................................................................9

## Statutes

18 U.S.C.S. § 3282(a)..............................................................................................................................11
D.C. Municipal Code § 26-1023 ............................................................................................................10
Fed. R. Crim. P. 18(c)(1)..........................................................................................................................3

## Other Authorities

Adam Hayes, Jefreda R. Brown, Suzanne Kvilhaug, *What is a Blockchain?,* Investopedia, https://www.investopedia.com/terms/b/blockchain.asp (last visited Aug. 1, 2022) ...................2

## Constitutional Provisions

U.S. Const. Amend. VI..............................................................................................................................6

Defendant Roman Sterlingov, through his undersigned attorneys, move this Court under Article III, and the First, Fifth, and Sixth Amendments of the United States Constitution, Federal Rules of Criminal Procedure 12(a)(i), (b)(iii), statute, and the common law to dismiss the Indictment because:

1. Venue is unconstitutional under Article III and the Sixth Amendment to the United States Constitution - no crime occurred in the District of Columbia, and the Government illegally hales Mr. Sterlingov into a hostile district thousands of miles from his home, family, and friends in Gothenburg, Sweden to a jurisdiction he had never set foot in.
2. The Indictment insufficiently pleads the elements of conspiracy
3. The Indictment violates the Fifth Amendment's Due Process clause, as applied
4. The statute of limitations has run on all Counts.
5. The Indictment Violates the First Amendment, as applied

## Introduction

Despite an expensive six-year investigation involving, among others, the DOJ, FBI, IRS, international and domestic law enforcement, for-profit forensic vendors Excygent, LLC and Chainalysis, Inc., and multiple United States Attorney's Offices, the Superseding Indictment (the "Indictment") is bare bones. It pleads no facts to justify its insufficiently pled legal accusations. This empty Indictment fails to place Mr. Sterlingov on the required constitutional notice as to what he must defend himself against and lacks the necessary detail to act as a future double jeopardy bar. There is little recourse to the record outside the Indictment; in the District of Columbia, consideration of a Motion to Dismiss for an Indictment is generally limited to the four corners of the Indictment except as to venue questions.

The Government cannot constitutionally justify its venue selection through unilateral internet forum shopping that implicitly asserts a universal jurisdiction that obliterates our Constitution's Venue Clauses in the digital age. The Government attempts to evade its thorny venue problems by withholding from the Indictment any specific reference to locale and cloaking any such talk in vagaries. Assuming one can even properly speak in terms of physical world locations when it comes to cyberspace.

Further complicating matters is the Indictment's implicit factual assumption that information distributed globally over networked computers - like the distributed ledger technology behind Bitcoin - has a determinate physical location (as a matter of law or fact) and that the exchange of this information over that network functions in the same way as a mid-twentieth brick and mortar wire or bank transfer.[1] One of the Blockchain's core features is that it's decentralized; to talk of its location is to use a physical analogy and not an expression of empirical reality. The Indictment's naive background assumption - shared by many laypeople - that the Blockchain and the Onion Network operate in the same way as a conventional brick and mortar wire or bank transfer denies the empirical reality of the computer networks it stakes its claims on. We are not in Kansas anymore. Kansas has been digitized, decentralized, and distributed.

Again, the Government dodges the issue by failing to state any facts with specificity describing any of the alleged transaction's details or mechanics. Within the four corners of the Indictment, one is left guessing, an unconstitutional guessing game that denies Mr. Sterlingov his

---

1 See, e.g., Adam Hayes, Jefreda R. Brown, Suzanne Kvilhaug, *What is a Blockchain?*, Investopedia, https://www.investopedia.com/terms/b/blockchain.asp (last visited Aug. 1, 2022) (generally discussing distributed ledger technology).

right to mount a complete defense, welcomes surprise at trial, and insufficiently serves as a bar to future double jeopardy because all the counts lack the necessary factual predicates.

Currently, the discovery produced to the Defense by the Government is over 3 Terabytes of data. Most of it appears to be fluff, larded on for impression rather than substance, but within the four corners of the Indictment lies no metric for determining this with certainty - a disquieting thought for a defense lawyer, heavy like a sandbag when someone's liberty is at stake. It diverts resources in a way an indictment with a "plain, concise, and definite written statement of the essential facts constituting the offense charged" doesn't.[2]

Nothing in the Indictment, beyond broad date ranges starting well before the statute of limitations, and the ambiguous "movement of Bitcoin (BTC)" referenced in Count Two, provides specific notice to the Defense of what its defending against. There are no criteria with which to sail the sea of data.

This vagueness and ambiguity of the empty Indictment render it void for vagueness and ambiguity under the Fifth Amendment; likewise with the Government's anachronistic projection of criminal intent a decade into the past to a time when 1 Bitcoin ("BTC") could be bought for 30 cents, in January 2011. The Government accuses Mr. Sterlingov of hiding, yet it hides its investigation from this Indictment, unable to point to anything concrete from its lengthy, costly, and error-laden investigation that ties Mr. Sterlingov to its speculative and convoluted accusations. The Government cannot state its case plainly, not bothering with defining its term "BITCOIN FOG" in the Indictment, so we are left guessing, like the purported "blockchain analysis", as to what is being referenced. A business entity? A clearnet website? An onion site? A fog machine? Hype? A fog indeed.

---

[2] Fed. R. Crim. P. 18(c)(1).

No answers are to be found in the Indictment, and the law generally prohibits looking outside the four corners of the Indictment for a facial challenge on a Motion to Dismiss. Thus, this Court should dismiss the Indictment because, as argued below, its defects, insufficiencies, and lack of specificity render it unconstitutional. This Court should dismiss this bare-bones Indictment in this complex cryptographic computer case involving distributed ledger technology and globally networked computers because of its legal and factual defects, insufficiencies, and lack of specificity, as argued below. This Motion to Dismiss incorporates by reference all relevant arguments made in the concurrently filed Motion for Reconsideration of Pre-Trial Detention, Motion to Release Seized Assets, and the Motion for a Bill of Particulars.

## Legal Standard

A Motion to Dismiss an Indictment is a facial challenge, viewing the Indictment as a whole, assuming its allegations as true, and generally not turning outside the four corners of the Indictment to justify its allegations; except as to questions of venue.[3] For venue questions, courts in this District routinely turn outside the record.[4]

When the question of guilt turns on specific questions of fact, the United States Supreme Court requires that an Indictment do more than parrot the charged statutes and decorate them

---

3 *See United States v. Bowdin*, 770 F. Supp. 2d. 142, 145-46 (D.D.C. 2011); *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009); *United States v. El-Saadi*, 549 F. Supp. 3d 148, 157 n.4 (D.D.C. 2021) ("[D]ecisions in this District resolving pretrial motions to dismiss for improper venue in criminal cases routinely rely on allegations outside the four corners of the indictment." (citing *United States v. Han*, 280 F. Supp. 3d 144, 149-52 (D.D.C. 2017); *United States v. Gamble*, No. 19-cr-348, 2020 U.S. Dist. LEXIS 116370, 2020 WL 3605829, at *3-5 (D.D.C. July 2, 2020)); *see also United States v. El-Saadi*, 549 F. Supp. 3d 148, 157 n.4 (D.D.C. 2021) (The Court thus concludes that it should grant Defendants' motions to dismiss only if the "reasonably available" evidence shows that the government could not prove by a preponderance of the evidence that the charged offenses occurred in the District of Columbia.)
4 *United States v. El-Saadi*, 549 F. Supp. 3d 148, 157 n.4 (D.D.C. 2021) ("And decisions in this District resolving pretrial motions to dismiss for improper venue in criminal cases routinely rely on allegations outside the four corners of the indictment.")

with conclusory facts.[5] The focus is on the language of the Indictment, which the Fifth Amendment requires "be limited to the unique allegations of the indictments returned by the grand jury," language that Federal Rule of Criminal Procedure 7(c)(1) prescribes "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."[6] A motion to dismiss doesn't challenge the sufficiency of the evidence; it challenges defects in, and the sufficiency and specificity of, the indictment as alleged in law and fact.[7] Finally, "while a pretrial motion need not state explicitly the grounds upon which a motion is made, it must contain facts and arguments that make clear the basis of defendant's objections."[8]

## Argument

First, the Indictment is defective because venue in the District of Columbia is unconstitutional. No crime occurred in D.C. under a substantial contacts or a locus delicti analysis, an analysis hampered by the Indictment's lack of specificity. This lack of specificity deprives Mr. Sterlingov of notice as to what he is defending against, renders the Indictment's use as a bar to double jeopardy impossible, fails to state offenses as to all counts, and violates the Fifth Amendment's Due Process clause as applied for vagueness and ambiguity.

---

5 *Russell v. United States*, 369 U.S. 749, 765 (1962) ("It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -- it must descend to particulars." (citation omitted)); *United States v. Nance*, 533 F.2d 699, 701-02 (1976) ("Ordinarily, it is proper for an indictment to be drawn in the language of the statute, but following the generic wording of a statute is not necessarily sufficient." (citations omitted)); *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107-08 (D.D.C. 2012).
6 *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009).
7 *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015).
8 *United States v. Hewlett*, 395 F.3d 458, 460 (D.C. Cir. 2005) (quoting United States v. Mitchell, 951 F.2d 1291, 1296 (D.C. Cir. 1991)); United States v. Brown, No. 07-75 (CKK), 2007 U.S. Dist. LEXIS 49169, at *4-5 (D.D.C. July 9, 2007).

**I.      Venue is Unconstitutional in the District of Columbia**

The constitutionality of venue in a Federal criminal trial is a threshold question. The Declaration of Independence complains of the British Crown transporting colonists " beyond Seas to be tried."[9] In 1787, the Constitutional Convention in Philadelphia mandated under Article III § 2 that "[t]he trial of all crimes . . .shall be by Jury; and such trial shall be in the State where the said crimes shall have been committed; but when not committed within any, the Trial shall be at such place or place as the Congress may by Law have directed." The location of the jury venire impacts the outcome, and this concern manifests in the First Congress's drafting of the Sixth Amendment, which restricts venue further, mandating that "all criminal prosecutions . . . [be] by an impartial jury of the state and the district wherein the crime shall have been committed, which district shall have been previously ascertained by law.[10] A revolutionary arrested in 1776 in Philadelphia and hauled off to trial in London faces a different jury than one at home. This is no mere technicality; proper venue is fundamental to our criminal justice system.[11]

The Government bears the burden of proof for venue by the preponderance of the evidence, a burden it cannot meet here because no crime occurred in D.C. as a matter of law.[12]

---

9 *United States v. Cabrales,* 524 U.S. 1, 6 (1998).
10 U.S. Const. Amend. VI.
11 *See*, *United States v. Auernheimer*, 748 F.3d 525 (3d Cir. 2014); Travis v. United States, 364 U.S. 631, 634 (1961) ("[Q]uestions of venue are more than matters of mere procedure. They raise deep issues of public policy in the light of which legislation must be construed." (quotation marks omitted)).
12 See, e.g., *United States v. Sitzmann*, 74 F. Supp. 3d 96, 102-03 (D.D.C. 2014).

Mr. Sterlingov faces a situation similar to an American Revolutionary in 1776, plucked off the streets of Philadelphia to stand trial in London. Detained far from family, friends, home, and resources, tarred by innuendo as a Russian Crypto Drug Money Launderer in the press, in a town handpicked by the prosecution for its own convenience and familiar, friendly jury pool. Technology has changed, but prosecutorial forum shopping has not. The dangers of a government-hand-picked venue have grown, however, with the rise of the internet and global connectivity, and threaten to obliterate the Constitution's venue clauses by giving ambitious local prosecutors global jurisdiction through a few clicks of their keyboard.

Here, the Government effectively claims venue in D.C. for any crime it chooses to, creating venue by way of the internet, simply by sending a message through the internet and, receiving no response, accessing government-controlled accounts on the internet, with no evidence of the presence of a defendant - no human on the other side of the entrapment with a mens rea to be coerced. There is no specific allegation in the Indictment or evidence in the discovery, to date, of Mr. Sterlingov committing any crime or transacting any business in the District of Columbia. Despite a six-year investigation that included surveillance, wiretaps, and pen traps, the government has come up with no evidence that Mr. Sterlingov did anything in D.C., so they unilaterally attempted to manufacture something. But lacking any specificity, the Indictment fails both of the two main tests for criminal venue: the locus delicti test and the substantial contacts test.

A.     **There is no Locus Delicti in the District of Columbia**

The locus delicti test focuses on the nature of the alleged crimes and the location of the acts constituting them.[13] The alleged crimes here are conspiracy to money launder, money

---

[13] *United States v. Cabrales*, 524 U.S. 1, 6-7, 118 S. Ct. 1772, 1776 (1998).

7

laundering, operating an unlicensed money transmitting business, and violating D.C. Municipal Code's felony prohibition on money transmission without a license. As for location, the Indictment contains no specific allegations of Mr. Sterlingov's presence or conduct in D.C., nor is there anything in the Government's discovery produced to date evidencing his presence or conduct in D.C. Nor does the Indictment allege any victims in D.C., or any felt effects of the alleged crimes.[14] This Court should dismiss the Indictment because under the locus delicti test it violates the United States Constitution's venue clauses.

### B. No Substantial or Essential Conduct Occurred in D.C.

Hypothetically, if anything unlawful transpired, it would have had to have taken place in Sweden, where Mr. Sterlingov has lived since he was 14, working different computer jobs until his fortunes changed because he was an early adopter of Bitcoin. There are no particular allegations, nor any evidence, of Mr. Sterlingov engaging in any conduct in the District of Columbia. Even assuming arguendo that the Government's messaging the foggedriztrcar2.onion site, receiving no response, and then accessing the government-controlled account at that onion site to send BTC to another government-controlled account counts as conduct in D.C., it is neither substantial nor essential to the charged crimes and venue in the District of Columbia is unconstitutional when viewed from a substantial or essential conduct test.[15]

### C. 18 U.S.C. § 1956's Venue Provisions are Unconstitutional as Applied

Outside the fact that there are no specific factual predicates related to Mr. Sterlingov supporting the Indictment's money laundering allegations, 18 U.S.C. 1956(i) & (f)'s venue

---

[14] *See United States v. Gamble*, No. 19-348 (CKK), 2020 U.S. Dist. LEXIS 116370, at *11-12 (D.D.C. July 2, 2020).
[15] *United States v. Gamble*, No. 19-348 (CKK), 2020 U.S. Dist. LEXIS 116370, at *12-13 (D.D.C. July 2, 2020); *United States v. Auernheimer*, 748 F.3d 525, 534 (3d Cir. 2014).

provisions are unconstitutional as applied under the Fifth and Sixth Amendment's to the United States Constitution. The statute fails in a computer law setting; the rise of the internet and decentralized data ledgers like the Blockchain obliterate its implicit twentieth-century brick and mortar mentality of wire and bank transfers, and the vague and ambiguous language used to attempt to encapsulate technological change. The fact that the application of 18 U.S.C. § 1956's venue provisions here would erase any reasonable jurisdictional limitations on prosecutors when it internet, comes to the merely by the unilateral internet action of law enforcement, is a sign that the application here of those venue provisions is constitutionally defective.

### D. The Sixth Amendment Forbids Venue for Criminal Trials in the District of Columbia

The Sixth Amendment of the United States Constitution requires all criminal trials to be in the state and district where the crime occurred. The District of Columbia is not a state, no crime occurred in D.C., and therefore venue for Mr. Sterlingov's federal criminal trial in the District of Columbia is unconstitutional under the plain text of the Sixth Amendment to the United States Constitution.

## II. Count One Insufficiently Pleads Conspiracy

The Indictment insufficiently pleads the elements of conspiracy.[16] It identifies no conspiratorial statements or precise conduct, fails to define the scope of the agreement, names no co-conspirators, lacks particularity as to the time, place, and specific manner of the conspiracy, and insufficiently pleads the illegal object of the conspiracy with the necessary specificity. The

---

[16] *See United States v. Wright*, 651 F.3d 764, 770 (7th Cir. 2011); *United States v. Green*, 599 F.3d 360, 372-73 (4th Cir. 2010). *United States v. El-Saadi*, 549 F. Supp. 3d 148, 157 n.4 (D.D.C. 2021) ("And decisions in this District resolving pretrial motions to dismiss for improper venue in criminal cases routinely rely on allegations outside the four corners of the indictment.")

Court should dismiss Count One because it fails to state an offense and is insufficient as a matter of law and fact.

### III. The Court Should Dismiss the Indictment for Legal and Factual Insufficiency

The worms spring out of the can when you try to discern the factual predicates related to the general, specific, and knowing intentional mental states the Government must prove beyond a reasonable doubt.[17] In a complex, novel computer law case like this, that deals with revolutionary information technologies and where almost all the evidence is electronic, the bare-bones Indictment's rote recitation of statutory language decorated with expansive and seemingly arbitrary date ranges (if one does not look outside the four corners) is insufficient as a matter of law and fact. The factual predicates necessary to make that law cognizable are missing, and this deprives Mr. Sterlingov of his constitutional rights. Nor will a Bill of Particulars necessarily cure the defects.[18]

### IV. The Indictment Violates Fifth Amendment Due Process as Applied

The Government's Indictment violates the Fifth Amendment to the United States Constitution's Due Process clause because all the counts in the Indictment are void for constitutional notice, vagueness, ambiguity, and overbreadth grounds, as applied.

---

[17] To the extent that D.C. Municipal Code § 26-1023 requires no intent or knowledge it is an unconstitutional strict liability criminal statute offensive to the Constitution.

[18] *See United States v. Nance*, 533 F.2d 699, 701-02 (1976); *United States v. Saffarinia*, 424 F. Supp. 3d 46, 56-57 (D.D.C. 2020); *United States v. Hillie*, 227 F. Supp. 3d 57, 69 (D.D.C. 2017) ("A valid indictment also preserves the Fifth Amendment's protections against abusive criminal charging practices; specifically, it guarantees that a criminal defendant can only be prosecuted for offenses that a grand jury has actually passed up on, and that a defendant who is convicted of a crime so charged cannot be prosecuted again for that same offense.").

## V.     The Statute of Limitations Has Run on All Counts

This Court should not allow the Government to game the statute of limitations on the charged crimes through the bare-bones Indictment.[19] The prior filings and discovery evidence that the Government predicates its case on alleged conduct by Mr. Sterlingov in 2011, such as registering the domain name to a website, or being an early adopter of Bitcoin. Whatever conduct is at issue here happened well outside the statute of limitations. This Court should dismiss the Indictment because the statute of limitations has run on all its counts.

Unless otherwise specified in a statute, the default statute of limitations for non-capital federal criminal statutes is five years.[20] 18 U.S.C. § 1956, the money laundering statute underlying Count One's conspiracy charge and Count Two's substantive money laundering allegation, does not specify any statute of limitations. Likewise, the statute of limitations for Count Three's accusation under 18 U.S.C. §§ 1960(a) and 2 of operating an unlicensed money transmitting business runs out after five years. Furthermore, as a felony not enumerated with a specific statute of limitations, the statute of limitations on the D.C. Municipal Code § 26-1023(e) is six years. This is well short of the time period necessary to prosecute any alleged conduct from 2011.

### A.     The Five-Year Statute of Limitations Has Run on Count One

Count One insufficiently pleads the nature of the alleged conspiracy as argued above. Beyond the assertion of a date range "from on or about October 27, 2011, and continuing until at least on or about April 27, 2021 . . ." it lacks specificity and is insufficient as to the nature and

---

[19] *See United States v. Sunia*, 643 F. Supp. 2d 51, 70-71 (D.D.C. 2009).
20 18 U.S.C.S. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

11

scope of the conspiratorial agreement, the names of the conspirators, and particulars of the time, place and manner of the conspiracy. The Government cannot charge Mr. Sterlingov with a conspiracy that starts outside the statute of limitations on such an empty Indictment. This invites the Government to run the statute of limitations with a threadbare indictment. The Court should dismiss Count One's conspiracy count because it is insufficient as a matter of law and fact, and is outside the statute of limitations. The Government began this investigation no later than 2015 and has had ample time to bring a conspiracy charge with specificity.

      **B.**      **The Five-Year Statute of Limitations Has Run on Count Two**

Count Two insufficiently pleads the nature of the money laundering at issue. Its vague and ambiguous description of an alleged BTC transfer between Government controlled accounts isn't sufficient to establish that Mr. Sterlingov committed the charged crime within the permissible statute of limitations. The Indictment does not allege where Mr. Sterlingov was or what he was doing when the Government accessed its internet accounts on November 21, 2019, with no one else in sight.

      **C.**      **The Five-Year Statute of Limitations Has Run on Count Three**

Count Three insufficiently pleads the nature of the operation of an Unlicensed Money Business. Beyond the assertion of a date range "from on or about October 27, 2011, and continuing until at least on or about April 27, 2021 . . ." it lacks specificity and is insufficient as a matter of law and fact. Running a business in a jurisdiction implies a course of conduct. The Indictment specifies no business course of conduct attributable to Mr. Sterlingov. The Court should dismiss Count Three because it is outside the statute of limitations.

### D. The Six-Year Statute of Limitations Has Run on Count Four

Count Four insufficiently pleads the nature of the money transmission without a license under D.C. Municipal Code § 26-1023(c). Beyond the assertion of a date range "from on or about October 27, 2011, and continuing until at least on or about April 27, 2021 . . ." it lacks specificity and is insufficient as a matter of law and fact. The Court should dismiss Count Four because it is outside the statute of limitations.

## VI. The Indictment Violates the First Amendment as Applied

Computer code and information traveling the internet are forms of speech, often published on computer screens.[21] This potentially implicates the First Amendment in relation to criminal prosecutions based on electronic digital information exchanged between networked computers. It also implicates First Amendment concerns regarding the immediacy of the targeted speech's harm.[22]

## Conclusion

This Court should dismiss the bare-bones Indictment.

---

[21] *See, e.g., Sandvig v. Barr*, 451 F. Supp. 3d 73 (D.D.C. 2020).
[22] *See, e.g., Elonis v. United States*, 575 U.S. 723 (2015).

Dated: August 1, 2022

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

## Certificate of Service

I hereby certify that on the 1st day of August 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail and mail delivery via first class mail:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov