# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>_Plaintiff_,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>_Defendant_. | **21-CR-399 (RDM)**<br><br>**Motion to Reconsider Pre-Trial**<br><br>**Detention** |

# Table of Contents

*Table of Contents* ..................................................................................... *1*

*Introduction* ........................................................................................... *4*

*Procedural History* ................................................................................ *5*

*Argument* ................................................................................................ *6*

    Least Restrictive Means ........................................................................ 7

    There is No Clear and Convincing Evidence Mr. Sterlingov is a Flight Risk ........................ 8

    The Preponderance of Evidence Standard is Unconstitutional for a Criminal Pretrial

Detention Determination ........................................................................ 11

    Mr. Sterlingov is Not a Serious Flight Risk ........................................ 11

    Nature and Circumstances of the Offence Charged ............................ 13

    The Weight of the Evidence is Insubstantial .................................... 15

    History and Characteristics of the Defendant ................................. 16

    *CONCLUSION* ...................................................................................... *18*

Cases

*United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018) .................................................. 17

*United States v. Lente*, 759 F.3d 1149, 1174 (10th Cir. 2014) ................................................. 17

*United States v. Lopez-Macias*, 661 F.3d 485, 492 (2011) ...................................................... 17

*United States v. Salerno*, 481 U.S. 739, 742 (1987)........................................................... 11, 12

*United States v. Tyler*, 850 F. App'x 175 (4th Cir. 2021)......................................................... 17

*United States v. Vasquez-Benitez*, 519 F.3d 546, 551 (D.C. Cir. 2019) .................................. 11

*United States v. Vortis*, 785 F.2d 327, 327 (1986). ................................................................... 9

*United States v. Xulam*, 84 F.3d 441,442 (D.C. Cir. 1996). ............................................... 10, 12

Statutes

18 U.S.C. § 3142(c). ...................................................................................................... 8, 12, 13

18 U.S.C. § 3142(e)...................................................................................................................... 12

18 U.S.C. § 3142(g)...................................................................................................................... 12

18 U.S.C. 3142 (j)........................................................................................................................... 7

18 USC 3142 (c) (1) (b).................................................................................................................. 7

Fed. R. Crim. P. 57(b) .................................................................................................................... 8

*Kleinbart v. United States*, 604 A.2d 861, 863 (D.C. Cir. 1992). ........................................ 8, 10

USCS Fed Rules Crim Proc R 2................................................................................................... 8

Other Authorities

Standards for Criminal Justice: Pretrial Release § 10-5.8(a) (Am Bar Ass'n 2007)............ 8, 11

Constitutional Provisions

U.S. CONST. amend. V ........................................................................................................ 12

## Introduction

The purpose of pretrial detention, and its only constitutional use, is to ensure a defendant's appearance at trial with the least restrictive means. Given our Constitution's bedrock presumption that one is innocent until found guilty by a jury in a court of law, pretrial detention is the exception to the rule that the United States does not jail the innocent before trial. Because this is a criminal case and there is a deprivation of liberty at stake prior to a determination of any guilt, the Constitution requires clear and convincing evidence that the Defendant is a danger to the community, there is none, or serious risk of flight, again none, before the imposition of the least restrictive means to ensure the defendant's appearance at trial. The nonexistent weight of the evidence, one of the factors for the Court to consider in this analysis, does nothing for the Government's position that Mr. Sterlingov should remain behind bars while he prepares his defense. The speculative forensic analysis, in this case, is full of errors, and there is an appearance of a conflict of interest that warrants skepticism about the forensic allegations from the for-profit forensic vendors in this case, as discussed in the attached exhibits.[1]

Mr. Sterlingov's pretrial detention renders it virtually impossible for him to review the e-discovery in this complex case, and his New York based lawyers have to drive five and a half hours to visit Mr. Sterlingov in jail. Furthermore, the Government has seized all his assets pretrial.

_____

1 (See Decl. of Eric Garland, attached as Ex. B; Decl. of C. Vickery, attached as Ex. A).

Mr. Sterlingov, through his new counsel, moves this Court under 19 U.S.C. §§ 3142(e) and 3145 (b), to reconsider his Order of Detention and grant him pretrial release with the least restrictive means necessary to ensure his presence at trial; his cousin in Massachusetts is willing to house him during the pendency of this trial and post a suitable bond; defense counsel Tor Ekeland is also willing to house Mr. Sterlingov at his Brooklyn apartment. In the alternative, he asks for a pretrial detention hearing where he can present evidence of the Government's erroneous, speculative, and wishful blockchain analysis and rebut the Government's baseless allegations.

## Procedural History

This case originated in the Central District of California under docket number 21-MJ-02068-DUTY. On April 26, 2021, the Government filed a sealed complaint in the Central District of California charging Mr. Sterlingov with money laundering in violation of 18 U.S.C. 1956 (a); of operating an unlicensed money transmitting business, in violation of 18 U.S.C. 1960 (a); and a violation the other under D.C. Municipal Code 26-1023(c).[2]

On April 27, 2021, Mr. Sterlingov was arrested at LAX upon his arrival in the United States under  a warrant from the District of Columbia.[3] On April 29, 2021, the Government filed a Motion for Pretrial Detention to which Mr. Sterlingov's initial public defender, Michael Driscoll, filed an Opposition to on April 30, 2021.[4] On May 6, 2021, there was a

---

2 (Dkt. 003 (21-MJ-02068-DUTY)).
3 (Dkt 5).
4 (Dkt. 11; Dkt. 12 (21-MJ-02068-DUTY)).

hearing on the matter, and Magistrate Judge Paul L. Abrams issued an Order of Detention against Roman Sterlingov stating that he is to be "permanently detained".[5]

On May 10, 2021, Mr. Sterlingov's matter was transferred from the Central District of California to the District of Columbia.[6] On June 14, 2021, the Government filed an Indictment against  Mr. Sterlingov with identical criminal counts to those in the Complaint.[7] On September 13, 2021, Mr. Sterlingov's second public defender, Sabrina Shroff, filed a Motion for Bond.[8] The government filed its Opposition on September 23, 2021, to which Ms. Schroff submitted a reply on October 18, 2021.[9]

On November 10, 2021, this Court submitted an Opinion and Order denying Mr. Sterlingov's motion for bail on the grounds that: the nature and circumstances of the alleged offenses, the weight of evidence against the Defendant, and the history and characteristics of the Defendant all weighed in favor of pretrial detention.[10] This Motion for Reconsideration follows.

## Argument

Mr. Sterlingov's pretrial detention violates the Fourth, Fifth, and Sixth Amendments to the United States Constitution because he has been unreasonably seized and deprived of his liberty without a jury of his peers finding him guilty of any crime. 18 USC 3142 guides the

––––––––––––––––––––––––––

5 (Dkt. 13 (21-MJ-02068-DUTY)).
6 (Dkt. 11).
7 (Dkt. 8).
8 (Dkt. 17).
9 (Dkt. 19; Dkt. 22).
10 (Dkt. 25).

constitutional analysis, stating "nothing in this section shall be construed as modifying or limiting the presumption of innocence."[11]

The evidence against the Defendant is extremely weak. There is no direct evidence implicating Mr. Sterlingov in any crimes. There are no logs. There is no evidence indicating Mr. Sterlingov owned, operated, or administrated Bitcoin Fog. There are no payments between Mr. Sterlingov and any web hosting services. The Government has even produced discovery that shows agents acknowledging that they would never be able to 100% establish that Mr. Sterlingov operated Bitcoin Fog. There is absolutely no evidence tying Mr. Sterlingov to the operation of Bitcoin Fog because he is innocent of the crimes for which he is accused.

It is precisely instances such as these for which the presumption of innocence exists.

## Least Restrictive Means

18 USC 3142 (c) (1) (b) stipulates that the court must release a defendant pretrial subject to the least restrictive condition, or combination of conditions, that is sufficient to reasonably assure the appearance of the defendant.[12] Pretrial incarceration is not the least restrictive means in this case.

The Government has seized Mr. Sterlingov's passports. Without such passports, it is impossible for Mr. Sterlingov to leave the United States. Furthermore, Mr. Sterlingov has family members in the United States who have indicated that they would support him should Mr. Sterlingov be released pending trial. Alternatively, counsel for the Defendant, Tor

---

11 18 U.S.C. 3142 (j).
12 18 USC 3142 (c) (1) (b).

Ekeland, will commit to housing and supervising Mr. Sterlingov should the Court appropriately grant his pretrial; release. Mr. Sterlingov has shown absolutely no propensity for disregard of the law and is committed to establishing his innocence through trial.

In ignoring the least restrictive means clause of 18 USC 3142 by incarcerating Mr. Sterlingov pretrial, the Government prejudices Mr. Sterlingov by preventing him from putting on a complete defense. The defense needs Mr. Sterlingov to be available to participate in the administration of his defense. This is particularly significant because this is a document-intensive case and a novel prosecution. The least restrictive means necessary to assure Mr. Sterlingov's appearance is release upon his own recognizance. [13]

### There is No Clear and Convincing Evidence Mr. Sterlingov is a Flight Risk

The Bail Reform Act requires release of a defendant prior to trial unless a judicial officer determines that no condition or combination of conditions exist which will "reasonably assure the appearance of the person."[14]  This requires clear and convincing evidence. "A defendant's liberty interest is no less — and thus requires no less protection — when the risk of his or her flight, rather than danger, is the basis for justifying detention without [the] right to bail."[15] The American Bar Association's Criminal Justice Standards on Pretrial Release are consistent with this view. Standard 10-5.8(a) explains that the "clear and convincing" standard applies to decisions relating to both dangerousness and risk of flight.16

---

13 USCS Fed Rules Crim Proc R 2. See also Fed. R. Crim. P. 57(b).
14 18 U.S.C. § 3142(c) (1994).
15 *Kleinbart v. United States*, 604 A.2d 861, 863 (D.C. Cir. 1992).
16 Standards for Criminal Justice: Pretrial Release § 10-5.8(a) (Am Bar Ass'n 2007).

In *Kleinbart v. United States*, the Federal Court of Appeals for the District of Columbia vacated a pretrial detention order because the clear and convincing evidentiary standard wasn't applied when it came to the defendant's flight risk. [17]  The court held that to satisfy the Due Process Clause of the Fifth Amendment, and because the statute equated the detention criteria of "flee or pose a danger" and "risk of flight or danger," risk of flight cases are governed by the same clear and convincing evidence standard that governs rulings on danger posed to the community. [18]

Pretrial detention can only accord with due process because -- and only because -- it requires the government to meet a heavy burden of proof, "clear and convincing evidence," which stands above a preponderance of the evidence and below proof beyond a reasonable doubt. [19]

This District regularly uses the clear and convincing standard of review for assessments of flight risk. [20] In *United States v. Vortis*, the Government's leading case in its prior Opposition to Mr. Sterlingov's release [21], the Court's analysis of the flight risk issue came in response to two distinct cases involving the same defendant. [22] The analysis of the flight risk standard of review issue is cursory, and ultimately no written filings with respect to some of the major issues in this case were ever filed. [23] *Vortis* was ultimately remanded for further

_____

17 *Kleinbart v. United States*, 604 A.2d 861, 863 (D.C. 1992).
18 *Id.*
19 *United States v. Edwards*, 430 A.2d 1321, 1360 (D.C. Cir. 1981).
20 *See McPherson v. United States*, 692 A.2d 1342, 1343 (D.C. 1997); *see also, Sharps v. United States*, 246 A.3d 1141, 1143 (D.C. 2021); *Bryan v. United States*, 831 A.2d 383, 384 (D.C. 2003); *United States v. Edwards,* 430 A.2d 1321 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1022 (1982).
21 (Dkt. 19).
22 *See United States v. Vortis*, 785 F.2d 327, 327 (1986).
23 *Id.*

consideration. Six years after *Vortis*, the Federal Court of Appeals for the District of Columbia conducted a comprehensive analysis of the standard of review for flight risk in *Kleinbart,* and confirmed the clear and convincing evidence standard of review for adjudicating risk of flight in criminal cases.[24] The other case cited by the Government in its prior Opposition in support of its argument that the standard of review for a person's pretrial liberty should be lower than clear and convincing evidence was later reversed on appeal on exactly this issue.[25]

In *Xulam* ultimately determined that the defendant was entitled to be released from pretrial detention because he was a prime candidate for release under the Bail Reform Act of 1984, and the government failed to prove that defendant posed a risk of flight.[26] While the Appellate Court appears to have applied the preponderance of the evidence standard in drafting its opinion, the standard of review issue was not challenged at any time because it was clear that the government could not meet even that lower burden.[27] After all, the standard of review issue as it pertains to risk of flight was never challenged, *Xulam* is as inapposite as *Vortis*. These are not the leading, established cases on this issue, and the standard of review issue was not fully flushed out by the Court in either case.

_____

24 *Kleinbart v. United States,* 604 A.2d 861, 863 (D.C. Cir. 1992).
25 *United States v. Xulam*, 84 F.3d 441,442 (D.C. Cir. 1996).
26 *Id.*
27 *Id.*

## The Preponderance of Evidence Standard is Unconstitutional for a Criminal Pretrial Detention Determination

In its Opinion and Order dated November 10th, 2021, this Court held that "Only a preponderance of the evidence, however, is required to support "[a] determination that an individual is a flight risk."[28] The case cited for this proposition is civil, *United States v. Vasquez-Benitez*, which uses a civil preponderance of the evidence standard from civil immigration issues. When an individual's liberty is at stake, as it is here, it is just that the criminal standard bears a higher threshold. This issue was settled in *Kleinbart*, and the American Bar Association's Standards for Pre-Trial Release indicate that the clear and convincing evidence standard on the issue of flight risk is practiced by lawyers in federal courts across the country.[29] This Court "is not given unbridled discretion in making the detention determination."[30] Mr. Sterlingov should not be detained pretrial unless there is clear and convincing evidence that he is a flight risk. This is a burden that the Government cannot meet.

## Mr. Sterlingov is Not a Serious Flight Risk

There is no clear and convincing evidence that Mr. Sterlingov is a flight risk, and this Court should order Mr. Sterlingov's release to his cousin or defense counsel under the least restrictive means necessary to ensure his appearance in court. The Government has not contended that Mr. Sterlingov's detention is necessary to ensure "the safety of any other

---

28 Dkt 25, pp 8-9 (citing *United States v. Vasquez-Benitez*, 519 F.3d 546, 551 (D.C. Cir. 2019)).
29 Standards for Criminal Justice: Pretrial Release § 10-5.8(a) (Am Bar Ass'n 2007).
30 *United States v. Salerno*, 481 U.S. 739, 742 (1987).

person and the community," and, thus, the sole question before the Court is whether any "condition or combination of conditions" or pretrial release "will reasonably assure the appearance of the person as required."[31] This Court must follow the considerations relevant to the detention decision as specified by Congress.[32]

Pretrial detention is no light matter, in determining whether a person be detained prior to an adjudication on their guilt, the Court must consider:

(1) the nature and circumstances of the offense charged, particularly the nonviolent nature[33];

(2) the weight of the evidence;

(3) the history and characteristics of the person, including his character, family ties, employment, past conduct, criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[34] As it has already been determined that Mr. Sterlingov is not a threat to the community, this analysis will focus on the first three considerations.

A defendant is entitled to Due Process of law under the Fifth Amendment and cannot be held pending trial if there are conditions of release that will reasonably assure the safety of the community and attendance of his future Court appearance.[35] **The defendant must be**

_____

31 18 U.S.C. § 3142(e).
32 *See United States v. Salerno,* 481 U.S. 739, 742 (1987).
33 *United States v. Xulam*, 84 F.3d 441, 442 (1996).
34 18 U.S.C. § 3142(g).
35 See U.S. CONST. amend. V ("No person shall ... be deprived of life, liberty, or property, without due process of law …."); 18 U.S.C. § 3142(c).

"subject to the least restrictive further condition, or combination of conditions" that this Court "determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."[36]

## Nature and Circumstances of the Offence Charged

When evaluating the nature and circumstances of the offense accused, the Court would typically consider factors such as culpability, motive, premedication, breach of trust, or degree of participation; however, such an analysis is impossible in a case where the accused is completely innocent and unrelated to the offenses charged. An analysis of the nature and circumstances in which Mr. Sterlingov has been wrongfully accused raises serious doubt that Mr. Sterlingov presents any risk of flight. Mr. Sterlingov does not possess even a broad connection to the accused offenses because the Government's case is built entirely on speculative misattributions involving for-profit forensic companies with profit and marketing motives, using unverifiable, non-peer reviewed, and unaccepted methodologies for their error-laden analyses. There is no forensically sound identification of Mr. Sterlingov as the operator of "BITCOIN FOG," the Government's expensive and extensive multiyear investigation has nabbed the wrong man. The injustice should not be compounded by his pretrial detention.

In its Opinion, the Court indicated that it was particularly swayed by the purported vast amount of resources Mr. Sterlingov allegedly had at his disposal, and the potentially lengthy criminal sentence as specific reasons for finding in favor of pretrial detention. Mr. Sterlingov doesn't have vast resources at his disposal, and the Government has seized all his

---

[36] 18 U.S.C. § 3142(c).

assets even though they have no connection with any crime; Mr. Sterlingov is an early adopter

of BTC whose early stockpile of BTC appreciated considerably when the price of BTC

skyrocketed years later. There is evidence of this, but no evidence at all of him ever operating

anything called "BITCOIN FOG." Despite seizing his electronics at LAX, and his personal

data, including his Gmail backup codes, cryptocurrency wallet logins, and online

communications spanning nearly a decade, the Government has failed to present anything

indicating that Mr. Sterlingov operated, managed, or administrated Bitcoin Fog.

Despite a lack of any evidence linking Mr. Sterlingov to the operation of Bitcoin Fog,

Agent Beckett alleges, based on nothing other than his "training and expertise," that Mr.

Sterlingov has access to significant funds worth upward of $70 Million.[37] Mr. Sterlingov does

not have anywhere near that amount of money because he did not operate Bitcoin Fog in any

capacity. Mr. Sterlingov was merely a user of the service like countless other legitimate users,

in 2011, before this onset of crypto hysteria tainted with an anti-Russian tinge. While Mr.

Sterlingov, as an early adopter of cryptocurrency, made significant returns as the value of

Bitcoin skyrocketed in the late 2010s, he does not have anywhere near the astronomical

resources the Government alleges he has.

Finally, this Court emphasized the lengthy potential sentence as a reason to incarcerate

Mr. Sterlingov prior to trial. If this is the dispositive factor, no innocent person facing a

lengthy jail sentence would remain free pretrial; it is the exception that swallows the rule. It

allows the Government to detain defendants pretrial merely by charging them with a crime

with a lengthy sentence. Moreover, the Government's calculations are suspect as they are

_____

37 (Dkt. 1-1 pg. 11).

nothing but guesses with no reliable forensic foundation. The length of a sentence a defendant faces is not clear and convincing evidence that he is a flight risk. At best, it is a factor in the overall analysis that should not be given too much weight lest it invites prosecutorial abuse.

It is in the interest of justice for this Court to hold that the nature and circumstances of the offence charged weigh in favor of pre-trial release.

## The Weight of the Evidence is Insubstantial

This case is more about what is not there than what is. Mr. Sterlingov is an innocent man. The government has failed to bring forth any evidence linking Mr. Sterlingov to the operation or administration of what it is calling "BITCOIN FOG" and hinges its entire case on fuzzy guesswork and faulty blockchain analysis conducted by private companies that have financial incentives to be associated with this prosecution.[38] Despite taking many months to review the discovery that included all of Mr. Sterlingov's cryptocurrency accounts and digital communications spanning a decade, the government failed to produce a single piece of direct evidence linking Mr. Sterlingov to the operation or administration of Bitcoin Fog. The Government has spun together a conspiracy that Mr. Sterlingov is an international cyber-criminal based upon absolutely no evidence other than a decade-old DNS registration and a faulty blockchain analysis.

After taking some time to review the Government's findings, our experts have determined that there are a multitude of issues with the Government's blockchain analysis. First, there appears to be no authentication of the 'clusters' used to track transactions. Second,

---

[38] (See Decl. of E. Garner, Ex. B; Decl. C. Vickery, Ex. A).

it appears that whoever conducted the analysis did not understand the technical particulars of blockchain analysis, such as the difference between a PGP-*encrypted* message and a PGP-*signed* message, which resulted in flawed conclusions. Third, there appears to be a serious conflict of interest between Excygent and Chainalysis, the contractors that conducted the blockchain analysis, Excygent's CEO and former IRS-CI on this case, Aaron Bice, and DOJ prosecutors in this case.

There appears to be a large amount of fuzzy guesswork being relied upon in the blockchain analysis spreadsheets. There are glaring technical problems in the factual background section of the Government's Opposition. The evidence cannot withstand a *Daubert* challenge based on the Defense's initial review, and the alleged "blockchain analysis" used by for-profit forensic vendors Excygent LLC and Chainalysis have never been subject to peer review or public scrutiny and are more hype than reality.

The weight of the evidence against the defendant is insubstantial. This Court should apply the clear and convincing evidence standard when determining whether the weight of the evidence is in favor of pretrial detention. Here, where the Government fails to bring forth any evidence, direct or otherwise, this Court should hold that the weight of the evidence is not in favor of pretrial detention, that the pretrial detention should be vacated, and that Mr. Sterlingov should be released on bond.

## History and Characteristics of the Defendant

Mr. Sterlingov is an honest, hardworking, and principled entrepreneur who is being wrongfully incarcerated pretrial for the illicit acts of others. When his friends and family back home in Sweden found out about his situation, there was an outpouring of support. Mr. Sterlingov presented no fewer than a dozen letters from people in his community espousing

his honesty, integrity, and entrepreneurial spirit. Mr. Sterlingov has never been convicted of a crime. He has a clean criminal record. He has never been accused of violence and has never acted in a deceitful or fraudulent manner. Mr. Sterlingov is a stable, normal person, and deserves his liberty while he proves his innocence in court.

Case law reinforces the principle that the Courts must take a holistic approach when scrutinizing the history and characteristics of a defendant.[39] Inquiries into a person's character should not be limited to singular occurrences and should encompass a complete perspective of a defendant's personal characteristics. Such an in-depth analysis does not appear to have been done.

In its Opinion, this Court's analysis of Mr. Sterlingov's history and characteristics appears to target Mr. Sterlingov for being a digital nomad. The Court zeros in on the fact that Mr. Sterlingov spent time in Germany and Spain and emphasized Mr. Stelingov's possession of multiple passports as justification for his pretrial incarceration.

In both the Prosecution's pleadings[40], and the Judicial Opinion[41], there appears to be a misunderstanding as to the significance of Mr. Sterlingov's possession of multiple passports. Russian citizens are required by law to maintain a passport for domestic travel. Another, separate passport, is required for international travel. Thus, many Russians have two passports. Similarly, citizens of Sweden often possess multiple passports. Sweden offers its citizens the possibility of possessing two identical passports. There are a variety of reasons for

---

39 *See United States v. Lente*, 759 F.3d 1149, 1174 (10th Cir. 2014) (quoting *United States v. Lopez-Macias*, 661 F.3d 485, 492 (2011)); *United States v. Barnes*, 890 F.3d 910, 916 (10th Cir. 2018); *United States v. Tyler*, 850 F. App'x 175 (4th Cir. 2021).
40 (Dkt. 19).
41 (Dkt. 25).

this. First, many countries require prospective travelers to mail their passport to government offices as part of the visa application process. Issuing two passports allows Swedish citizens the opportunity to travel while undergoing visa reviews. Depending on the country, these reviews take weeks and sometimes months to complete. Secondly, Sweden has chosen to issue multiple passports so that Swedish citizens do not get caught up in geopolitical conflicts. It should be expected that an individual who is a citizen of both Russia and Sweden would have a total of four legal, government issued, passport documents.

Additionally, it was noted in the Opinion that during the in-person court proceedings, the parties disputed Mr. Sterlingov's connection to Sweden.[42] The fact that the parties disputed Mr. Sterlingov's connection to Sweden is indicative of a greater context in which Mr. Sterlingov is being categorized as a flight risk based on his national origin.

Mr. Sterlingov is an innocent man, unjustly awaiting his trial behind bars. He has no prior criminal record, and he is not accused of partaking in any violence. Furthermore, the justification applied by this Court unjustly relies on Mr. Sterlingov's possession of legally obtained travel documents. Nothing in Mr. Sterlingov's history or characteristics suggests that he is a flight risk. This Court should order his pretrial release to his cousin in Massachusetts, or in the alternative, to his defense counsel Tor Ekeland, so he can prepare for trial.

## CONCLUSION

Mr. Sterlingov is innocent of the crimes for which he is accused and should be released on his own recognizance pending trial. There is no clear and convincing evidence

---

42 (Dkt. 25 (p. 14)).

that he is a flight risk or a danger to the community. This Court should order his release under the least restrictive conditions to ensure his appearance in court. The weight of the evidence against him is insubstantial. Because the Government has the wrong man.

Dated: August 1, 2022
New York, New York

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail and mail delivery via first class mail:

_s/ Tor Ekeland_

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov