UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. ROMAN STERLINGOV, *Defendant*. | Case No. 21-CR-399 |

**RULE 12(b)(4)(B) REQUEST FOR
NOTICE OF THE GOVERNMENT'S INTENT TO USE EVIDENCE
AND IDENTIFICATION OF EVIDENCE THE GOVERNMENT INTENDS TO USE**

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the defendant requests Notice of the government's intent to use at trial specified evidence that the defendant may be entitled to discover under Rule 16, and under the Due Process Protections Act and resulting Rule 5, as amended on October 21, 2020, in order for the defendant to have a meaningful opportunity to move to suppress the specified evidence under Rule 12(b)(3)(C). This Motion incorporates by reference all relevant arguments made in the concurrently filed Motion to Dismiss, Motion for Reconsideration of Pre-Trial Detention, Motion to Release Seized Assets, and the Motion for a Bill of Particulars.

Defendant's request pursuant to Rule 12(b)(4)(B) is well grounded. "[C]ompliance with such a defense request is mandatory: 'the government, either on its own or in response to a request by the defendant, must notify the defendant of its intent to use certain evidence in order

to give the defendant an opportunity before trial to move to suppress that evidence.'" *United States v. Anderson*, 416 F. Supp. 2d 110 (D.C. 2006) (internal citations omitted). Pursuant to such a request by the defense, "the government must notify defendant of the evidence that it intends to use in its case-in-chief—that is, the evidence that will appear on the government's exhibit list for trial." *Id.*

For perspective, the defense has been served with over three terabytes of discovery that spans a significant period of time and involves voluminous materials, multiple actors, and complex transactions. The discovery encompasses networked computers, cryptography, and decentralized data ledgers. Defense counsel will require a significant amount of time to review the discovery materials before filing a motion to suppress, just as the government has taken a significant amount of time to review these materials prior to indicting the defendant. But defense resources, compared to government resources, are scarce. Defendant's private counsel will drown in this ocean of discovery without the government particularizing their three-terabytes of data to this prosecution, the charges against *this* defendant, allowing defense counsel to focus attention on the evidence relevant to *this* case. For these reasons, and as a matter of right, the defendant requests that the government provide a formal Notice specifying and particularizing the evidence that the government plans to introduce at this trial against the defendant.

Moreover, the defendant requests *identification* of the items that the government has produced and will continue to produce under Rule 16(a)(1)(E)(ii) —that is, those materials the government intends to use in its case-in-chief — pursuant to this Court's discretion and this Court's decision in *United States v. Anderson,* 416 F. Supp. 2d 110 (D.C. 2006). Just as in the *Anderson* case, where identification of such materials was ordered for 500,000 pages of discovery, this defendant's case, with over three terabytes of discovery, requires identification to

aid defense counsel in parsing through the vast amount of materials. Reviewing over three terabytes of discovery without identification by the government is an insurmountable task, materially and undoubtedly impeding defense counsel's ability to prepare pleadings and adequate defense; rendering counsel ineffective.

    Furthermore, the defense requests an Order from this Court directing the production of the requested Notice and identification of materials by a particular date and barring the government's use of evidence not timely noticed or identified in the government's case-in-chief.

Date: August 1, 2022

Alexandria, Virginia

Respectfully submitted,

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

*Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE FOR CM/ECF**

      I hereby certify that on August 1, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                          /s/
                                        Marina Medvin, Esq.