UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

United States of America,

    Plaintiff,

    v.

Roman Sterlingov,

    Defendant.

21 - CR - 399 (RDM)

## Defendant Roman Sterlingov's Opposition to the Government's Motion In Limine to Preclude The Defense From Calling Prosecutor Catherine Alden Pelker As A Witness For The Defense – Dkt. 64

Defendant Roman Sterlingov ("Mr. Sterlingov"), by and through his attorneys, opposes the Government's motion in limine to preclude the Defense from calling former FBI intelligence analyst and investigator on this case, and now Assistant United States Attorney and prosecutor on this case Catherine Alden Pelker ("Ms. Pelker") as a material fact witness for the Defense.

## Facts

Ms. Pelker concedes in her motion in limine that she was heavily involved in the Bitcoin Fog investigation from its outset in 2014 while working as an Intelligence Analyst for the FBI. She is the sole reason this case is in the District of Columbia. As the FBI agent who initiated the Bitcoin Fog investigation, Ms. Pelker spent years participating in the investigation before becoming a prosecutor.

In 2014, Ms. Pelker authored and distributed internally at DOJ an "Intelligence Note" in which she outlines her Bitcoin Fog investigation and targets "Akemashite Omedetou" as the

creator behind Bitcoin Fog. She mentions "Akemashite Omedetou" no fewer that 43 times in the 10-page document. This Intelligence Note was circulated within the DOJ intranet and directed all inquiries related to the Bitcoin Fog investigation to Ms. Pelker. Despite a seven-year investigation, there is little new evidence beyond what is contained in the Intelligence Note.

Ms. Pelker has a deep relationship with this case. She has spent the better part of a decade participating in the investigation and prosecution, and is in the unique position of having been both one of the first FBI officers on this case, and the prosecuting attorney on this case.

The discovery indicates that Ms. Pelker was instrumental in getting the DOJ to purchase a license for Chainlaysis Reactor, having first used a copy licensed to the Treasury Department. The Government has withheld virtually all communications and information regarding Ms. Pelker's use of Chainalysis Reactor at this time. The Government is also withholding information and communications related to the DOJ's license acquisition of Chainalysis Reactor software, as well as its use by Ms. Pelker, the FBI and Treasury to investigate this case, only producing a few non-native .pdf files of some Chainalysis Reactor outputs without any further context or supporting and corroborating evidence. Further the Government has not produced any communications between Ms. Pelker and Aaron Bice, or others affiliated with Chainalysis.

Since the DOJ acquired a license for Chainalysis Reactor software at Ms. Pelker's behest, the market value of Chainalysis has increased astronomically. DOJ regularly recognizes Chainalysis, and its subsidiaries, such as Excygent, LLC, in its press releases for participation in investigations. In the DOJ press release trumpeting Mr. Sterlingov's arrest, DOJ recognizes Excygent for its participation in the investigation into Bitcoin Fog. Chainalysis was omitted from the official DOJ press release in this case, but a WIRED article published a day before the official DOJ press release broke the news of Mr. Sterlingov's arrest and includes a quote from

Chainalysis Co-Founder Jonathan Levin proclaiming the legitimacy of Chainalysis's blockchain analysis tools used by DOJ, IRS and FBI in the Bitcoin Fog investigation.

Each time Chainalysis receives publicity related to its contracts with DOJ and the IRS, Co-Founders Michael Gronager and Jonathan Levin pursue private equity funding rounds. From these private equity funding rounds, the market value of Chainalysis has ballooned to 8.6 billion dollars.[1]

Every single one of the federal prosecutions involving Chainalysis's participation have either resulted in plea deals or involved corroborating evidence implicating the defendant. This case stands alone in that there is no direct or corroborating evidence linking any of the alleged crimes to the Defendant. Chainalysis's blockchain analysis methodologies have never been subjected to competent *Daubert* scrutiny at trial and have no accepted scientific bases. The only reason Chainalysis software has been employed here, is because of Chainalysis's relationship with Ms. Pelker. This relationship goes directly to the weight, credibility and integrity of the Government's evidence.

The Government has withheld a substantial portion of the investigative communications involving Ms. Pelker, including her and all of the Government's communications with Chainalysis regarding this prosecution. And the Government refuses to produce any of the source code used it its forensic analysis.

## Ms. Pelker is one of Mr. Sterlingov's Accusers under the Sixth Amendment, and He has the Right to Cross-Examine Her

As the United Supreme Court in *Crawford v. Washington*:

> The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." The right of confrontation, which

---

[1] As of November 7, 2022

is secured for defendants in state as well as federal criminal proceedings[2], "means more than being allowed to confront the witness physically."[3] Indeed, " `[t]he main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.'"*[4]

The right to confront one's accusers is a concept that dating back to Roman times.[5] The founding generation's immediate source of the concept, however, was the common law. English common law has long differed from continental civil law in regard to the manner in which witnesses give testimony in criminal trials. The common-law tradition is one of live testimony in court subject to adversarial testing, while the civil law condones examination in private by judicial officers.[6]

The principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused. It was these practices that the Crown deployed in notorious treason cases like Sir Walter Raleigh's; that the Marian statutes invited; that English law's assertion of a right to confrontation was meant to prohibit; and that the founding-era rhetoric decried. The Sixth Amendment must be interpreted with this focus in mind.[7]

Justices of the peace conducting examinations under the Marian statutes were not magistrates as we understand that office today, but had an essentially investigative and prosecutorial function.[8]

Ms. Pelker initiates this investigation as an FBI agent, and is the principal FBI investigator on this case for years before becoming a prosecutor. As such she is one of Mr. Sterlingov's accusers for purposes of the Sixth Amendment Confrontation Clause.

Applying the Confrontation Clause analysis to the facts here, demonstrates that Ms. Pelker is a material fact witness, and one of Mr. Sterlingov's accusers. As such, Mr. Sterlingov has a constitutional right to cross-examine her. To deny Mr. Sterlingov the right to cross-

---

[2] *See Pointer* v. *Texas,* 380 U. S. 400 (1965).
[3] *See Davis* v. *Alaska,* 415 U. S., at 315 (1974).
[4] *See Id.,* at 315-316 (quoting 5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940)) (emphasis in original).
[5] See *Coy* v. *Iowa,* 487 U. S. 1012, 1015 (1988); Herrmann & Speer, Facing the Accuser: Ancient and Medieval Precursors of the Confrontation Clause, 34 Va. J. Int'l L. 481 (1994).
[6] *See* 3 W. Blackstone, Commentaries on the Laws of England 373-374 (1768).
[7] *See Crawford v. Washington*, 541 U.S. 36 (2004).
[8] *See* 1 Stephen, Criminal Law of England, at 221; Langbein, Prosecuting Crime in the Renaissance, at 34-45.

examine Ms. Pelker is also to deny Mr. Stelringov his right to put on a complete defense under the Fifth and Sixth Amendments to the United States Constitution.

Ms. Pelker is the initial accuser of the Defendant. She has spent close to a decade investigating and prosecuting Bitcoin Fog. She drafted and circulated the initial Investigation Note on this matter within the DOJ, soliciting inquiries from other investigators. She spoke with many people, both within the DOJ, and outside, about her investigation into Bitcoin Fog. She has taken this case with her from her intelligence analyst role at the FBI to her role as a federal prosecutor with DOJ, moving it from Philadelphia to D.C. She initially uses Chainalysis Reactor under the Treasury Department's software license, and was instrumental in getting DOJ to purchase a Chainalysis software license. Ms. Pelker's name is present on investigative documents in this case from its inception.

Since DOJ began its relationship with Chainalysis, Chainalysis has hired multiple DOJ personnel. Youli Lee, a former prosecutor on this case, is now Chief Legal Advisor at Chainalysis and is featured prominently on the Chainalysis website. Aaron Bice, one of the IRS criminal investigators on this case, and a close contact of Ms. Pelker, constructed Excygent, LLC during the pendency of this case, and sold it to Chainalysis a few months after Mr. Sterlingov's arrest.

Ms. Pelker's investigative fingerprints are all over this case and her name is on numerous investigative documents in this case. She is a material fact witness and one of Mr. Sterlingov's accusers. Mr. Sterlingov has the right to confront and cross-examine Ms. Pelker under the Sixthe Amendment to the United States Constitution, and this Court should deny Ms. Pelker's motion in its entirety.

## Ms. Pelker is a material fact witness as to venue

Ms. Pelker is the sole reason this case is in Washingon D.C. Venue is a fact question for the jury. As such, the Defense is constitutionally entitled to cross-examine Ms. Pelker about her involvement in transferring this case to the District of Columbia because there is no apparent constitutional basis for venue in this district.

Ms. Pelker takes this investigation wherever she goes in her career. Indeed, she is staking a great deal of her reputation and career upon this prosecution and has every incentive to withhold evidence. As discussed in her own motion, while working at the FBI Money Laundering Intelligence Unit at FBI Headquarters, Ms. Pelker issues her Intelligence Note on the Bitcoin Fog invesitgation. She continues as an investigator on this case for two years, until she graduates from law school in D.C. and becomes a prosecutor on this case. Throughout her career, Ms. Pelker carries this investigation with her.

Mr. Sterlingov finds himself facing fifty years to life in a jurisdiction he has never been in, and never conducted business in. The only reason this case is in the District of Columbia is because Ms. Pelker has put it here. And Mr. Sterlingov has a constitutional right under the Sixth Amendment of the United States Constitution to cross-examine Ms. Pelker involvement in the decision to venue this case in the District of Columbia.

## Conclusion

Ms. Pelker initiates this investigation and is its primary investigator for its first two years. She is responsible for transferring this case to the District of Columbia and is a material fact witnesses to the venue issues in this case. Ms. Pelker is one of Mr. Sterlingov's accusers under the common law, the Sixth Amendment's Confrontation Clause.

This Court should deny the Government's motion in limine to preclude the defense from calling Ms. Pelker as a witness its entirety. In the alternative, this Court should grant a hearing on the matter.

Dated: November 7, 2022
Brooklyn, NY

                Respectfully submitted,

                /s/ Michael Hassard
                Michael Hassard (NYS Bar No. 5824768)
                *Pro Hac Vice*
                Tor Ekeland Law, PLLC
                30 Wall Street, 8th Floor
                New York, NY
                t:  (718) 737 - 7264
                f:  (718) 504 - 5417
                michael@torekeland.com

                /s/ Tor Ekeland
                Tor Ekeland (NYS Bar No. 4493631)
                *Pro Hac Vice*
                Tor Ekeland Law, PLLC
                30 Wall Street, 8th Floor
                New York, NY
                t:  (718) 737 - 7264
                f:  (718) 504 - 5417
                tor@torekeland.com

                /s/ Marina Medvin, Esq.
                Counsel for Defendant
                MEDVIN LAW PLC
                916 Prince Street
                Alexandria, Virginia 22314
                Tel:  888.886.4127
                Email: contact@medvinlaw.com

                *Counsel for Defendant Roman Sterlingov*

## Certificate of Service

I certify that on this 7th day of November 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the parties on record.

/s/ Tor Ekeland