## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**

**ROMAN STERLINGOV,**

        **Defendant.**

**21-CR-399 (RDM)**

**Defendant's Opposition to the Government's Motions in Limine for a Willful Blindness Instruction as to Counts One & Three, and Permission to Use in Opening - Dkt. 66**

# Table of Contents

*Introduction*..................................................................................................................*2*

*Legal Standard* .............................................................................................................*2*

*Argument* .....................................................................................................................*3*

    **I.     This Court Should Reject the Willful Blindness Instruction** ................................... **3**

        1.     There is no Evidence that Mr. Sterlingov was Involved with Bitcoin Fog that Justifies a Willful Blindness Instruction ............................................................................................... 3

        2.     The Facts do not Support an Inference of Defendant's Conscious Course of Deliberate Ignorance .................................................................................................................................. 4

        3.     The Government's Proposed Jury Instruction is Easily Misunderstood by Jurors as Mandating the Inference of Knowledge ................................................................................... 5

    **II.    The Government's Request for a Willful Blindness Jury Instruction Should be Dealt With When the Court Decides on the Jury Charges** ............................................................... **5**

    **III.   Application of a Willful Blindness Instruction is an Impermissible Importation of a Tort Standard into Criminal Law** ..................................................................................... **5**

    **IV.   The Government's Proposed Jury Instruction Seeks to Side-Step the *Mens Rea* Requirements of the Charged Crimes** ................................................................................ **6**

    *Conclusion*....................................................................................................................*6*

## Introduction

This Court should deny the Government's motion to allow a willful blindness jury instruction and deny the Government's request to refer to willful blindness in its opening statement. The Government has no direct evidence implicating Mr. Sterlingov as the operator of Bitcoin Fog. This Court should deny the Government's motion because it would be overly prejudicial to the defendant, and confusing to the jury.

## Legal Standard

A jury instruction as to willful blindness must meet a three-part test. The trial court may instruct the jury concerning willful blindness when (1) a defendant claims a lack of knowledge, (2) the facts support an inference of defendant's conscious course of deliberate ignorance, and (3) the instruction, taken as a whole, cannot be misunderstood by a juror as mandating the inference of knowledge.[1] More specifically, the jury instruction is proper when there is evidence to "support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution."[2]

---

[1] *See United States v. St. Michael's Credit Union,* 880 F.2d 579, 584 (1st Cir.1989); *see also United States v. Picciandra,* 788 F.2d 39, 46 (1st Cir.), *cert. denied,* 479 U.S. 847 (1986).
[2] *See United States v. Rivera,* 944 F.2d 1563, 1571 (11th Cir.1991) (citing *United States v. Alvarado,* 838 F.2d 311, 314 (9th Cir.1987), *cert. denied,* 487 U.S. 1222 (1988)).

The danger of an improper willful blindness instruction is "`the possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible grounds that he should have known [an illegal act] was taking place.'"[3]

## Argument

**I.       This Court Should Reject the Willful Blindness Instruction**

1.       There is no Evidence that Mr. Sterlingov was Involved with Bitcoin Fog that Justifies a Willful Blindness Instruction

The Government attempts to improperly instruct the jury on willful blindness when there is no evidence that the Defendant has taken any steps to avoid knowledge of the specific criminal activity. There is no evidence at all that anyone ever saw any of the messages sent by the Government before its unilateral transfer of Government funds to and from a Bitcoin Fog account. There are no logs. There no eyewitnesses. There are no computer logs. There is no forensic evidence whatsoever in the discovery that shows anyone ever saw the Government's self-serving communications. This is why the Government's actions don't constitute entrapment, because entrapment requires the presence of a Defendant.

The Government is not entitled to a willful blindness jury instruction if it cannot establish that Mr. Sterlingov actually operated Bitcoin Fog. There is no such evidence despite th Government having seized all of his electronics and hand-written notes upon his arrest at LAX and placing him under physical surveillance, wiretap and pentraps when he travelled to the United States.

---

[3] *See United States v. Littlefield,* 840 F.2d 143, 148 n. 3 (1st Cir.), *cert. denied,* 488 U.S. 860 (1988) (quoting *United States v. White,* 794 F.2d 367, 371 (8th Cir.1986)) (additional citation omitted).

There is no evidence at all in the discovery regarding anything having to do with Mr. Sterlingov's knowledge of Bitcoin Fog's operation.

    2.    <u>The Facts do not Support an Inference of Defendant's Conscious Course of Deliberate Ignorance</u>

The jury, as a matter of law, would not be able to make an inference that Mr. Sterlingov deliberately chose ignorance with respect to the undercover messages sent to Bitcoin Fog because there is no evidence that he ever saw them. An entirely legal website registration in 2011 does not support the proposition that Mr. Sterlingov saw an IRS agent's message sent to Bitcoin Fog in 2019. Nor does anything else in the discovery. The causal attenuation here is preposterous.

There is no evidence to support the inference that Mr. Sterlingov was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution. There is no evidence indicating that Mr. Sterlingov ever operated Bitcoin Fog, or had any knowledge of its operation.

Typically, in cases where a willful blindness instruction is requested, there is some direct evidence, like eyewitnesses, to place the defendant at the scene of the crime. Here, there is none whatsoever. Despite the Government's nearly decade-long investigation, the Government has been unable to produce any evidence linking Mr. Sterlingov to the operation of Bitcoin Fog beyond unscientific speculation. Without any evidence linking Mr. Sterlingov to the crimes for which he is accused, the Government is doubling down on its prosecution by requesting this Court to lower their handicap and allow the prosecution to refer to willful

blindness it it's opening statement. This Court should deny the Government's motion in its entirety.

3.    <u>The Government's Proposed Jury Instruction is Easily Misunderstood by Jurors as Mandating the Inference of Knowledge</u>

The Government glazes over the fact that there is no evidence of implicating Mr. Sterlingov in the operation of Bitcoin Fog. Introducing the Government's proposed jury instruction runs a high risk of confusing the jury as to the general and specific intent requirements for all counts in the Indictment by making the jury think that it is merely enough that Mr. Sterlingov should have known of the operation of Bitcoin Fog rather than having the constitutionally required mens rea.

The prosecution's opening statement is not an appropriate time to bring up the concept of willful blindness with the jury because the Government at this juncture has yet to prove anything. It is unduly prejudicial and argumentative and as such does not belong in an opening statement. There is no evidence that Mr. Sterlingov ignored the Government's messages to Bitcoin Fog because there is no evidence that he knew of their existence.

**II.    The Government's Request for a Willful Blindness Jury Instruction Should be Dealt With When the Court Decides on the Jury Charges**

The Government's motion for a willful blindness jury instruction is premature. Its proper place is in the Government's motion for proposed jury charges, currently scheduled for a deadline of November 21, 2022. This Court should deny the Government's Motion in Limine because this is a jury charge question and not an issue for resolution on motions in limine.

**III.    Application of a Willful Blindness Instruction is an Impermissible Importation of a Tort Standard into Criminal Law**

The Government's request for a willful blindness instruction and the ability to use it in its opening statement is a constitutionally impermissible importation of a tort law negligence standard into criminal law. As such, it violates both the Fifth and Sixth Amendments of the United States Constitution.

**IV.**     **The Government's Proposed Jury Instruction Seeks to Side-Step the *Mens Rea* Requirements of the Charged Crimes**

The Government has the burden of proving beyond a reasonable doubt that Mr. Sterlingov possessed the appropriate *mens rea* at the time of the charged crime. There is no evidence as to Mr. Sterlingov's *mens rea* because there is no evidence that Mr. Sterlingov ever operated Bitcoin Fog. The Government is not entitled to a jury instruction on a defendant willfully ignoring criminal behavior when there is no evidence that the defendant could have known of the criminal behavior in question. This tort-like negligence standard implicit in the willful blindness jury instruction risks erasing all the general and specific intent requirements of the charged crimes and substitutes an amorphous, ambiguous and confusing *mens rea* standard for the jury to consider that is found nowhere in the relevant statutes, and is unconstitutional as a matter of criminal law.

## Conclusion

This Court should deny the Government's motion to allow a willful blindness jury instruction, and deny the Government the discretion to refer to willful blindness in its opening statement. In the alternative, this Court should hold a hearing on this matter.

Dated: November 7th, 2022
Brooklyn, New York

Respectfully submitted,

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail.

<u>s/ Tor Ekeland</u>

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

8