UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROMAN STERLINGOV,**<br><br>Defendant. | **21-CR-399 (RDM)** |

**Defendant's Opposition to the Government's Motions in Limine to Preclude Defense Arguments and Evidence - Dkt. 65**

**Table of Contents**

*Introduction*..................................................................................................................*2*

*Background*..................................................................................................................*2*

*I.   This Court Should Deny the Government's Motion Because it Seeks to Preclude Relevant, Admissible Evidence* ................................................................*5*

*II.  The Court Should Allow the Jury to Hear the Potential Punishment*.................*7*

*III. The Court Should Allow "Golden Rule" Arguments*...........................................*7*

*IV.  The Jury Should Hear About the Evidence the Government Refuses to Produce* ......................................................................................................*7*

*Conclusion*....................................................................................................................*8*

## Introduction

The Government's Motion in Limine to Preclude Defense Arguments and Evidence violates Mr. Sterlingov's rights under the Fifth and Sixth Amendments of the United States Constitution to put on a complete defense, confront his accusers, and to a trial by a jury of his peers. The profiteering tainting this case goes directly to the weight, credibility, and integrity of the Government's evidence. What is happening here is not new or unique; it is common in newly emergent forensic fields where the profit motive and needs of justice conflict, leading to wrongful convictions. This Court should deny the Government's Motion in its entirety, except as to jury nullification.

As for selective prosecution, the Government's obsession with Mr. Sterlingov's Russian birth, despite his having lived in Sweden since he was 14, is indicia of a disturbing ethnic animus at play in this case. This Court should deny the Government's motion to preclude defense evidence because it is for the jury to decide whether the Government's evidence is credible given the financial and career stakes of its investigators, prosecutors, vendors that hire those former investigators and prosecutors, and its underlying ethnic animus towards Mr. Sterlingov's Russian birth.

## Background

In 2014, then FBI Intelligent Analyst Catherine Alden Pelker circulates an Intelligence Note on her Bitcoin Fog investigation internally at DOJ. Around 2015, the Counterintelligence Division of the FBI Philadelphia Field Office began its investigation into

Bitcoin Fog.[1] Then-FBI Intelligence Analyst Catherine Alden Pelker, a current prosecutor in this case, works on the investigation. At some point it is transferred to the Criminal Division.

Sometime in 2015 or 2016, Ms. Pelker transfers this case to the District of Colombia, where she graduates from Georgetown Law School in 2016. After graduating, Ms. Pelker joins the U.S. Attorney's Office for the District of Columbia as an Assistant United States Attorney.

In 2015, Aaron Bice begins working, through his employer MITRE, on a contract with the IRS as a criminal investigator ("IRS-CI"). As an IRS-CI, Bice works on this case, using a blockchain analysis software platform from a British company called Elliptic, as well as working with Chainalysis.

In 2017, during this investigation, Bice and an associate found Excygent, LLC, registering it in Virginia. In 2018, Bice leaves MITRE to devote himself to Excygent, LLC, while still working as an IRS-CI on this case. The Defense cannot locate any government contract with Excygent, LLC in the SAM.gov database that lists government contracts.

Around 2020, individuals from the prosecution, including investigators and government contractors involved in this case, began conversations about it with a WIRED Magazine reporter. These discussions and interviews, over the course of the last two years,

---

[1] The following is based on the Defense's review of the Government's discovery as well as the declaration of E. Garland attached as Exhibit B to Defendant's Motion for Reconsideration of Detention (Dkt. No. 47).

form the basis of a book coming out this month chronicling their work and discussing this case. There are talks of a Hollywood movie.[2]

On April 27, 2021, the FBI arrests Mr. Sterlingov at Los Angeles International Airport. The same day WIRED runs an exclusive article announcing his arrest.

> ANDY GREENBERG   SECURITY   APR 27, 2021 6:28 PM
>
> **Feds Arrest an Alleged $336M Bitcoin-Laundering Kingpin**
>
> The alleged administrator of Bitcoin Fog kept the dark web service running for 10 years before the IRS caught up with him.

This exclusive story quotes Jonathan Levin, the British co-founder of Chainalysis.

> "This is yet another example of how investigators with the right tools can leverage the transparency of cryptocurrency to follow the flow of illicit funds," says Jonathan Levin, cofounder of blockchain analysis company Chainalysis.

> As of Tuesday afternoon, Bitcoin Fog remained online, though it's unclear who, if anyone, now operates it. Neither the IRS nor the Department of Justice responded to WIRED's requests for comment.

DOJ does not officially announce the arrest in a press release until the following day.

On April 28, 2021, Excygent LLC features prominently in the two DOJ press releases trumpeting Mr. Sterlingov's arrest. The DOJ thanks Excygent, LLC at the head of a list of names including FBI field offices and domestic and international law enforcement. Neither MITRE, Elliptic nor Chainalysis are mentioned.

---

[2] Katie Kilkenny, *Jigsaw Productions Options Wired Writer's Cryptocurrency Book (Exclusive)* HOLLYWOOD REPORTER, https://www.hollywoodreporter.com/business/business-news/tracers-in-the-dark-book-optioned-jigsaw-productions-1235173673.

> The IRS-CI District of Columbia Cyber Crime Unit and the FBI Washington Field Office are investigating the case. Essential support was provided by Excygent; the IRS-CI Los Angeles Field Office, Van Nuys Post of Duty; FBI Los Angeles Field Office; Homeland Security Investigations; Customs and Border Patrol; the U.S. Attorneys' Offices for the Central District of California, Northern District of California, and Southern District of New York; and the Financial Crimes Enforcement Network of the U.S. Department of Treasury. The Department of Justice's Office of International Affairs provided invaluable assistance, as did Europol; the Swedish Economic Crime Authority, the Swedish Prosecution Authority, and the Swedish Police; and the General Inspectorate of Romanian Police, Directorate for Combatting Organized Crime and the Directorate for Investigating Organized Crime and Terrorism.
>
> Trial Attorney C. Alden Pelker of the Criminal Division's Computer Crime and Intellectual Property Section and Assistant U.S. Attorney Christopher B. Brown of the U.S. Attorney's Office for the District of Columbia are prosecuting the case, with assistance from Paralegal Specialist Chad Byron. Former Assistant U.S. Attorneys Youli Lee and Zia Faruqui made invaluable contributions during their tenures on the case team. The team also appreciates the previous support of Trial Attorney S. Riane Harper of the Computer Crime and Intellectual Property Section; Paralegal Specialist Kenny Nguyen; former Paralegal Specialists Toni Anne Donato and Bianca Evans; and former Assistant U.S. Attorney Allen O'Rourke over the course of this long-running investigation.

On June 24, 2021, Chainalysis receives $100 million in its Series E funding round. Chainalysis values itself then at $4.2 billion.

On October 5, 2021, Chainalysis buys Excygent, LLC for undisclosed compensation, and Mr. Bice goes to work for Chainalysis.

In January 2022, Chainalysis hires Youli Lee, a former prosecutor on this case, as Senior Legal Director.

As of May, 2022, Chainalysis' market valuation is $8.6 billion.[3]

## I.     This Court Should Deny the Government's Motion Because it Seeks to Preclude Relevant, Admissible Evidence

The Government seeks to preclude the introduction of a broad swath of evidence related to their charging, careerist, and profit incentives. This is all relevant, admissible evidence that goes directly to weight, credibility, and integrity of the Government's evidence.

---

[3] https://www.reuters.com/technology/chainalysis-raises-170-mln-6th-funding-round-with-86-bln-valuation-2022-05-12/

Simply put, many of the Government's investigators, prosecutors, and witnesses have financial stakes in the outcome of this case - whether in terms of direct compensation, future employment, reputation, or market valuation. The profit motives explain the confirmation bias, error, refusal to produce material evidence, and a need to get a return on a lumbering multiyear investigation. And they are a common feature of newly emergent forensic fields before scientific standards are established. This was the case with bite mark forensics.[4] Junk Science and the profit motive have led to many a wrongful conviction.[5] The Defense intends to offer expert evidence of the corrupting influence of profit and self-interest upon emergent forensic fields before any accepted standards are promulgated - as is the case here, with the newly emergent, standardless field of "block chain analysis."

    The reputation of Chainalysis's forensic software - which the discovery indicates Chainalysis beta tested on Mr. Sterlingov - potentially stands on this case. Not to permit this material evidence is to deny the Jury the right to deliberate with the full story, and effectively denies Mr. Sterlingov's right to a trial by jury by impermissibly precluding the jury from considering material, relevant facts that go directly to the weight, credibility, and integrity of the Government's evidence. This violates the Fifth and Sixth Amendment's to the United States Constitution.

---

[4] *See* M. Chris Fabricant, *Junk Science* (2022) (discussing the profit motive and newly emergent, standardless forensics leading to conviction of the innocent).

[5] *See* Adam Benforado, *Unfair: The New Science of Criminal Injustice* (2015).

## II. The Court Should Allow the Jury to Hear the Potential Punishment

Mr. Sterlingov faces 50 years to life. This Court should permit the Jury to weigh this factor in the ultimate interests of justice. To deny the weight of the sentence to the community's judgment on this prosecution as manifested by the Jury, is to deny Mr. Sterlingov his right to a jury trial by impermissibly limiting the Jury's information relating to the justice of this prosecution.

## III. The Court Should Allow "Golden Rule" Arguments

The Government throws around prejudicial, fear mongering jargon like "darknet" and repeatedly references child pornography and criminal activity it has no evidence Mr. Sterlingov has any involvement in. It begins its investigation in 2014 and it meanders for years, going nowhere, until an IRS agent in 2019 transfers Government funds to and from a site it alleges is Bitcoin Fog. On this sole manufactured change to the evidence - after years of investigation and the opportunity to arrest Mr. Sterlingov when he was in America under Government surveillance - the Government decides to arbitrarily arrest the bewildered Mr. Sterlingov at LAX. Yes, this case is Kafkaesque. And it is not for the Government to say otherwise, it is for the Jury to determine.

## IV. The Jury Should Hear About the Evidence the Government Refuses to Produce

The Government is withholding a large swath of evidence, potentially in violation of its *Brady* obligations. The Defense awaits ruling on the current Motions in Limine, particularly as to the Defense's motion to compel, as well as discussions with the Government,

7

before filing any *Brady* motions. But the facts of what the Government is refusing to produce is *Brady* evidence in and of itself, as it's exculpatory.

As discussed in the Defense's prior motions, the Government has not produced its datasets, source codes, relevant communications, or other materials necessary to mount a complete defense.[6] This refusal to produce is a material, relevant fact for the jury to consider that goes to the weight, credibility, and integrity of the evidence. It raises the question: "Why is the Government afraid to show its math?" It proves the point that the Government is the one hiding things here, and that the only way it hopes to prove its case is through obfuscation and diversion. Because it lacks scientifically valid direct evidence.

The Government's refusal to produce the forensic software and methodologies at the heart of its case violates Mr. Sterlingov's constitutional rights to put on a complete defense, confront his accusers, and to a jury trial by his peers.

## Conclusion

This Court should deny the Government's motion because it violates Mr. Sterlingov's Fifth and Sixth Amendment rights to put on a complete defense, confront his accusers, and to a jury trial by his peers. In the alternative this Court should hold a hearing on this issue.

---

[6] *See* Dkt. Nos. 45-49.

Dated: November 7, 2022
New York, New York

        Respectfully submitted,

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        /s/ Marina Medvin, Esq.
        Counsel for Defendant
        MEDVIN LAW PLC
        916 Prince Street
        Alexandria, Virginia 22314
        Tel:  888.886.4127
        Email: contact@medvinlaw.com

        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov