# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>Defendant. | **21-CR-399 (RDM)** |

**Defendant's Opposition to Government's Motions in Limine to Present Experts - Dkt. 61**

1

## Table of Contents

*Introduction*..............................................................................................................*2*

*Argument*.................................................................................................................*3*

**I.    *The Proffered Testimony Violates the Federal Rules of Evidence*** .....................*3*

    **A.    The Testimony Violates FRE 901** ...................................................................... 4

    **B.    The Testimony Violates FRE 701** ...................................................................... 5

    **C.    The Testimony Violates FRE 702** ...................................................................... 7

    **D.    The Testimony Violates FRE 703** ...................................................................... 8

    **E.    The Testimony Violates FRE 704(b)** ................................................................. 8

    **F.    Witness Testimony is Insufficient to Authenticate the Software Used in this**
**Investigation** ........................................................................................................................

       **9**

**II.    *The Proffered Testimony Violates Federal Rule of Evidence 403*** .....................*10*

*Conclusion*..............................................................................................................*11*

## Introduction

The Defense objects, under the Fifth and Sixth Amendments to the United States

Constitution and Federal Rules of Evidence 901, 701, 702, 703 and 704, to the Government's

proffer of experts Luke Scholl, Elizabeth Bisbee, Matthew St. Jean, and Theodor Vlahakis.

The Defense additionally objects to the introduction of impermissible expert testimony

through the use of lay witnesses. The Government has no eyewitnesses in this case with

personal knowledge of the events; it bases its conjecture on post hoc analysis by people sitting

at desks thousands of miles away, long after the fact.

The Government has not produced the necessary discovery to cross-examine any of its

proffered experts or lay witnesses. As discussed in the Defense's Motions in Limine, the

Government refuses to produce the forensic computer software used to generate the opinions

its experts and investigators rely on, along with a host of other exculpatory information

including its datasets, methodologies, and relevant communications with its for-profit forensic

vendors like Chainalysis, Elliptic LLC, and Excygent LLC. None of the Government's

conclusions in its pleadings and discovery produced to date are reproduceable. The Defense

has not had access to the software, source codes, object codes, complete input and output

datasets, relevant native computer logs, and original sources underlying the Government's

conclusory accusations. The Government appears to be in violation of its *Brady* obligations on

this front, and the Defense intends to file a *Brady* motion as necessary.

The Government's experts are unqualified to testify because what the Government

claims they are experts in has no scientific bases and is junk science. To date, the Government

hasn't produced a shred of evidence establishing the scientific validity of its forensics.

Moreover, much of the what the Government proffers is irrelevant, inauthentic, and is based

on speculation and hearsay. This Court should bar the testimony from the Government's

experts; in the alternative it should order voir dire of all the Government's experts pre-trial, as

well as a *Daubert/Frye* hearing as to the forensic software and methodologies at issue here, to

avoid any possible prejudicial effect, inefficiencies, and delay from challenging the proffered

experts at trial.

## Argument

For profit Junk Science convicting innocent people is a well-documented

phenomenon.[1] Despite the Defense's requests, the Government has not produced anything in

discovery that provides any valid scientific basis for its forensics. Nor did any of their

proffered expert witnesses work on this seven-year investigation until recently. As such, they

have no personal knowledge of how the investigation was conducted or its reliability or

methodology. Outside of now AUSA, but then FBI Intelligence Analyst, Catherine Alden

Pelker, the original investigators on this case are nowhere to be seen.

## I.     The Proffered Testimony Violates the Federal Rules of Evidence

As argued in the Defense's Motions in Limine, the Government cannot authenticate

any of the foundations for its forensics or methodologies. All of its proffered expert testimony

relies on junk science, and is not reproduceable, verifiable, or generally accepted in the

blockchain community.

---

[1] *See, e.g.,* M. Chris Fabricant, *Junk Science and the American Criminal Justice System*, (2022); Adam
Benforado, *Unfair, The New Science of Criminal Injustice* (2015).

### A.        The Testimony Violates FRE 901

Federal Rule of Evidence 901 requires that "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."[2] In relation to the digital forensics in this case, particularly the purported "blockchain analysis," this means "[e]vidence describing a process or system and showing that it produces an accurate result."[3] Moreover, Rule 901 requires an authenticity inquiry as to data compilations - like those in the Government's discovery.[4] This requires Defense expert analysis of all computer code used to generate statements in this case whether testimonial or raw data.

Under Federal Rule of Evidence 901 this Court should bar all expert statements - whether testimonial or raw data machine statements - based on the Government's use of forensic computer software like Chainalysis Reactor, or Elliptic LLC's, because it has not been produced to the Defense in its native computer code in the versions used by the Government in its multi-year investigation. Without this information, there is no effective way to cross examine any live expert witness whose testimony is based on the output of the digital forensic computer programs and methodologies at the heart of this case. This makes it impossible to mount an effective, complete defense.

Without the output of its forensics software the Government has no case. This entire investigation turns on the work of investigators sitting at desks thousands of miles away from Gothenburg, Sweden, where Mr. Sterlingov has lived since moving there at age 14. The

---

[2] Fed. R. Evid. 901(a).
[3] Fed. R. Evid. 901(9).
[4] Fed. R. Evid. 901(8)

Discovery doesn't reveal a single trip to Gothenburg, Sweden by the Government, despite the length of this investigation, its expenditure of considerable resources, and its fruitless surveillance, wiretapping, and pen trapping of Mr. Sterlingov when he traveled to the United States. None of the software at issue is authentic under Federal Rule of Evidence 901, and it has never been subject to comprehensive adversarial challenge under *Daubert* in any Federal Court. This Court should bar the proffered expert testimony. In the alternative it should order comprehensive pretrial voir dire of the Government's proffered experts, as well as a *Daubert* hearing as to the validity of the Government's forensics and methodologies.

### B.     The Testimony Violates FRE 701

Federal Rule of Evidence 701 states that if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (1) rationally based on the witness's perception; (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[5] Fact witnesses must also have personal knowledge

---

[5] "The prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance and an endless number of items that cannot be described factually in words apart from inferences." *Hartzell Mfg., Inc. v. Am. Chem. Techs., Inc.*, 899 F. Supp. 405, 408 (D. Minn. 1995) (citing *Asplundh Manufacturing Division v. Benton Harbor Engineering*, 57 F.3d 1190, 1196 (3rd Cir.1995)).

about the subject matter of their testimony,[6] and may testify to matters within the common

knowledge of laypersons or from their experience.[7]

There are no fact witnesses like this in this case besides Mr. Sterlingov. The entire

investigation took place thousands of miles away, primarily at desks. The Government does

not have a single eyewitness for any of its accusations, and no corroborating evidence.

An "essential difference" between expert and non-expert testimony is that only a

qualified expert may answer hypothetical questions.[8] Expert witnesses may testify from "facts

or data" "perceived by him," and also from what is "made known to him at or before the

hearing."[9] A lay witness's testimony, however, should be excluded when that testimony is

based on their perceptions alone and merely expresses the witness's belief without assisting

with the formation of an opinion that would be helpful to an understanding of the facts of the

case.[10] In other words, lay testimony that amounts to speculation and conjecture is improper.[11]

---

[6] *See* Fed. R. Evid. 602; "Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation for lay opinion testimony." *Burlington N. R. Co. v. State of Neb.*, 802 F.2d 994, 1005 (8th Cir. 1986). *See also United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001) (holding that district court erred in admitting testimony from agent who lacked first-hand knowledge about the matters about which she testified and that the agent's opinions were based on investigation after the fact, not her perception of the facts).

[7] "A witness may provide lay opinion testimony 'about facts within his or her range of generalized knowledge, experience, and perception.'… '[P]erceptions based on industry experience, is a sufficient foundation for lay opinion testimony.'" *US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 690 (8th Cir. 2009) (citations omitted). *See also Burlington N. R. Co. v. State of Neb.*, 802 F.2d 994, 1005 (8th Cir. 1986) (allowing railroad executives to testify based on their industry knowledge and experience and review of employee reports prepared in the ordinary course of business); but "This inquiry requires a case-by-case analysis of both the witness and the witnesses's [sic] opinion." *United States v. Smith*, 591 F.3d 974, 983 (8th Cir. 2010) (citations omitted).

[8] *Hartzell Mfg., Inc. v. Am. Chem. Techs., Inc.*, 899 F. Supp. 405, 408–09 (D. Minn. 1995).

[9] Fed.R.Evid. 703.

[10] *Hartzell Mfg., Inc. v. Am. Chem. Techs., Inc.*, 899 F. Supp. 405, 408–09 (D. Minn. 1995).

[11] *See US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 690 (8th Cir. 2009).

To the extent that the Government attempts to introduce expert testimony under the guise of lay fact witnesses this Court should bar such testimony. This includes any lay witness testifying about the blockchain, any of the forensics or methodologies involved in this case, as well as general expertise with criminality on the internet. In the alternative, this Court should order a hearing to delineate the scope of any lay testimony in this case, as the Discovery to date reveals no Government witnesses with personal knowledge of this case.

### C.    The Testimony Violates FRE 702

In deciding the admissibility of expert testimony, courts have a "gatekeeping obligation" to ensure expert testimony is reliable.[12] Federal Rule of Evidence 702 requires that such testimony satisfy three separate relevance and reliability standards: (1) expert testimony must be based upon sufficient facts or data, (2) expert testimony must be the product of reliable principles and methods, and (3) the expert witness must have applied the principles and methods reliably to the facts of the case.[13]

For the reasons argued in Defendant's Motion in Limine, this Court should bar the proffered expert testimony because its foundations are inauthentic, it's the product of unreliable principles and methods that cannot be reproduced, and these unreliable principles and methods have been arbitrarily applied to the facts in this case. In the alternative, this Court should order pretrial voir dire of all the proffered experts, as well as order a *Daubert*

---

[12] *Kumho Tire Co., Ltd, v. CurMichael*, etc., 526 US. 137,141 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).
[13] Fed. R. Evid. 702.

7

hearing as to the sufficiency of the facts and data underlying the Government's proffered

testimony.

### D.      The Testimony Violates FRE 703

Federal Rule of Evidence 703 states:

> An expert may base an opinion on facts or data in the case that
> the expert has been made aware of or personally observed. If
> experts in the particular field would reasonably rely on those
> kinds of facts or data in forming an opinion on the subject, they
> need not be admissible for the opinion to be admitted. But if the
> facts or data would otherwise be inadmissible, the proponent of
> the opinion may disclose them to the jury only if their probative
> value in helping the jury evaluate the opinion substantially
> outweighs their prejudicial effect.[14]

For the reasons argued in Defendant's Motion in Limine, this Court should bar the

proffered expert testimony because there is no community consensus or scientific evidence as

to the reliability and scientific soundness of the Government's forensics and methodologies

that would make any facts or data relied on by the Government's experts admissible. As, such,

the Court should bar the proffered experts from testifying to the data and facts that form the

basis of their Opinions except in response to cross examination by the Defense. In the

alternative, this Court should order pretrial voir dire of all the proffered experts, as well as

order a *Daubert* hearing as to the sufficiency of the facts and data underlying the

Government's proffered testimony.

### E.      The Testimony Violates FRE 704(b)

---

[14] Fed. R. Evid. 703.

Federal Rule of Evidence 704(b) states: "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."[15]

The Government's unilateral, alleged movement of its crypto currency through a Bitcoin Fog onion site and back to its own wallet in D.C. is the sole alleged basis of venue in this case. There is no evidence of Mr. Sterlingov's awareness of the Government's unilateral act, and to the extent the Government wishes to introduce testimony that its crypto transfers are evidence of Mr. Sterlingov's *mens rea*, this Court should forbid it. It should forbid any such testimony, as the Government has no eyewitnesses with personal knowledge of any of Mr. Sterlingov's actions, beyond its fruitless surveillance of Mr. Sterlingov when he was in America.

### F.        Witness Testimony is Insufficient to Authenticate the Software Used in this Investigation

As argued in the Defense's Motion in Limine, without access to the software and its computer code for analysis, the Defense cannot effectively challenge the validity of the Government's digital forensics. Any effective cross examination of any Government expert testifying based on the digital software used in this investigation requires access by the Defense to the underlying computer code; both for evidentiary and impeachment purposes. Otherwise, there is no way to confront a witness's fabrications on the stand.

---

[15] Fed. R. Evid. 704.

## II.      The Proffered Testimony Violates Federal Rule of Evidence 403

Federal Rule of Evidence 403 states: "The court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence."[16]

Much of the Government's proffered expert testimony involves opinions unrelated to

what Mr. Sterlingov is charged with - the operation of a Bitcoin tumbling onion site on the

Tor Network. The proffered testimony of illicit darknet sites like Silk Road, Agora, along with

lurid tales of the darknet underworld have nothing to do with Mr. Sterlingov. The Government

has not charged Mr. Sterlingov with any involvement with the bulk of what it seeks to offer

testimony on, nor does it have any competent, relevant evidence to support its proffered

testimony. Rather, it seeks the introduction of unrelated criminal enterprises to unfairly

prejudice the jury against Mr. Sterlingov through guilt by association rather than facts

established beyond a reasonable doubt. There is a danger that this will mislead and confuse

the jury into thinking the Government is charging Mr. Sterlingov with the operation of these

other sites, or that he was involved criminally with them. Mr. Sterlingov should not have to

defend himself against things he hasn't been charged with, particularly things the Government

has no eyewitnesses or competent, relevant information for. If the Government has evidence

of Mr. Sterlingov's involvement with these sites and the criminal acts it's proffering testimony

on, it should have charged him with those acts. It has had seven years to do so. The Court

---

[16] Fed. R Evid. 403.

should not permit the Government to do an end run around the Sixth Amendment's Indictment clause by trying him for felonies that he hasn't been charged with.

Moreover, given the salacious and prejudicial nature of what the Government seeks to introduce as testimony, the Defense will out of necessity object to any such proffer at trial, leading to unnecessary and potentially lengthy delays. This Court should either bar the Government's testimony or order a hearing to determine whether the Court should bar it, and if admissible, its proper scope.

## Conclusion

This Court should bar the testimony of the Government's proffered testimony under the Fifth and Sixth Amendments the United States Constitution, and Federal Rules of Evidence 901, 701, 702, 703, and 704. In the alternative, this Court should order the voir dire of all proffered experts pretrial, to avoid prejudicing the jury and inefficiencies at trial, as well as a comprehensive *Daubert/Frye* hearing so the Defense may expose the Junk Science at the heart of this case.

Dated: Nov. 7th, 2022
New York, New York

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November 2022, the forgoing document was

filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct

copy of the foregoing was sent to the following individuals via e-mail.

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov