# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-399 (RDM)** |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S REPLY IN SUPPORT OF NOTICE AND
### MOTION *IN LIMINE* TO ADMIT CERTAIN GOVERNMENT EXHIBITS

The United States of America, by and through its counsel, the United States Attorney for

the District of Columbia, hereby submits this reply in support of its prior Notice and Motion *In

Limine* to Admit Certain Government Exhibits, ECF No. 62.

## ARGUMENT

On October 24, the government filed a 38-page motion *in limine* (the government's

"Authentication Motion") detailing specific evidence it would seek to admit at trial, including

records from dozens of named financial institutions, online service providers, and other businesses;

official government records from named agencies; records from Archive.org and the blockchain;

evidence from the devices seized at the time of the defendant's arrest and the defendant's

Romanian servers; and records from specific, named services whose servers had been seized in

prior law enforcement actions.  ECF No. 62.  The government's motion discussed these records in

detail and laid out the legal basis for authentication and admission, both through certifications

complying with Fed. R. Evid. 902(11), (13), and (14) and 18 U.S.C. § 3505, and through the

government's additional briefing regarding the records' distinctive characteristics pursuant to Fed.

R. Evid. 901(b)(4).  *Id.*  The government also provided a general notice of its intent to introduce

summary exhibits and demonstratives, which are still in development.  *Id.* at 35-36.  Two weeks

later, the defense filed its opposition, consisting of a single paragraph of "argument" stating a blanket objection to all records the government sought to authenticate pre-trial.

The defendant complained, quite bafflingly, that the government's filing had not provided enough detail for the defense to determine what records the government was seeking to admit. ECF No. 71. The defense did not address a single record, group of records, or legal argument raised in the government's brief. It did not provide any basis for its blanket objection or articulate any particular concern, other than to offer the non sequitur that, "Screen shots aren't the same as a record from a business institution and can be cropped and altered." *Id.* at 2. Instead, the defense indicated a refusal to engage on the issue of authentication without receiving a copy of the government's Exhibit List—two months in advance of trial. The defendant's dismissive filing amounts to a repudiation of this court's well-established practice of using motions *in limine* to address issues pre-trial and ensure the smooth operation of trial.

The government's motion was pleaded with specificity and has put the defendant on sufficient notice regarding the evidence the government seeks to admit. The government's filing amply satisfies the notice requirement of Fed. R. Evid. 902(11)—incorporated by reference into Fed. R. Evid. 902(13) and (14). Fed. R. Evid. 902(11) ("Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection."). The bulk of the certifications have been provided to defense counsel; the government will provide the remaining pending certifications, described below, to defense counsel as soon as they are available. To ensure the orderly function of trial, this court should grant the government's motion to admit records based on the arguments detailed in the government's Authentication Motion.

If the defendant maintains his groundless blanket objection, the government intends to submit a package putting the certifications before the court for its own examination and will move at the pretrial conference for the court to admit the records over the defendant's objection. Without a pretrial ruling on the admissibility of the records, the government will need to subpoena or otherwise arrange for the testimony of over sixty authentication witnesses. Many of these witnesses would need to travel from outside of the D.C. area, including several from overseas. Requiring them to appear for trial would add over a week of trial time of purely authentication testimony, would amount to a significant waste of the jury's time, and would disrupt the efficient and orderly administration of justice at trial.

## I.  The Government Has Set Forth Sufficient Basis For Authenticating Specific Records

The government's Authentication Motion provided ample detail regarding the records that the government sought to authenticate in advance of trial. In particular, the government's motion explained the grounds for authenticating domestic and foreign business records; records from U.S. financial regulators; images of the defendant's devices seized at the time of his arrest; evidence related to the defendant's servers in Romania; and evidence from virtual currency exchanges and darknet markets whose servers were seized in prior law enforcement actions. The government does not restate here the detailed argument and analysis contained in its Authentication Motion, ECF No. 62, but seeks to respond to the defendant's claim that the filing lacked sufficient specificity. The records noted herein should be ruled admissible for the reasons set forth in the government's previously filed Authentication Motion.

## A.  The Government Will Introduce Records from Identified Businesses

The first section of the government's motion enumerated 47 specific companies that had produced records to the government in the course of this investigation that the government intends

to seek to admit at trial through records certifications. Specifically, the government indicated that it would seek to admit records from:[1]

| | | |
|---|---|---|
| 1. Adventure Flight | 18. Enterprise Rental Car | 34. Oath |
| 2. AIMCO | 19. Expedia | 35. One.com |
| 3. Allocate Smartly | 20. FiServ | 36. Optal |
| 4. Assembla | 21. Google* | 37. *Paymium* |
| 5. Atlantic Broadband | 22. Gyft | 38. PayPal |
| 6. Atlassian | 23. High Hosting | 39. Prepaid Financial Services |
| 7. *Binance** | 24. *HitBTC* | 40. Ramnode* |
| 8. Bitcoin Talk | 25. HostGator | 41. Sixt Rental Car |
| 9. *Bitfinex* | 26. *Instawallet* | 42. SpiderOak |
| 10. BitPay* | 27. Kraken* | 43. Tesla |
| 11. BitStamp | 28. Local Bitcoins | 44. Tower Condominium |
| 12. Circle/Poloniex | 29. M247 | 45. Twitter* |
| 13. Coinbase | 30. Microsoft* | 46. Zelle |
| 14. Comcast | 31. Microtronix | 47. Zillow |
| 15. Craigslist | 32. Namecheap | |
| 16. DropBox | 33. Newfold | |
| 17. EBay | | |

Later in the Authentication Motion, the government set forth additional detail supporting the authentication of foreign records. ECF No. 62 at 32-34. This included records from providers included in the list above—namely Local Bitcoins, M247, One.com, Optal, and Prepaid Financial Services—as well as two additional Swedish businesses, Nordea and Hi3G/Tre.

As requested by defense counsel, the government produced the majority of its discovery in its native file format. Records were generally sorted into folders specifying the name of the provider. For example, the AIMCO records were provided to defense counsel in a folder named "AIMCO." Some providers, denoted with an asterisk in the lists above, made multiple productions over the course of the investigation; records relating to those responses were sorted into separate

---

[1] Providers noted with an asterisk (*) provided multiple productions containing records that the government is seeking to admit at trial. Providers noted in italics have certifications that are pending; these certifications will be provided to defense counsel as soon as they are available.

folders, and the government obtained certifications covering each production that it is seeking to admit.

In light of the above, the government is uncertain what additional information defense counsel requires to ascertain whether it objects to the authentication of the exhibits. To the extent that formatting the records into a draft exhibit list aids defense counsel, the government offers the following:[2]

| Exhibit No. | Description |
|---|---|
| TBD | Adventure Flight records |
| TBD | AIMCO records |
| TBD | Allocate Smartly records |
| TBD | Assembla records |
| TBD | Atlantic Broadband records |
| TBD | Atlassian records |
| TBD | Binance records – batch 1 |
| TBD | Binance records – batch 2 |
| TBD 1a | Bitcoin Talk records – subscriber information |
| TBD 1b | Bitcoin Talk records – posts |
| TBD 1c | Bitcoin Talk records – private messages |
| TBD | Bitfinex records |
| TBD | BitPay records – batch 1 |
| TBD | BitPay records – batch 2 |
| TBD | BitPay records – batch 3 |

---

[2] As noted above, the government has not finalized its Exhibit List. This notional list is being provided to assist defense counsel and the court, but the government may supplement or amend the actual list in advance of trial. Furthermore, the tables noted in this filing pertain only to the records addressed in the government's Authentication Motion; they are not a comprehensive list of the exhibits the government intends to seek to admit at trial.

Records regarding the defendant's servers at M247 are addressed in Section I.D, below, and are omitted from this list to avoid any possible confusion over duplicated entries.

| | |
|---|---|
| **TBD** | BitPay records – batch 4 |
| **TBD** | BitPay records – batch 5 |
| **[Placeholder]** | *BitPay records – additional batches TBD* |
| **TBD** | BitStamp records |
| **TBD** | Circle/Poloniex records |
| **TBD** | Coinbase records |
| **TBD** | Comcast records |
| **TBD** | Craigslist records |
| **TBD** | DropBox records |
| **TBD** | EBay records |
| **TBD** | Enterprise Rental Car records |
| **TBD** | Expedia records |
| **TBD** | FiServ records |
| **TBD** [multiple exhibits /sub-exhibits] | Google records (heavydist@gmail.com) – batch 1 |
| **TBD-TBD** [multiple exhibits /sub-exhibits] | Google records (heavydist@gmail.com) – batch 2 |
| **TBD-TBD** [multiple exhibits /sub-exhibits] | Google records (heavydist@gmail.com) – batch 3 |
| **TBD** [multiple exhibits /sub-exhibits] | Google records – additional accounts (batches TBD) |
| **TBD** | Gyft records |
| **TBD** | Hi3G/Tre records (Swedish) |
| **TBD** | Hi3G/Tre records (English translation) |
| **TBD a-h** | High Hosting records |
| **TBD** | HitBTC records |
| **TBD** | HostGator records |
| **TBD** | Instawallet records |
| **TBD** | Kraken records – batch 1 |
| **TBD** | Kraken records – batch 2 |

| | |
|---|---|
| **TBD** | Kraken records – batch 3 |
| **TBD** | Local Bitcoins records |
| **TBD** | Microsoft records – batch 1 |
| **TBD** | Microsoft records – batch 2 |
| **TBD** | Microsoft records – batch 3 |
| **TBD** | Microtronix records |
| **TBD** | Namecheap records |
| **TBD** | Newfold records |
| **TBD X** | Nordea records (Swedish) |
| **TBD Xa** | Nordea records (English Translation) |
| **TBD** | Oath records |
| **TBD** | Optal records |
| **TBD** | Paymium records |
| **TBD** | PayPal records |
| **TBD - TBD** | Plasmadivision Email Server Records (One.com records) |
| **TBD** | Prepaid Financial Services records |
| **TBD a-x** | Ramnode records |
| **TBD - TBD** | Ramnode records – network traffic |
| **TBD** | Sixt Rental Car records |
| **TBD** | SpiderOak records |
| **TBD** | Tesla records |
| **TBD** | Tower Condominium records |
| **TBD** | Twitter records (@BitcoinFog) – batch 1 |
| **TBD** | Twitter records (@BitcoinFog) – batch 2 |
| **TBD** | Twitter records – batch 3 |
| **TBD** | Zelle records |
| **TBD** | Zillow records |

## B.  Government Has Authenticated FinCEN and DISB Records

In its original motion, the government provided notice that it intends to admit records from the Financial Crimes Enforcement Network (FinCEN) and the District of Columbia Department of Insurance, Securities and Banking (DISB) showing that Bitcoin Fog was not registered or licensed as a money services business with either entity.  As explained in the motion, these records are self-authenticating under multiple provisions of Rule 902, including 902(1) and (2).  ECF No. 62 at 6.  In its filing, the government indicated that it was awaiting the needed certification from DISB; that has since been acquired and will be provided to defense counsel.

As explained in its Authentication Motion, the government will seek to admit the FinCEN and DISB records at trial.  The government anticipates organizing the exhibits as follows:

| Exhibit No. | Description |
|---|---|
| TBD | FinCEN – Certification of No Record (Bitcoin Fog) |
| TBD | FinCEN – Certification of No Record (Roman Sterlingov/Akemashite Omedetou) |
| TBD | DISB – No Results records |

## C.  Government Will Introduce Records from Images of Seized Electronic Devices

As explained in the government's Authentication Motion, when the defendant arrived in the United States in April 2021 and was arrested, he was carrying numerous electronic devices, including multiple computers, mobile phones, hard drives, Raspberry Pi microcomputers, and memory cards.  The government seized these devices at the time of the defendant's arrest, and they were subsequently imaged by a team of experts from IRS and FBI to preserve the integrity of the evidence.  Members of the case team could then review the images, ensuring that the original devices were not subject to risk of alteration.  The government is seeking to authenticate the images of the devices through certifications satisfying Rule 902(14), and the cell phone extractions

through certifications satisfying Rule 902(13) and (14).  The details and legal basis for this authentication are set forth in the government's Authentication Motion.  ECF No. 62 at 13-15.

The government's Authentication Motion did not list out each of the devices seized from the defendant, but the inventory list, the images themselves, and related documentation have been provided to the defendant in discovery.  The reference in the government's Authentication Motion provided ample specificity regarding the referenced evidence.  To ensure absolute clarity, the list of items seized from the defendant at the time of arrest and imaged are set forth in the table below:

| Exhibit No. | Description |
|---|---|
| N/A | Image of Kingston 16GB MicroSD Card SN 1937 HVHN003506672 (from Raspberry Pi device) |
| N/A | Image of 1 TB Hard Drive, HGST, HTS721010A9E630, S/N JR100XD315TR6E (Recovered from MSI Laptop, MS-16H8, S/N K1611N0054234) |
| N/A | Image of Samsung 64 GB MicroSD Card, S/N MBMCCGVF0DGW-F DHQ1X09GD538  (Recovered from Raspberry Pi (black lego-like case – no S/N)) |
| N/A | Image of 1TB Samsung SSD, S/N S3Z9NB0K333847A |
| N/A | Image of 1TB Samsung SSD, S/N S3Z9NB0K733078P |
| N/A | Image of 1TB Samsung SSD S/N S3Z9NB0N409663V |
| N/A | Image of SanDisk 16 GB MicroSD, S/N 8381DVDLX0F4 |
| N/A | Image of Toshiba 16GB MicroSD, S/N 1929AU9782A |
| N/A | Image of SanDisk 4GB MicroSD (Recovered from Adapter dated 2018-11-09) No S/N visible on external of card |
| N/A | Image of SanDisk 1GB SD Card, S/N BB0714504899B |
| N/A | Image of SanDisk 32GB SD Card, S/N BM1306022921G |
| N/A | Image of Transcend 2GB SD Card, S/N 5225263415 |
| N/A | Image of Kingston 512MB SD Card, S/N 0621 SL1575Q |
| N/A | Image of SanDisk 128 GB USB Drive, S/N BP200157928Z |
| N/A | Image of SanDisk 32GB USB Drive, S/N BM170325497D |
| N/A | Image of SanDisk Cruzer Blade 8GB USB, S/N 21131024745B |
| N/A | Image of SanDisk 32GB MicroSD S/N 8286XR8720VY (Recovered from Raspberry Pi device with "LiveLTE" sticker) |

| | |
|---|---|
| N/A | Image of SanDisk 32GB MicroSD S/N 0113DVGFR0ZG (Recovered from Raspberry Pi device) |
| N/A | Image of Tablet, Onyx Boox N96, S/N 0231016C00339 |
| N/A | Image of Unlabeled Disk (recovered from inside DVD player) |
| N/A | Extraction of Samsung Phone 1 |
| N/A | Extraction of Samsung Phone 2 |
| N/A | Extraction of Samsung Phone 3 |

Certifications authenticating the images of all devices aside from the defendant's Samsung cell phones (the last three entries on the table) have been executed and have been or are being provided to defense counsel.  As set forth in the government's Authentication Motion, these certifications satisfy Rule 902(14).  ECF No. 62 at 13-15.  Certifications authenticating the phone extractions, which will satisfy Rule 902(13) and (14), *id.*, are forthcoming.  At trial, the government will introduce specific files from those devices through the testimony of individuals who reviewed the images and extractions.

**D.  The Government Will Introduce Authenticated Evidence from the Defendant's Servers in Romania**

The government's motion described in detail the evidence pertaining to the defendant's servers hosted at M247 in Romania.  ECF No. 62 at 15-19.  As explained in some length in the government's motion, the government will seek to admit subscriber records, network traffic information, and images of the defendant's three servers.  Those records are enumerated in the table below:

| Exhibit No. | Description |
|---|---|
| **TBD** | M247 records – subscriber information |
| **TBD-TBD** | M247 records – network traffic |
| **TBD-TBD** [multiple exhibits /sub-exhibits] | M247 – server 1 |
| **TBD** [multiple exhibits /sub-exhibits] | M247 – server 2 |
| **TBD** | M247 – server 3 |

## E. Records from Other Seized Electronic Devices

The defendant attempted to conceal his activity by routing payments through a number of payment platforms that catered to criminals. Over the past decade, several of those services—namely, BTC-e and Liberty Reserve—have been seized by law enforcement, and their records are now in law enforcement's possession. The virtual currency exchange Mt. Gox, another platform used by the defendant, went into bankruptcy proceedings, and its records were placed under the control of a Japanese trustee, who provided them to law enforcement. The government intends to admit the defendant's financial records from these platforms at trial, and provided detailed briefing regarding the factual and legal basis for authenticating the records. The government's Authentication Motion discusses the authentication of the Mt. Gox records, ECF No. 62 at 20-22; the BTC-e records, *id.* at 22-24; and the Liberty Reserve records, *id.* at 24-25.

The government's Authentication Motion specifically noted the accounts for each service that the government would seek to introduce. *See* ECF No. 62 at 21 (describing queries of the Mt. Gox SQL database for the user accounts roso987341870, volfprius, peternfs, and kolbasa); *id.* at 23 (describing queries of the BTC-e SQL database for user ID 11144, corresponding to the user account "henderson"); *id.* at 24 (describing queries of the Liberty Reserve SQL database for user

accounts U0074465, U0845692, U1990745, and U7489869).  To the extent that the defendant needs this exact same information formatted as an exhibit list, the government offers the following:

| Exhibit No. | Description |
|---|---|
| TBD | Mt. Gox records – kolbasa |
| TBD | Mt. Gox records – peternfs |
| TBD | Mt. Gox records – roso987341870 |
| TBD | Mt. Gox records – volfprius |
| TBD | BTC-e records – henderson |
| TBD | Liberty Reserve records – U0074465 |
| TBD | Liberty Reserve records – U0845692 |
| TBD | Liberty Reserve records – U1990745 |
| TBD | Liberty Reserve records – U7489869 |

As described in its filing, the government also intends to introduce records from specific darknet markets whose servers have been seized by law enforcement.  The government describes these records at length in its Authentication Motion.  ECF No. 62 at 25-27 (describing Silk Road marketplace records); *id* at 27-28 (describing Silk Road 2.0 marketplace records); *id*. at 29-30 (describing AlphaBay records); and *id*. at 30-32 (describing Welcome to Video records).  As noted in the government's Authentication Motion, the government is seeking to admit records regarding the bitcoin addresses held on the markets' servers, records of accounts tied to the defendant, and records regarding specific darknet market users that laundered their funds through Bitcoin Fog. For the latter category, summary records of approximately 13,000 such users have been provided to defense counsel in discovery.  The government is finalizing its list of users from Silk Road, Silk Road 2.0, AlphaBay, and Welcome to Video whose records the government intends to specifically admit at trial.  The government anticipates selecting approximately 10 users from each market to discuss in greater detail at trial.  Certifications satisfying Rule 902 will be provided once that list

is finalized, as described in the government's Authentication Motion. *See id.* 27-31. To the extent that any records may pertain to cooperators, the government intends to withhold those records until closer to trial.

| Exhibit No. | Description |
|---:|---|
| TBD | Silk Road records – list of bitcoin addresses from server |
| TBD | Silk Road records – pas |
| TBD-TBD | Silk Road records – selected users |
| TBD | Silk Road records – list of bitcoin addresses from server |
| TBD | Silk Road 2.0 records – pas |
| TBD-TBD | Silk Road 2.0 records – selected users |
| TBD-TBD | Alpha Bay records – selected users |
| TBD | Welcome to Video records – list of bitcoin addresses from server |
| TBD-TBD | Welcome to Video records – selected users |

## F. The Government Will Introduce Archive.org Records

As stated in its motion, the government intends to introduce records from the Internet Archive's Wayback Machine. The government explained that it will need to provide Archive.org with a trial subpoena in order to obtain the needed certification. Once the government has obtained that certification, it will be provided to defense counsel along with the covered Archive.org records. The government's motion sets forth the basis for authenticating Archive.org records through a certification. ECF No. 62 at 6-7. As detailed in the government's Authentication Motion, the admissibility of Archive.org records has been extensively considered by courts, which have repeatedly found Archive.org records to be appropriately authenticated and admissible. *Id.*

The government's motion used the subhead title "Archive.org Screenshots." The single-paragraph defense argument in opposition noted, "Screen shots aren't the same as a record from a business institution and can be cropped and altered, for instance." Because the defense did not

develop its argument or provide any context, the government is uncertain whether defense counsel intends to object to the Archive.org records specifically. As set forth in the government's motion, the Internet Archive is an independent organization that stores copies of websites archived at various points in time. The Internet Archive's data is compiled using software programs known as crawlers that surf the Web and automatically store copies of website files, preserving the files as they exist at the point of time of capture. As the cases cited in the government's motion demonstrate—and the defendant cites no contrary authority—it is well-established that screenshots from Archive.org meet authentication and admissibility requirements. *See* ECF No. 62 at 7 & n.1.

## G. Blockchain Records

The government will seek to admit blockchain records through a certification satisfying 902(11) and (13). The basis for such a certification is set forth in the government's motion, ECF No. 62 at 8-9, and the government does not restate its argument here.

## II. Summary Exhibits and Demonstratives

The government's motion provided a general notice that it would seek to admit summary exhibits and demonstratives. The government is in the process of developing these exhibits. The government will provide these exhibits to defense counsel as they are finalized, and will afford defense counsel the opportunity to review and object before any such exhibits are shown to the jury.

## **CONCLUSION**

For the foregoing reasons, the government affirms its intent to introduce the above-described evidence, as set forth in greater detail in its Authentication Motion, ECF No. 62. The government will move at the pretrial conference for the court to admit the records over the defendant's objection.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:     */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov