UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>*Defendant*. | 21-CR-399 (RDM)<br><br>**Opposed Motion for a 3-Month Ends of Justice Continuance** |

Under 18 U.S.C. § 3161(h)(7) Defendant Roman Sterlingov ("Defendant" or "Mr. Sterlingov") moves this Court for a 3-Month Ends of Justice Continuance, through his undersigned counsel, changing the current trial date from January 9th, 2023, to April 9th, 2023, or such date thereafter as this Court deems just and proper. This is the first trial date continuance request by Mr. Sterlingov. Defense counsel has conferred with the Government, and they oppose this motion.

## Background

On April 27, 2021, the Government arrested Mr. Sterlingov at Los Angeles International Airport. On June 14, 2021, the Government filed its Indictment against Defendant.[1] On October 19, 2021, Defendant, through his federal defender, filed an unopposed request for a continuance of the upcoming status conference.[2]

---

[1] (*See* Indictment, Dkt. No. 8).
[2] (*See* Dkt. 23).

1

On January 14, 2022, the parties filed a Joint Status Report, moved this Court to exclude time, and requested this Court require another Joint Status Report by March 14, 2022.[3] The Court granted the request the same day by Minute Order.

On March 14, 2022, the parties filed a Joint Status Report and Motion notifying the Court that undersigned law firm, Tor Ekeland Law, PLLC had agreed to take Mr. Sterlingov's case.[4] The same day, the Court by Minute Order ordered the parties to file an additional Joint Status Report on April 13, 2022. On March 22 and April 4, 2022, undersigned counsel appeared in this case.[5]

On April 13, 2022, the parties filed a Joint Status Report and a Motion to Exclude time under the Speedy Trial Act.[6] On the same day, by Minute Order, this Court granted the motion and ordered the parties to submit a further status report by May 13, 2022.

On May 13, 2022, the parties filed a Joint Status Report and Motion to Exclude Time requesting that the matter be set for jury trial and a pre-trial briefing schedule.[7] By Minute Order the same day, this Court ordered that the parties appear for a Joint Status Conference on June 9, 2022 and ordered an Ends of Justice Continuance.

On June 9, 2022, the Court ordered a Joint Status Report to be filed by June 30, 2022. On June 30, 2022, the parties filed a proposed briefing schedule.[8]

On July 1, 2022, this Court set a trial date of January 4, 2023.[9] This Court also ordered a pre-trial motion schedule with: initial pre-trail motions to be filed by August 1, 2022;

---

[3] (*See* Dkt. 28).
[4] (*See* Dkt. 30).
[5] (*See* Dkts. 33 and 35).
[6] (*See* Dkt. 36).
[7] (*See* Dkt. 38).
[8] (*See* Dkt. 41).
[9] (*See* Minute Order (Jul. 1, 2022).

oppositions due August 29, 2022; and replies due September 7, 2022.[10] The Court also ordered a schedule for motions in limine.[11]

On July 18, 2022, the Government filed a Superseding Indictment adding a conspiracy charge.[12] On October 24, 2022, the parties filed their initial motions in limine; on November 7, 2022, oppositions were filed; on November 14, 2022, replies were filed.[13]

On October 5, 2022, this Court denied Defendant's Motion for Reconsideration of Pre-Trial Detention. Outside of this, all the other motions are currently pending before the Court including a: Motion to Dismiss; Motion to Unfreeze Assets for the Defense; Motion for a Bill of Particulars; and Motions in Limine from both parties. The Defense has requested a pre-trial *Daubert/Frye* hearing, and compelled disclosure from the Government.

The Government has provided over three terabytes of discovery. The Defense maintains the Government's disclosures are constitutionally inadequate. The parties are in discussions to resolve the Discovery disputes in this case.

On November 1, 2022, this Court issued a Minute Order moving the pre-trial conference from December 1, 2022, to December 9, 2022, and moving jury selection and trial from January 4, 2023, to January 9, 2023.[14]

Mr. Sterlingov is currently incarcerated pre-trial at the Northern Neck Regional Jail in Warsaw, Virginia and has been detained since his arrest.

## Legal Standard

The Speedy Trial Act requires that a criminal defendant's trial commence within seventy days after indictment or initial appearance, whichever is later.[15] The constitutional underpinnings

---

[10] *Id.*
[11] *Id.*
[12] (*See* Superseding Indictment, Dkt. No. 43).
[13] (*See* Motions Practice *in Limine*, Dkts. No. 59-82).
[14] (*See* Minute Order (Nov. 1, 2022).

3

to the Speedy Trial Act, found in the Sixth Amendment, function as "an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself."[16] Through the Speedy Trial Act, Congress encoded these constitutional protections into statute and outlined the time limits for completing the various stages of a federal criminal trial.[17] Certain periods of delay are excluded under the Speedy Trial Act and do not count toward the 70-day "Speedy Trial Clock."[18] 18 U.S.C. § 3161 (h)(7) allows for periods of delay that "shall be excluded in computing the time . . . within which the trial of any ... offense must commence."[19] This excludable delay occurs when a court finds that "the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."[20] Courts routinely grant ends of justice continuances in cases like this.[21]

## Continuance Grounds

This is a complex cryptocurrency case involving matters of first impression and novel blockchain forensics. Almost all the Government's evidence consists of blockchain analysis or computer forensics. The Government has noticed five proposed forensics experts to testify in its case-in-chief. The Defense needs adequate time to vet and prepare voir dire and cross-examination of these five noticed experts. Furthermore, the Defense needs time to find its own experts and notice the Government accordingly. And the Government will need it's time to respond to the Defense's notice of experts.

---

[15] 18 U.S.C. § 3161 (c)(1).
[16] *See United States v. Ewell*, 383 U.S. 116, 120 (1966); *see also Klopfer v. North Carolina*, 386 U.S. 213, 221-226 (1967); *Dickey v. Florida*, 398 U.S. 30, 37-38 (1970).
[17] 18 U.S.C. § 3161.
[18] *See* 18 U.S.C. § 3161 (h)(1) - (8).
[19] *See* 18 U.S.C. § 3161 (h)(7).
[20] *See* 18 U.S.C. § 3161 (h)(7).
[21] *See e.g., Zednar v. United States*, 547 U.S. 489 (2006); *see also Bloate v. United States*, 559 US 196 (2010).

The Defense is diligently reviewing the large volume of discovery produced by the Government. To date, the Government has produced tens of thousands of documents and over three terabytes of data. The Defense and Government are communicating regarding technical and substantive issues surrounding the production. Based on its review, the Defense is issuing multiple subpoenas to entities, witnesses, and individuals with knowledge, information, and documents. The Defense needs time to receive and process the responses to these subpoenas. Additionally, time will be needed to deal with any motions to quash.

The Government substantially seized all of Mr. Sterlingov's assets upon his arrest. On the advice of counsel Mr. Sterlingov did not discuss his financial assets in his initial pre-trial services interview in California. There is currently a motion pending in front of the Court to release funds for Mr. Sterlingov's defense. Mr. Sterlingov's defense is severely impaired by the Government's seizure of his assets. He seeks time to execute a Statement of Net Worth with his lawyers. This is hard to do because he is jailed in a remote location with spotty communications. The lack of funds increases the amount of time it takes for the Defense to do things in this case because the Defense cannot afford additional staffing, and expenses. Computer forensics is expensive, and this is a computer forensics case. Thus, the Defense asks for more time because Mr. Sterlingov lacks the funds to properly fund his defense, because they have been seized by the Government. As well as time to prepare and to submit a Statement of Net Worth to this Court from the Northern Neck Regional Jail in Warsaw, Virginia.

This remote location has inadequate electronic discovery review hardware and software. This materially impacts Mr. Sterlingov's ability to review evidence in this case and put on a complete defense. This impediment to his defense is acute given that almost all the

Government's evidence is electronic, cryptographic, or based on the use of proprietary software that has not been produced to the Defense.

The fact that source and object code for the proprietary computer forensics the Government uses in this case has not yet been produced to the Defense for forensic analysis, despite the Defense's request, necessitates additional time to subpoena the information directly from the Government's for-profit forensic vendors. As well as filing any required additional motions to compel with this Court. The Defense needs time to subpoena and analyze the computer forensic source and object code foundational to the accusations against Mr. Sterlingov.

The Indictment charges conspiracy to money launder, money laundering, money transmission without a license and operating an unlicensed money transmitting business in the District of Columbia. The Indictment alleges that Mr. Sterlingov violated federal and D.C. municipal law, in the District of Columbia, by operating a Tor Network onion site Bitcoin tumbler for ten years, and laundering cryptocurrencies to the tune of over $330,000,000. The Government has no direct evidence of any of this, nor does it have any eye-witnesses. Its case turns entirely on computer forensic conclusions. There is currently a Motion to Dismiss, as well as a Motion for a Bill of Particulars pending. The parties need adequate time to incorporate the Court's rulings on these motions into their cases-in-chief.

Furthermore, this case requires expert technical, scientific, computer, and other analysis, given that the Government intends to introduce untested and unreproducible forensic blockchain analysis as its evidence. The Defense moved in limine for comprehensive pre-trial *Daubert/Frye* hearings to address the substantial *Daubert* issues this novel case presents. This motion is still pending.

Despite the large volume of discovery produced by the Government, the Defense considers the Government's production materially deficient. The Defense has requested that the Government produce documents and communications involving Chainalysis, Aaron Bice, Excygent, LLC, and other individuals and entities materially related to this case. There is substantial disagreement between the parties as to the scope of the Government's discovery obligations. The Defense is concerned that the Government is in violation of its *Brady* obligations.[22] The parties are meeting to confer and attempt to resolve these discovery disputes.

Given the voluminous discovery, the numerous substantive issues needing resolution pre-trial, the party's schedules, and the need for substantial expert analysis, a 3-month ends of justice continuance is appropriate. This would continue the trial date to April 9, 2023, or such date as this Court finds just and proper.

Therefore, this Court should order an ends of justice continuance because:

1. This is a complex cryptocurrency case involving matters of first impression and novel blockchain forensics.

2. The Government has noticed five proposed computer experts and the Defense needs time to prepare and notice the Government of the Defense's proposed experts.

3. The voluminous discovery necessitates multiple subpoenas for both documents and testimony, and time is needed for subpoena response and any motions to quash

4. The parties need time to meet and confer in an attempt to resolve their discovery disputes.

5. Mr. Sterlingov's inability to access his seized funds materially impacts his defense, and time is required to file a Statement of Net Worth, and extra time to work on things because of a lack of funds.

---

[22] *See Brady v. Maryland*, 373 U.S. 83 (1983); *Giglio v. United States*, 405 U.S. 150 (1972); *Rovario* v. *United States*, 353 U.S. 53 (1957).

6. Mr. Sterlingov's jailing in the Northern Neck Regional Jail in rural Warsaw, Virginia, far from his lawyers and this Court, provides him with inadequate hardware and software with which to review the e-discovery in this complex and novel cryptographic prosecution. A motion is pending before this Court to address this issue.

7. The Defense has yet to receive a copy of all the versions of the source and object code for the computer forensic software used throughout this case. When the Defense does receive this computer code, it will need time for its experts to analyze the code in order to effectively cross-examine the Government's experts.

8. Currently pending before this Court are a Motion to Dismiss, a Motion for a Bill of Particulars, a Motion to Unfreeze Seized Assets for Use of the Defense, and Motions in Limine. The parties need time to incorporate as necessary any consequences of the Court's decisions in these important matters.

9. Comprehensive *Daubert/Frye* hearings are necessary because of the pervasive, standardless, novel blockchain analysis forensics in use in this case.

10. The current discovery, and the anticipated subpoena returns, require substantial expert technical analysis.

## Conclusion

Despite the application of due diligence, the Defense cannot adequately prepare for trial by January 9, 2023. For the reasons stated above, this Court should issue a 3-month continuance until April 9, 2022, or to such date thereafter this Court finds just and proper.

Dated: November 17, 2022
Brooklyn, New York

Respectfully submitted,

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov