**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Criminal No. 21-CR-399 (RDM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant.** | : | |

## Defendants Proposed Preliminary and Trial Jury Instructions

Defendant Roman Sterlingov submits the following proposed preliminary and trial jury instructions. These preliminary jury instructions incorporate jury instructions sent by the Government to the Defense, as well as the Defense's own proposed jury instructions, modeled on the Eighth Circuit Court of Appeals Model Jury Instructions. The Defense reserves the right to object to the Government's filed proposed preliminary and trial jury instructions, as they have informed the Defense they will do the same.

1

**PRELIMINARY INSTRUCTION BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.[1]

---

[1] Red Book 1.102

## PRELIMINARY INSTRUCTION BEFORE TRIAL

I will now give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all of my instructions— both those I give you now and those I give you later—are equally binding and must be followed.

I am not going to tell you the facts of the case beyond the basic elements of what the Indictment charges. As the jury, you are the determiners of facts in this case. It is your job to consider the weight and credibility of the evidence presented by the parties. If you find at the end of your deliberations that the government has failed to prove that Mr. Sterlingov is guilty of all the elements of the crime beyond a reasonable doubt, you must acquit. Solely for the question of whether venue for Mr. Sterlingov's federal criminal trial is proper in this district, the government must establish by a preponderance of the evidence that a crime occurred in the District of Columbia. All other elements the government must prove beyond a reasonable doubt.

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You

are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

The government charges Mr. Sterlingov in a four count Indictment with conspiracy to commit money laundering, with money laundering, with money transmission without a license and with violating a municipal District of Columbia money transmission business licensing statute. I will give you more detailed instructions before you go into deliberations. For your reference now, the basic elements of the charged counts are:

### Count One:  Money Laundering Conspiracy under 18 U.S.C. § 1956(h)

The defendant is charged in Count One of the Indictment with money laundering conspiracy in violation of Section 1956(h) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit money laundering; *and*

Second, that the defendant knowingly and willfully joined the agreement with the objective of operating a Tor onion network site known as Bitcoin Fog to launder money; *and*

<u>Third</u>, that the defendant joined the agreement with the specific intent to money launder in violation of 18 U.S.C. 1956(a)(1)(B)(i) [2]; *and*

<u>Fourth</u>, that the allegedly illegal conduct occurred within the 5-year Statute of Limitation; *and*

<u>Fifth</u>, that by the preponderance of the evidence, the government established that the conspiracy occurred in the District of Columbia.

**Count Two: Money Laundering under 18 U.S.C. § 1956(a)(3)(A), (B)**

The Indictment charges the defendant in Count Two with the intent of carrying out unlawful activity to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity.[3] For the defendant to be found guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, the defendant intended to conduct a financial transaction involving property that a was the proceeds of specified unlawful activity; *and*

<u>Second</u>, the defendant knew that the property represented the proceeds of some form of unlawful activity; *and*

<u>Third</u>, the defendant acted with the specific intent to promote the carrying on of the specified unlawful activity, or with the specific intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of the specified unlawful activity; *and*

---

[2] *See* NINTH CIRCUIT JURY INSTRUCTIONS COMMITTEE, MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT (2022), available at https://www.ce9.uscourts.gov/jury-instructions/; *United States Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022). *See also United States Collazo*, 984 F.3d 1308, 1319 (9th Cir. 2021) (en banc). *See United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005), and *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008), regarding element one. *See United States v. Moreland*, 622 F.3d 1147, 1169 (9th Cir. 2010), regarding element two.
[3] 18 U.S.C. § 1956(a)(3)(A), (B).

Fourth, that the allegedly illegal conduct occurred within the 5-year Statute of Limitation; *and*

Fifth, that by the preponderance of the evidence, the government established that the money laundering occurred in the District of Columbia.

## Count Three: Operating an Unlicensed Money Transmission Business under 18 U.S.C. § 1960(a) & (2)

The defendant is charged in Count Three of the Indictment with operating an unlicensed money transmission business in violation of Section 1960(a) & (2) of Title 18 of the United States Code. I will explain what an unlicensed money transmitting business is in a moment. For the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant operated Bitcoin Fog as an unlicensed money transmitting business in the District of Columbia; *and*

Second, that the defendant knowingly conducted, controlled, managed, supervised, directed or owned Bitcoin Fog; *and*

Third, that Bitcoin Fog affected interstate or foreign commerce; *and*

Fourth, that the allegedly illegal conduct occurred within the 5-year Statute of Limitation; *and*

Fifth, that the government established that the operation of the unlicensed money transmitting business occurred in the District of Columbia.

## Count Four: Money Transmission Without a License under D.C. Code §26-1023(c)

The defendant is charged in Count Four of the Indictment with money transmission without a license under the municipal code for the District of Columbia. The elements of Money

Transmission Without a License, under Section 26-1023(c) of the District of Columbia Code, are as follows:

First, that the defendant knowingly and willfully engaged in the business of money transmission in the District of Columbia; *and*

Second, that the defendant specifically intended to operate an unlicensed money transmitting business in the District of Columbia.[4]

---

[4] D.C. Code § 26-1023(c).

## REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.[5]

---

[5] Eighth Circuit Model Jury Instructions Committee Comments:

It is the court's duty to instruct on the meaning of reasonable doubt. *Friedman v. United States*, 381 F.2d 155 (8th Cir. 1967). A constitutionally inadequate reasonable doubt instruction is *not harmless error*. *Sullivan v. Louisiana*, 508 U.S. 275 (1993).

The Committee has recently updated, and slightly expanded upon, its previous jury instructions regarding the presumption of innocence and the definition of reasonable doubt in criminal cases. Included in the revision is the addition of the phrase "in life's most important decisions," a phrase similar to that used in the model instructions of other circuits. *See, e.g.*, Fifth Circuit Model Jury Instruction, § 1.05; Sixth Circuit Model Jury Instructions, § 1.03; Eleventh Circuit Model Jury Instruction § 3 (Reasonable Doubt).

This instruction does not use the phrases, "moral evidence" or "moral certainty," which raised some serious questions in *Sandoval v. California*, 511 U.S. 1101 (1994), or other troubling language, such as requiring a "grave uncertainty," which was found objectionable in *Cage v. Louisiana*, 498 U.S. 39, 40 (1990). The Supreme Court reiterated in *Sandoval* that the Constitution does not mandate any particular form of words.

**EVIDENCE; LIMITATIONS**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed— that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.[6]

---

[6] Eighth Circuit Model Jury Instructions Committee Comments:
*See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal §§ 11.03, 11.08, 11.09, 12.03, 12.04 (5th ed. 2000).

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Again you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determinations of credibility.[7]

---

*See also* Instruction 3.03, *infra*.
Stipulated facts and judicially noticed facts are further explained in Instructions 2.02, 2.03 and 2.04, *infra*. The Committee recommends giving the appropriate one of those instructions the first time evidence is received either by way of stipulation or judicial notice, even though a brief definition is in this instruction.

[7] Eighth Circuit Model Jury Instructions Committee Comments:
*See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 15.01 (5th ed. 2000).
*See* also Instruction 3.04, *infra*.
For an approved instruction on the credibility of a child witness, *see* U*nited States v. Butler*, 56 F.3d 941 (8th Cir. 1995).
A district court's credibility instruction will be affirmed if it adequately calls to the jury's attention the factors which may impact a witness's credibility. *United States v. Stevens*, 918 F.2d 1383, 1385 (8th Cir. 1990). Special instructions dealing with factors such as immunity agreements, prior convictions and governmental payments have been approved. *United States v. Dierling*, 131 F.3d 722, 734 (8th Cir. 1997). The Eighth Circuit has also recognized a special instruction may be appropriate in considering the testimony of addict—informants. *United States v. Parker*, 32 F.3d 395, 401 (8th Cir. 1994).

## CONDUCT OF THE JURY

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second,* do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third,* when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended, and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the Court.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, claims, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with some- one other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while

you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Tiktok, Instagram, YouTube, Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use any computerized devices or phones to electronically search online for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it. Do not listen to any radio, television, online, video, or other types of reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any news at all and avoid listening to any broadcasts of any kind, to include electronic kinds such as podcasts. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse, or a friend clip out or save any stories for you to look at after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in

accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth,* do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.[8]

---

[8] Eighth Circuit Model Jury Instructions

## NOTETAKING BY JURORS

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.[9]

---

[9] Red Book 1.05A

**PRELIMINARY INSTRUCTION TO JURY WHERE**

**IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.[10]

---

[10] Red Book 1.07

**A JUROR'S RECOGNITION OF A WITNESS**

**OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.[11]

---

[11] Red Book 1.108

**ANTICIPATED INSTRUCTIONS AT TRIAL**

## DUTIES OF JURY—RECESSES

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial. Do not conduct any electronic research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on someone else's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess but keep them in mind throughout the trial.[12]

---

[12] Eighth Circuit Model Jury Instructions

## STIPULATED FACTS

The [government] [prosecution] and the defendant[s] have stipulated—that is, they have agreed—that certain facts are as counsel have just stated. You must therefore treat those facts as having been proved.[13]

---

[13] Eighth Circuit Model Jury Instructions Committee Comments:
When facts are stipulated, it is not error for the court to so instruct. *United States v. Sims*, 529 F.2d 10, 11 (8th Cir. 1976). *See, e.g., United States v. Steeves*, 525 F.2d 33, 35 (8th Cir. 1975). When the parties stipulate to an element of an offense, it is not error to instruct the jury as to that fact. "Stipulations of fact fairly entered into are controlling and conclusive and courts are bound to enforce them." *Osborne v. United States*, 351 F.2d 111, 120 (8th Cir. 1965). A case may be submitted on an agreed statement of facts and the defendant may raise any defenses by stipulation. Such a practice, where the essential facts in the case are uncontested, has been approved as a practical and expeditious procedure. *United States v. Wray*, 608 F.2d 722, 724 (8th Cir. 1979). When facts which tend to establish guilt are submitted on stipulation, the court must determine whether the consequences of the admissions are understood by the defendant and whether he consented to them. *Cox v. Hutto*, 589 F.2d 394, 396 (8th Cir. 1979) (stipulation to prior convictions in habitual offender action). An extensive examination before entry of a guilty plea under Rule 11 is ordinarily not required. *United States v. Stalder*, 696 F.2d 59, 62 (8th Cir. 1982). However, when a stipulation is entered that leaves no fact to be tried, the court should determine that the stipulation was voluntarily and intelligently entered into, and that the defendant knew and understood the consequences of the stipulation. *Id.* By agreeing to a stipulation, a defendant waives any right to argue error on appeal. *United States v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000) (citing *Ohler v. United States*, 529 U.S. 753, 756 (2000) (party introducing evidence cannot complain on appeal that the evidence was erroneously admitted)).

**JUDICIAL NOTICE (FED. R. EVID. 201)**

Even though no evidence has been introduced about it, I have decided to accept as proved the fact that (insert fact noticed). I believe this fact [is of such common knowledge] [can be so accurately and easily determined from (name accurate source)] that it cannot reasonably be disputed. You may therefore treat this fact as proved, even though no evidence was brought out on the point. As with any fact, however, the final decision whether or not to accept it is for you to make and you are not required to agree with me.[14]

---

[14] Eighth Circuit Model Jury Instructions Committee Comments:

The kinds of facts which may be judicially noticed are set out in Rule 201(b) of the Federal Rules of Evidence. An instruction regarding judicial notice is appropriately given at the time notice is taken. In *United States v. Deckard*, 816 F.2d 426 (8th Cir. 1987), the jury was instructed at the time notice was taken that it would be instructed at the close of the case on what to do with facts judicially noticed. That part of the final charge read as follows:

When the court declares it will take judicial notice of some fact or event, you may accept the court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed, but you are not required to do so since you are the sole judge of the facts. 816 F.2d at 428.

Rule 201(g) of the Federal Rules of Evidence requires that the jury in a criminal case be instructed that it is not required to accept as conclusive any fact so noticed. However, failure to so instruct does not rise to the level of plain error if the defendant is not prejudiced. *United States v. Berrojo*, 628 F.2d 368, 370 (5th Cir. 1980); *United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980).

Courts "may take judicial notice of either legislative or adjudicative facts, [but] only notice of the latter is subject to the strictures of Rule 201. Although Rule 201 is frequently (albeit erroneously) cited in cases that involve judicial notice of legislative facts, see II [Kenneth C.] Davis & [Richard J.] Pierce, Jr., Administrative Law Treatise § 10.6 at 155 (3d ed. 1994), [courts] recognize the importance of this distinction and its clear basis in Rule 201(a) and the advisory note thereon." *United States v. Hernandez-Fundora*, 58 F.3d 802, 812 (2d Cir. 1995). While the federal rule provides, in part, that "[i]n a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed," the rule extends only to adjudicative, not legislative facts. *United States v. Gould*, 536 F.2d 216 (8th Cir. 1976); *United States v. Bowers*, 660 F.2d 527 (5th Cir. 1981) (per curiam). "No rule deals with judicial notice of 'legislative' facts.' '' *United States v. Hernandez-Fundora*, 58 F.3d at 811. Legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case. If the court reaches a "conclusion through an exercise in statutory interpretation" about a particular issue, the conclusion is a legislative fact that need not be submitted to the jury. *United States v. Gould*, 536 F.2d at 220 (instruction to jury that it could disregard the judicially noticed fact that cocaine hydrochloride was a schedule II controlled substance would have been inappropriate); *United States v. Hernandez-Fundora*, 58 F.3d at 810 (resolution of territorial jurisdiction issue required the determination of legislative facts with the result that Rule 201(g) inapplicable); *United States v. Madeoy*, 912 F.2d 1486, 1494 (D.C. Cir. 1990) ("public official" for purposes of bribery statute is a question of law for the court); *United States v. Anderson*, 782 F.2d 908, 917 (11th Cir. 1986) (fact that violation of Georgia arson statute is a felony for RICO purposes is a legislative fact that can be judicially noticed but not instructed on).

## TRANSCRIPT OF FOREIGN LANGUAGE

The exhibits admitted during the trial included recordings of conversations in the Russian and Swedish languages. You were also given English transcripts of those conversations. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the language; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether a transcript is accurate, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.[15]

---

[15] *See* Eighth Circuit Model Jury Instructions Committee Comments.

## STATEMENT BY DEFENDANT

You may hear, or have heard, testimony about statements attributed to the defendant. It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.[1]

In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made, or it was actually made by somebody else.[16]

---

[16] Eighth Circuit Model Jury Instructions Committee Comments:
*See generally* 18 U.S.C. § 3501 and *United States v. Dickerson*, 530 U.S. 428 (2000).
The instruction uses the word "statement" in preference to the word "confession." Not all statements are "confessions," particularly from a lay person's point of view.
Pursuant to 18 U.S.C. § 3501(a), the trial judge must first make a determination as to the voluntariness of the statement (including compliance with applicable *Miranda* requirements), outside the presence of the jury. This may, of course, be done either pretrial or out of the jury's presence during trial. If done during trial, no reference to the statement should be made in the jury's presence unless and until the trial judge has made a determination that the statement is admissible. If such a determination is made, the trial judge should then permit the jury to hear evidence on the issue of voluntariness and give the present instruction. The jury should *not* be advised that the trial judge has made an independent determination that the statement was voluntary. *United States v. Standing Soldier*, 538 F.2d 196, 203 (8th Cir. 1976); *United States v. Bear Killer*, 534 F.2d 1253, 1258–59 (8th Cir. 1976). The Committee concludes that it is not necessary to instruct the jury with respect to the various specific factors enumerated in 18 U.S.C. § 3501(b).
The defendant may introduce evidence of the circumstances in which the statement was made. *Crane v. Kentucky*, 476 U.S. 683 (1986); *United States v. Blue Horse*, 856 F.2d 1037, 1039 n.3 (8th Cir. 1988).
If the voluntariness of the statement is not an issue, the defendant is not entitled to this instruction. *Blue Horse*, 856 F.2d at 1039.
Even though the defendant's failure to request an instruction such as this one may be a waiver of any error in the matter, *see United States v. Houle*, 620 F.2d 164, 166 (8th Cir. 1980), the Committee strongly recommends that if voluntariness is an issue, the instruction be given even absent a request
"Informal" voluntary statements—that is, in the language of 18 U.S.C. § 3501(d), those made "without interrogation by anyone, or at any time at which the person . . . was not under arrest or other detention"—do not require any instruction. *See United States v. Houle*, 620 F.2d at 166.37

## DEFENDANT'S PRIOR SIMILAR ACTS—WHERE INTRODUCED TO PROVE AN ISSUE OTHER THAN IDENTITY (FED. R. EVID. 404(B))

You [are about to hear] [have heard] [evidence] [testimony] that the defendant (describe evidence the jury is about to hear or has heard). You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or had a motive or opportunity to commit the acts described in the indictment; or acted according to a plan or in preparation for commission of a crime; or committed the acts he is on trial for by accident or mistake; or [describe other permissible purpose]. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed [a] similar [act] [acts] in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crime[s] charged, and you may consider the evidence of prior acts only on the issue[s] stated above.[17]

---

[17] Eighth Circuit Model Jury Instructions Committee Comments:
*See generally* Fed. R. Evid. 404(b). *See also United States v. Felix*, 867 F.2d 1068, 1075 (8th Cir. 1989) (court satisfied that earlier, but nearly identical, version of this instruction was correct as given).
*See also* Introductory Comment, Section 2.00, *supra*, concerning limiting instructions.
The Supreme Court, in *Huddleston v. United States*, 485 U.S. 681, 691 (1988), acknowledged the unfair prejudice that can arise from the admission of similar act evidence and noted that such prejudice could be dealt with, in part, through a limiting instruction. Such an instruction should be given when requested.
Prior act evidence is admissible when it is relevant to a material issue in question other than the character of the defendant, the act is similar in kind and reasonably close in time to the crime charged, there is sufficient evidence to support a finding by the jury that the defendant committed the prior act and the potential unfair prejudice does not substantially outweigh the probative value of the evidence. *United States v. Winn*, 628 F.3d 432 (8th Cir. 2010). This circuit follows a rule of inclusion, wherein such evidence is admissible unless it tends to prove only the defendant's criminal disposition. *E.g., United States v. Oaks*, 606 F.3d 530, 538 (8th Cir. 2010).
While other act evidence is generally admissible to prove intent, knowledge, motive, etc., it is only admissible where such an issue is material in the case. *United States v. Stroud*, 673 F.3d 854, 861 (8th Cir. 2012). In *United States v. Carroll*, 207 F.3d 465, 467 (8th Cir. 2000), the Court stated,

## DEFENDANT'S PRIOR SIMILAR ACTS—WHERE INTRODUCED TO PROVE IDENTITY (FED. R. EVID. 404(B))

You [are about to hear] [have heard] evidence that the defendant previously committed [an act] [acts] similar to [the one] [those] charged in this case. You may use this evidence to help you decide [manner in which the evidence will be used to prove identity—*e.g.*, whether the similarity between the acts previously committed and the one[s] charged in this case suggests that the same person committed all of them]. [If you find that the evidence of other acts is not more likely true than not true, you must disregard it. You will decide whether the other acts have been proved after considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.][2]

---

[i]n some circumstances, a defendant's prior bad acts are part of a broader plan or scheme relevant to the charged offense . . . . Evidence of past acts may also be admitted . . . *as direct proof of a charged crime that includes a plan or scheme element* . . . . In other circumstances . . . the "pattern and characteristics of the crimes [are] so unusual and distinctive as to be like a signature[.]" . . . In these cases, the evidence goes to identity . . . . These "plan" and "identity" uses of Rule 404(b) evidence are distinct from each other . . . .

*Id.* (emphasis added, citations omitted); *see also United States v. LeCompte*, 99 F.3d 274 (8th Cir. 1996). Where admission of other act evidence is sought, "the proponent of the evidence [must] articulate the basis for the relevancy of the prior act evidence and . . . the court [must] 'specify which components of the rule form the basis of its ruling and why.' *United States v. Harvey*, 845 F.2d 760, 762 (8th Cir. 1988) (emphasis added)." *United States v Crenshaw*, 359 F.3d 977, 999-1009 (8th Cir, 2004). Other act evidence is admissible during the government's case-in-chief where the defendant plans to present a general denial defense, because the defendant, by pleading not guilty, puts the government to its proof on all elements of the charged crime. *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006), *United States v. LeBeau*, 867 F.3d 960, 979 (8th Cir. 2017). For a discussion of the stringent test which the defendant must meet to remove a state-of-mind issue*, see United States v. Thomas*, 58 F.3d 1318, 1321–22 (8th Cir. 1995), and *United States v. Jenkins*, 7 F.3d 803, 806–07 (8th Cir. 1993) (Rule 404(b) evidence inadmissible to show intent during rebuttal when the defendant denied committing the criminal act).

This instruction is designed for use only in those situations where the prior acts are to be utilized for one or more purposes covered by Rule 404(b), "such as proof of motive, opportunity, intent, preparation, plan, knowledge, . . . or absence of mistake or accident . . ." but not for proof of identity or in sexual assault or child molestation cases. This instruction should *not* be used when the theory for admitting the evidence is to show identity. When the evidence is to be used for this purpose, use Instruction 2.09, *infra*. This instruction is also not appropriate when evidence of similar crimes is introduced in sexual assault and child molestation cases. Those cases are covered by Federal Rules of Evidence 413 and 414, which allow evidence of similar crimes to show the defendant's propensity to commit such crimes as evidence that he or she did commit the crime for which the defendant is on trial. When Rules 413 and 414 are at issue, use Instruction 2.08.A, *infra*.

If the defendant's prior conviction has been admitted under Rule 609, a different limiting instruction should be given. *See* Instruction 2.16, *infra*.

The defendant is on trial for the crime[s] charged and for [that] [those] crime[s] alone. You may not convict a person simply because you believe [he] [she] may have committed some act[s], even bad act[s], in the past.[18]

---

[18] Eighth Circuit Model Jury Instructions Committee Comments:

*See generally* Fed. R. Evid. 404(b).

*See also* Introductory Comment, Section 2.00, *supra*, concerning limiting instructions.

Evidence of prior crimes or acts may be admissible in some cases to prove the crime charged. *See, e.g.*, *United States v. Calvert*, 523 F.2d 895, 905–07 (8th Cir. 1975); *United States v. Robbins*, 613 F.2d 688, 692–95 (8th Cir. 1979). For example, such evidence is admissible to prove identity when the theory for admitting the evidence is to show a common scheme, pattern or plan between the prior acts and the present offense. *United States v. McMillian*, 535 F.2d 1035, 1038 (8th Cir. 1976); *United States v. Davis*, 551 F.2d 233, 234 (8th Cir. 1977); *United States v. Weaver*, 565 F.2d 129, 133–35 (8th Cir. 1977); *United States v. Mays*, 822 F.2d 793, 797 (8th Cir. 1987). Such evidence is admissible where there is a "peculiar similarity" between the prior acts and the crime charged. *United States v. Garbett*, 867 F.2d 1132, 1135 (8th Cir. 1989). This instruction is not appropriate when evidence of similar crimes is introduced in sexual assault and child molestation cases covered by Federal Rules of Evidence 413 and 414. *See* Instruction 2.08A, *supra*.

Because similar act evidence tends not only to prove the commission of the act but also has a tendency to show the defendant's bad or criminal character, undue prejudice must be avoided. This instruction, which in effect tells the jury to consider the evidence only on the issue of identity and not on the issue of character, should be given on request. *See United States v. Danzey*, 594 F.2d 905, 914–15 (2d Cir. 1979); *see also McMillian*, 535 F.2d at 1038–39.

Where similar act evidence may be admissible both on the issue of identity and for another proper purpose, Instructions 2.08 and 2.08A, *supra*, and this Instruction 2.09 may need to be adapted to meet the particular situation.

Dated: November 21, 2022
Brooklyn, NY

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com


*Counsel for Defendant Roman Sterlingov*

## Certificate of Service

I hereby certify that on the 21st day of November 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

<u>s/ Tor Ekeland</u>

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov