### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-CR-399 (RDM)** |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following proposed jury instructions, with the understanding that it may be necessary to propose additional or adjusted instructions depending on events at trial. Because the declined refused to confer regarding jury instructions, share its objections with the government, or disclose its proposed competing instructions to the government prior to its separate filing, the government reserves the right to make objections and submit additional instructions in response to the defense filings.

The government anticipates that footnotes and sourcing information would be stripped out of the finalized jury instructions.

1

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:     */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov

2

## <u>PRELIMINARY INSTRUCTIONS</u>

1.102            Preliminary Instruction Before Trial
*Along with these Instructions, to be inserted where indicated in 1.102:*

1.105A          Preliminary Instruction when Notetaking is Permitted
1.107            Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed
1.108            A Juror's Recognition of a Witness or Other Party Connected to the Case

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

———————————————————

Source:  Red Book 1.102

**Instruction 1.105**

**NOTETAKING BY JURORS (Preliminary Instruction)**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

_____

Source: Red Book 1.05A

**Instruction 1.107**

**PRELIMINARY INSTRUCTION TO JURY WHERE**

**IDENTITY OF ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

---

Source:  Red Book 1.07

**Instruction 1.108**

**A JUROR'S RECOGNITION OF A WITNESS**

**OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

_____

Source: Red Book 1.108

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL (continued)**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

The indictment contains four counts for events that occurred between approximately October 2011 through approximately April 2021. In Count One, the indictment charges that, through the operation of Bitcoin Fog, the defendant conspired with co-conspirators known and unknown, including darknet vendors and darknet administrative teams, to engage in a Money Laundering Conspiracy. In Count Two, the indictment charges that the defendant conducted a money laundering transaction involving property represented to be the proceeds of unlawful activity on November 21, 2019. In Count Three, the indictment charges that the defendant operated an unlicensed money transmitting business, Bitcoin Fog. And in Count Four, the indictment charges that the defendant, through the operation of Bitcoin Fog, engaged in the business of money transmission without a license in the District of Columbia.

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged.

*[Read elements of the offenses and any other required instruction relating to the substantive offense.]*

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorney Christopher Brown and Department of Justice Trial Attorney Alden Pelker.  When I mention the defendant or the defense, I am referring either to the defendant, Mr. Roman Sterlingov, or his attorneys, Mr. Tor Ekeland and Mr. Michael Hassard.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the parties expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, the defense attorneys will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

*[The following paragraph should be given when the court gives the final instructions after the closing arguments:*

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening

statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

*[The following paragraph should be given when the court gives the final instructions before the closing arguments:*

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You--and only you--are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the

11

testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence.

12

If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party she or he represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the

courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been

picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any

15

evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

_____

Source:  Red Book 1.102

## <u>ANTICIPATED INSTRUCTIONS DURING TRIAL</u>

1.103A        Stipulation of Fact
1.202         Cautionary Instruction on the Use of the Internet and Publicity

**Instruction 1.103**

## <u>STIPULATION OF FACT (during trial)</u>

The government and the defendant may stipulate--that is, agree--to certain facts. You should consider any stipulation of fact to be undisputed evidence.

---

Source:  Red Book 1.103A

**Instruction 1.202**

## CAUTIONARY INSTRUCTION ON THE USE OF THE INTERNET AND PUBLICITY
*[for consideration as an instruction to be read at the end of the day]*

You may not communicate with anyone not on the jury about this case. As I explained earlier, this includes any electronic communication such as emailing or texting or any blogging about the case. In addition, you may not conduct any independent investigation before or during deliberations. This means you may not conduct any research in person or electronically via the Internet or in any other way.

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

_____

Source: Red Book 1.202

## FINAL INSTRUCTIONS

2.100   Furnishing the Jury with a Copy of the Instructions
2.101   Function of the Court
2.102   Function of the Jury
2.103   Jury's Recollection Controls
1.105B  Final Instruction When Notetaking is Permitted
2.104   Evidence in the Case:  Exhibits, Facts Stipulated to by the Parties (if applicable)
2.105   Statements of Counsel
2.106   Indictment Not Evidence
2.107   Burden of Proof – Presumption of Innocence
2.108   Reasonable Doubt [U.S. District Court Alternative]
2.109   Direct and Circumstantial Evidence
2.110   Nature of Charges Not to Be Considered
2.111   Number of Witnesses
2.112   Inadmissible and Stricken Evidence
2.200   Credibility of Witnesses
2.203   Witness with a Plea Agreement (if applicable)
2.207   Police Officer's and Law Enforcement Agent's Testimony (modified)
2.208   Right of Defendant Not to Testify (if applicable)
2.209   Defendant as Witness (if applicable)
2.210   False or Inconsistent Statement by Defendant (if applicable)
2.215   Specialized Opinion Testimony
2.216   Evaluation of Prior Inconsistent Statement of a Witness (if applicable)
2.217   Evaluation of Prior Consistent Statement of a Witness (if applicable)
2.218   Impeachment by Proof of Conviction of a Crime—Witness (if applicable)
2.230   Identification
2.307   Motive
2.310   Transcripts of Tape Recordings
        Charts and Summaries
2.321   Other Crimes Evidence (if applicable)

## DEFINITIONS, THEORIES OF LIABILITY, AND CHARGES
3.101   Proof of State of Mind
        Willful Blindness
        Mistake of Law
2.402   Multiple Counts – One Defendant
        Count One:  Conspiracy To Launder Monetary Instruments—Basic Instruction, 18 U.S.C.
        § 1956(h)
        Count One (Continued):  Laundering of Monetary Instruments—Promotional Money
        Laundering, 18 U.S.C. § 1956(a)(1)(A)(i)
        Count One (Continued):  Laundering of Monetary Instruments—Concealment Money
        Laundering, 18 U.S.C. § 1956(a)(1)(B)(i)
        Count Two:  Sting Money Laundering, 18 U.S.C. § 1956(a)(3)

Count Three:  Operating an Unlicensed Money Transmitting Business, 18 U.S.C. § 1960(a)

Count Four:  Money Transmission Without a License, D.C. Code § 26-1023(c)

3.102   Willfully Causing an Act To Be Done
3.200   Aiding and Abetting
3.103   "On or About" Proof of
Venue (if applicable)
Statute of Limitations (if applicable)


## DEFENDANT'S THEORY OF THE CASE AND AFFIRMATIVE DEFENSES

9.100   Defendant's Theory of Case
Affirmative Defenses—General
Withdrawal from a Conspiracy


## ASPECTS OF DELIBERATIONS

2.405   Unanimity—General
2.406   Unanimity—Special
2.407   Verdict Form Explanation
2.501   Exhibits During Deliberations
2.500   Redacted Documents


## CLOSING REMARKS

2.502   Selection of a Foreperson
2.505   Possible Punishment Not Relevant
2.508   Cautionary Instruction on Publicity, Communication and Research
2.509   Communications Between Court and Jury During Jury's Deliberations
2.510   Attitude and Conduct of Jurors in Deliberations
2.511   Excusing Alternate Jurors

**Instruction 2.100**

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

_____

Source:  Red Book 2.100

**Instruction 2.101**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

---

Source: Red Book 2.101

**Instruction 2.102**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

———————————————————————

Source:  Red Book 2.102

**Instruction 2.103**

**JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

————————————————————

Source: Red Book 2.103

**Instruction 1.105B**

**NOTETAKING BY JURORS (Final Instruction When Notetaking Is Permitted)**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

---

Source: Red Book 1.105B

**Instruction 2.104**

**EVIDENCE IN THE CASE**
**JUDICIAL NOTICE AND STIPULATIONS (IF APPLICABLE)**

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, [the facts of which I took judicial notice], and the facts and testimony stipulated to by the parties.

[I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.] ]

[During the trial, you were told that the parties had stipulated--that is, agreed--to certain facts. You should consider any stipulation of fact to be undisputed evidence.]

[During the trial, you were told that the parties had stipulated--that is, agreed--to what testimony [name of witness] would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what s/he would have said had s/he testified here.]

27

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

---

Source: Red Book 2.104

**Instruction 2.105**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

---

Source:  Red Book 2.105

**Instruction 2.106**

**INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind – you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

———————————————————

Source:  Red Book 2.106

**Instruction 2.107**

**BURDEN OF PROOF--PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant  to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

---

Source: Red Book 2.107

31

**Instruction 2.108**

**REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

---

Source: Red Book 2.108, alternative in commentary approved for use in U.S. District Court

32

**Instruction 2.109**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case – direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

––––––––––––––––––––––––––––––––

Source: Red Book 2.109

**Instruction 2.110**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

_____

Source: Red Book 2.110

**Instruction 2.111**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

---

Source: Red Book 2.111

**Instruction 2.112**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party she or he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. [Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.]

───────────────────────────────

Source: Red Book 2.112

**Instruction 2.200**

**CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case. In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later

recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any [consistencies or] inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

—————————————————————

Source: Red Book 2.200

**Instruction 2.203**

**WITNESS WITH A PLEA AGREEMENT**

You have heard evidence that [name of witness] entered into a plea agreement with the government pursuant to which [name of witness] agreed to testify truthfully in this case and the government agreed to [bring [name of witness's] cooperation to the attention of his/her sentencing judge] [and] [consider filing papers with his/her judge which would permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose].

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him/her to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

––––––––––––––––––––––––––

Source: the Red Book 2.203

**Instruction 2.207**

**POLICE OFFICER'S OR LAW ENFORCEMENT AGENT'S TESTIMONY**

A police officer's or law enforcement agent's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's or agent's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement agent.

––––––––––––––––––––––––––––––

Source: Red Book 2.207 (modified to add reference to law enforcement official given presence of federal agents in this case)

**Instruction 2.208**

**RIGHT OF DEFENDANT NOT TO TESTIFY (IF APPLICABLE)**

Every defendant in a criminal case has an absolute right not to testify.  The defendant has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision.  You must not assume the defendant is guilty because he chose not to testify.

---

Source: Red Book 2.208

*Please note that the Red Book commentary indicates that this instruction must be given upon the request of the defendant.  Should the defendant affirmatively waive any request for this instruction, then the government withdraws this proposed instruction.*

**Instruction 2.209**

**DEFENDANT AS WITNESS (IF APPLICABLE)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

––––––––––––––––––––––––––––

Source: Red Book 2.209

**Instruction 2.210**

**FALSE OR INCONSISTENT STATEMENT BY DEFENDANT (IF APPLICABLE)**

You have heard evidence that the defendant made statements in explanation of his actions that may have been false or inconsistent. It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent. If you find he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that he may have given such statements for reasons unrelated to this case or consistent with his innocence.

If you find that the defendant made a false or inconsistent statement in explanation of his actions, you should give the testimony as much weight as in your judgment it deserves.

––––––––––––––––––––––––––––––––––––––

Source: Red Book 2.210

**Instruction 2.215**

**SPECIALIZED OPINION TESTIMONY**

In this case, you heard the testimony of [name of witness] who expressed opinions concerning [certain subjects; specify the subject(s), if possible]. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

_____

Source: Red Book 2.215

**Instruction 2.216**

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS**
**(IF APPLICABLE)**

*[When more than one of the following Parts is being given, the court should give the following paragraph first:]*

The law treats prior inconsistent statements differently depending on the circumstances in which they were made.  I will now explain how you should evaluate those statements.

**ALTERNATIVE A** (for use when prior statements not made under oath are introduced):

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.  If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**ALTERNATIVE B** (for use when prior statements made under oath are introduced):

You [also] have heard evidence that [name of witnesses] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement[s] may be inconsistent with [his] [her] testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

**ALTERNATIVE C** (for use when prior identification statements are used to impeach a witness)

45

You [also] have heard evidence that <u>name of witness</u> [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description].  It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it.  If you find such an inconsistency, you may consider this inconsistency in judging the credibility of <u>name of witness</u>.  You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

_____

Source: Red Book 2.216

**Instruction 2.217**

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS
(IF APPLICABLE)**

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case]. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

_____

Source:  Red Book 2.217

**Instruction 2.218**

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME—WITNESS**

**(IF APPLICABLE)**

You have heard evidence that [name of witness] has been convicted of a crime. You may consider this conviction only in evaluating the credibility of that witness's testimony in this case.

_____

Source:  Red Book 2.218

**Instruction 2.230**

**IDENTIFICATION**

The burden is on the government to prove beyond a reasonable doubt, not only that the offenses were committed, but also that the defendant is the person who committed them.

In deciding whether the government has proved beyond a reasonable doubt that the defendant is the person who committed the offenses, you may consider any evidence relating to the identity of that person.

A number of factors may affect the accuracy of an identification of the defendant by an alleged eyewitness.

1. The witness's opportunity to observe the criminal acts and the person committing them, including, but not limited to, the length of the encounter, the distance between the various parties, the lighting conditions at the time, and the witness's state of mind at the time of the offense;

2. Any subsequent identification and the circumstances surrounding that identification, including the length of time that elapsed between the crime and the identification, the witness's state of mind when making the identification, any suggestive circumstances that may have influenced the witness, and any statements or actions by law enforcement officers concerning the identification;

3. Any failure of the witness to identify the defendant as the person who committed the offense;

4. An identification by the witness of another person as the person who committed the offense; and

49

5.  Any other factors that have been brought to your attention by [specialized opinion testimony and] the remaining evidence that you conclude bears upon the accuracy of the witness's in-court or out-of-court identification of the defendant.

Based upon any identification(s) by the witness(es) and all additional evidence you have heard, you must be satisfied beyond a reasonable doubt that the defendant is the person who committed this offense before you may convict him. If the evidence concerning the identification of the defendant is not convincing beyond a reasonable doubt, you must find the defendant not guilty.

———————————————————

Source:  Red Book 2.230

**Instruction 2.307**

**MOTIVE**

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

––––––––––––––––––––––––––––

Source:  Red Book 2.307.

**Instruction 2.311**

**TRANSLATION OF FOREIGN LANGUAGE DOCUMENT OR RECORDING**

[You are about to listen to or watch a recording in [language used]. Each of you has been given a transcript that translates the recording into English.] [I have admitted a document that is in [language used] along with an English translation.]

Although some of you may know [language used], it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript.

If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English translation provided by the court interpreter and not on your own translation.

───────────────────────

Source:  Red Book 2.311.

## CHARTS AND SUMMARIES

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case.  Those charts or summaries are used for your convenience.  These charts and summaries are not themselves evidence or proof of any facts.  You should determine the facts from the evidence.

Certain charts and summaries have been received into evidence.  Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think they deserve.

_____

Source:  Fed. R. Evid. 1006

**Instruction 2.321**

**OTHER CRIMES EVIDENCE (IF APPLICABLE)**

**A.  EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW MOTIVE, IDENTITY, OR COMMON SCHEME OR PLAN**

You have heard evidence that the defendant [describe other crimes evidence]. It is up to you to decide whether to accept that evidence.

If you find that the defendant [describe the other crimes evidence], you may use this evidence only for the limited purpose of deciding whether

[1.     The defendant had a motive to commit the offenses charged in the indictment, namely, Money Laundering Conspiracy, Money Laundering, Operating an Unlicensed Money Transmitting Business, and Money Transmission Without a License.]

[2.     The circumstances of the other crimes and charged offense(s) are so similar that it is likely that the person who [describe the other crimes conduct] also committed the offenses charged in the indictment, namely, Money Laundering Conspiracy, Money Laundering, Operating an Unlicensed Money Transmitting Business, and Money Transmission Without a License.]

[3.     The [describe the other crimes conduct] and the offenses charged in the indictment, namely, Money Laundering Conspiracy, Money Laundering, Operating an Unlicensed Money Transmitting Business, and Money Transmission Without a License, are part of a common scheme or plan.]

If you conclude that

[1.     The defendant had such a motive.]

54

[2.     The [describe the other crimes conduct] is so similar to the charged offense[s] that it is likely that the same person committed both of them.]

[3.     There was a common scheme or plan.]

You may use this evidence in determining whether the government has proved beyond a reasonable doubt that

[The defendant is the person who committed the offenses charged in the indictment, namely, Money Laundering Conspiracy, Money Laundering, Operating an Unlicensed Money Transmitting Business, and Money Transmission Without a License.]

[The defendant [insert purpose for which evidence was introduced].]

You may not use this evidence for any other purpose. The defendant is only on trial for the crimes charged. He is not charged in this case with any offense relating to [describe the other crimes conduct], and you may not use this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged as crimes in this case.


## B.  EVIDENCE OF OTHER CRIMES ADMITTED TO SHOW INTENT, ABSENCE OF MISTAKE, ACCIDENT, OR KNOWLEDGE

You have heard evidence that the defendant [describe other crimes evidence]. It is up to you to decide whether to accept that evidence.

[You must first decide, without considering [describe other crimes evidence] at all, whether the government has proved beyond a reasonable doubt that the defendant [insert actus

reus]. If you find that the government has proved beyond a reasonable doubt, that the defendant [insert actus reus], then you may consider the evidence that he [describe other crimes evidence].]

If you find that the defendant [describe other crimes evidence], you may use this evidence only for the limited purpose of deciding/determining whether the government has proved beyond a reasonable doubt that the defendant [intended to [insert object of intent] [acted knowingly and on purpose, and not by mistake or by accident] [knew that [insert purpose for which the evidence was introduced]].

You may not use this evidence for any other purpose. The defendant is only on trial for the crimes charged. The defendant is not charged in this case with any offense relating to [describe the other crimes conduct], and you may not use this evidence to conclude that s/he has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict the defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.

---

Source:  Red Book 2.321.

**Instruction 3.101**

**PROOF OF STATE OF MIND**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

_____

Source:  Red Book 3.101

**WILLFUL BLINDNESS**

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

---

Source:  Fifth Circuit Pattern Jury Instructions (Criminal Cases) (2019 ed.), § 1.42 (Deliberate Ignorance); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) ("While the Courts of Appeals articulate the doctrine of willful blindness in slightly different ways, all appear to agree on two basic requirements: (1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.  We think these requirements give willful blindness an appropriately limited scope that surpasses recklessness and negligence.")

## MISTAKE OF LAW

In criminal cases, a mistake of law on the part of the accused does not justify his actions.

It a defendant deliberately and intentionally engages in conduct the law prohibits, his actions are

criminal, regardless of his belief that his actions were lawful or guided by high motive.  To

summarize, ignorance of the law does not negate a defendant's criminal liability, if the

government proves the elements of the offense beyond a reasonable doubt.

---

Source:  *United States v. Juvenal Ovidio Ricardo Palmera Pineda*, D.D.C. No. 04-cr-232 (RCL), ECF No. 324, at 22-23; *see also Bryan v. United States*, 524 U.S. 184, 193 (1998) (to act "knowingly" is to act with "knowledge of the facts that constitute the offense" but not necessarily with knowledge that the facts amount to illegal conduct, unless the statute indicates otherwise.); *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994) (referring to "the venerable principle that ignorance of the law generally is no defense to a criminal charge."); *Cheek v. United States*, 498 U.S. 192, 199 (1991) (ignorance of the law is not a defense to its violation); *United States v. Baker*, 546 F.2d 940, 944 (1976) ("It is settled law that a conviction under this section requires proof that the offender acted with a 'specific intent' to interfere with the federal rights in question. This does not mean that he must have acted with the subjective awareness that his action was unlawful. It is enough that he intentionally performed acts which, under the circumstances of the case, would have been clearly in violation of federal law, absent any other defense.").

**Instruction 2.402**

**MULTIPLE COUNTS--ONE DEFENDANT**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

_____

Source:  Red Book 2.402

**COUNT ONE**

**MONEY LAUNDERING CONSPIRACY—BASIC INSTRUCTION, 18 U.S.C. § 1956(h)**

In Count One, the defendant is charged with Money Laundering Conspiracy. It is against the law to agree with someone to commit the crime(s) of money laundering. Here, the defendant is charged with conspiring with other persons, including darknet vendors and darknet market administrative teams and other persons, to commit the following offenses:

1. To conduct and attempt to conduct financial transactions affecting interstate commerce, that is, the sending and receiving of bitcoin transactions, which involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

2. To conduct and attempt to conduct financial transactions affecting interstate commerce, that is, the sending and receiving of bitcoin transactions, which involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in

61

whole and in part to conceal and disguise the nature, the location, the source, the

ownership, and the control of the proceeds of specified unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(B)(i).


I will first instruct you on conspiracy and then I will discuss each of the two criminal

laws that the indictment alleges the defendant and co-conspirators conspired to violate—namely,

Money Laundering, in violation of (a) Title 18, United States Code, Section 1956(a)(1)(A)(i), or

(b) Title 18, United States Code, Section 1956(a)(1)(B)(i).

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In

other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy

becomes the agent or partner of every other member.

The government is not required to prove that the objective was achieved. The elements of

conspiracy, each of which the government must prove beyond a reasonable doubt, are that:

1. First, that from on or about October 27, 2011 through on or about April 27, 2021, an

   agreement existed between two or more people to commit an act in violation of (a) Title

   18, United States Code, Section 1956(a)(1)(A)(i), or (b) Title 18, United States Code,

   Section 1956(a)(1)(B)(i).  This does not have to be a formal agreement or plan, in which

   everyone involved sat down together and worked out the details. On the other hand,

   merely because people get together and talk about common interests, or do similar things

   does not necessarily show that an agreement exists. It is enough that the government

   proves beyond a reasonable doubt that there was a common understanding among those

who were involved to commit the crime of violating one of the three crimes listed. I will discuss with you the elements required for those two crimes, which are alleged to be the objectives of the conspiracy charged in Count One, later in these instructions.  So, the first thing that must be shown is the existence of an agreement.

2. Second, the government must prove that the defendant intentionally joined in that agreement. It is not necessary to find that he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily, knowingly and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Different people may become part of the conspiracy at different times. However, mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that a defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make a defendant part of the conspiracy. So, the second thing that must be shown is that the defendant was part of the conspiracy.

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts

done or omitted by the defendant and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the all the other conspirators are listed in the indictment. An indictment can charge a defendant with a conspiracy involving people whose names are not given, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

As previously instructed, to prove that the defendant committed conspiracy, the government is not required to prove that the objective of committing an act in violation of (a) Title 18, United States Code, Section 1956(a)(1)(A)(i), or (b) Title 18, United States Code, Section 1956(a)(1)(B)(i), was achieved. The government must prove, however, that the defendant conspired to commit one of these two offenses, and I will discuss with you the elements of each of those offenses.

--------------------------------

Source:  Red Book 7.102; *United States v. Bikundi*, No. 14-cr-30 (BAH) (D.D.C.), ECF No. 350 (Instructions to the Jury), at 8-12; *see generally Whitfield v. United States*, 543 U.S. 209, 214 (2005) (no overt act requirement for money laundering conspiracy in violation of 18 U.S.C. § 1956(h)).

**COUNT ONE (CONTINUED)**

**MONEY LAUNDERING—PROMOTIONAL MONEY LAUNDERING, 18 U.S.C.**

**§ 1956(a)(1)(A)(i)**

The charge of Laundering of Monetary Instruments, in violation of 18 U.S.C.

§ 1956(a)(1)(A)(i), contains four elements, each of which the government must prove beyond a

reasonable doubt:

First, that the defendant conducted or tried to conduct a financial transaction;

Second, that the defendant knew that the money or property involved in the transaction

was the proceeds of some kind of unlawful activity;

Third, that the money or property did come from an unlawful activity, specifically the

felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise

dealing in a controlled substance or listed chemical, in violation of Title 21, United States Code,

Sections 841(a)(1) and 846; and

Fourth, that the defendant the defendant acted with intent to promote the carrying on of

specified unlawful activity, specifically the felonious manufacture, importation, receiving,

concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, in

violation of Title 21, United States Code, Sections 841(a)(1) and 846.[1]


To "act with the intent to promote the carrying on of specified unlawful activity" means

that the defendant acted willfully, not by mistake or accident, with the deliberate purpose of

---

[1] Adapted from 3 Modern Federal Jury Instructions-Criminal P 50A.01 (2021).

promoting, facilitating, or assisting the carrying on of the specified unlawful activity.[2]  To

promote the carrying on of an activity means to contribute to the prosperity of something, or to

further something.[3]

To "conduct a transaction" means to start or finish a transaction, or to participate in a

transaction at any point.

A "transaction" includes a purchase, sale, transfer, delivery, or other disposition, and with

respect to a financial institution includes a deposit, withdrawal, transfer between accounts,

exchange of currency, or any other payment, transfer, or delivery by, through, or to a financial

institution, by whatever means effected.[4]

A "financial transaction" means (A) a transaction which in any way or degree affects

interstate or foreign commerce involving the movement of funds by wire or other means, or (B) a

transaction involving the use of a financial institution which is engaged in, or the activities of

which affect, interstate or foreign commerce in any way or degree.[5]  For purposes of this

definition, the term "funds" includes Bitcoin.[6]

---

[2] 3 Modern Federal Jury Instructions-Criminal P 50A.01 (2021).
[3] *United States v. Santos*, 553 U.S. 507, 517–18 (2008) (plurality opinion) (explaining that to "promote the carrying on of a specified unlawful activity" means "[t]o contribute to the prosperity of something, or to further something," such as promoting "the carrying on of a gambling enterprise by merely ensuring that it continues in business") (internal quotations omitted)
[4] 18 U.S.C. § 1956(c)(3).
[5] 18 U.S.C. § 1956(c)(4)(A)(i) & (B).
[6] *United States v. Iossifov*, 45 F.4th 899, 913-14 (6th Cir. 2022) ("[W]hile the terms 'monetary instrument' and 'funds' are not defined within the money laundering statute, courts that have addressed this question have unanimously determined that Bitcoin falls under those terms. . . . Iossifov's contention that Bitcoin does not fall under the money laundering statute is unavailing."); *United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ("Bitcoins can be either used directly to pay for certain things or can act as a medium of exchange and be converted into a currency which can pay for things.  . . . Indeed, the only value for Bitcoin lies in

The term "financial institution" includes any person or entity who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.[7]

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States. The government is not required to prove that the defendant knew or intended the effect on interstate commerce, merely that such an effect occurred.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, Federal, or foreign law. The government is not required to prove that the defendant knew what the unlawful activity was.  This knowledge requirement includes instances of willful blindness.[8]

---

its ability to pay for things . . . .  Sellers using Silk Road are not alleged to have given their narcotics and malicious software away for free—they are alleged to have sold them. . . .  One can money launder using Bitcoin."); *United States v. Budovsky*, 2015 WL 5602853, at *13-15 (S.D.N.Y. Sept. 23, 2015) ("Next, Budovsky appears to argue that virtual currencies cannot be included within the term 'funds.'  This precise argument was rejected recently in a case applying § 1956 to the owner and operator of the website Silk Road, a marketplace for illegal drugs that used the virtual currency Bitcoin. . . .  The *Ulbricht* court's reasoning is adopted here."); *United States v. Ologeanu*, 2020 WL 1676802, at *10-11 (E.D. Ky. Apr. 4, 2020) (collecting cases and concluding that "the federal district courts have unanimously and univocally concluded that Bitcoin constitutes 'money' and 'funds'") (internal quotations and alterations omitted).
[7] 18 U.S.C. § 1956(c)(6)(A); 31 U.S.C. § 5312(a)(2)(R) (definition of "financial institution").
[8] *United States v. Hill*, 167 F.3d 1055, 1067 (6th Cir. 1999) (citing Senate Report No. 99-443 (1986) to hold that "the knowledge requirements [in § 1956] are "to be construed, like existing

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity. The government is not required to prove that all of the funds involved in the charged transactions were the proceeds of the specified unlawful activity. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

The phrase "specified unlawful activity" means the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.[9]   I will instruct you as a matter of law that it is a felony to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, or to attempt or conspire to commit such an offense.[10]

In this case, the defendant is not charged with committing the underlying specified unlawful activity himself, only with conspiring to launder the proceeds of specified unlawful activity committed by others.  In other words, the government does not need to prove that the defendant himself committed or was responsible for any controlled substances offense. However, the government needs to prove that at least some amount of the money or property the

---

'knowing' scienter requirements, to include instances of 'wilful blindness'"); *United States v. Santos*, 553 U.S. 507, 521 (2008) ("Moreover, the Government will be entitled to a willful blindness instruction if the professional money launderer, aware of a high probability that the laundered funds were profits, deliberately avoids learning the truth about them . . . .").
[9] 18 U.S.C. §§ 1956(c)(7)(A) & 1961(1)(D) (defining SUA).
[10] 21 U.S.C. §§ 841(a)(1), 846.

defendant conspired to launder represented proceeds of the manufacture, distribution, or

dispensing of controlled substances.[11]

------

Source:  *United States v. Bikundi*, No. 14-cr-30 (BAH) (D.D.C.), ECF No. 350 (Instructions to the Jury), at 25-28; as supplemented by other sources cited in footnotes.

------

[11] *See United States v. Golb*, 69 F.3d 1417, 1429 (9th Cir. 1995) ("The jury was instructed 'as a matter of law that the manufacture, importation, and distribution of controlled substances is a specified unlawful activity' and that the government had to prove that at least some of the funds involved represented the proceeds of the 'manufacture, importation and distribution of controlled substances.'  These instructions closely track those approved in *United States v. Mickens,* 926 F.2d 1323, 1330 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992).  Because the drug trafficking which was the source of the proceeds was not part of the charged money-laundering offense, *i.e.,* the drug traffickers were not on trial, the jury did not need to be further instructed.") (internal citation omitted); *United States v. Braxtonbrown-Smith*, 278 F.3d 1348, 1351-55 (D.C. Cir. 2002) (holding that money laundering offense can involve comingled clean and dirty funds, because "[t]he broad language of the statute suffices to reach transactions that 'involve[]' illegal proceeds").

**COUNT ONE (CONTINUED)**

**MONEY LAUNDERING—CONCEALMENT MONEY LAUNDERING, 18 U.S.C.**

**§ 1956(a)(1)(B)(i)**

The charge of Laundering of Monetary Instruments, in violation of 18 U.S.C.

§ 1956(a)(1)(B)(i), contains four elements, each of which the government must prove beyond a

reasonable doubt:

First, that the defendant conducted or tried to conduct a financial transaction;

Second, that the defendant knew that the money or property involved in the transaction

was the proceeds of some kind of unlawful activity;

Third, that the money or property did come from an unlawful activity, specifically the

felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise

dealing in a controlled substance or listed chemical, in violation of Title 21, United States Code,

Sections 841(a)(1) and 846; and

Fourth, that the defendant knew that the transaction was designed, in whole or in part, to

conceal or disguise the nature, location, source, ownership, or the control of the proceeds. In

other words, the government must prove that the transaction was motivated, at least in part, by a

desire to conceal or disguise the nature, location, source, ownership or control of the proceeds.

The money laundering statute does not criminalize the mere spending or investing of illegally

obtained funds. [12]

---

[12] Adapted from 3 Modern Federal Jury Instructions-Criminal P 50A.02 (2021).

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" includes a purchase, sale, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.[13]

A "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.[14]  For purposes of this definition, the term "funds" includes Bitcoin.[15]

---

[13] 18 U.S.C. § 1956(c)(3).

[14] 18 U.S.C. § 1956(c)(4)(A)(i) & (B).

[15] *United States v. Iossifov*, 45 F.4th 899, 913-14 (6th Cir. 2022) ("[W]hile the terms 'monetary instrument' and 'funds' are not defined within the money laundering statute, courts that have addressed this question have unanimously determined that Bitcoin falls under those terms. . . . Iossifov's contention that Bitcoin does not fall under the money laundering statute is unavailing."); *United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ("Bitcoins can be either used directly to pay for certain things or can act as a medium of exchange and be converted into a currency which can pay for things.  . . . Indeed, the only value for Bitcoin lies in its ability to pay for things . . . .  Sellers using Silk Road are not alleged to have given their narcotics and malicious software away for free—they are alleged to have sold them. . . .  One can money launder using Bitcoin."); *United States v. Budovsky*, 2015 WL 5602853, at *13-15 (S.D.N.Y. Sept. 23, 2015) ("Next, Budovsky appears to argue that virtual currencies cannot be included within the term 'funds.'  This precise argument was rejected recently in a case applying § 1956 to the owner and operator of the website Silk Road, a marketplace for illegal drugs that used the virtual currency Bitcoin. . . .  The *Ulbricht* court's reasoning is adopted here."); *United States v. Ologeanu*, 2020 WL 1676802, at *10-11 (E.D. Ky. Apr. 4, 2020) (collecting cases and concluding that "the federal district courts have unanimously and univocally concluded that Bitcoin constitutes 'money' and 'funds'") (internal quotations and alterations omitted).

The term "financial institution" includes any person or entity who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.[16]

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States. The government is not required to prove that the defendant knew or intended the effect on interstate commerce, merely that such an effect occurred.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, Federal, or foreign law. The government is not required to prove that the defendant knew what the unlawful activity was.  This knowledge requirement includes instances of willful blindness.[17]

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity. The government is not required to prove that all of the funds involved in the charged transactions

---

[16] 18 U.S.C. § 1956(c)(6)(A); 31 U.S.C. § 5312(a)(2)(R) (definition of "financial institution").
[17] *United States v. Hill*, 167 F.3d 1055, 1067 (6th Cir. 1999) (citing Senate Report No. 99-443 (1986) to hold that "the knowledge requirements [in § 1956] are "to be construed, like existing 'knowing' scienter requirements, to include instances of 'wilful blindness'"); *United States v. Santos*, 553 U.S. 507, 521 (2008) ("Moreover, the Government will be entitled to a willful blindness instruction if the professional money launderer, aware of a high probability that the laundered funds were profits, deliberately avoids learning the truth about them . . . .").

were the proceeds of the specified unlawful activity. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

The phrase "specified unlawful activity" means the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.[18]   I will instruct you as a matter of law that it is a felony to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, or to attempt or conspire to commit such an offense.[19]

In this case, the defendant is not charged with committing the underlying specified unlawful activity himself, only with conspiring to launder the proceeds of specified unlawful activity committed by others.  In other words, the government does not need to prove that the defendant himself committed or was responsible for any controlled substances offense. However, the government needs to prove that at least some amount of the money or property the defendant conspired to launder represented proceeds of the manufacture, distribution, or dispensing of controlled substances.[20]

---

[18] 18 U.S.C. §§ 1956(c)(7)(A) & 1961(1)(D) (defining SUA).

[19] 21 U.S.C. §§ 841(a)(1), 846.

[20] *See United States v. Golb*, 69 F.3d 1417, 1429 (9th Cir. 1995) ("The jury was instructed 'as a matter of law that the manufacture, importation, and distribution of controlled substances is a specified unlawful activity' and that the government had to prove that at least some of the funds involved represented the proceeds of the 'manufacture, importation and distribution of controlled substances.'  These instructions closely track those approved in United States v. Mickens, 926 F.2d 1323, 1330 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992).  Because the drug trafficking which was the source of the proceeds was not part of the charged money-laundering offense, *i.e.,* the drug traffickers were not on trial, the jury did not need to be further instructed.") (internal citation omitted); *United States v. Braxtonbrown-Smith*,

———————————————

Source:  *United States v. Bikundi*, No. 14-cr-30 (BAH) (D.D.C.), ECF No. 350 (Instructions to the Jury), at 25-28; as supplemented by other sources cited in footnotes.

———————————————

278 F.3d 1348, 1351-55 (D.C. Cir. 2002) (holding that money laundering offense can involve comingled clean and dirty funds, because "[t]he broad language of the statute suffices to reach transactions that 'involve[]' illegal proceeds").

## COUNT TWO

## STING MONEY LAUNDERING, 18 U.S.C. § 1956(a)(3)(A), (B)

The charge of Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(A) and (B), contains three elements, each of which the government must prove beyond a reasonable doubt:

First, that the defendant conducted or tried to conduct a financial transaction;

Second, that the transaction involved property represented by a law enforcement officer to be the proceeds of some form of unlawful activity;

Third, that the defendant acted with the intent to promote the carrying on of specified unlawful activity, *or* that the defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property he believed to be the proceeds of specified unlawful activity.[21]

The government is not required to prove that the law enforcement officer made an express affirmative statement to the defendant that the property involved was the proceeds of unlawful activity. Instead, the government must prove that the law enforcement officer

---

[21] Adapted from 3 Modern Federal Jury Instructions-Criminal P 50A.05 (2021). There is no separate knowledge requirement under § 1956(a)(3) regarding the source of the funds. *See* 134 Cong. Rec. S17360-02 (Nov. 10, 1988) (Senate Judiciary Committee analysis of Anti-Drug Abuse Act of 1988) ("The amendment would add to section 1956 a new subsection (a)(3) dealing specifically with undercover operations. . . . [T]here would not be any separate knowledge requirement regarding the source of the property involved in the transaction. The defendant would not have to know or believe that the property involved in the financial transaction was drug money. It would be sufficient that a law enforcement officer had represented it as such. While this would mean that everyone involved in the financial transaction would be guilty of this offense whether he was aware of the law enforcement officer's representation or not, the strengthened specific intent requirement would guard against innocent persons being prosecuted.").

represented to the defendant circumstances from which a reasonable person would infer that the property was the proceeds of illegal activity. You should consider all of the evidence in determining whether the government has satisfied this standard.[22]

To "act with the intent to promote the carrying on of specified unlawful activity" means that the defendant acted willfully, not by mistake or accident, with the deliberate purpose of promoting, facilitating, or assisting the carrying on of the specified unlawful activity.[23]  To promote the carrying on of an activity means to contribute to the prosperity of something, or to further something.[24]

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" includes a purchase, sale, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.[25]

---

[22]  Adapted from 3 Modern Federal Jury Instructions-Criminal P 50A.05 (2021).  There is no separate knowledge requirement under § 1956(a)(3) regarding the source of the funds.  *See* 134 Cong. Rec. S17360-02 (Nov. 10, 1988) (Senate Judiciary Committee analysis of Anti-Drug Abuse Act of 1988).

[23] 3 Modern Federal Jury Instructions-Criminal P 50A.01 (2021); *see United States v. Hua Leung*, 787 F. App'x 925, 928 (9th Cir. Sept. 11, 2019) ("We have said that the intent requirements of § 1956(a)(3) and § 1956(a)(1) are nearly identical.") (internal quotations omitted).

[24] *United States v. Santos*, 553 U.S. 507, 517–18 (2008) (plurality opinion) (explaining that to "promote the carrying on of a specified unlawful activity" means "[t]o contribute to the prosperity of something, or to further something," such as promoting "the carrying on of a gambling enterprise by merely ensuring that it continues in business") (internal quotations omitted)

[25] 18 U.S.C. § 1956(c)(3).

A "financial transaction" means (A) a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.[26]  For purposes of this definition, the term "funds" includes Bitcoin.[27]

The term "financial institution" includes any person or entity who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.[28]

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and

---

[26] 18 U.S.C. § 1956(c)(4)(A)(i) & (B).

[27] *United States v. Iossifov*, 45 F.4th 899, 913-14 (6th Cir. 2022) ("[W]hile the terms 'monetary instrument' and 'funds' are not defined within the money laundering statute, courts that have addressed this question have unanimously determined that Bitcoin falls under those terms. . . . Iossifov's contention that Bitcoin does not fall under the money laundering statute is unavailing."); *United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ("Bitcoins can be either used directly to pay for certain things or can act as a medium of exchange and be converted into a currency which can pay for things. . . . Indeed, the only value for Bitcoin lies in its ability to pay for things . . . .  Sellers using Silk Road are not alleged to have given their narcotics and malicious software away for free—they are alleged to have sold them. . . .  One can money launder using Bitcoin."); *United States v. Budovsky*, 2015 WL 5602853, at *13-15 (S.D.N.Y. Sept. 23, 2015) ("Next, Budovsky appears to argue that virtual currencies cannot be included within the term 'funds.'  This precise argument was rejected recently in a case applying § 1956 to the owner and operator of the website Silk Road, a marketplace for illegal drugs that used the virtual currency Bitcoin. . . .  The *Ulbricht* court's reasoning is adopted here."); *United States v. Ologeanu*, 2020 WL 1676802, at *10-11 (E.D. Ky. Apr. 4, 2020) (collecting cases and concluding that "the federal district courts have unanimously and univocally concluded that Bitcoin constitutes 'money' and 'funds'") (internal quotations and alterations omitted).

[28] 18 U.S.C. § 1956(c)(6)(A); 31 U.S.C. § 5312(a)(2)(R) (definition of "financial institution").

people or businesses outside the United States. The government is not required to prove that the defendant knew or intended the effect on interstate commerce, merely that such an effect occurred.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity. The government is not required to prove that all of the funds involved in the charged transactions were the proceeds of the specified unlawful activity. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

The phrase "specified unlawful activity" means the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.[29]  I will instruct you as a matter of law that it is a felony to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, or to attempt or conspire to commit such an offense.[30]

In this case, the defendant is not charged with committing the underlying specified unlawful activity himself, only with laundering property represented to be the proceeds of specified unlawful activity committed by others, or intended to be used to promote specified

---

[29] 18 U.S.C. §§ 1956(c)(7)(A) & 1961(1)(D) (defining SUA).
[30] 21 U.S.C. §§ 841(a)(1), 846.

unlawful activity committed by others.  In other words, the government does not need to prove

that the defendant himself committed or was responsible for any controlled substances offense.[31]

---

Source:  As cited in footnotes.

---

[31] *See United States v. Golb*, 69 F.3d 1417, 1429 (9th Cir. 1995) ("The jury was instructed 'as a matter of law that the manufacture, importation, and distribution of controlled substances is a specified unlawful activity' and that the government had to prove that at least some of the funds involved represented the proceeds of the 'manufacture, importation and distribution of controlled substances.'  These instructions closely track those approved in United States v. Mickens, 926 F.2d 1323, 1330 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992).  Because the drug trafficking which was the source of the proceeds was not part of the charged money-laundering offense, *i.e.,* the drug traffickers were not on trial, the jury did not need to be further instructed.") (internal citation omitted); *United States v. Braxtonbrown-Smith*, 278 F.3d 1348, 1351-55 (D.C. Cir. 2002) (holding that money laundering offense can involve comingled clean and dirty funds, because "[t]he broad language of the statute suffices to reach transactions that 'involve[]' illegal proceeds").

**COUNT THREE**

**OPERATING AN UNLICENSED MONEY TRANSMITTING BUSINESS,**

**18 U.S.C. § 1960(a)**

In Count Three, the defendant is charged with Operating an Unlicensed Money Transmitting Business, for the time period from on or about October 27, 2011 through on or about April 27, 2021.

The elements of Operating an Unlicensed Money Transmitting Business, each of which the government must prove beyond are reasonable doubt, are the following:

First, that Bitcoin Fog was an unlicensed money transmitting business.  I will explain what an unlicensed money transmitting business is in a moment.

Second, that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned that business. The government is not required to prove that the defendant did all of the things in this list, but only that he did one of them.

Third, that the money transmitting business affected interstate or foreign commerce.[32]

Interstate or foreign commerce simply means the movement of goods, services, money and individuals between states or between the United States and a foreign state or nation.  The government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal.[33]

---

[32] 1 Modern Federal Jury Instructions-Criminal P 50A.07; 18 U.S.C. § 1960(b)(1).
[33] 1 Modern Federal Jury Instructions-Criminal P 50A.07.

Now I will provide more explanation about the first element the government must prove beyond a reasonable doubt, that Bitcoin Fog was an unlicensed money transmitting business.

A "business" is a commercial enterprise that is regularly carried on for profit. Thus, a single isolated instance of money transmitting is not a business under this definition. [34]

The term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier. [35]  For purposes of this definition, the term "funds" includes Bitcoin. [36]

An "unlicensed money transmitting business" means a money transmitting business that satisfies any one of the following three elements.  You can find the defendant guilty of this count if you find any one of these elements was satisfied; you do not need to find all three were satisfied. [37]

A.  The money transmitting business operated without an appropriate money transmitting

    license in the District of Columbia, where such operation is punishable as a

---

[34] 1 Modern Federal Jury Instructions-Criminal P 50A.07

[35] 18 U.S.C. § 1960(b)(2).

[36] *United States v. Murgio*, 209 F. Supp. 3d 698 (S.D.N.Y. 2016).

[37] *United States v. Talebnejad*, 460 F.3d 563, 567 n.2 (4th Cir. 2006) ("For purposes of this appeal, we accept the Government's contention that § 1960 sets forth one offense—conducting an unlicensed money transmitting business—that may be committed in multiple ways."); *United States v. Coughlin*, 610 F.3d 89, 107 n.10 (D.C. Cir. 2010) ("Indeed, under Circuit precedent, the correct method of pleading alternative means of committing a single crime is to allege the means in the conjunctive.") (internal quotations and alterations omitted); *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989) ("Where a penal statute . . . prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, however, the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense, and the government may satisfy its burden by proving that the defendant, by committing any one of the acts alleged, violated the statute.").

misdemeanor or felony under District of Columbia law, whether or not the defendant knew a license was required or was punishable by District of Columbia law; *or*

B.  The money transmitting business failed to comply with the money transmitting business registration requirements under federal law; *or*

C.  The money transmitting business involved the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity.[38]

The District of Columbia licensing element is sometimes called the "state" licensing element because the statute refers to the word "State."  However, I will instruct you as a matter of law that, for purposes of this offense, the term "State" includes the District of Columbia.[39]

To satisfy the District of Columbia licensing element, the government does not need to prove that the defendant knew a license was required by District of Columbia law to operate a money transmitting business.[40]

The elements of Money Transmission Without a License, under Section 26-1023(c) of the District of Columbia Code, are as follows:

First, that the defendant was engaged in the business of money transmission; and

---

[38] Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2020 online ed.), at 360.
[39] 18 U.S.C. § 1960(b)(3).
[40] 18 U.S.C. § 1960(b)(1)(A); *United States v. Dimitrov*, 546 F.3d 409, 413 (7th Cir. 2008).

Second, that the defendant did not have a license to engage in the business of money transmission in the District of Columbia.[41]

"Money transmission" means engaging in the business of receiving money for transmission or transmitting money within the United States, or to locations abroad, by any and all means, including but not limited to payment instrument, wire, facsimile, or electronic transfer.[42]  For purposes of this definition, the term "money" includes Bitcoin.[43]

I will instruct you that, as a matter of law, Section 26-1002(a) of the District of Columbia Code requires that a money transmission business obtain a license from the District of Columbia government to operate in the District of Columbia.  I will further instruct you that, as a matter of law, under Section 26-1023(c) of the District of Columbia Code, operating a money transmission business without a license is punishable as a felony under District of Columbia law.[44]


To satisfy the federal registration element, the government does not need to prove that the defendant knew federal registration was required to operate a money transmitting business.[45] The government may prove that the money transmitting business that the defendant conducted failed to comply with the money transmitting business registration requirements under statute, namely, Title 31, United States Code, Section 5330, or that it failed to comply with the regulations prescribed under that statute.

---

[41] D.C. Code § 26-1023(c).

[42] D.C. Code § 26-1001(10).

[43] *United States v. Harmon*, 474 F. Supp. 3d 76, 88-99 (D.D.C. 2020).

[44] D.C. Code §§ 26-1002(a), 26-1023(c).

[45] *United States v. Dimitrov*, 546 F.3d 409, 413 (7th Cir. 2008); *United States v. Keleta*, 441 F. Supp. 2d 1, 3 (D.D.C. 2006).

Under the statute, Title 31, United States Code, Section 5330 requires that any person who owns or controls a money transmitting business must register the business with the United States Secretary of the Treasury within 180 days from the date on which the business was established.[46]

A "money transmitting business" means any business that engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.[47]

Under regulations prescribed under that statute, a category of businesses called "money transmitters" are required to register with the United States Secretary of the Treasury. A "money transmitter" is a person or entity that provides money transmission services, or any other person or entity engaged in the transfer of funds. "Money transmission services" means the acceptance of currency from one person and the transmission of currency, funds, or other value that substitutes for currency to another location or person by any means, including an electronic funds transfer network or an informal value transfer system.[48]

---

[46] 18 U.S.C. § 1960(b)(1)(B); 31 U.S.C. § 5300(a)(1).
[47] 31 U.S.C. § 5330(d)(1) (2020). Note that Section 5330(d)(1)(A) was amended as part of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, Pub. Law 116-283, 134 Stat. 3388 (Jan. 1, 2021) (the "NDAA"), replacing the phrase "funds" with "currency, funds, or value that substitutes for currency." *Id.* § 6102, at *4553.
[48] 31 C.F.R. § 1010.100(ff)(5)(1)(A).

For purposes of these definitions, the term "funds" includes Bitcoin.[49]  The movement of bitcoin from one bitcoin address to another bitcoin address on the Bitcoin blockchain can represent movement of funds from one location or person to another location or person.[50]

To satisfy the element that the money transmitting business involved the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity, any "criminal offense" or "unlawful activity" is sufficient.  The government is not limited to proving that the funds were derived from or intended to promote a specific criminal offense.[51]

---

Source:  See sources cited in footnotes.
**The parties anticipate using a special verdict form for Count Three to ensure unanimity on each of the three prongs of § 1960(b)(1)(A), (B), and (C).**

---

[49] *United States v. Murgio*, 209 F. Supp. 3d 698 (S.D.N.Y. 2016).
[50] *United States v. Harmon*, 474 F. Supp. 3d 76, 103-09 (D.D.C. 2020).
[51] 18 U.S.C. § 1960(b)(1)(C).

**COUNT FOUR**

**MONEY TRANSMISSION WITHOUT A LICENSE, D.C. Code § 26-1023(c)**

In Count Four, the defendant is charged with Money Transmission Without a License, for the time period from on or about October 27, 2011 through on or about April 27, 2021.

The elements of Money Transmission Without a License, under Section 26-1023(c) of the District of Columbia Code, are as follows:

First, that the defendant was engaged in the business of money transmission; and

Second, that the defendant did not have a license to engage in the business of money transmission in the District of Columbia.[52]

"Money transmission" means engaging in the business of receiving money for transmission or transmitting money within the United States, or to locations abroad, by any and all means, including but not limited to payment instrument, wire, facsimile, or electronic transfer.[53]  For purposes of this definition, the term "money" includes Bitcoin.[54]

I will instruct you that, as a matter of law, Section 26-1002(a) of the District of Columbia Code requires that a money transmission business obtain a license from the District of Columbia government to operate in the District of Columbia.[55]

---

[52] D.C. Code § 26-1023(c).
[53] D.C. Code § 26-1001(10)
[54] *United States v. Harmon*, 474 F. Supp. 3d 76, 88-99 (D.D.C. 2020).
[55] D.C. Code §§ 26-1002(a), 26-1023(c).

The government is not required to prove that the defendant knew that he was required to obtain a license from the District of Columbia government to operate a money transmission business.[56]

--------

Source:  See sources cited in footnotes.

--------

[56] See D.C. Code § 26-1023(c) (defining offense of engaging in the business of money transmission without a license as general intent crime, without willfulness or other heightened mens rea requirement); *cf.* Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (2020 online ed.), at 344 (for offense of operating illegal gambling business in violation of 18 U.S.C. § 1955, "[t]he government is not required to prove that the defendant knew that his or her conduct constituted illegal gambling under state law"); *United States v. Lawson*, 677 F.3d 629, 652 (4th Cir. 2012) ("Section 1955 is a general intent crime, which does not require the government to establish that the defendants knew that their conduct violated state law."); *United States v. O'Brien*, 131 F.3d 1428, 1430 (10th Cir. 1997) ("Section 1955 is not a specific intent statute. To be convicted under this provision, therefore, a defendant need not know that the gambling business involved five or more people, remained in operation for thirty days, or was violative of state law. The statute requires only a general criminal intent, which is satisfied whenever the defendant knowingly does an act made unlawful by the statute."); *United States v. Hawes*, 529 F.2d 472 (5th Cir. 1976) ("We have previously held that [section] 1955 and related statutes do not condition guilt upon knowledge that a federal law has been violated.  It is sufficient that appellants intended to do all of the acts prohibited by the statute and proceeded to do them.") (internal quotations omitted).

**Instruction 3.102**

**WILLFULLY CAUSING AN ACT TO BE DONE**

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

———————————————————

Source:  Red Book 3.102.

**Instruction 3.200**

**AIDING AND ABETTING**

You may find the defendant guilty of any of the crimes charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt. It is not necessary that you find that the defendant was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

---

Source:  Red Book 3.200 (with addition of last paragraph for cases in which the principal offender is not on trial with the defendant).

**Instruction 3.103**

**"ON OR ABOUT"—PROOF OF**

The indictment charges that the offenses were committed "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

————————————

Source: Red Book 3.103

## 1.20 VENUE (if applicable)[57]

For each offense charged in the Indictment, the Indictment alleges that some act or omission in furtherance of the offense occurred in the District of Columbia.  There is no requirement that all aspects of the offense charged take place here in the District of Columbia.  But for you to return a guilty verdict, the government must convince you that some act or omission in furtherance of the crime charged took place here in the District of Columbia.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that some act or omission in furtherance of the crime charged took place here.  Remember that the government must prove all the elements I have described beyond a reasonable doubt.

For the Conspiracy charged in Count One, there is no requirement that the entire conspiracy take place here in the District of Columbia.  But in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and

---

[57] Venue is not always a question that must be submitted to the jury at trial.  Venue is only a jury question if "(1) the defendant objects to venue prior to or at the close of the prosecution's case-in-chief, (2) there is a genuine issue of material fact with regard to proper venue, and (3) the defendant timely requests a jury instruction."  *United States v. Sitzmann*, 893 F.3d 811, 824 (D.C. Cir. 2018) (quoting *United States v. Haire*, 371 F.3d 833, 840 (D.C. Cir. 2004), *vacated on other grounds*, 543 U.S. 1109 (2005)).  In *Haire*, as in *Sitzmann*, the D.C. Circuit upheld a trial court's refusal to instruct the jury on venue for failing both the first and second prongs.  *See Haire*, 371 F.3d at 840 ("[T]here is no genuine issue of material fact as to the commission of acts in furtherance of the offense in the District of Columbia.").

distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy. The overt act need not be completed by the defendant or even by a co-conspirator; it can be completed by a government agent as long as it was made in furtherance of the object of conspiracy.

---

Source: Adapted from S1 Modern Federal Jury Instructions-Criminal 3.09 (2022). For the addition of "omission" language, see *United States v. Montgomery*, 441 F. Supp. 2d 58, 61 (D.D.C. 2006) ("Venue in cases involving a failure to make required filing is typically in the district in which that failure occurred."); *Johnston v. United States*, 351 U.S. 215, 221 (1956) ("[W]here the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime"); *United States v. DiJames*, 731 F.2d 758, 762 (11th Cir. 1984) (finding venue proper in the District of Columbia for a charge of failure to file a report with the Secretary of Labor, because "he is located in the District of Columbia"); *United States v. Hassanshahi*, 185 F. Supp. 3d 55, 58 (D.D.C. 2016) ("Therefore, 'venue is proper here because of the alleged omissions that are part of the crimes charged (namely the failure to secure licenses for exports to Iran from OFAC).'") (quoting *United States v. Quinn*, 401 F. Supp. 2d 80, 87 (D.D.C. 2005)). For conspiracy, adapted from S1 Modern Federal Jury Instructions-Criminal 1.20 (2022); *see also* 18 U.S.C. § 1956(i)(1)(A) (providing venue for § 1956 offenses in "any district in which the financial or monetary transaction is conducted") & (2) (providing venue for § 1956 attempt and conspiracy offenses in "the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place"); *United States v. Sitzmann*, 74 F. Supp. 3d 96 (D.D.C. 2014) ("In these circumstances, it does not matter whether Mr. Colligan was a government informant. Nor does it matter whether Mr. Sitzmann knew about or participated in the wire transfer, so long as Sitzmann previously reached a conspiratorial agreement with Mr. Jones . . . . So long as Mr. Jones made the wire transfer in furtherance of his conspiracy with Mr. Sitzmann to traffic in cocaine for profit, venue lies in the District of Columbia."); *United States v. Iossifov*, 45 F.4th 899, 911 (6th Cir. 2022) ("As provided by 18 U.S.C. § 1956(i), venue for money laundering conspiracy is proper 'in any . . . district where an act in furtherance of the attempt or conspiracy took place.' Critically, a co-conspirator's acts need not be foreseeable to a defendant for venue to properly lie in the district where such acts took place, nor is it necessary for a co-conspirator to have entered the district where venue lies so long as this standard is met.") (cleaned up).

## STATUTE OF LIMITATIONS (if applicable)

In general, the statute of limitations is not part of the case that the government has to prove.  However, if the defendant raises a defense that the statute of limitations has elapsed for any of the crimes charged in the indictment, then the government must prove that the crime was committed during the limitations period.[58]

The money laundering conspiracy charged in Count One is a continuing offense. Similarly, the unlicensed money transmitting business offenses charged in Counts Three and Four are also continuing offenses.  A continuing offense is defined as a continuous course of unlawful conduct.[59]  The statute of limitations for a continuing offense only begins to run after the last day of the continuing offense.[60]

---

[58] *Musacchio v. United States*, 577 U.S. 237, 248 (2016) ("As explained above, a statute-of-limitations defense becomes part of a case only if the defendant puts the defense in issue. When a defendant presses a limitations defense, the Government then bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period. If a defendant fails to press a limitations defense, the defense does not become part of the case and the Government does not otherwise have the burden of proving that it filed a timely indictment.) (citation omitted).

[59] *See Monaco*, 194 F.3d at 386 (characterizing "conspiracy to commit money laundering" as a "continuing offense"); *United States v. Elfgeeh*, 2004 WL 3767299, at *9 (E.D.N.Y. Apr. 13, 2004) (characterizing violations of 18 U.S.C. § 1960 as "continuing offenses"); *United States v. McGoff*, 831 F.2d 1071, 1078 (D.C. Cir. 1987) (noting that "[t]he classic example of a continuing offense is conspiracy," and defining continuing offense as "an unlawful course of conduct that does perdure."); *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166 (1939) ("A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy."). *McGoff*, 831 F.3d at 1079 ("[T]he statute of limitations as to prosecutions for continuing offenses runs from the last day of the continuing offense."); C. Code § 23-113(b) ("An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct, or the defendant's complicity therein, is terminated. Time starts to run on the day after the offense is committed or completed.").

I will instruct you that the government must prove beyond a reasonable doubt that conduct related to Counts One, Three, and Four continued up until at least the following dates to be within the applicable statute of limitations periods:

1. For Count One, July 18, 2017;

2. For Count Three, June 14, 2016; and

3. For Count Four, June 14, 2015.

For Count Two, I will instruct you that the government must prove beyond a reasonable doubt that the financial transaction charged in Count Two must have occurred before the following date to be within the applicable statute of limitations: June 14, 2016.

**Instruction 9.100**

**DEFENDANT'S THEORY OF CASE**

*With leave of Court, the defense proposes to submit the defendant's theory of the case at the*
*conclusion of the evidence.*

––––––––––––––––––

Source: Red Book 9.100

## AFFIRMATIVE DEFENSES—GENERALLY

The defendant in this case has raised certain affirmative defenses, namely, [*withdrawal from a conspiracy*].  I instruct you that it is a defense to Count One of the Indictment that the defendant withdrew from the conspiracy more than five years before the date of the Indictment; The defendant must prove that this was the case by a preponderance of the evidence.  I will instruct you on the elements of this affirmative defenses in a moment.

As I told you the defendant has the burden of proving the elements of the affirmative defense by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove only that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing.  In determining whether the defendant has proven this defense, you may consider the relevant testimony of all of the witnesses, regardless of who may have called them, and all of the relevant exhibits, regardless of who may have produced them.  If the evidence appears to be equally balanced, or you cannot say upon which side it weighs heavier, you must resolve this question against the defendant.  However, it is important to remember that the fact that the defendant has raised this defense does not relieve the government of the burden of proving all of the elements of the crime as I have defined them for you.  These are things that the government still must prove beyond a reasonable doubt.

------------------------

Source: Adapted from 1 Modern Federal Jury Instructions-Criminal P 4.01 (2022).

## WITHDRAWAL FROM A CONSPIRACY

It is a defense to the conspiracy charged in Count One of the Indictment if the defendant proves that the defendant withdrew from the conspiracy more than five years before the date when he was first indicted for that count. I will instruct you that, for Count One, the relevant question is whether the defendant withdrew from the conspiracy before July 18, 2017.

Once a person joins a conspiracy, that person remains a member until he completely withdraws from it. A person can withdraw from a conspiracy by taking affirmative steps to terminate or abandon his participation in, and efforts to promote, the conspiracy. In other words, the defendant must have demonstrated some type of positive action that disavowed or defeated the purpose of the conspiracy.[61] A withdrawal must be complete and it must be done in good faith; a partial or temporary withdrawal is insufficient.

To withdraw from a conspiracy, it is not enough for an individual to simply remain inactive. Instead, he must come clean to the authorities or communicate his abandonment in a manner reasonably calculated to reach co-conspirators.[62] Merely doing nothing or avoiding contact with other members of the conspiracy is not enough.

---

[61] 1 Modern Federal Jury Instructions-Criminal P 19.01 (2022); Ninth Circuit Manual of Model Criminal Jury Instructions 11.5 (Withdrawal from Conspiracy).

[62] *Smith v. United States*, 568 U.S. 106, 114 (2013) (co-conspirator's liability "endures even if he is entirely *inactive* after joining it"); *United States v. Bostick*, 791 F.3d 127, 143 (D.C. Cir. 2015) ("To withdraw from a conspiracy, an individual must come clean to the authorities or communicate his or her abandonment in a manner reasonably calculated to reach co-conspirators.") (internal citations omitted); *see also United States v. Berger*, 224 F.3d 107, 118 (2d Cir. 2000) ("[M]ere cessation of activity is not enough to start the running of the statute . . . .") (internal citations omitted).

The defendant has the burden of proving that he withdrew from the conspiracy by a preponderance of the evidence.[63]

---

[63] 1 Modern Federal Jury Instructions-Criminal P 19.01 (2022).

**Instruction 2.405**

**UNANIMITY--GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a

verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

--------------------

Source: Red Book 2.405

**Instruction 2.406**

**UNANIMITY--SPECIAL**

In Count Three of the Indictment, the defendant has been charged with one count of Operating an Unlicensed Money Transmitting Business. You have heard evidence of more than one act or incident related to this count. Specifically, you have heard evidence related to three different ways of Operating an Unlicensed Money Transmitting Business:

A.  The money transmitting business operated without an appropriate money transmitting license in the District of Columbia, where such operation is punishable as a misdemeanor or felony under District of Columbia law, whether or not the defendant knew a license was required or was punishable by District of Columbia law; *or*

B.  The money transmitting business failed to comply with the money transmitting business registration requirements under federal law; *or*

C.  The money transmitting business involved the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity.

You may find the defendant guilty on this count if the government proves beyond a reasonable doubt that the defendant committed any one of these acts/incidents. However, in order to return a guilty verdict on this count, you must all agree on the same way or ways that the defendant operated an unlicensed money transmitting business—meaning that you must all agree that the defendant (A) operated a money transmitting business without an appropriate money transmitting license in the District of Columbia; or you must all agree that the defendant (B)

102

operated a money transmitting business without complying with the money transmitting business registration requirements under federal law; and/or you must all agree that the defendant (C) operated a money transmitting business that involved the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense, or are intended to be used to promote or support unlawful activity.

---

Source: Adapted from Red Book 2.406

**Instruction 2.407**

**VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

———————————————

Source: Red Book 2.407

**Instruction 2.501**

**EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict(s). Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to hear those portions of the audio recordings which I have admitted into evidence, please notify the clerk by a written note and we will assemble in the courtroom with the appropriate equipment.

—————————————————

Source: Red Book 2.501

**Instruction 2.500**

**REDACTED DOCUMENTS**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

———————————————————

Source: Red Book 2.500

**Instruction 2.502**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

———————————————————————

Source:  Red Book 2.502

**Instruction 2.505**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

———————————————————————

Source:  Red Book 2.505

**Instruction 2.508**

**CAUTIONARY INSTRUCTION ON PUBLICITY,**

**COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

---

Source:  Red Book 2.508

**Instruction 2.509**

**COMMUNICATIONS BETWEEN COURT**

**AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person-- not the clerk, the marshal or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter--for example, 6-6 or 7-5 or 11-1, or in any other fashion--whether the vote is for conviction or acquittal or on any other issue in the case.

_____

Source:  Red Book 2.509

**Instruction 2.510**

**ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

————————————————————

Source:  Red Book 2.510

**Instruction 2.511**

**EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

————————————————————————

Source:  Red Book 2.511

## **FORFEITURE JURY INSTRUCTIONS**

These proposed instructions will only be necessary if the jury finds the defendant guilty of Count One, Count Two, and/or Count Three, and if the defense requests, pursuant to Fed. R. Crim. P. 32.2(b)(5)(A), that the jury be retained to determine the forfeitability of specific property listed in the Indictment and Bill of Particulars for Forfeiture.

Forfeiture:  Generally
Burden of Proof
Forfeiture Pursuant to 18 U.S.C. § 982(a)(1)
Definition of Property "Involved In" a Money Laundering Offense
Definition of Property "Involved In" an Unlicensed Money Transmitting Business Offense
Definition of Property "Traceable To"
Instructions on Guilty Verdict and Prior Jury Instructions
Evidence That May Be Considered
Disposition of Forfeited Property
Unanimous Verdict

**FORFEITURE:  GENERALLY**

Members of the jury, in view of your verdict that the defendant is guilty of Counts

_____ of the Indictment, you have another task to perform before you are

discharged.  I now must ask you to render special verdicts concerning property that the

government has alleged is subject to forfeiture to the United States.

The purpose of forfeiture is to ensure that no one profits from criminal conduct.

"Forfeiture" in this case means the defendant will be divested or deprived of his ownership or his

interest, if any, in certain property as a penalty for committing violations of certain federal laws.

You must now consider what verdict to render on the question of whether there is a connection

between the following specific property and the Count(s) to which you have already found the

defendant guilty.  The items that the government seeks to forfeit in this matter include the

following six items:

1. $349,625.72, seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

2. Approximately 0.10877 Bitcoin (BTC) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

3. Approximately 205.9625 Ethereum (ETH) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

4. Approximately 9,371.52683 Stellar (XLM) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of

Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

5. Approximately 35.9998 Monero (XMR) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN; and

6. Approximately 1,354 BTC currently held in the Bitcoin Fog wallet, identified by root address 1YZJKaAx2HRWvcbCXDBtQbBZcRU46WJqw.

You must now consider what verdict to render on the question of whether there is a connection between that specific property and [Count One, Count Two, and/or Count Three], for which you have already found the defendant guilty.[64]

---

[64] Fed. R. Crim. P. 32.2(b)(1) and (5); *Bennis v. Michigan*, 516 U.S. 442, 45-52 (1996) (noting that forfeiture is meant to punish the defendant and to serve as a deterrent by preventing further illegal use of the forfeited property and by rendering illegal behavior unprofitable); *United States v. All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181, 1187 (7th Cir. 1995) ("[P]roperty illegally obtained or used to promote illegal activities should be forfeited to the United States government so that criminals do not profit from their crimes.") (internal quotation marks and alterations omitted).

## BURDEN OF PROOF

It is the Government's burden to establish the required connection between the specific property and the offense or offenses committed by the defendant which would make the property subject to forfeiture.  You should find that the Government has met its burden if it has established that connection by a "preponderance of the evidence."

This is a lower standard from that which applied to the guilt or innocence phase of the trial.  At that stage of the case, the Government was required to meet its burden "beyond a reasonable doubt."  At this forfeiture stage, however, the Government need only establish its proof by a "preponderance of the evidence."

"Preponderance of the evidence" means that the Government has to produce evidence which, considered in light of all of the facts, leads you to believe that what the Government claims is more likely true than not true.  To put it differently, if you were to put the Government's evidence and the Defendant's evidence on opposite sides of a balance scale, the Government's evidence would have to make the scale tip slightly on its side of the balance.   If the Government's evidence fails to do this, then the Government has not met its burden of proof.[65]

---

[65] *United States v. DeFries*, 129 F.3d 1293, 1312-13 (D.C. Cir. 1997) (holding that "[t]he government must prove its forfeiture allegations by a preponderance of the evidence" because criminal forfeiture is an aspect of sentencing, citing *Libretti v. United States*, 516 U.S. 29, 38 39 (1995)); *see also United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) ("[T]he government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence."); *Blossom v. CSX Transp., Inc.*, 13 F.3d 1477, 1480 (11th Cir. 1994) (ruling that the "tipping the scales" language is a proper illustration of a preponderance of the evidence standard, and that district court's refusal to permit such instruction was reversible error); *see also United States v. Khedr*, 343 F.3d 96, 110 (2nd Cir. 2003) ("To satisfy the

## FORFEITURE PURSUANT TO 18 U.S.C. § 982(a)(1)

Section 982(a)(1) of Title 18 of the United States Codes provides, in relevant part, that whoever engages in a Money Laundering Conspiracy, in violation of Title 18, United States Code, Section 1956(h); Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(3)(A) or (B); or Operating an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a), shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

The Government alleges that certain properties are forfeitable under this category based on the defendant's conviction(s).  Each item of property is set out in a Special Verdict Form which follows at the end of these instructions.  As to each item of property, you must determine whether or not the applicable connection exists between that property and the above category.[66]

---

preponderance standard, evidence need only be sufficient to cause the evidentiary scales to tip, however slightly . . . .") (internal quotation marks and alterations omitted).
[66] 18 U.S.C. § 982(a)(1).

**DEFINITION OF PROPERTY "INVOLVED IN" A MONEY LAUNDERING OFFENSE**

The phrase "any property, real or personal, involved in" a money laundering offense includes:

1. The money or other property that was being laundered;

2. Any commissions or fees paid to the launderer; and

3. Any property used to facilitate the laundering offense.

Property that was used to facilitate the money laundering transaction may include property that was not part of the transaction itself, but was used to make the money laundering offense easier to commit or harder to detect. This may include untainted property if it was comingled with the property being laundered and facilitated the money laundering offense.

In the case of a money laundering conspiracy that takes the form of a business, the property that is "involved in" the money laundering conspiracy includes all funds that flow through the business to "bankroll" or otherwise facilitate the conspiracy. It is not limited to specific transactions.

Property "involved in" a money laundering offense includes any property traceable to the property that was involved in the offense. The phrase "any property traceable to" such property includes property that was acquired or maintained with the proceeds of the underlying money laundering crime.[67]

---

[67] *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (property involved in money laundering offense includes "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense"); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (the SUA proceeds involved in a financial transaction, as well as any clean money commingled with it, constitute the corpus of the money laundering transaction; both are subject to forfeiture); *United States v. Warshak*, 2008 WL 509258, at *1 (S.D. Ohio 2008) (district court sets forth, in full, its

---

instruction defining "property involved in a money laundering offense," to include the subject matter of the financial transaction, commissions and fees, and property used to facilitate the offense); *United States v. Nicolo*, 597 F. Supp. 2d 342, 355 (W.D.N.Y. 2009) (if funds in a bank account are subject to forfeiture as property involved in money laundering, then a vehicle purchased with those funds is forfeitable as property traceable to such property); *United States v. Harmon*, 474 F. Supp. 3d 76, 85 n.5 (D.D.C. 2020) ("Where, as here, the conspiracy takes the form of a business, all funds flowing through the business that 'bankroll' or otherwise facilitate the alleged conspiracy are 'involved in' it.  Thus, any untainted funds used as 'seed' money to start Helix or to run Grams, Helix's companion service, were used to further Helix's core business, which was cleaning bitcoins used in Darknet drug purchases.  Finally, to the extent some of Helix's business came from transactions unrelated to drug activity, the fees from those transactions remain forfeitable because the evidence suggests that the business as a whole was overwhelmingly devoted to transactions from Darknet markets, which, in turn, overwhelmingly deal in drugs.") (internal citations omitted); *United States v. Garza-Gonzalez*, 512 F. App'x 60, 67 (2d Cir. Feb. 21, 2013) (unpublished) ("Datta used his perfume business to conceal the fact that he was laundering the proceeds of drug transactions, and the district court did not err in viewing the business's cash receipts during the period in question as 'property . . . involved in' Datta's conspiracy to violate § 1956.  Those cash receipts, including the $7 million in drug money, totaled $29,505,265."); *United States v. Coffman*, 859 F. Supp. 2d 871, 879 (E.D. Ky. 2012) ("[T]he conspiracy to commit money laundering conviction . . . is not based on or limited to specific transactions, but encompasses the whole of Coffman's scheme and his attempts and plans to conceal and disguise the nature, location, source, ownership and control of the proceeds of the fraud."); *United States v. Swank Corp.*, 797 F. Supp. 497, 502 (E.D. Va. 1992) ("The ability to forfeit a business entity which is used to facilitate the offense of money laundering is well established."); *United States v. Cherry*, 330 F.3d 658, 669 n.17 (4th Cir. 2003) (the court properly instructed the jury that it had to find, by a preponderance of the evidence, that the property "fairly represents the property which was involved in, or is traceable to property involved in" the money laundering counts).

119

## DEFINITION OF PROPERTY "INVOLVED IN" AN UNLICENSED MONEY TRANSMITTING BUSINESS OFFENSE

The phrase "any property, real or personal, involved in" an unlicensed money transmitting business offense includes any property "involved in" operation of the business during the time period while the business was operating in violation of the law, regardless of its purpose or whether the property was involved in specific transactions. This includes any property that passed through the unlicensed money transmitting business's accounts during the relevant time period.

Property "involved in" an unlicensed money transmitting business offense includes any property traceable to the property that was involved in the offense. The phrase "any property traceable to" such property includes property that was acquired or maintained with the proceeds of the underlying money laundering crime.[68]

---

[68] *United States v. Elfgeeh*, 2004 WL 3767299, at *9 (E.D.N.Y. Apr. 13, 2004) (violation of 18 U.S.C. § 1960(a) is a "continuing offense"); *United States v. Elfgeeh*, 515 F.3d 100, 122, 138-39 (2d Cir. 2008) ("all assets that passed through" account belonging to unlicensed hawala were subject to forfeiture); *United States v. 50.44 Bitcoins*, 2016 WL 3049166, at *2 (D. Md. May 31, 2016) (bitcoins seized from married couple that operated unlicensed Darknet virtual currency exchange were subject to forfeiture "[b]ecause the business operated by [the defendants] . . . was not registered to transmit money as required by state and federal law"); *United States v. $829,442.42 in U.S. Currency*, 2013 WL 2446486, at *8-9 (D. Conn. June 5, 2013) (bank accounts belonging to unlicensed money transmitting business were subject to forfeiture in their entirety); *United States v. $715,031.27*, 587 F. Supp. 2d 1275, 1276-78 (N.D. Ga. 2008) ("entire" bank accounts belonging to unlicensed money transmitting business were subject to forfeiture); *United States v. Cherry*, 330 F.3d 658, 669 n.17 (4th Cir. 2003) (the court properly instructed the jury that it had to find, by a preponderance of the evidence, that the property "fairly represents the property which was involved in, or is traceable to property involved in" the money laundering counts).

## DEFINITION OF PROPERTY "TRACEABLE TO"

Property "traceable to" the proceeds of an offense includes property that was acquired or maintained with the proceeds.  For example, if someone uses the proceeds of a crime to buy a car, the car is regarded as property traceable to the proceeds.  The point is that the proceeds of an offense remain the proceeds of the offense even as they change from one thing to another.[69]

---

[69] *United States v. Bornfield*, 145 F.3d 1123, 1135–36 (10th Cir. 1998) ("[P]roperty "traceable to" means property where the acquisition is attributable to the money laundering scheme rather than from money obtained from untainted sources.  In other words, proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture as property "traceable to" the offense.  For example, if a defendant receives $500,000 in cash in a money laundering scheme and hides the cash in his house, the government may seize that money as property "involved in" the money laundering offense.  If, on the other hand, the defendant purchases a $500,000 item with that money, the government may seek the item purchased as property "traceable to" property involved in the money laundering offense.") (internal citations omitted); *United States v. Stewart,* 185 F.3d 112, 129-30 (3d Cir. 1999) (§ 982- tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering); *United States v. Hawkey,* 148 F.3d 920, 927-28 (8th Cir. 1998) (§ 982- property "traceable to" the laundering violation and any appreciation in value is forfeitable; entire motor home forfeitable even if untainted funds added to value of it); *United States v. Betancourt,* 422 F.3d 240 (5th Cir. 2005) (if defendant buys a lottery ticket with drug proceeds, the lottery winnings are traceable to the offense even though the value of the ticket appreciated enormously when it turned out to contain the winning number); *United States v. Swanson,* 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well); *United States v. Wittig,* 2006 WL 13158, at *2 (D. Kan. 2006) (court instructs jury that property "derived from" the proceeds of an offense means money or other property obtained using the money or other source of wealth gained as a result of the offense; property "traceable to" the offense means property whose acquisition was attributable to the offense rather than from untainted sources).

**INSTRUCTIONS ON GUILTY VERDICT AND PRIOR JURY INSTRUCTIONS**

All instructions previously given to you concerning your consideration of the evidence, other than instructions on the standard of proof, will apply during your supplemental deliberations concerning the forfeiture allegations.  These previous instructions include but are not limited to, instructions on the credibility of witnesses, your duty to deliberate together, and the necessity of reaching a unanimous verdict.

In your consideration of the forfeiture allegations, you are instructed that your previous determination that the defendant is guilty of [Count One, Count Two, and/or Count Three] charged in the Indictment is binding on this part of the proceeding.  Thus, you must not seek to discuss or reconsider the guilt or innocence of the defendant.

## EVIDENCE THAT MAY BE CONSIDERED

While deliberating, you may consider any evidence offered by the parties at any time during this trial.  Thus, you may consider any evidence offered during the guilt or innocence phase of the trial as well as any additional evidence offered during the forfeiture phase of the trial.[70]

---

[70] Fed. R. Crim. P. 32.2(b)(1) (court's determination may be based on evidence already in the record); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (the court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for government to reintroduce that evidence in the forfeiture hearing); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

## DISPOSITION OF FORFEITED PROPERTY

You are also instructed that what happens to any property that you find has a connection to a crime is exclusively a matter for the Court to decide.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.  Your only concern is to determine whether the government has established the requisite connection between the specific property and the defendant's crime(s).[71]

---

[71] Fed. R. Crim. P. 32.2(b)(2)(A) (providing that ownership issues are deferred to the ancillary proceeding); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"; therefore, jury's return of special verdict of forfeiture says nothing about the ownership of the property); *United States v. Wittig*, 2006 WL 13158, *3 (D. Kan. 2006) (court instructs jury that it is not to concern itself with anyone's ownership interest in the property, "as the jury's responsibility is solely to determine whether the Government has adequately proven the nexus between the offenses and the property").

**UNANIMOUS VERDICT**

Your verdict that these properties are subject to forfeiture must be unanimous; that is, you must reach a unanimous verdict as to each question on the special verdict form.