IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

     v.

**ROMAN STERLINGOV**,

       Defendant.

Criminal No. 21-CR-399 (RDM)

**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA BY NON-PARTIES
CHAINALYSIS INC., MICHAEL GRONAGER, JONATHAN LEVIN, AND YOULI LEE**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ......................................................................................................... 1

II.    ARGUMENT .............................................................................................................. 2

    A.    The Subpoenas Should Be Quashed Because Defendant Failed to Obtain
        Leave of the Court ............................................................................................ 2

    B.    Defendant's Fishing Expedition Does Not Satisfy Fed. R. Crim. P. 17(c)............. 2

    C.    Defendant Fails to Explain the Relevance of Any of the Voluminous
        Subpoenaed Materials ...................................................................................... 4

    D.    Defendant Has Failed to Show That the Subpoenas Seek Admissible
        Evidence........................................................................................................... 7

    E.    Defendant Has Failed to Show That Any of the Requests Are Specific ................ 8

    F.    Defendant's Opposition Confirms That the Subpoenas Are Unreasonable,
        Oppressive, and Intended to Harass ................................................................... 9

III.   CONCLUSION.......................................................................................................... 10

SF-4999163

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cheney v. United States Dist. Court,*
    542 U.S. 367 (2004)..........................................................................................3, 10

\* *United States v. Binh Tang Vo,*
    78 F. Supp. 3d 171 (D.D.C. 2015)..................................................................2, 8

\* *United States v. Fitzsimons,*
    342 F.R.D. 18 (D.D.C. 2022)......................................................................5, 7, 8

\* *United States v. Libby,*
    432 F. Supp. 2d 26 (D.D.C. 2006)...............................................................7, 8, 9

*United States v. Libby,*
    475 F. Supp. 2d 73, 83 (D.D.C. 2007) ..............................................................7

\* *United States v. Mendinueta-Ibarro,*
    956 F. Supp. 2d 511 (S.D.N.Y. 2013)................................................................4

\* *United States v. Nixon,*
    418 U.S. 683 (1974)............................................................................................3

*United States v. North,*
    708 F. Supp. 402 (D.D.C. 1989).........................................................................9

*United States v. Xiaoquing Zheng,*
    2020 WL 6287481 (N.D.N.Y. Oct. 27, 2020) ................................................5, 9

**Other Authorities**

Fed. R. Crim. P.
    17(c)(1) ...............................................................................................................2

SF-4999163

## I.      <u>INTRODUCTION</u>

Defendant Roman Sterlingov wants broad discovery from Chainalysis. His oppositions to the government's and non-parties Chainalysis' and its employees' (the "Chainalysis non-parties") motions to quash purported criminal pretrial subpoenas under Federal Rule of Criminal Procedure 17(c) make it clear that he seeks materials related to Chainalysis' media and investor communications, its proprietary source code, interaction with law enforcement, the government, researchers, and more without specifying any appropriate basis. Defendant's subpoenas demand production of materials in 81 categories, none of which are relevant to the charges of money laundering, operating an unlicensed money transmitting business, money transmission without a license, and money laundering conspiracy. Nor are the requests targeted at witnesses whom the government has disclosed will testify at trial. Defendant has not come close to satisfying his burden that these materials are relevant, admissible, and described with the specificity required. His only argument, instead, is that this Court should discard existing and controlling Supreme Court precedent. His invitation to ignore the law should be rejected and the Court should summarily quash his illegally issued subpoenas.

Without citing any law in support of his arguments, defendant in his opposition (the "Opposition") asks this Court to deny the Chainalysis non-parties' motion to quash purported criminal pretrial subpoenas under Rule 17(c). Defendant asserts without support that he need not seek the Court's leave in serving the subpoenas and asserts equally without support that the 81 sweeping civil discovery-style requests for "any and all" documents are relevant, admissible, and specific. Defendant ignores the legal framework for Rule 17(c) subpoenas and instead rests on conclusory generalizations about the materials requested. For the reasons the Chainalysis non-parties articulated in their motion to quash these subpoenas (the "Motion"), this Court should

SF-4999163

reject these unfounded arguments and grant the Motion.

Defendant has now had two opportunities – in both the opposition to the government's motion to quash and opposition to the Chainalysis non-parties' motion to quash – to explain the relevance and admissibility of these materials with the requisite specificity. He has failed to do so. Instead, the defendant makes vague arguments that these requests are necessary for his defense because Chainalysis software was used in the government's investigation. That does not come close to carrying his burden under Rule 17(c) and applicable Supreme Court law, and this Court should grant the Chainalysis non-parties' motion to quash.

## II.   <u>ARGUMENT</u>

### A.   The Subpoenas Should Be Quashed Because Defendant Failed to Obtain Leave of the Court

As the Chainalysis non-parties showed in their Motion, the express language of Rule 17(c) and case law in this district requires a party to seek court approval before issuing a pretrial Rule 17(c) subpoena. *See* Fed. R. Crim. P. 17(c)(1) ("**The court** may direct the witness to produce the designated items **in court** before trial or before they are to be offered in evidence. When the items arrive, **the court** may permit the parties and their attorneys to inspect all or part of them.") (emphases added); *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 178-79 (D.D.C. 2015) ("The Rule describes only one scenario under which a subpoena may be used to obtain pretrial production – when the Court so directs."). The Opposition ignores this law. The motion to quash should be granted on this basis alone to "protect[] against misuse or improvident use of such subpoenas." *Binh Tang Vo*, 78 F. Supp. 3d at 178 (citation omitted).

### B.   Defendant's Fishing Expedition Does Not Satisfy Fed. R. Crim. P. 17(c)

Instead of relying on the law, the Opposition suggests with no support that the Supreme Court's standard in *United States v. Nixon*, 418 U.S. 683 (1974) is outdated because it is a

"pre-internet era case." (ECF 103 at 8; *see also* ECF 97 at 17-18.) Nothing supports such a far-fetched notion. *Nixon* remains good law cited by district courts across the country today. Nor does the defendant's argument follow any logic in explaining why the standards of (1) relevancy, (2) admissibility, and (3) specificity should be any less applicable today than they were in 1974. The medium of the materials requested – whether hard copy documents, reel-to-reel tapes, emails, or source code – has nothing to do with whether they are relevant, admissible, and specific, and this Court should decline the defendant's invitation to make new law here. Defendant's request to ignore binding Supreme Court precedent actually demonstrates his lack of ability to satisfy its requirements. Why else argue binding law should be ignored?

The defendant's opposition to the government's motion to quash argues that *Nixon* would be unconstitutional should the Court hold that defendant's subpoenas do not satisfy the Supreme Court's factors. (ECF 97 at 11, 18.) In the Opposition to the Chainalysis non-parties' motion, the defendant similarly argues that *Nixon* does not supersede his constitutional right to put on a defense. (ECF 103 at 11, 15.) Again, no law supports this contention. No court has held that there is any constitutional right to discovery under Rule 17(c). Just the opposite: Rule 17(c) is decidedly "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). Defendant's arguments on this point are intended to distract the Court from analyzing whether the defendant has met his burden of "satisfy[ing] the] exacting standards of '(1) relevancy; (2) admissibility; (3) specificity.'" *Cheney v. United States Dist. Court*, 542 U.S. 367, 386 (2004) (quoting *Nixon*, 418 U.S. at 700).

At bottom, the defendant wants this Court to authorize a fishing expedition for broad categories of "any and all" documents relating to the Chainalysis non-parties' corporate

SF-4999163

activities, marketing, discussions with the media, and software source code. As explained in the Motion, granting the defendant's request would result in an end-run around Rule 17(c), because "[s]ubpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (citation omitted). Defendant still has provided no explanation for why he is entitled to these materials under Rule 17(c) despite now having had multiple opportunities to do so. The Court should grant the Chainalysis non-parties' motion to quash.

### C.   Defendant Fails to Explain the Relevance of Any of the Voluminous Subpoenaed Materials

Defendant has provided no explanation for the relevance of any of the materials the subpoenas seek apart from broad strokes gestures that Chainalysis and its employees had "direct involvement in this investigation." (ECF 103 at 9.) That bare-bones assertion does not meet the standard for relevance (or any other factor) under Rule 17(c). The Opposition refers to unspecified "errors and revisions to the Chainalysis Reactor software" in "early communications between Aaron Bice and Chainalysis." (*Id.*) It goes on to request testimony of those involved in the software's "use and marketing," arguing that the profit motive has led to an unsubstantiated "confirmation bias." (*Id.* at 10.)

There are numerous shortcomings here. First, the defendant has not explained the logical connection between seeking to understand the methodologies used to trace cryptocurrency transactions and reviewing software source code. Defendant appears to be seeking to question the methodologies underlying expert witness Elizabeth Bisbee's testimony (*see* ECF 103 at 12-13), who the government has disclosed is expected to testify on blockchain analysis (ECF 61 at 7-8), but any materials relevant to that endeavor are subject to discovery under Federal Rule of

Criminal Procedure 16(a)(1)(G), which governs expert witness disclosures. Defendant is not entitled to circumvent Rule 16 with a Rule 17(c) subpoena. *See, e.g.*, *United States v. Xiaoquing Zheng*, 2020 WL 6287481, at *10 (N.D.N.Y. Oct. 27, 2020) (quashing subpoena request directed at third party where government had complied with disclosure obligations under Rule 16(a)(1)(G) and the "Defendant has failed to specify any additional evidence he is entitled to"). The defendant now has Ms. Bisbee's expert report with an appendix of relevant bitcoin addresses (ECF 99 at 6), which can be used in conjunction with the publicly available blockchain to review Ms. Bisbee's analysis. The defendant has not indicated to the Court how Ms. Bisbee's expected testimony on "the clusters associated with Bitcoin Fog and with key darknet marketplaces" (ECF 61 at 8) identifies him rather than simply identifies that Bitcoin Fog was laundering proceeds of unlawful activity. Regardless, the defendant and his experts have full access to Reactor software. He has made no showing that Reactor's source code would be necessary in responding to Ms. Bisbee's testimony.

Second, the defendant's expectation about what may be produced in response to his subpoenas is insufficient as a matter of law to establish relevance. "The relevance prong is not satisfied merely because a defendant can articulate what they hope to find in the subpoenaed evidence." *United States v. Fitzsimons*, 342 F.R.D. 18, 21 (D.D.C. 2022) (granting motion to quash). The Opposition confirms that the defendant is casting an enormous net on no more than a hunch. (*See, e.g.*, ECF 103 at 9 ("Chainalysis appears to have circulated evidence in this case to outside third parties for analysis and presentation in a whitepaper . . . ."); *id*. at 12 ("The Defense expects that documents and testimony from Mr. Gronager will reveal a deep connection between the growth of Chainalysis and the investigation of this case."); *id*. at 13 ("Upon information and belief, [Jonathan Levin] was involved in the negotiations with Mr. Bice and Excygent, LLC that

resulted in its purchase by Chainalysis a few months after Mr. Sterlingov's arrest.").) Putting aside the vagueness of these assertions, the defendant admits that he is engaged in a fishing expedition based on expectations, not any reasonable likelihood that the subpoenaed materials contain what he hopes they do.

Third, the defendant's justifications for the relevance of the requests directed to Michael Gronager, Mr. Levin, and Youli Lee similarly fall far short of the required showing. The defendant cites no personal knowledge on the part of any of these individuals relevant to the criminal charges that will be the focus of trial. Rather, the defendant argues that because they are "heavily involved in the company's marketing and software" (ECF 103 at 3; *see also* ECF 97 at 12), the requests are relevant to showing "how the profit motive leads to pervasive confirmation bias" (ECF 103 at 14). Even accepting the defendant's misplaced logic, Chainalysis would have no more profit incentive in identifying this defendant versus anyone else. There is no indication that the defendant is a member of any group that suffers disproportionately from bias, and any speculative profit incentive would obviously be to locate the real perpetrator. In the case of Ms. Lee, the defendant asserts that he seeks testimony related to her Chainalysis employment negotiations. (*Id.*) Chainalysis' marketing, development initiatives, investor communications, acquisition activity, employment decisions, and the like – all of which the defendant requests – have nothing to do with the allegations in this case. Mr. Sterlingov faces charges including money laundering, operating an unlicensed money transmitting business, and conspiracy. (ECF 43.) Chainalysis' and its employees' marketing efforts have no bearing whatsoever on these charges. Again, to the extent that the defendant intends to challenge the methodologies of Ms. Bisbee – who the government has confirmed is the only Chainalysis employee it intends to call as a witness (ECF 99 at 6) – by raising questions about the alleged profit motive of the company

or other potential bias, he remains free to do so at trial. A Rule 17(c) subpoena may not be used to supplement disclosures required under Rule 16.

### D.   Defendant Has Failed to Show That the Subpoenas Seek Admissible Evidence

Nor has the defendant made any showing that the materials he seeks are admissible at trial. As the Motion explained, "Rule 17(c) may be used to obtain only evidentiary materials." *United States v. Libby*, 432 F. Supp. 2d 26, 30 (D.D.C. 2006) (citation omitted). The Opposition asserts that the evidence the defendant seeks goes to the "authenticity, integrity, and credibility of the evidence" that the government purportedly plans to introduce at trial. (ECF 103 at 9.) It further asserts that the defendant wishes to test "the conflict of interest between profit and justice" (ECF 103 at 13) and that the requested materials are necessary "for effective cross-examination" (ECF 97 at 15).

Those reasons do not satisfy the admissibility prong for pretrial production. Nor do they make sense. As a preliminary matter, "non-witness impeachment evidence . . . do[es] not qualify for admissibility under any rule of evidence." *Libby*, 432 F. Supp. 2d at 36 n.10. There is no indication that any of the four Chainalysis non-parties will be called as witnesses at trial. The government has indicated that it is not calling Mr. Gronager, Mr. Levin, or Ms. Lee as witnesses. (*See* ECF 99 at 6.) These witnesses would only be subject to examination if called by the defendant, but even then "a witness cannot be called for the primary purpose of impeaching that witness." *United States v. Libby*, 475 F. Supp. 2d 73, 83 (D.D.C. 2007) (citing *United States v. Johnson*, 802 F.2d 1459, 1466 (D.C. Cir. 1986)). Even putting that rule aside, the defendant would still not be entitled to seek impeachment materials from these individuals with a pretrial subpoena because there has not yet been any indication as to their testimony. *See Fitzsimons*, 342 F.R.D. at 22 (quashing pretrial subpoena because "impeachment evidence is also necessarily

dependent on how a given witness testifies"); *Binh Tang Vo*, 78 F. Supp. 3d at 181 (quashing

subpoena and explaining "statements ripen into evidentiary material for purposes of

impeachment only if and when the witness testifies at trial") (citing *United States v. Cuthbertson*,

630 F.2d 139, 144 (3d Cir. 1980)); *see also Libby*, 432 F. Supp. 2d at 37-38 (same). Nowhere

does the defendant carry his burden in actually showing how any of the 81 subpoena requests

would be admissible.

In addition, calling former AUSA Ms. Lee would be especially improper for the reasons

explained in the Motion (ECF 95 at 16) and in the government's motion in limine on this subject.

(ECF 64, ECF 80.) Aside from the irrelevance of any of Ms. Lee's negotiations relating to her

current employment at Chainalysis, which is the reason defendant gives in the Opposition for

seeking materials from Ms. Lee across 21 categories (*compare* ECF 103 at 14 *with* ECF 95-1 at

48-51), the defendant has not articulated how any material, were it relevant, could overcome the

attorney-client privilege or the DOJ's *Touhy* regulations.

The defendant has failed to point this Court to anything other than broad generalizations

that the materials he seeks are admissible. *See Fitzsimons*, 342 F.R.D. at 22 (quashing Rule 17(c)

subpoena because defendant failed to "direct[] the Court's attention to anything that would

suggest a reasonable likelihood that" the requested materials are admissible). That is patently

insufficient, and the Court should grant the motion to quash.

### E.      Defendant Has Failed to Show That Any of the Requests Are Specific

The Opposition effectively concedes that the 81 blanket requests the defendant issued are

not specific. Rather than explain how these requests are specific, the Opposition states circularly

that the requests "are specific to the subpoenaed parties' involvement in this investigation." (ECF

103 at 11.) In his opposition to the government's motion, the defendant asserts that "[t]he

numbered requests are tailored to each witness and the evidence in their custody, possession, or

8

control." (ECF 97 at 16.) Not at all. Each entity or individual received between 19 and 21 requests. (*See* ECF 95-1.) Nineteen of those requests are virtually identical across all four recipients. (*Id.*) Defendant's requests are not tailored to the individual recipient or the circumstances relevant to that recipient and are exactly the kind of "any and all," civil discovery-style requests that courts have repeatedly held are improper under Rule 17(c). *See, e.g.*, *United States v. North*, 708 F. Supp. 402, 404 (D.D.C. 1989) (denying motion for issuance of Rule 17(c) subpoena because party failed to "identify any material entry or practice" in notebooks it sought in "unduly broad" subpoena requests); *Xiaoqing Zheng*, 2020 WL 6287481, at *9 ("The Court agrees with [third-party recipient of subpoena] that this request, which again seeks 'all' documents and records, fails the specificity requirement.").

The Opposition ignores the relevant case law and offers only platitudes that the subpoenaed materials – although he cannot specify them, their relevance, or their admissibility – are necessary for Mr. Sterlingov's defense. This confirms that the defendant is engaging in the kind of "fishing expedition" that Rule 17(c) and the Supreme Court prohibit. "[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *Libby*, 432 F. Supp. 2d at 31 (citation omitted). The defendant's sweeping requests are entirely improper under Rule 17(c), and the Court should quash the subpoenas.

### F.     Defendant's Opposition Confirms That the Subpoenas Are Unreasonable, Oppressive, and Intended to Harass

The Motion showed that compliance with the defendant's subpoenas would be unreasonable and oppressive. The Opposition attempts to flip the burden by accusing Chainalysis of hiding its source code (ECF 103 at 9), but this accusation mischaracterizes the applicable law.

9

The burden remains on the defendant to show that he has met the *Nixon* standards. *Cheney*, 542 U.S. at 386. Chainalysis has no obligation to produce its source code or the myriad other requests the defendant seeks. The defendant has not cited a single case that ordered production in response to a Rule 17(c) subpoena akin to what he seeks here. As the Motion explained, the source code of Reactor is proprietary. Disclosure could additionally compromise ongoing criminal investigations and enable new methods to evade the technology.

The Opposition again confirms that the defendant's intent is to harass Chainalysis and distract from his case. The Opposition repeats the unfounded charge that Chainalysis is the Theranos of its field: "just like Theranos, it seeks to hide its core technology that it has used to raise . . . hundreds of millions of dollars from investors." (ECF 103 at 9.) Whatever the defendant's or defense counsel's views about Chainalysis' business model, such baseless accusations lend no support to its requests. Nor does defense counsel's threat to sue Chainalysis in its cover letter accompanying the subpoenas. (ECF 95-1 at 3.) These remarks do, however, show that the defendant is motivated by a desire to harass Chainalysis and obtain advance discovery in anticipation of civil litigation against the company. That is not a valid justification for issuing a Rule 17(c) subpoena and supplies a further reason to deny defendant's request.

## III.   **CONCLUSION**

For the reasons articulated in the Motion and in this Reply in support of the Motion, it is respectfully submitted that the Court should quash each of the subpoenas issued by defendant to Chainalysis and its employees.

Dated this 30th day of December, 2022.

Respectfully submitted,

MORRISON & FOERSTER LLP

10

SF-4999163

By:    */s/ William Frentzen*
       William Frentzen (D.C. Bar No. 1740835;
       *pro hac vice*)
       WFrentzen@mofo.com
       425 Market Street, 32nd Floor
       San Francisco, CA 94105
       Telephone: (415) 268-7000
       Facsimile: (415) 268-7522

       James M. Koukios (D.C. Bar No. 477072)
       JKoukios@mofo.com
       2100 L Street, NW, Suite 900
       Washington, DC 20037
       Telephone: (202) 887-1500
       Facsimile: (202) 887-0763

       OF COUNSEL:

       Michael Komorowski
       MKomorowski@mofo.com
       425 Market Street, 32nd Floor
       San Francisco, CA  94105
       Telephone: (415) 268-7000
       Facsimile: (415) 268-7522

       *Attorneys for Non-parties Chainalysis Inc.,*
       *Michael Gronager, Jonathan Levin, and*
       *Youli Lee*

SF-4999163