# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROMAN STERLINGOV.

        Defendant.

**No. 21-cr-399 (RDM)**

Hon. Randolph D. Moss

## DEFENDANT'S NOTICE OF INTENT TO PRESENT EXPERT TESTIMONY

Defendant Roman Sterlingov by and through counsel, and under Fed. R. Evid. 702, 703, and 705, and Federal Rules of Criminal Procedure R. 16, hereby provides notice of his intent to introduce expert testimony at his January 13, 2023, hearing on his Motion to Release Untainted Seized Assets, his April 12, 2023, Daubert Hearing, as well as at trial. The witness listed below possesses special skills and knowledge that will assist the Court and jury in understanding the evidence in this case. The Defense hereby provides notice of the anticipated testimony of Jeff Fischbach. Jeff Fischbach's testimony should be considered expert testimony under Rule 902. His curriculum vitae has been sent to the Court and the Government via email.

## INTRODUCTION

The Government charges Mr. Sterlingov with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(A), (B); Operating an Unlicensed Money Transmitting Business and Aiding and Abetting, in violation of 18 U.S.C. § 1960(a) and 18 U.S.C. § 2; and Money Transmission Without a License, in violation of D.C. Code § 26-1023(c).

The forensics evidence in this case turns on proprietary blockchain forensic software implementing unscientific, non-peer-reviewed heuristics that go beyond any information available on the public blockchain. It also involves the application of computer forensics in relation to attributions made using I.P. addresses, The Onion Routing Network (TOR Network), and matters of general computer forensics that are likely not within the common knowledge of the average juror. The lack of any forensic evidence indicating Mr. Sterlingov ever operated Bitcoin Fog, and its complete absence from any of the seized electronic devices, storage devices, notes, and diaries, also go directly to the validity and integrity of the Government's forensic investigation. This will be the first time that the Government's forensics in a blockchain case like this will face serious adversarial testing. Mr. Fischbach's expert testimony is crucial to demonstrating the Government's flawed forensics and glaring omissions when it comes to its case.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Expert testimony is appropriate if specialized knowledge will assist the jury "to understand the evidence or to determine a fact in issue." *United States v. Eiland*, No. 04-379 RCL, 2006 WL 2844921, at *5 (D.D.C. Oct. 2, 2006) *aff'd*, 738 F.3d 338 (D.C. Cir. 2013).

A witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id*. (citing Fed. R. Evid. 702).

In order to qualify as an expert and offer expert testimony, a witness must possess "knowledge, skill, experience, training, or education" on the subject about which he is testifying. Fed. R. Evid. 702.

## WITNESS

Mr. Sterlingov intends to call **JEFF FISCHBACH** as an expert witness. His qualifications, along with review and analysis of relevant records, reports, facts, and evidence, set forth the bases for his testimony.

### 1. Jeff Fischbach

Jeff Fischbach
Forensic Technologist
SecondWave, Inc.
9909 Topanga Canyon Boulevard, #205
Chatsworth, California
91311
(818) 773-0400 x34

Mr. Fischbach may be contacted through undersigned counsel.

Mr. Fischbach's testimony is based on his review of discovery in this case, and his experience as a Board Recognized Forensic Examiner specializing in computer forensics, information communication, stored data, and electronic location technologies. Mr. Fischbach is an expert in these fields for over twenty-five years and has consulted on, and testified in, municipal, federal and military court, both domestic and foreign, in dozens of cases involving computer forensics and digital evidence. Mr. Fischbach routinely lectures and provides training in his areas of expertise to civilian attorneys, law enforcement, and judges throughout North America.

Mr. Fischbach is the founder and President of SecondWave, Inc., a technology consulting firm specializing in forensic technology, evidence preservation, and authentication. Mr.

Fischbach has expert-level knowledge of Windows, MacOS, Linux, iOS and Android operating systems. He has qualified in numerous courts as a computer, internet, cellular and satellite expert. He has previously been granted national security clearance by the United States Department of Justice.

At the January 13th, 2023, hearing on the Defendant's motion to release untainted seized assets, we expect Mr. Fischbach to testify regarding the following.

1. That the Government's forensic conclusions are based on forensics that have not been peer-reviewed.

2. That the Government has failed to produce any evidence that demonstrates Mr. Sterlingov operated the Bitcoin Fog onion bitcoin mixing site.

3. The general cost in money and labor involved in mounting an effective defense in the face of the Government's forensic allegations.

4. Mr. Fischbach has over a decade of experience with various cryptocurrencies, as well as with methods of buying, selling, mining, and valuation, and may be asked to testify as to that experience relative to evidence or opinions presented by the Government.

5. As necessary, we also anticipate Mr. Fischbach testifying in rebuttal to the Government's anticipated expert testimony.

The Defense will update this disclosure as necessary for the Daubert Hearing and trial and will provide the Government with any expert report from Mr. Fischbach, should he write one.

## CONCLUSION

The Defense respectfully submits that the testimony of the above witnesses will assist the jury in the processes of understanding the evidence in this case.

Dated: January 10, 2023
New York, New York

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail, and that Mr. Fischbach's CV was separately sent to the Court and the government via email:

<u>s/ Tor Ekeland</u>

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov