UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

*United States of America*,

                        Plaintiff,

                                                **21 - CR - 399 (RDM)**

*v.*

*Roman Sterlingov*,

                        Defendant.

_____

**Reply to Government's Opposition to Defendant's Supplemental Motion to Free Untainted Seized Assets**

**Table of Contents**

Introduction ................................................................................................................................. 3

Procedural Posture ..................................................................................................................... 5

Argument .................................................................................................................................... 5

I.    90% of Mixed Bitcoin Are Legitimate ........................................................................ 5

II.    The Government has Spent Millions of Dollars on its Prosecution Yet Maintains that Mr. Sterlingov can Defend Himself on the Cheap .................................................................. 7

III.    This Case is Unique for its Lack of Corroborating Evidence ............................................. 8

IV.    *United States v. Kaley* is Inapposite ................................................................................. 8

V.    Mr. Sterlingov Does not Waive His Fifth Amendment Rights.......................................... 10

Conclusion ................................................................................................................................ 10

## Introduction

To date, the Government fails to identify a single crime tied to Mr. Sterlingov. Nor is there a single piece of evidence that Mr. Sterlingov ever operated Bitcoin Fog. No evidence shows that any of the funds the Government seized are illicit. There is only conjecture. Using a mixing service is not illegal in and of itself. The Government's own expert, Chainalysis Inc. ("Chainalysis"), reports that 90% of Bitcoin mixing is for entirely legitimate privacy and security concerns. Mr. Sterlingov never denied being a legitimate user of Bitcoin Fog, just like countless others. He never operated it and there is zero evidence that he did. Just like there is zero evidence that any of Mr. Sterlingov's assets are illicit. He only mixed his own legitimately earned funds before depositing them into his own legitimate accounts, like his Kraken account.

  The Government bases its case on a clearnet website registration from over a decade ago. An entirely legal act misattributed to Mr. Sterlingov, well outside the statute of limitations, entirely legal, and having nothing to do with the operation of Bitcoin Fog. Mr. Sterlingov is charged with being the operator of Bitcoin Fog for a decade, yet the Government cannot point to a single piece of evidence showing him operating it. Despite seizing his computers, phones, hard drives, diaries, and notes, the Government has not brought forth a single piece of corroborating evidence for their numbers game.

  That's what makes this case unlike any blockchain case before it. Unlike in *Harmon*, where there was corroborating digital and photographic evidence, the lack of corroborating evidence to support the Government's case here is astounding.

  Mr. Sterlingov has never denied that he was a user of Bitcoin Fog. No one from the Government bothered to ask him, just like no one in the Government bothered to do any real investigation into him and his life. The Government argues that there is no way Mr. Sterlingov

could have had the money he did to invest in bitcoin from working at his job, while ignoring the obvious fact that most of his wealth comes from the rapid appreciation of Bitcoin during the relevant period almost a decade ago. A small amount invested at this time yields a large return. The Government's evidence shows this.

Blockchain tracing isn't an identification technology - it doesn't identify the entities or persons behind a transaction. External investigation is required. A key blockchain heuristic at the crux of this case - clustering - requires external validation to establish its transitive relation to an entity or individual. Otherwise it is simply a guess. Tracing, without more, doesn't identify whether funds are criminal or not. And cluster attributions, whether to Bitcoin Fog, Silk Road, Agora or the like differ depending on what blockchain software is used. Heuristics are a type of guessing game and are dependent on external verification for their validity. That is what is entirely missing in this case.

The Government postulates that all mixer users are criminals by the mere act of mixing. This is no different than holding an innocent bank depositor criminally liable because a criminal deposited illicit funds into the same bank.

The Government misreads Mr. Sterlingov's 2016 communications with BitStamp as an admission of guilt. But Mr. Sterlingov's communications with BitStamp were about the funds that he had in BitStamp, not funds Mr. Sterlingov maintained in other cryptocurrency accounts. The Government constantly interprets things out of context in this case because it never bothers to investigate the actual context. It is so in love with its new technology that it ignores more mundane, basic investigative techniques. The Government wants Mr. Sterlingov to somehow be misleading a financial institution when a plain reading of the communications reveals him to be

honest and forthright. He gave an honest answer that the institution was free to follow up on, or even deny him access.

This all occurred while Mr. Sterlingov was in Sweden. Nowhere near Washington, D.C. Likewise, there is not a shred of evidence that Mr. Sterlingov ever did any type of business in the District of Columbia. Venue in this case is entirely manufactured by the Government.

This Court should release Mr. Sterlingov's assets because there is no evidence that they are illicit, and he needs them to mount a legal defense against the Government's multi-million-dollar, multi-year investigation and prosecution.

## Procedural Posture

On August 1, 2022, undersigned counsel filed a Motion for Release of Funds.[1] On August 29, 2022, the Government filed its Opposition.[2] On December 2, 2022, the Court asked for supplemental briefing as to the seized assets, set a briefing schedule, and set the matter for a hearing on January 13, 2023.[3] On December 21, 2022, the Defense filed a Supplemental Motion to Free Untainted Seized Assets.[4] On January 6, 2023, the Government filed its Opposition.[5] This reply follows.

## Argument

### I.  90% of Mixed Bitcoin Are Legitimate

It is not illegal to "mix" or "tumble" cryptocurrency. Countless legitimate users of cryptocurrency do so daily. What the Government is doing here is dangerous. According to

---

[1] (Dkt. No. 48).
[2] (Dkt. No. 53).
[3] (*See* Dkt. Dec. 2, 2022, (ordering hearing on seized assets on Jan. 13, 2023)).
[4] (Dkt. No. 101).
[5] (Dkt. No. 106).

Chainalysis most cryptocurrencies people tumble have no connection to crime. In a 2019 webinar, "Cryptocurrency Typologies: What You Should Know about Who's Who on the Blockchains," Chainalysis states that "users of mixing services mostly leverage [mixers] for privacy reasons."[6] Here is Chainalysis' visualization of the flow of funds into crypto mixers like Bitcoin Fog:



The Government is silent on this point in its Opposition. All the evidence in this case is consistent with Mr. Sterlingov's innocence and with what he says in his Declaration. Mr. Sterlingov mixes his Bitcoin for the same reasons most people using crypto mixers do - to protect his privacy and assets. There is no evidence that any of Mr. Sterlingov's funds are the proceeds of any crime. As argued in his Supplemental Motion, simply saying the funds in Mr. Sterlingov's Kraken accounts are associated with "clusters" of Bitcoin Fog addresses is not

---

[6] Aaron Van Wirdum, *Chainalysis: Most Mixed Bitcoin Not Used for Illicit Purposes*, Bitcoin Magazine (Aug. 26, 2019) available at, https://bitcoinmagazine.com/articles/chainalysis-most-mixed-bitcoin-not-used-for-illicit-purposes (last accessed Dec. 21, 2022).

enough. Clustering is a heuristic process involving guessing and requiring external validation. Even if Mr. Sterlingov ran Bitcoin Fog for a decade, for which there is no evidence, by Chainalysis' own analysis only about 10% of cryptocurrency sent to mixers like Bitcoin Fog involve criminal activity.

As argued in his Supplemental Motion, a review of Mr. Sterlingov's Kraken accounts demonstrates this.[7] There are only 84 deposits on it (in the incomplete version produced by the Government). Mr. Sterlingov rarely, if ever, exchanged Bitcoin for U.S. currency and all U.S. dollar amounts in the pleadings are the Government's calculations.[8] In 2014 you can see him depositing his money, and over the course of time the deposits dwindle as Mr. Sterlingov lives off the capital gains from his investments.

The Government arrests Mr. Sterlingov out of the blue at LAX and has jailed him ever since. Six thousand miles away from his home, and two hours away from this court, in a rural Virginia jail where it is difficult to communicate with the outside world. Then the Government complains about his financial disclosures.

## II.     The Government has Spent Millions of Dollars on its Prosecution Yet Maintains that Mr. Sterlingov can Defend Himself on the Cheap

Undersigned counsel has been litigating federal criminal computer cases for the last decade in federal courts across the country. The Government's notion that it is somehow inexpensive to defend oneself against a multi-million-dollar prosecution is unrealistic. The Government's own lavish spending on Chainalysis contradicts its position that somehow blockchain forensics experts are inexpensive.

---

[7] The Government's spreadsheet of Mr. Sterlingov's Kraken accounts could not be easily attached as an exhibit, it is available from the Defense upon request by the Court or the Government.
[8] (*See* Decl. of R. Sterlingov at ¶ 56 (Dkt. 101, Ex. A)).

## III.  This Case is Unique for its Lack of Corroborating Evidence

The Government cites to *United States v. Harmon*.[9] But Harmon took a plea in a case involving corroborating evidence from his computer, as well as photographic evidence tying him to the Helix administrator panel at issue in the case. Here, the Government has zero corroborating evidence. Everything is a hop, skip, jump and a guess far removed from any direct connection to Mr. Sterlingov. The Government says without irony in its Opposition that the lack of "references to "Bitcoin Fog" or "Fog" in his notes or devices is…conspicuous."[10] Indeed.

Almost the entirety of the Government's case turns on a completely legal registration of a website in 2011 in Sweden. The Government admits it does not know the origin of Mr. Sterlingov's funds. But as Mr. Sterlingov made clear in his Declaration, this is simply the transfer of his own legitimate funds through Bitcoin Fog to Kraken accounts held in his own name. The funds did not "originate" or "derive" from Bitcoin Fog. They originated from Mr. Sterlingov's legitimate work in Sweden and he mixed his cryptocurrency before depositing it into his Kraken accounts for privacy and security concerns, like countless other people.

## IV.  *United States v. Kaley* is Inapposite

*Kaley* is inapposite here. The sole issue in *Kaley* is whether the defendant can challenge the probable cause determination of a grand jury. *Kaley* does not hold that a Defendant can't challenge the seizure of his assets because they are not illegal proceeds. *Kayley* does not overturn *Monsanto*, and given that this Court has already ordered a hearing in accordance with *Monsanto*, the Government's argument is moot. What the Government is arguing here is that it can seize a

---

[9] *United States v. Harmon*, 474 F. Supp. 3d 76, 85 n.5 (D.D.C. 2020).

[10] (Dkt. No. 106 at 12).

defendant's assets merely upon indictment. This is not constitutional. The Government has no right to seize legitimate funds to prevent a defendant from mounting a complete defense.

Mr. Sterlingov is not challenging the Grand Jury's probable cause determination. Rather, in accordance with *Monsanto*, Mr. Sterlingov challenges the Government's conclusory allegations that his seized assets are the illicit proceeds of a crime. Those are two different things.

The Government's position stands in tension with the fundamental principal that a Defendant is innocent until proven guilty. If the Government can seize assets solely based on the Grand Jury's probable cause determination, no defendant will ever be able to use their assets for defense because the Government will simply seize a defendant's assets upon a Grand Jury indictment. Thankfully that is not the law, as *Monsanto* demonstrates. As *Monsanto* holds, there is a whole other issue to be considered - whether the seized assets have anything to do with crime.

The dissent in *Kaley* notes the danger of allowing the unrestrained, wholesale seizure of a defendant's assets by the Government:

> Federal prosecutors, when they rise in court, represent the people of the United States. But so do defense lawyers – one at a time. In my view, the Court's opinion pays insufficient respect to the importance of an independent bar as a check on prosecutorial abuse and government overreaching. Granting the Government the power to take away a defendant's chosen advocate strikes at the heart of that significant role. I would not do it, and so I respectfully dissent.[11]

---

[11] *United States v. Kaley*, 134 S. Ct. 1090, 1114-15 (2014) (Roberts, J. dissenting, joined by Breyer, J., and Sotomayor, J.).

## V.     Mr. Sterlingov Does not Waive His Fifth Amendment Rights

The Government has essentially coerced Mr. Sterlingov into testifying about his assets for him to have a chance of mounting a defense. This is not a waiver of his Fifth Amendment rights. He has no choice when he is facing a potential sentence of fifty years to life for something he never did. If he remains silent there is no chance that he will be able to afford the expensive forensics experts necessary to challenge the Government's junk heuristic science. The Government confuses Mr. Sterlingov's normal usage of a bitcoin mixer with validation of its vaguely defined tracing methodologies. That does not follow, but that is an issue for the *Daubert* Hearing scheduled for April where the Defense will challenge the Government's unscientific, speculative, and conclusory numbers game.

Mr. Sterlingov will testify at his hearing to release his funds as to the real source of his funds. His hard work and luck in getting into cryptocurrency early, right before its rapid appreciation.

## Conclusion

This Court should release all of Mr. Sterlingov's assets for the sole purpose of paying his legal fees and costs because he has no other way of paying for them. None of his assets are the proceeds of any crime; they are the results of him, as an early adopter of Bitcoin, investing his paychecks and reaping the gain when Bitcoin's value skyrocketed. There is no evidence demonstrating otherwise.

Dated: January 11, 2023							Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

## Certificate of Service

I hereby certify that on the 11th day of January 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov