UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE AND MOTION FOR ORDER TO SHOW CAUSE REGARDING ONGOING VIOLATIONS OF LOCAL CRIMINAL RULE 57.7(b)**

The United States of America, by and through the United States Attorney for the District of Columbia, hereby provides notice of apparent ongoing violations of Local Criminal Rule 57.7(b), and respectfully moves for an Order To Show Cause why the Court should not enter an order pursuant to Local Criminal Rule 57.7(c) to preclude the defense from making extrajudicial statements to the media or public audiences that are likely to have a substantially prejudicial effect on this case.

**ARGUMENT**

**A. Defense Counsel Have Made Inflammatory and Inaccurate Extrajudicial Statements on the Merits of this Pending Criminal Case in Violation of Local Criminal Rule 57.7(b)**

The government, no less than the defendant, has a right to a fair trial with an unbiased jury. Local Criminal Rule 57.7(b) serves to protect the integrity of the judicial process and protect both the rights of the public and the defendant to a fair and impartial jury. The Rule provides that a lawyer associated with a case "shall not release" any extrajudicial statement to be disseminated by means of public communication, relating to *inter alia* "the merits of the case or the evidence in the case." LCrR 57.7(b)(3). It also imposes a "duty" on a lawyer "not to release" information or opinion relating to a pending criminal case "if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of

justice." LCrR 57.7(b)(1).  It further provides that a lawyer "shall not release or authorize the release of any extrajudicial statement" to the press concerning the identity of prospective witnesses, any opinion as to the accused's guilt or innocence, any opinion concerning the merits of the case, or any opinion concerning the evidence in the case.  LCrR 57.7(b)(3).  It is a practical impossibility for either the Court or any party to effectively monitor and review all possible forms of public media or other means by which improper public statements might be conveyed.  As officers of the Court, the attorneys in this case must operate to a significant degree on an honor system.

Despite these clear prohibitions, defense counsel have made numerous inaccurate and inflammatory statements on podcasts, speaking engagements, and in their Twitter feeds relating to the merits of this case.  As detailed in the government's Motion To Quash Subpoena to Government Prosecutor, to be filed concurrently with this motion, defense counsel have engaged in *ad hominem* attacks and misrepresentation of the facts relating to one of the government prosecutors on this case, Trial Attorney C. Alden Pelker.  In addition to those comments—which are incorporated by reference herein—defense counsel have made other inflammatory, inaccurate, and *ad hominem* statements, including among others:

- "They're talking to the press the entire time, they talked to a senior reporter for WIRED magazine known as Andy Greenberg . . . ."[1]

- "We've mentioned Andy Greenberg, he was the author, he is the author of Tracers in the Dark as well as a WIRED reporter who has been covering this case from the

---

[1] *Roman Sterlingov – Profits over Justice*, YouTube (May 7, 2023), at 22:28-28:42, available at https://www.youtube.com/watch?v=Gjj71IMXaAA.  Contrary to the defense team's false allegation, none of the members of the prosecution team have communicated case-related details to Andy Greenberg about this case.  Mr. Greenberg's book principally concerns other, unrelated cryptocurrency cases.

beginning. Now one thing that's interesting about his book is that it's been optioned for a Hollywood movie . . . So there is a layer as well of not only does this cast of characters have dollar signs in their eyes but they also have stars in their eyes."[2]

- "This whole case is just layered with everybody had stars in their eyes, they have dollar signs in their eyes, they're doing it for profit, they're doing it for their careers. And that's why we named our speaking tour in Europe, that we just got back from, 'Profits Over Justice: the Disturbing Bitcoin Prosecution of Roman Sterlingov.'"[3]

- "And Zia Faruqui, who was also a prosecutor on this case before the current ones. And he's now a Magistrate Judge in the District where Roman is being tried, and he's made repeated decisions that favor blockchain analysis by private companies and favors Chainalysis's position."[4]

- "It's all about the fantasies and the profit motive and the quest for status of the investigators, and has little really to do with Roman Sterlingov, who they could really just give a sh** about."[5]

- "These people are all status-obsessed, because another subplot in this whole convoluted story is they've all been talking to the press, and Andy Greenberg for his book, for a couple years before the arrest. . . . And people are in magazines,

---

[2] *Id.* at 34:10.

[3] *Id.* at 35:43.

[4] *Id.* at 33:50.

[5] *Id.* at 50:10.

and they're doing conferences, and you know, they're—it's obscene. I consider this prosecution a vanity prosecution and I consider it an obscenity."[6]

- "DOJ is just high school with guns."[7]

- "What they're doing is they put an innocent man in jail for their f***ing vanity project and for their bank accounts."[8]

- "One of the things the government has done, is they've reached out to their contractors. So one of their contractors is a man named George Kappos, and he's a PhD student in England . . . It looks like Chainalysis reached out to George Kappos to write a paper and then gave him all the information related to Roman's investigation, which is subject to a protective order, by the way."[9]

Defense counsel's Twitter feeds likewise contain a stream of commentary on the merits of this case and *ad hominem* attacks. *See* https://twitter.com/TorEkelandPLLC; https://twitter.com/mikehassard. Based on a review of these feeds, it appears that defense counsel have been engaged in speaking tours of Europe, Mexico, and locations within the United States intended to drum up media interest (and private donations) in this case.

In sum, defense counsel appear to be engaged in ongoing, willful violation of Local Criminal Rule 57.7(b).

---

[6] The Vonu Podcast, *TVP #184: ChainAnalysis Coercion & Quack Science: The Troubling Case of Roman Sterlingov with Tor Ekeland, Mike Hassard, & SW from Samourai Wallet* (Apr. 29, 2023), at 24:13, available at https://vonupodcast.com/tvp-184-chainanalysis-coercion-quack-science-the-troubling-case-of-roman-sterlingov-with-tor-ekelend-mike-hassard-sw-from-samourai-wallet/.

[7] *Id.* at 41:20.

[8] *Id.* at 44:00.

[9] *Id.* at 47:05. None of defense counsel's speculation relating to George Kappos appears to be based on any fact. Neither the government nor Chainalysis (to the government's knowledge) asked Mr. Kappos to write a paper or provided any investigative materials to him.

### B. The Court Should Enter an Order Pursuant to Local Criminal Rule 57.7(c) To Preclude the Defense from Making Prejudicial Extrajudicial Statements

Local Criminal Rule 57.7(c) permits the Court "[i]n a widely publicized or sensational criminal case" to "issue a special order governing such matters as extrajudicial statements by parties, witnesses and attorneys likely to interfere with the rights of the accused to a fair trial by an impartial jury." The Supreme Court has made clear that as a prior restraint of speech, such orders against trial participants, including trial attorneys, require a showing of a likelihood of material prejudice to a defendant's fair trial, not merely publicity or sensationalism. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1051 (1991). The D.C. Circuit has not settled on the precise standard a court must apply in determining whether extrajudicial statements are "likely to interfere with the rights of the accused to a fair trial by an impartial jury," so as to warrant a Rule 57.7(c) order. *See In re Halkin*, 598 F.2d 176, 193, n.42 (D.C. Cir. 1979) (recognizing competing standards but opting not to decide), *abrogated in part by Seattle Times v. Rhinehart*, 467 U.S. 20 (1984); *United States v. Morrow*, 2005 LEXIS 8330, at *20-21 (D.D.C. Mar. 21, 2005) (recognizing Circuit split in interpreting similar rules relating to issuance of orders restricting extrajudicial statements). The case law suggests three possible standards, from most to least strict: (1) a clear and present danger (or serious and imminent threat),[10] (2) a substantial likelihood of material prejudice,[11] or (3) a reasonable likelihood of material prejudice.[12] The "substantial

---

[10] *See, e.g.*, *United States v. Ford*, 830 F.2d 596, 598-599 (6th Cir. 1987) (clear and present danger); *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242, 249 (7th Cir. 1975) ("serious and imminent threat"); *Levine v. U.S. District Court*, 764 F.2d 590, 595-596 (9th Cir. 1985) ("either a clear and present danger or a serious and imminent threat").

[11] *See, e.g.*, *United States v. Scarfo*, 263 F.3d 80, 93-94 (3d Cir. 2001) ("substantial likelihood of material prejudice"); *United States v. Brown*, 218 F.3d 415, 427 (5th Cir. 2000) (same).

[12] *See, e.g.*, *In re Morrissey*, 168 F.3d 134, 139 (4th Cir. 1999) ("reasonable likelihood" of prejudice); *In re Russell*, 726 F.2d 1007, 1010-1011 (4th Cir. 1984) ("reasonable likelihood" of prejudice); *United States v. Tijerina*, 412 F.2d 661, 666 (10th Cir. 1969) (same); *United States v. Stanford*, Case No. H-09-CR-342, Dkt. 307 at 5 (Unpublished, S.D. Tex. Sept. 30, 2010) ("may

5

likelihood" standard is consistent with the guidance provided by the Department of Justice to its employees. Justice Manual § 1-7.600 ("DOJ personnel shall not make any statement or disclose any information that reasonably could have a substantial likelihood of materially prejudicing an adjudicative proceeding.").

Here, under any standard, an order governing extrajudicial statements by the parties is warranted. Defense counsel have made numerous public statements on the merits of this case on podcasts, at live public speaking events, and in their online Twitter feeds. These statements include opinions and out-of-court arguments about the case. They include wildly inaccurate characterizations of the facts and evidence, and falsely allege improper disclosures to the media on the part of the prosecution team. They are rife with unfair and inaccurate *ad hominem* attacks against government prosecutors, agents, and investigators. These statements pose a clear and present danger of materially prejudicing a fair trial and administration of justice in this case.

## **CONCLUSION**

For the foregoing reasons, the Court should order a hearing on the defense team's extrajudicial statements regarding this case and order the defense to show cause why an order should not be entered to preclude the defense from making extrajudicial statements to the media or public audiences regarding this case.

---

be reasonably expected or have the potential to interfere with a fair trial or prejudice the defendant").

                    Respectfully submitted,
                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
            Christopher B. Brown, D.C. Bar No. 1008763
            Assistant United States Attorney
            U.S. Attorney's Office for the District of Columbia
            601 D Street, N.W.
            Washington, D.C. 20530
            (202) 252-7153
            Christopher.Brown6@usdoj.gov

            */s/ C. Alden Pelker*
            C. Alden Pelker, Maryland Bar
            Trial Attorney, U.S. Department of Justice
            Computer Crime & Intellectual Property Section
            1301 New York Ave., N.W., Suite 600
            Washington, D.C. 20005
            (202) 616-5007
            Catherine.Pelker@usdoj.gov