UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>　　　　Defendant. | No. 21-cr-399 (RDM) |

**DEFENDANT'S NOTICE AND MOTION FOR ORDER TO SHOW CAUSE REGARDING ONGOING VIOLATIONS OF LOCAL CRIMINAL RULE 57.7(b)**

Defendant Roman Sterlingov, by and through his attorneys, hereby provides notice of ongoing violations of Local Criminal Rule 57.7(b) by the Government, and moves for an Order to Show Cause why the Court should not enter an order under Local Criminal Rule 57.7(c) to preclude the Government, its investigators, and its agents from making extrajudicial statements to the media or the public, that have a reasonable likelihood of denying Mr. Sterlingov his right to a fair trial. Mr. Sterlingov also requests the Court order the Government to cease publicly circulating evidence in this trial subject to the protective order the Defense agreed to.

## ARGUMENT

**A. The Government Has Made Inflammatory and Inaccurate Extrajudicial Statements on the Merits of this Pending Criminal Case in Violation of Local Criminal Rule 57.7(b)**

The Defendant has a right to a fair trial with an unbiased jury. Local Criminal Rule 57.7(b) protects the integrity of the judicial process and protects both the rights of the public and the Defendant to a fair and impartial jury. The Rule provides that a lawyer associated with a case shall not make public extrajudicial statements the there is a reasonably likelihood would impact

the Defendant's right to a fair trial.[1] It further provides that a lawyer "shall not release or authorize the release of any extrajudicial statement" to the press concerning the identity of prospective witnesses, any opinion as to the accused's guilt or innocence, any opinion concerning the merits of the case, or any opinion concerning the evidence in the case.[2] It is impossible for the parties to effectively monitor and review all possible forms of public media or other means by which improper public statements might be conveyed. As officers of the Court, the Prosecutors in this case must operate to a significant degree on an honor system.

      a. *Tracers in the Dark: The Global Hunt for the Crime Lords of Cryptocurrency by Andy Greenberg*

Despite these prohibitions, the Government has made numerous inaccurate and inflammatory statements in the mainstream media and academia. In November 2022, Doubleday, a division of Penguin Random House, LLC, New York, published Andy Greenberg's book, *Tracers in the Dark: The Global Hunt for the Crime Lords of Cryptocurrency* that specifically discusses this case. Members of the prosecutorial and investigative teams on this case appear in the index for the book and gave Mr. Greenberg extensive interviews over a long period of time.

The book contains substantial material information about this case that the Government did not disclose anywhere in discovery including a conversation between the arresting officers and Mr. Sterlingov upon his arrest at LAX.[3] The entire book is a propaganda campaign for the Government to promote its chosen blockchain forensics vendor, Chainalysis Inc., substantially prejudicing Mr. Sterlingov thereby. By placing Mr. Sterlingov's case in the book, before he has even gone to trial, he has been tarred and feathered as a global crime lord of cryptocurrency. The damage materially impacts Mr. Sterlingov's right to a fair trial anywhere in the United States.

---

[1] LCrR 57.7(b)(3); LCrR 57.7(b)(1).
[2] LCrR 57.7(b)(3)
[3] *Tracers in the Dark: The Global Hunt for the Crime Lords of* Cryptocurrency, Andy Greenberg, Doubleday (2022) at 290-91.

Arresting officer Tigran Gambaryan features prominently in the book as its main character. The book portrays Mr. Sterlingov's arrest, describing how arresting officers Tigran Gambaryan and Matt Price drove through the night from Fresno to Los Angeles International Airport to arrest Mr. Sterlingov, and how Mr. Gambaryan spoke to Mr. Sterlingov in Russian, apparently not even knowing that he spoke English.[4]

The book insinuates that Mr. Sterlingov was the founder and operator of Bitcoin Fog for years and glorifies Chainalysis's role in other blockchain prosecutions in which the defendants pled guilty.

Prosecutor Catherine Pelker appears repeatedly in the book. Chapter 21 of the book details Ms. Pelker working with arresting officer Tigran Gambaryan, and how together they opened an investigation into BTC-e, a cryptocurrency platform that the Government is attempting to tie to Mr. Sterlingov.[5] Chapter 40 details Ms. Pelker's participation, alongside Mr. Gambaryan and an IRS investigator on this case, Aaron Bice, in seizing the servers for BTC-e.[6] Despite being integral to the Government's case against Mr. Sterlingov, the Defense has yet to receive substantial discovery regarding the BTC-e servers, their chain of custody, or details on potential data manipulation. Chapter 47 of the book details Ms. Pelker's participation, again with arresting officer Tigran Gambaryan, in employing "Chainalysis'…ultra-secret 'advanced analysis' trick"[7] to pinpoint IP addresses, just as they purportedly did in the present case. The Government has not disclosed "Chainalysis'…ultra-secret 'advanced analysis' trick"[8] to the defense for evaluation.

---

[4] *Id.* at 291.
[5] *Id.* at 127.
[6] *Id.* at 248.
[7] *Id.* at 287.
[8] *Id.*

The book wrongfully labels Mr. Sterlingov as the operator of Bitcoin Fog, due in large part to the Government's years of communication with its author. Defense attorney Tor Ekeland was able to mitigate some of the damage done to Mr. Sterlingov's pre-trial assumption of innocence by getting a quote into Mr. Greenberg just days after finding out about the book, just before the final editorial deadline. Mr. Ekeland is quoted in the book saying "Our review of the blockchain analysis tells a different story. I'm convinced Mr. Sterlingov has been unjustly accused, and we look forward to taking this matter to trial as soon as possible."[9] Despite communicating with Mr. Greenberg for years, no one from the Government informed Defense counsel of Mr. Sterlingov's inclusion in the book. Defense counsel had to find out through their own means. *Tracers in the Dark: The Global Hunt for the Crime Lords of Cryptocurrency* has been optioned for a Hollywood documentary to be directed by Academy Award-winning documentary director Alexander Gibney.

The Government has willfully and repeatedly participated in the mainstream dissemination of information related to this ongoing prosecution. This case has not yet gone to trial, but solely because of the Government's efforts, has already been published in a widely available book not only on sale in Washington D.C., but across the United States and the globe. An excerpt from the book was recently featured as the cover article for WIRED Magazine.[10] Mr. Greenberg also wrote the WIRED exclusive trumpeting Mr. Sterlingov's arrest.

### b. WIRED Article on Mr. Sterlingov's Arrest

On April 27, 2021, Mr. Sterlingov is wrongfully arrested. Before DOJ publishes their own press release, Mr. Greenberg publishes an exclusive in WIRED announcing Mr.

---

[9] *Id.* at 291.
[10] *Caught by Crypto*, Andy Greenberg, WIRED MAGAZINE (May 2022).

Sterlingov's arrest.[11] Mr. Greenberg's article includes a quote from Chainalysis co-founder and Chief Security Officer Jonathan Levin claiming "[t]his is yet another example of how investigators with the right tools can leverage the transparency of cryptocurrency to follow the flow of illicit funds".[12] This is false, and the Defense intends to prove this at trial. As the chief blockchain forensic investigator for the Government's case since at least 2015, Chainalysis here is an agent of the Government and is speaking on its behalf. As such, the Government is doing double duty in its improper dissemination of public commentary on this case.

First, it is substantially prejudicing Mr. Sterlingov by claiming that unscientific, non-peer reviewed, standardless blockchain forensics based on heuristics like Chainalysis Reactor is accurate. Second, it is marketing a for-profit, untested, black-box, proprietary blockchain forensic software on behalf of Chainalysis Inc., which has grown from nothing to an $8.6 billion company during the pendency of this case, and now employs a prosecutor from this case and numerous other former DOJ employees.[13]

Mr. Sterlingov's arrest proves nothing about the accuracy of Chainalysis' Reactor software because Mr. Sterlingov's arrest is entirely consistent with the software's inaccuracy leading to the arrest of an innocent man. The Government puts the cart before the horse when it touts the accuracy of the software before it has been tested.

   c. *How to Peel a Million: Validating and Expanding Bitcoin Clusters and the USENIX Security Symposium*

The Government repeatedly violates Local Criminal Rule 57.7(b) through their press releases and willful participation in the publication of a book praising the prosecutors,

---

[11] Andy Greenberg, *Feds Arrest an Alleged $336M Bitcoin-Laundering Kingpin*, WIRED MAGAZINE (April 27, 2021).
[12] *Id.*
[13] Dkt. 103, Defendant's Opposition to Chainalysis, Inc.'s Motion to Quash Federal Rule of Criminal Procedure 17(c) Subpoenas for Chainalysis, Inc., Michael Gronager, Jonathan Levin and Youli Lee (filed Dec. 23, 2022).

investigators, their blockchain forensics, and discussing this case. Moreover, on August 11, 2023, the Government and Chainalysis publicly promoted their forensics at the USENIX Security Symposium in Boston Massachusetts.[14] The video is available on the USENIX YouTube channel, which has over 29,000 subscribers.[15]

The Government publicly campaigns with Chainalysis, and computer science researchers it pays, arguing the validity of forensics in this case. In their non-peer reviewed whitepaper, a European computer research team led by Chainalysis contractors George Kappos and Sarah Meiklejohn publish pre-trial an analysis of the clustering methodologies allegedly employed by the Government and Chainalysis in this case.[16] When the Defense agreed to the protective order in this case, it did so under the presumption that the Government would not publicly distribute material evidence and information about this case. Nor is it clear that the Government has produced the dataset to the Defense that was used for the USENIX whitepaper.

The Government's public disclosure of material evidence pre-trial substantially prejudices Mr. Sterlingov's right to a fair trial because it seeks to create the illusion of scientific legitimacy for the embryonic proprietary heuristic clustering methodologies used in this case. The whitepaper includes a case study of the heuristic methodologies employed by the Government and Chainalysis to accuse Mr. Sterlingov. Despite an objective of confirming the scientific validity of these novel blockchain forensics, the researchers conclude that there are severe limitations to heuristic clustering methods, and that there are many variables that may

---

[14] *See* USENIX Security Symposium Schedule at https://www.usenix.org/conference/usenixsecurity22/technical-sessions.

[15] Recording of Presentation uploaded to YouTube available at https://www.youtube.com/watch?v=XF2B4emPbkY (last accessed May 23, 2023).

[16] George Kapps et al., *How to Peel a Million: Validating and Expanding Bitcoin Clusters*, UNIVERSITY COLLEGE LONDON AND IC3, AUSTRIAN INSTITUTE OF TECHNOLOGY, AND THE COMPLEXITY SCIENCE HUB OF VIENNA, (May 27, 2022).

result in "entirely ineffective"[17] analysis. Additionally, Chainalysis continues to market its questionable blockchain heuristics, despite its massive failure as a compliance vendor for criminally indicted blockchain firm FTX.[18]

### d. Chainalysis Conference

On April 4-5, 2023, Chainalysis hosted a public conference in New York City. The conference prominently featured arresting officer Tigran Gambaryan and Chainalysis co-founder and CEO Michael Gronager on stage alongside author Andy Greenberg. They publicly discussed the clustering methodologies used in this case, and once again trumpeted Chainalysis' contracts with the Department of Justice.

Chainalysis has repeatedly used the arrest of Mr. Sterlingov to market their relationship with DOJ to investors. With a budget of roughly $38 billion, DOJ is one of Chainalysis' biggest customers. Based in part on Chainalysis' DOJ press and contracts, Chainalysis solicits investment from numerous private equity funds including Blackstone Group, Dragoneer Investment Group, Accel, BNY Mellon, Emergence Capital, GIC, Funders Club and 9Yards Capital.[19] To date Chainalysis has raised over half a billion dollars from private investors. All these investors focus on returns, not justice. Chainalysis' business model rests on profits, not justice. If their software fails to catch criminals, the company becomes worthless.

---

[17] *Id.* at 14.
[18] *Chainalysis Confirmed as FTX Creditor in Bankruptcy* Case, Alys Key, Nov. 17, 2022, available at https://news.yahoo.com/chainalysis-confirmed-ftx-creditor-bankruptcy-145355155.html ("[Chainalysis] had a longstanding relationship with FTX, going back to at least 2019, when the two joined forces to revamp the exchange's anti-money laundering (AML) and know-your-customer (KYC) systems.") (last accessed May 23, 2023).
[19] *See e.g.* https://www.crunchbase.com/organization/chainalysis/company_financials

B.  **The Court Should Enter an Order Under Local Criminal Rule 57.7(c) to Preclude the Government, its Investigators, and its Private Vendor Agents from Making Prejudicial Extrajudicial Statements about this Case or the Defendant**

Local Criminal Rule 57.7(c) permits the Court "[i]n a widely publicized or sensational criminal case" to "issue a special order governing such matters as extrajudicial statements by parties, witnesses, and attorneys likely to interfere with the rights of the accused to a fair trial by an impartial jury".[20] Unfortunately, the Government's damage has largely been done and the Defense has been forced to publicly engage the disinformation the Government has publicly distributed for years to Mr. Sterlingov's substantial prejudice.[21]

DOJ's employee manual tells its employees "not to make any statement or disclose any information that reasonably could have a substantial likelihood of materially prejudicing an adjudicative proceeding"[22] Former FBI analyst on this case turned prosecutor on this case Catherine Pelker, blockchain tracing vendor Chainalysis Inc., arresting officers Tigran Gambaryan and Matthew Price, and others, all violated Local Criminal Rule 57.7 and DOJ guidelines by publicly disseminating substantially prejudicial information about Mr. Sterlingov and the blockchain forensics at the crux of this case.

There is a circuit split on the standards governing extrajudicial statements. There is no clear standard in the D.C. Circuit, and the United States Supreme Court recognizes any regulation of extrajudicial comments by attorneys as a form of prior restraint.[23]

---

[20] LCrR 57.7(c).
[21] This will be further discussed in the Defense's forthcoming opposition to the Government's Notice for Motion for an Order to Show Cause.
[22] Justice Manual Sec. 1-7.600 (available at https://www.justice.gov/jm/jm-1-7000-media-relations) (last accessed May 23, 2023).
[23] *See Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991); *In re Halkin*, 598 F2d 176, 193, n.42 (D.C. Cir. 1979) (recognizing competing standards but opting not to decide), *abrogated in part by Seattle Times v. Rhinehart*, 467 U.S. 20 (1984); *United States v, Morrow*, 2005 LEXIS 8330, at *20-21 (D.D.C. Mar. 21, 2005) (recognizing Circuit split in interpreting similar rules relating to issuance of orders restricting extrajudicial statements).

As a prior restraint of speech, such orders against trial participants, including prosecuting attorneys, require a showing of a likelihood of material prejudice to a defendant's fair trial, not merely publicity or sensationalism.[24]

The Government's disparaging pre-trial public statements are materially prejudicial to Mr. Sterlingov and interfere with his right to a fair trial. Unlike public communications by the Defense, which have been limited to Twitter posts, meetups, and podcasts directed at the Bitcoin community, the Government publicly disparages Mr. Sterlingov in: the national press; WIRED– one of the most widely read technology publications in America; a nationally and internationally published New York Times-reviewed book; and at conferences attended and viewed by thousands of people.

## CONCLUSION

For the above reasons, the Court should order a hearing on the Government's extrajudicial statements regarding this case and order the Government to show cause why an order should not be entered to preclude the Government, its investigators, vendors, and agents from making public extrajudicial statements.

---

[24] *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1051 (1991).

Dated: May 23, 2023
New York, New York

                        Respectfully submitted,

                        /s/ Tor Ekeland
                        Tor Ekeland (NYS Bar No. 4493631)
                        *Pro Hac Vice*
                        Tor Ekeland Law, PLLC
                        30 Wall Street, 8th Floor
                        New York, NY
                        t:  (718) 737 - 7264
                        f:  (718) 504 - 5417
                        tor@torekeland.com

                        /s/ Michael Hassard
                        Michael Hassard (NYS Bar No. 5824768)
                        *Pro Hac Vice*
                        Tor Ekeland Law, PLLC
                        30 Wall Street, 8th Floor
                        New York, NY
                        t:  (718) 737 - 7264
                        f:  (718) 504 - 5417
                        michael@torekeland.com

                        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov