UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. 21-cr-399 (RDM)** |
| : | |
| **ROMAN STERLINGOV,** : | |
| : | |
| **Defendant.** : | |

**JOINT STATUS REPORT**

Mr. Sterlingov, by and through his counsel, and the United States of America, by and through the United States Attorney for the District of Columbia, respectfully submit the following Joint Status Report in response to the Court's May 25, 2023 Minute Order directing the parties to meet and confer and submit a joint status report indicating "(1) which motions the parties intend to cover at each hearing; (2) what witnesses, if any, the parties intend to call related to those motions; and (3) whether the parties anticipate dedicating any part of the June 16, 2023 and June 23, 2023 hearings to Daubert issues and, if so, to which experts." The Minute Order further directed the parties to be prepared to address an enumerated list of pending motions at the June 16, 2023, hearing.

1. For June 16, 2023, and consistent with the Court's Minute Order, the parties propose argument and witness testimony according to the approximate schedule as set forth below.

    a. The motions to quash the Rule 17(c) subpoenas Defendant has caused to be issued to Chainalysis and its employees (ECF No. 93, 95) – 20 minutes each for Chainalysis, government, and defense.

    b. The government's motion to quash the subpoena Defendant has caused to be issued to government attorney Ms. Pelker (ECF No. 120) and the government's

    motion and Defense's Opposition to preclude the defense from calling Ms. Pelker as a witness (ECF No. 64, 67) – 15 minutes each for government and defense.

    c. The parties' respective motions for orders to show cause regarding alleged violations of Local Criminal Rule 57.7(b) (ECF No. 121, 125) – 10 minutes each for government and defense.

    d. Break for lunch.

    e. Defendant's motion for a bill of particulars (ECF No. 45) – 10 minutes each for defense and government.

    f. The Defendant's motion to dismiss (ECF No. 46), including the Defendant's motion to dismiss for improper venue and any other topics the parties wish to address – 30 minutes each for defense and government.

    g. Testimony from defense experts subject to anticipated *Daubert* motions:[1]

        i. Dr. Cabañas – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).

        ii. Mr. Scott – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).

2. For June 23, 2023, the parties propose argument and witness testimony according to the approximate schedule as set forth below.

    a. Testimony from defense experts subject to anticipated *Daubert* motions:

---

[1] The defense has advised that Dr. Cabañas and Mr. Scott are only available on June 16, 2023.

      i. Dr. Dror – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).[2]

  b. (Subject to Court's decision on pending Motion To Quash Subpoena (ECF No. 126)) Testimony from Chainalysis witness Michael Gronager – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).

  c. Lunch break.

  d. Testimony from government experts subject to anticipated *Daubert* motions:

      i. Mr. Scholl – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).

      ii. Ms. Bisbee – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).

      iii. Mr. St. Jean – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).

      iv. Ms. Mazars de Mazarin – 1 hour (30 minutes direct, 20 minutes cross, 10 minutes redirect).

  e. Argument regarding *Daubert* motions – 20 minutes each for government and defense.

4. Separately, the Defense states the following:

  a. The Defense may seek to *voir dire* and make a limited *Daubert* motion regarding the defendant's remaining experts, Mr. Vlahakis and Ms. Glave, unless the

---

[2] The government anticipates challenging the subject matter of Dr. Dror's testimony on relevance grounds. To the extent the Court grants the government's relevance challenge, no *voir dire* of Dr. Dror would be necessary.

      Government is able to narrow the scope and provide further detail as to their prospective testimony.

  b. For the experts listed above as subjects of prospective *Daubert* motions by the Defense, the Defense anticipates that any *voir dire* could be streamlined if the government can narrow the scope and provide further detail as to their prospective testimony.

  c. Moreover, the Defense requests a further hearing and supplemental briefing on the Government's Notice and Motion *In Limine* To Admit Certain Government Exhibits, ECF No. 62, as referenced by the government below in paragraph 5(c). Based on its review of the discovery, the Defense has identified multiple issues related to the government's proposed exhibits that need to be fully briefed and heard. The government does not agree with this position.

5. Separately, the government states the following:

  a. The government may seek to *voir dire* and make a limited *Daubert* motion regarding the defendant's remaining experts, Mr. Fischbach and Mr. Verret, unless the defense is able to narrow the scope and provide further detail as to their prospective testimony. The government will provide further argument regarding the noticed testimony of Mr. Fischbach and Mr. Verret (among others) in its response to the Defendant's Notice of Intent To Present Expert Testimony, ECF No. 122, to be filed on Friday, June 2, 2023.

  b. For the experts listed above as subjects of prospective *Daubert* motions by the government, the government anticipates that any *voir dire* could be streamlined if

the defense can narrow the scope and provide further detail as to their prospective testimony.

c. In addition, in order to facilitate trial preparation for both sides, the government recommends that the Court rule on the Government's Notice and Motion *In Limine* To Admit Certain Government Exhibits, ECF No. 62, or rule as to any category of records addressed in the motion, prior to the Pretrial Conference scheduled for August 30, 2023. The government has no preference whether the Court rules on the papers or hears oral argument on this motion. The defense does not join in this request.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov