# Exhibit 'C'



Tor Ekeland
Managing Partner

(718) 737 7264
tor@torekeland.com

**May 3, 2023**

**Via Email**

Brian P. Hudak
Chief, Civil Division
United States Attorney's Office District of Columbia

Patrick Henry Building
601 D Street, NW
Washington, DC 20530

brian.hudak@usdoj.gov

**Re:** *United States v. Roman Sterlingov*, Crim. No. 21-0399 (RDM) (D.D.C.)
       **Subpoena for Testimony Issued to Catherine Alden Pelker**

Brian,

   Thank you for your letter of March 23, 2023. As to Ms. Pelker, she is a material fact witness in this matter. She is an FBI investigator on this case for years and one of Mr. Sterlingov's accusers under the Sixth Amendment to the United States Constitution. Ms. Pelker works this case in Philadelphia before she graduates law school, before she becomes a lawyer, and before she is appointed a prosecutor on this case. She is instrumental in moving it to Washington D.C., and an integral witness to the constitutional venue issues.

   As for *Touhy*, an administrative regulation cannot abrogate Mr. Sterlingov's Sixth Amendment right to confront his accusers. Nor can it usurp his Sixth and Fifth Amendment rights not to disclose his defense strategy until trial. *Touhy* involves a collateral appeal through civil habeas corpus after exhaustion of direct appeal. This procedural posture is on the opposite end of a case yet to go to trial like Mr. Sterlingov's.

   The Department seeks to deny Mr. Sterlingov his right to confront the most knowledgeable witness to the initiation, transfer, and course of this investigation. Cross-examination of Ms. Pelker is critical to Mr. Sterlingov's defense. She is involved in the Department's hiring of Chainalysis Inc. and works with Chainalysis extensively throughout this investigation. Chainalysis's forensics are foundational to the government's case. She is in communication with Chainalysis from the beginning, before becoming a prosecutor. That is just one aspect of her extensive role in this investigation.



  Ms. Pelker is a material fact witness. She is not being called by the Defense in her capacity as a prosecutor. However, given the fact that she is both a prosecutor and a material fact witness, the Department should withdraw her from this case to avoid confusing the jury as to whether she is a witness or an advocate. Ms. Pelker has knowledge to which no one else can testify to. Under the Sixth Amendment's Confrontation Clause, Mr. Sterlingov has the right to confront Ms. Pelker, and under the Sixth and Fifth Amendments the government cannot compel him to reveal his defense strategy pre-trial under the guise of an administrative regulation instantiated by the Department itself.

  We are happy to discuss this with you further.

Sincerely,

Tor Ekeland

Michael Hassard