IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ROMAN STERLINGOV**, <br><br> Defendant. | Criminal No. 21-CR-399 (RDM) |

**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA BY NON-PARTY MICHAEL GRONAGER**

sf-5574525

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................ 1

II.     ARGUMENT ...................................................................................................................... 2

      A.     Defendant Concedes Mr. Gronager's Testimony Is Irrelevant to Qualifying an Expert Witness ................................................................................... 3

      B.     Mr. Gronager's Testimony Is Irrelevant to Deciding Any Motion *in limine* .......... 3

      C.     Acceptance of Service Is Irrelevant to This Motion ............................................... 5

      D.     The Requirement to Seek Leave of the Court Applies to a Rule 17(c) Subpoena, and the Motion Never Claimed Otherwise............................................ 6

III.    CONCLUSION ................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnes v. Dist. of Columbia*,
    924 F. Supp. 2d 74 (D.D.C. 2013) ................................................................................3

*Jones v. Dist. of Columbia*,
    314 F. Supp. 3d 36 (D.D.C. 2018) .................................................................................4

*Stern v. United States Dist. Ct.*,
    214 F.3d 4 (1st Cir. 2000) .............................................................................................6

*United States v. Perocier*,
    269 F.R.D. 103 (D.P.R. 2009) .......................................................................................3

**Other Authorities**

CJA Guidelines
    § 230.40 .........................................................................................................................7

Fed. R. Crim. P.
    17(c)(1) ..........................................................................................................................6

Fed. R. Evid.
    901 .................................................................................................................................4

I. **<u>INTRODUCTION</u>**

Defendant Sterlingov has now had multiple opportunities to explain how his subpoenas are remotely relevant and material to any of the issues before this Court that will be heard and decided on June 16 and 23, 2023. His latest attempt in his opposition to Michael Gronager's motion to quash the May 5, 2023 subpoena (the "Opposition") does not help his cause. The motion to quash (the "Motion") showed Mr. Gronager's testimony is relevant neither to qualifying an expert witness nor to deciding any motion *in limine*. On the first point – relevance for a *Daubert* hearing – the defendant concedes the argument by ignoring it entirely in his Opposition. On the second point – the relevance of Mr. Gronager's testimony for a motion *in limine* to exclude evidence at trial – the defendant fails to explain how testimony of a factual nature could be relevant in deciding the legal question of the admissibility of evidence and, at the same time, distorts the facts related to the data in question. As the party requesting the testimony, defendant has failed to carry his burden in showing that Mr. Gronager's testimony is both relevant and material.

The defendant wants to use a hearing for testimony on *Daubert* motions and, potentially, motions *in limine* to explore collateral matters. His claim is that he seeks testimony related to the history of Mt. Gox and the processing of data for the Mt. Gox bankruptcy trustee. In truth, it is a thinly veiled pretext to further harass non-party Chainalysis. None of the collateral matters related to Mt. Gox are relevant, and certainly they do not require evidentiary hearings to decide legal issues. Any lay opinions that Mr. Gronager – who is not identified as an expert witness for either party in this case – may have formed through independent observations are irrelevant. In reality, the defendant hopes to use Mr. Gronager's testimony to further his own ends outside of this case. Defendant's filings and the public statements of his counsel have made no effort to

hide their intent to pursue civil litigation against Chainalysis and its executives. Those motives do not provide a valid basis to subpoena testimony from a non-party. Nor should they distract the Court from the business of the June 16 and 23 hearing – to decide pending *Daubert* and other motions before the Court. Defendant has failed to explain the relevance of Mr. Gronager's testimony and his second subpoena on Mr. Gronager should be quashed.

## II.  ARGUMENT

The Joint Status Report filed with the Court on June 1, 2023, outlined a roadmap for the June 16 and 23 hearing. The agenda for these two days included the following items:

1. Argument on the motions to quash defendant's Rule 17(c) subpoenas (ECF Nos. 93, 95);
2. Argument on the government's motion to quash defendant's subpoena on Ms. Pelker (ECF No. 120) and the government's motion to preclude defendant from calling Ms. Pelker as a witness (ECF No. 64);
3. Argument on the parties' motions for orders to show cause (ECF Nos. 121, 125);
4. Argument on defendant's motion for a bill of particulars (ECF No. 45);
5. Argument on defendant's motion to dismiss (ECF No. 46);
6. Testimony from expert witnesses subject to anticipated *Daubert* motions; and
7. Argument regarding *Daubert* motions.

In addition, the defendant requests a further hearing and supplemental briefing on a motion *in limine* (ECF No. 62), and the government recommends that the Court rule on the same motion *in limine* before the pretrial conference. (ECF No. 128.) The only subjects that defense counsel has indicated could conceivably require Mr. Gronager's testimony are the qualification of Elizabeth Bisbee, an expert witness for the government, and the authenticity of Mt. Gox data, which is described in the government's filing ECF No. 62.

### A. Defendant Concedes Mr. Gronager's Testimony Is Irrelevant to Qualifying an Expert Witness

As the Motion explained, Mr. Gronager's testimony is irrelevant to qualifying any expert witness, including Ms. Bisbee. Mr. Gronager has not been noticed as an expert witness in this case. "Reliability under Rule 702 is a question concerning the expert's methods, not the method of obtaining the underlying data by non-experts." *United States v. Perocier*, 269 F.R.D. 103, 114 (D.P.R. 2009) (rejecting argument that it was necessary to call "witnesses who could testify to the authenticity and reliability of the data underlying [the expert's] opinion"). The defendant does not respond to this argument in his Opposition nor does the defendant argue that Mr. Gronager's testimony is relevant to qualifying Ms. Bisbee or any other expert. The defendant therefore concedes that Mr. Gronager's testimony has no relevance at a *Daubert* hearing.

### B. Mr. Gronager's Testimony Is Irrelevant to Deciding Any Motion *in limine*

As the Motion also explained, Mr. Gronager's testimony on Mt. Gox data is irrelevant to deciding any motion *in limine*. Motions *in limine* may resolve purely legal issues before trial. "In light of their limited purpose, motions *in limine* should not be used to resolve factual disputes." *Barnes v. Dist. of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (internal quotation marks and citation omitted). We are unaware of any court that has taken testimony to resolve a motion *in limine*. Nevertheless, the defendant argues that Mr. Gronager's "personal knowledge as to the inauthenticity of the Mt. Gox data foundational to the Government's case" makes his testimony at the June 16 and 23 hearing relevant. (ECF No. 131 at 1.) The defendant has moved *in limine* to exclude broad categories of "blockchain analysis" and "digital forensics" as inauthentic. (ECF No. 59 at 6-7.) Mr. Gronager's testimony on these materials can have no bearing on the legal question of authenticity.

3

sf-5574525

As explained in the Motion, Mr. Gronager's involvement with any Mt. Gox data for the Mt. Gox bankruptcy trustee is irrelevant. The government disclosed that it intends to introduce records from Mt. Gox that were obtained directly from the Japanese government with a certification tracking the language of Federal Rule of Evidence 902(14). (*See* ECF No. 62 at 20-22.) Resolving the legal question under Federal Rule of Evidence 901, whether a record "is what the proponent claims it is," depends on the government meeting that required showing.

Defendant ignores that law and instead proposes to wage a collateral attack on the "corrupt nature of the Mt. Gox data as given to the Mt. Gox bankruptcy trustees" around 2014. (ECF No. 131 at 7.)[1] The government, however, intends to rely on data that came from the Japanese government in 2019. (ECF No. 62 at 20.) The defendant alleges that around 2015, Mr. Gronager examined Mt. Gox records, formed opinions about them, and questioned Mark Karpelès. (ECF No. 131 at 4-6.) Mr. Gronager is not a percipient witness to any subject at issue in this case. He is alleged to have observed a dataset, which anyone else could have done. As such, Mr. Gronager has no relevant percipient or admissible evidence to give.

Even if Mr. Gronager's observations about the Mt. Gox data and his conversation with Mr. Karpelès were relevant, the defendant alleges no more than that he formed a lay opinion about the Mt. Gox data. "Opinion testimony from lay witnesses is generally inadmissible in federal court." *Jones v. Dist. of Columbia*, 314 F. Supp. 3d 36, 60 n.16 (D.D.C. 2018).

---

[1] The Opposition describes Mt. Gox as "a target for hackers" (ECF No. 131 at 4), suggesting that the government has ignored this part of Mt. Gox history in relying on Mt. Gox data from the Japanese government. In fact, the government has recently charged two individuals in connection with hacking Mt. Gox beginning in 2011 and laundering bitcoins obtained from that hack. *See* U.S. Dep't of Justice, *Russian Nationals Charged with Hacking One Cryptocurrency Exchange and Illicitly Operating Another* (June 9, 2023), https://www.justice.gov/opa/pr/russian-nationals-charged-hacking-one-cryptocurrency-exchange-and-illicitly-operating-another. Again, none of this history is relevant for purposes of deciding a motion *in limine* in this case.

4

Mr. Gronager is also alleged to have spoken with Mr. Karpelès and received hearsay responses, which are neither in dispute nor informative. Mr. Gronager is, again, not an expert witness in this case and not a percipient witness to any interference with or alteration of the Mt. Gox data. At bottom, Mr. Gronager observed a set of data that anyone else could observe and reach conclusions about. None of that is remotely relevant to a motion *in limine* to resolve legal issues.

The Opposition cites **no** law to support its argument and instead quotes *Tracers in the Dark* extensively to distract from the matters at issue for the Court's hearing. But the defendant cannot explain why a required showing of the government on authenticity should allow it to subpoena a non-party to provide testimony regarding a purely legal issue. The Court should not permit the defendant to engage in this fishing expedition and should grant the motion to quash.

C. **Acceptance of Service Is Irrelevant to This Motion**

Defendant confuses acceptance of service with agreement that Mr. Gronager should testify at the June 16 and 23 hearing. (ECF No. 131 at 9-10.) On May 17, 2023, Counsel for Mr. Gronager accepted *service* of the subpoena for June 23, 2023, as a courtesy to alleviate defendant's need to effect proper service on Mr. Gronager. (ECF No. 131-1.) As defendant's counsel should know, accepting service of a subpoena does not entail agreement to provide testimony any more than accepting service of a complaint means a defendant agrees with its allegations. Counsel for Mr. Gronager did not "back-track" on acceptance of service or on anything else, as defendant wrongly asserts. (ECF No. 131 at 9.) In fact, counsel for Mr. Gronager went a step further by conferring with defendant's counsel as an opportunity for defendant's counsel to describe any possible relevance to Mr. Gronager's testimony. In that discussion, defendant's counsel would only reveal that he intended to question Mr. Gronager about Mt. Gox and "Reactor," without further details. In light of that weak connection, counsel for Mr. Gronager appropriately moved to quash the subpoena. Obviously, acceptance of service

5

has no bearing on the motion to quash and demonstrates the weakness of defendant's position.

### D. The Requirement to Seek Leave of the Court Applies to a Rule 17(c) Subpoena, and the Motion Never Claimed Otherwise

Defendant also confuses the arguments made in response to his first, Rule 17(c) subpoena (*see* ECF Nos. 93, 95) and the arguments made in response to his second, Rule 17(a) subpoena (*see* ECF No. 126). Under Federal Rule of Criminal Procedure 17(c)(1), "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." The motions to quash defendant's first subpoena on the Chainalysis non-parties cited this standard and explained that the defendant had ignored it. (ECF No. 93 at 2-4; ECF No. 95 at 5-6.) The motion to quash defendant's second subpoena on Mr. Gronager did not argue that this standard applied. Defendant appears to construe a reference in the Motion to his failure to seek leave of the Court in issuing the *first* subpoena as an argument that applies to the current Motion. (ECF No. 126 at 3.)

Defendant's confusion on the issue of the applicable legal standard should not distract the Court from his failure to meet the requirements that *do* apply to his Rule 17(a) subpoena. As explained in the Motion, Mr. Gronager's testimony is not "relevant and material" to qualifying any expert witness or deciding any motion *in limine*. *Stern v. United States Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000). Instead, the subpoena is a pretext as part of an obvious and publicly declared attempt to harass Mr. Gronager and Chainalysis. Unfounded threats to bring malicious prosecution and other claims against Mr. Gronager and Chainalysis continue shamelessly in defendant's Opposition, revealing his true intent. (ECF No. 131 at 9.) Defendant's counsel continues to disparage Chainalysis publicly, including by retweeting a baseless allegation that implies Chainalysis attacked defendant's counsel's website to prevent donations to

6

sf-5574525

Mr. Sterlingov's legal defense. Mike Hassard (@mikehassard), Twitter (June 12, 2023), https://twitter.com/mikehassard?lang=en.[2] Defendant should not be permitted to commandeer the upcoming hearing to further these inappropriate purposes.

### III.   **CONCLUSION**

For the reasons articulated in the Motion and in this Reply in support of the Motion, it is respectfully submitted that the Court should quash the subpoena for testimony issued by defendant to Mr. Gronager.

Dated this 14th day of June, 2023.

    Respectfully submitted,

    MORRISON & FOERSTER LLP

By:   */s/ William Frentzen*
    William Frentzen (D.C. Bar No. 1740835; *pro hac vice*)
    WFrentzen@mofo.com
    425 Market Street, 32nd Floor
    San Francisco, CA 94105
    Telephone: (415) 268-7000
    Facsimile: (415) 268-7522

---

[2] On March 22, 2023, this Court appointed defendant's counsel pursuant to the Criminal Justice Act ("CJA"). (ECF No. 118.) In light of that appointment, defendant's counsel's subsequent active and independent legal defense fundraising appears to run afoul of the CJA Guidelines. *See* CJA Guidelines § 230.40(a) ("An attorney appointed under the CJA may not accept a payment from or on behalf of the person represented without authorization by a U.S. district, circuit, or magistrate judge on Form CJA 7.").

James M. Koukios (D.C. Bar No. 477072)
JKoukios@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

OF COUNSEL:

Michael Komorowski
MKomorowski@mofo.com
Emani N. Oakley
EOakley@mofo.com
425 Market Street, 32nd Floor
San Francisco, CA  94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Non-party Michael Gronager*

8

sf-5574525