**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 21-cr-399 (RDM)** |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States respectfully files this Notice of Supplemental Authority regarding the Supreme Court's recent decision in *Smith v. United States*, No. 21-1576 (June 15, 2023), a copy of which is attached.  In *Smith*, the Court held that, if a court overturns a conviction because the trial occurred in a constitutionally improper venue and vicinage, the government may retry the defendant in a proper locale.  *Smith* explicitly did not reach any question about the substantive scope or construction of the Venue Clause contained in Art. III § 2 cl. 3 of the U.S. Constitution or the Sixth Amendment Vicinage Clause.  Slip Op. at 3 n.1. However, *Smith* did reiterate several points of relevance to the defendant's pending Motion To Dismiss as to venue and the government's Opposition.  *See* ECF No. 46, 52.  First, *Smith* reiterated the holding in *Hyde v. United States*, 225 U.S. 347 (1912), that a defendant in a conspiracy prosecution may be tried "in any State in which any co-conspirator took any overt act in furtherance of the endeavor."  Slip Op. at 6.  Second, *Smith* found that "avoiding hardship to the defendant" is not a "core purpose of the Venue Clause," and observed that the Venue Clause is focused on the location of the alleged crime and not where the defendant resides.  *Id.* at 5-6 (internal quotations and alteration omitted).  Third, *Smith* consulted "[e]arly American practice" and "the early years of practice following ratification" in order to construe the meaning of the Venue Clause and Vicinage Clause.  *Id.* at 12-13.  The

Court found that the historical "absence alone" of any court barring retrial after dismissal for improper venue was "considerable evidence" that the Clauses do not actually bar retrial.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:      */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov