# Exhibit 3



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C.  20530*

October 4, 2022

BY E-MAIL
Tor Ekeland, Esq.
Michael Hassard, Esq.
TOR EKELAND LAW PLLC
30 Wall Street
8th Floor
Brooklyn, NY 10005

    Re:    *United States v. Roman Sterlingov*
                Case No. 21-cr-399 (RDM)

Dear Counsel:

      We are writing in response to your discovery letter dated September 23, 2022, which spans 15 pages and more than 100 numbered paragraphs of discovery "requests."  Some of these requests appear to call for civil interrogatory-style narrative responses, some appear to be boilerplate demands for generic categories of documents, some appear to call for documents that have already been produced in the government's multiple discovery productions, and some appear to call for documents that are irrelevant and immaterial to any claim or defense in this proceeding.  The government is committed to working with you to resolve any good-faith discovery concerns.  In order to narrow the range of potential discovery issues and to facilitate a more constructive dialogue, please respond in writing with further information as specified below.

**Rule 16 Discovery:**

      Certain requests appear to demand narrative responses from the government in the nature of civil interrogatories.  *E.g.*, Requests 1, 22, 43, 44, 47, *etc.*  The government understands that Fed. R. Crim. P. 16 does not authorize such civil interrogatory-style discovery in a criminal case.  *See, e.g., United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970).  We are happy to discuss the issue further if you can provide legal authority to support these requests.

Certain requests appear to call for "[n]otice" of the government's intent to use certain evidence, *e.g.*, Request 36, or request that the government "specifically identif[y]" which records it intends to introduce in its case-in-chief at trial, *e.g.*, Request 39. As explained in the government's opposition to the defendant's Fed. R. Crim. P. 12(b)(4)(B) motion, ECF No. 54, such requests to compel the early disclosure of the government's trial exhibit list are premature and procedurally improper. Pursuant to Rule 12(b)(4)(B) and Chief Judge Howell's decision in *United States v. Gonzales*, 2020 WL 6158246 (D.D.C. Oct. 21, 2020), please "specify . . . with some precision," *id.* at *5, which item or items of evidence may be the subject of a prospective (and untimely) defense motion to suppress, and then we can provide the notice contemplated under the rules.

Certain requests call for the production of records that have already been the subject of extensive discovery productions. For example, Request 54 calls for "evidence, including logs, server logs, communications, or documents related to inva7id@gmail.com." As the defense is aware, however, the government has already produced comprehensive search warrant returns related to the referenced email address, including "logs," "communications," and numerous other "documents." Other than those search warrant returns—and any other records that have been produced that incidentally touch on the inva7id@gmail.com address, such as Mr. Sterlingov's email communications to inva7id@gmail.com—we are unaware of any other responsive records within the prosecution team's possession, custody, or control.

For all such requests seeking the production of records that have already been produced in discovery, please (1) identify the records related to this request that have already been provided in discovery; (2) explain why you believe the production to date has been inadequate, including whether you have a good-faith basis to believe that additional discoverable records related to the request exist and are within the prosecution team's possession, custody, or control; and (3) explain how these additional materials are relevant and material to preparation of the defense.

Certain requests call for the production of "communications" between various parties, including attorneys, government employees, and other parties. The government is aware of its obligations under *Jencks*, *Giglio*, Rule 26.2, and 18 U.S.C. § 3500, and will make appropriate disclosures at the time and in the manner required under the applicable rules. Other than any prospective *Jencks* production, however, the nature and basis of these defense requests for "communications" is unclear. For each such request, please (1) explain the legal basis for the request, and (2) explain how these "communications" are relevant and material to preparation of the defense.

Certain requests call for "contracts" or "billing records" related to various parties. For each such request, please (1) explain the legal basis for the request, and (2) explain how these "contracts" and "billing records" are relevant and material to preparation of the defense.

Certain requests call for the production of "methodologies" that were "used" by various parties for various purposes.  *E.g.*, Requests 14, 15, 16, *etc.*  The government does not understand what sort of production is contemplated by these demands.  Please explain further.

Certain requests call for the production of "[a]ny software" or "[a]ny . . . program" used for various purposes during the investigation.  *E.g.*, Requests 24, 25, 26, *etc.*  Please explain what sort of production is contemplated by these requests, including the nature of the software being sought (*e.g.*, word processing software), whether the request seeks the literal production of software licenses or copies, whether the request seeks a civil interrogatory-style response, and the legal basis for the request.

Request 45 requests "information" that was "relied upon" by "the Office of the Director of National Intelligence, Central Intelligence Agency, National Security Agency, Federal Bureau of Investigation, or Department of Homeland Security."  To the extent this request appears to seek discovery of classified information, we have no reason to believe that any relevant and discoverable information exists in the possession, custody, or control of the U.S. Intelligence Community other than ordinary criminal evidence obtained by the FBI and produced in discovery.  If you have any basis to believe otherwise, please advise immediately and provide as much detail as possible.

Request 34 calls for a copy of Mr. Sterlingov's "prior criminal record, if any."  The government is unaware of any prior arrests or convictions of Mr. Sterlingov in the United States.  If the defense is aware of any criminal record of Mr. Sterlingov, whether in the United States or in another country, please advise.

**Expert Disclosures:**  The government intends to make any expert disclosures at the time and in the manner required under Fed. R. Crim. P. 16(a)(1)(G).

The government formally requests reciprocal discovery related to any defense experts pursuant to Rule 16(b)(1)(C).

***Brady*, *Giglio*, *Jencks*, and *Rovario* Material:**  The government is aware of its obligations and will make appropriate disclosures at the time and in the manner required under the applicable rules.

**Rule 404(b) Evidence:**  The government will provide "reasonable notice" before trial of any such evidence pursuant to Fed. R. Crim. P. 404(b)(3)(A).

**Form of Production:**  The government notes that it has produced the overwhelming majority of its electronic discovery in native format.  If the defense has concerns about the

3

formatting or metadata of any file produced in discovery, please identify the file(s) with specificity and the nature of the concern and we will be happy to discuss further.

Sincerely,

*/s/ Christopher B. Brown*
Christopher B. Brown, Assistant United States Attorney
C. Alden Pelker, Trial Attorney, U.S. Department of Justice
  Computer Crime & Intellectual Property Section