# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>    Defendant. | No. 21-cr-399 (RDM) |

# DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL NOTICE OF INTENT TO PRESENT EXPERT TESTIMONY

## Introduction

Each proffered expert Defense expert sits at the top of their respective field, and each has unique qualifications and expertise that will help the Jury understand and determine the facts in this complex case involving novel matters of blockchain forensics and the unreliability of that software behind those forensics - Chainalysis Reactor. At the June 23, 2023, Daubert Hearing, the Government's own proffered experts, Luke Scholl of the FBI and Elisabeth Bisbee of Chainalysis, testified that there are no peer-reviewed scientific papers as to Chainalysis Reactor's accuracy, no known error rates for the software, as no information as to its rate of false positives or false negatives. Ms. Bisbee, Head of United States Investigations for Chainalysis, further testified she was aware of no internal error analysis for Chainalysis Reactor. No one seems to have bothered to check the accuracy of the software foundational to this case before accusing Mr. Sterlingov.

1

Mr. Scholl testified that he did not before running his blockchain tracing. Tracing he did only after the Government arrested Mr. Sterlingov and in full knowledge of that fact. Given the guesswork underlying the heuristic assumptions foundational to Chainalysis Reactor, Defense expert Dr. Dror's proffered testimony on the role of cognitive bias in forensic investigations is directly on point.

Chainalysis Reactor lies at the foundation of the Government's case, and its implicit heuristic assumptions are unreliable. Sarah Meikeljohn, the originator of the co-spending heuristic foundational to the Chainalysis Reactor, recently stated in a YouTube video that the heuristic is unreliable.[1] Mr. Meikeljohn also says as much in the whitepaper she authored upon request and payment of Chainalysis. Chainalysis belatedly provided this whitepaper to the Court only after the Court told the Government it had to provide the Court with information on Chainalysis Reactor's accuracy in the face of Mr. Scholl and Ms. Bisbee's testimony that they knew of none. Tellingly, despite Chainalysis commissioning this whitepaper over a year ago, neither the Government nor Chainalysis chose to cite it in their expert reports despite repeated challenges to the accuracy of Chainalysis Reactor from the start of undersigned counsel's representation of Mr. Sterlingov over a year ago.

In both the Government's Opposition and through their cross-examinations at the Daubert Hearings, the Government primarily focuses on the Defense Experts' qualifications and expertise concerning blockchain analysis while largely ignoring the other issues with its prosecution like its speculative IP Address attributions, financial accounting, and the pervasive cognitive bias at the heart of this prosecution. There is no direct evidence of Mr. Sterlingov operating Bitcoin Fog,

---

[1] *See* Sarah Meikeljohn, De-Anonymization in Bitcoin, https://www.youtube.com/watch?v=slZgOwXt2jM&t=7s (last accessed July 21, 2023).

and all the circumstantial evidence is consistent with his innocence. The Government has no eyewitnesses nor corroborating evidence.

The Discovery contains no evidence that Mr. Sterlingov received service fee payments from Bitcoin Fog. Instead, like everything else in this case, the Government speculates from Mr. Sterlingov's account records when it makes these allegations. The Government's proffered forensic accountant, Sarah Glave, has produced no expert reports, merely stating that she will testify to her "interpretations" of the financial data in this case. She does not reference anything related to the payment of service fees from Bitcoin Fog, perhaps because there is no evidence this ever happened. Mr. Sterlingov's finances are entirely consistent with what he has maintained all along - that they are the proceeds from his legitimate purchases and sale of Bitcoin and the rapid appreciation of Bitcoin from the time he initially began using it to the time of his arrest. The Defense's proffered certified financial fraud expert and CPA, Mr. Verret, will testify on this point.

Given that there is no direct evidence at all of Mr. Sterlingov ever operating Bitcoin Fog and that all the circumstantial evidence is consistent with him simply being an early adopter of Bitcoin who, like many early adopters, benefited from Bitcoin's appreciation over the last decade, the testimony of the Defense's proffered experts is reliable and relevant. It goes directly to the heart of the Government's case, which is entirely speculative and lacks concrete proof. Mr. Sterlingov has now languished in jail, pretrial, for almost three years and purely based on junk science with no scientific bases. The proffered Defense experts will provide reliable, relevant evidence demonstrating the cognitive bias underlying this speculative prosecution. A prosecution without a single eyewitness or any corroborating evidence.

## Expert Witnesses

### A. Dr. Cabañas

Given that the Government's proffered experts testified that they are unaware of any information regarding Chainalysis Reactor's statistical error rates, and rate of false positives and false negatives, Dr. Cabanas's testimony is particularly relevant. Dr. Cabañas will testify as to the importance of error rates, false positive rates, and false negative rates in assessing a software's accuracy. And how the lack of this information renders Chainalysis Reactor and similar blockchain forensic software unreliable as proof in a federal criminal case. He will also identify the systemic errors (bias) and random errors (noise) that permeate Chainalysis Reactor and the Government's use of blockchain forensics. Dr. Cabañas will explain the mathematics behind the assumptions (heuristics) made by the Government and Chainalysis and why these assumptions cannot be relied upon to reach a mathematically accurate result. As Dr. Cabanas' Daubert Hearing testimony demonstrates, he will clearly explain these issues and their importance to the Jury.

The Government repeatedly derides Dr. Cabañas' expertise in statistical analysis by referring to him as a "former physicist and Monero enthusiast." Nowhere in their Opposition does the Government challenge Dr. Cabañas's expertise as a statistician and physicist holding a Ph.D.

In its Opposition, the Government complains that Dr. Cabañas has not conducted any statistical analysis in this case. Yet neither has the Government, and the Government has the burden of proof here beyond a reasonable doubt. Dr. Cabañas is well qualified to testify about the problems with the Government's blockchain forensics lacking any scientific review as to its accuracy, statistical error rates, and total lack of information as to its rate of false positives and negative.

**B. Jonelle Still of Ciphertrace**

In its Opposition, the Government states that it does not anticipate objecting to Ms. Still's qualifications as an expert. The Government's central issue with Ms. Still is that it has not yet received any expert report from her. The Court settled this matter at the July 19, 2023, Daubert Hearing. The Defense will submit her expert report as ordered by the Court by August 7, 2023.

**C. Dr. Dror**

Given that the entirety of the Government's case is speculative and all the evidence consistent with Mr. Sterlingov's innocence, Dr. Dror's testimony as one of the world's leading experts in cognitive bias in forensics is crucial, relevant, and reliable. The Government has no corroborating evidence for any of its accusations; instead, it started with a foregone conclusion and interpreted everything in that light. Dr. Dror's testimony is integral to establishing whether cognitive or confirmation bias played a role in tainting the Government's investigation. Ascertaining and analyzing areas of potential bias are essential to adjudicating the accuracy of an analysis. As Dr. Dror stated on the stand at the July 19, 2023, Daubert Hearing, one of the primary potential sources of cognitive bias comes from an investigator's knowledge of a suspect's arrest. Here, both the Government's proffered expert witnesses on the validity of their blockchain forensics only came in on this case after the Government arrested Mr. Sterlingov.

In a case like this one, where the entire prosecutorial theory relies upon forensic analysis and no corroborating evidence of any illegal conduct by the Defendant exists, the Jury needs to have the tools to scrutinize any potential sources of bias that have tainted the investigation. Particularly because the Discovery implicates individuals other than Mr. Sterlingov, as well as comments by investigators expressing their doubts as to whether Mr. Sterlingov was the operator of Bitcoin Fog. Dr. Dror's testimony is directly on point.

5

### D. Mr. Fischbach

Mr. Fischbach is an expert in digital forensics who federal and state courts have admitted as an expert in digital forensics cases. Once again, the Government seems overly concerned with his lack of experience with blockchain analysis. But that is not the focus of his proffered testimony. As detailed in his expert disclosure, which he will be updating at the Court's request before his testimony at the upcoming August Daubert hearing, his testimony is critical to helping the Jury in its understanding of some of the fundamental concepts in this case, including DNS registrations, the difference between the clearnet and deep web (what the Government pejoratively labels the "dark web" or "dark net") the forensically unsound nature of the Mt. Gox data foundational to the Government's IP Address attributions, and the speculative and unreliable nature of the Government's IP Address Overlap analysis contained in its expert report proffered by Valerie Mazard de Mazarin. To say nothing of the Government mixing evidence from another case with Mr. Sterlingov's.

### E. Mr. Verret

Mr. Verret's CV, expert disclosure, and testimony at the July 19, 2023, Daubert hearing establishes that he is qualified to provide expert testimony as the financial forensics in this case. His testimony is particularly relevant to the Government's conjecture that Bitcoin Fog paid service fees to Mr. Sterlingov. Mr. Verret will testify that Mr. Sterlingov's financials are entirely consistent with Mr. Sterlingov being an early adopter of Bitcoin and inconsistent with the Government's fantasy that Mr. Sterlingov operated Bitcoin Fog. As a CPA and certified financial fraud forensic analyst, he will help the Jury understand the flaws in the Government's unsupported accusations.

## Conclusion

The Defense's supplemental expert disclosures are sufficient to notify the Government. Whether or not the prior or amended version of Federal Rule of Criminal Procedure 16 applies, there is no substantial prejudice to the Government. This Court should deny the Government's Opposition in its entirety.

Dated: July 21, 2023
Brooklyn, New York

        Respectfully submitted,

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov