UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>    Defendant. | **No. 21-cr-399 (RDM)** |

# DEFENSE MOTION REQUESTING FULL ACCESS TO DEFENDANT TO PREPARE FOR TRIAL AND TRANSFER TO AN APPROPRIATE FEDERAL FACILITY

## Introduction

Mr. Sterlingov is the Defendant in the above-captioned matter whose trial is scheduled for September 14, 2023. He is currently incarcerated pretrial at the Northern Neck Regional Jail ("Jail") in Warsaw, Virginia. This substandard Virginia state jail is a remote facility in rural Virginia, making attorney access burdensome and expensive. The Jail is roughly a six-hour drive away from his attorneys in New York City, roughly a two-and-a-half-hour drive from the courthouse in which he is being tried, and over six-thousand miles away from his home in Gothenburg, Sweden. Additionally, the Jail fails to return communications in a timely manner, fails to provide access as required seven days a week, and otherwise engages in pretextual behavior intended to thwart Mr. Sterlingov's access to Defense counsel. The Defense has conferred with the Government regarding this Motion and the Government takes no position.

The Jail is a state facility, but has contracted with the federal government to house federal detainees.[1] On February 2, 2023, Superintendent Michelle Lewis of the Northern Neck Regional Jail sent a pair of letters to Defense Counsel restricting attorney access to Defendant Roman Sterlingov to "phone calls, video visit, or through the glass in [the] lobby area".[2] The pretext for this was the accusation that Defense counsel attempted to smuggle in cigarettes and nicotine gum to Mr. Sterlingov who does not smoke. This is false and any review of the video will show Defense counsel emptying their pockets and putting the contents in the locker provided by the Jail as Defense counsel has done countless times in federal facilities across the country over the last decade. Before this notice, Defense counsel had been regularly visiting Mr. Sterlingov and working on his defense with him in the attorney-client room.

---

[1] Agreement No. 83-95-0013 between the United States Marshals Service and the Northern Neck Regional Jail (attached as Ex. A).
[2] Ltrs. from Northern Neck Regional Jail to Defense Counsel Restricting Attorney Access to Defendant (Feb. 3, 2023) (attached as Ex. B).

The Jail is engaging in conduct intended to thwart Mr. Sterlingov's access to counsel in order to prepare for his upcoming trial. In direct violation of his clearly constitution rights. The Jail appears to be doing so under the misguided impression that it will curry favor with the federal government in order to continue its lucrative contract to house federal detainees. As previously discussed with the Court, the Jail's transfer process for Mr. Sterlingov to this Court prevents Mr. Sterlingov from getting any sleep before he appears in this Court. This is another significant issue raised by the substandard conditions Mr. Sterlingov is detained under pretrial and significantly materially impacts his ability to defend himself. This Court should order the Jail to provide full access for Mr. Sterlingov to his defense attorneys and experts, refer the Jail for investigation to the appropriate bodies, or in the alternative order Mr. Sterlingov's transfer to the federal facility in Alexandria, Virginia or another appropriate federal facility near the Court.

## Legal Standard

The Sixth Amendment to the Constitution protects criminal defendants' rights to attorney-client communication and effective assistance of counsel. "[I]t has long been recognized that the essence of the Sixth Amendment right is privacy of communication with counsel."[3] This District has repeatedly upheld protections on the free flow of communication between defendants and their attorneys.[4]

*U.S. v. Eniola* discusses the importance of attorney-client communication and the Sixth Amendment right to effective assistance of counsel.[5] *Campbell v. McGruder* sets out the general framework for analyzing the rights of pretrial detainees, which includes the presumption of

---

[3] *See Weatherford v. Bursey*, 429 U.S. 545, 563, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (Marshall, J., dissenting) (internal quotation marks and ellipsis omitted).
[4] *See U.S. v. Eniola*, 893 F.2d 383 (D.C. Cir. 1990); *Campbell v. McGruder*, 580 F.2d 521 (D.C. Cir. 1978).
[5] *Eniola*, 893 F.2d at 387.

innocence and the need to balance the detainee's liberty interests against the state's need to protect the community.[6]

In *Eniola* the court held that "the sixth amendment protects the defendant against intrusions that could inhibit the free exchange of information between attorney and client."[7] When the government uses pre-textual excuses to deny access, courts in this District have repeatedly found that improper. For example, in *Hatim v. Obama*, the court found that the government's new search procedures were an exaggerated response to overstated security concerns, and that the rationales offered by the government were but a pretext for the real purpose, which was to restrict detainees' access to counsel.[8]

The Bureau of Prisons has set standards for jailers' conduct concerning attorney-inmate access. BOP in-person legal visits at pretrial facilities are governed by national Program Statement 1315.07: Inmate Legal Activities. The Policy states, in part, that the Warden may not "limit the frequency of attorney visits since the number of visits necessary is dependent upon the nature and urgency of the legal problems involved."[9] In addition, the Policy states that "the Warden shall set the time and place for visits."[10] Program Statement 7331.04: Pretrial Inmates provides additional guidance regarding access to legal resources, stating that "the Warden shall provide the opportunity for pretrial inmate-attorney visits on a seven-days-a-week basis."[11]

> Nearly every stricture of the jail's regimen will prevent the pretrial detainee from doing what he would be otherwise free to do. The very conditions of confinement are additional deprivations of

---

[6] *Campbell v. McGruder*, 580 F.2d 521 (D.C. Cir. 1978).
[7] *U.S. v. Eniola*, 893 F.2d 383 (D.C. Cir. 1990).
[8] *Hatim v. Obama*, 760 F.3d 54, 57 (D.C. Cir. 2014).
[9] Report and Recommendations Concerning Access to Counsel at the Federal Bureau of Prisons' Pretrial Facilities, ADVISORY GROUP OF DOJ COMPONENTS § II A 1(July 20, 2023) (available at: https://www.justice.gov/d9/2023-07/2023.07.20_atj_bop_access_to_counsel_report.pdf).
[10] *Id.*
[11] *Id.*

liberty. They are also punishment, and, as the restrictions of the jail accumulate, the detainees' punishment becomes more severe.[12]

## Argument

Mr. Sterlingov's pre-trial detention in the Northern Neck Regional Jail has materially impacted his defense. The pretextual, unconstitutional behavior of his jailers has significantly added to the time and expense involved in this defense. This is to say nothing of the Jails substandard conditions, nutrition and medical care which is directly impacting Mr. Sterlingov's health. Mr. Sterlingov has been convicted of no crime yet he is being punished as if he has. The purpose of pretrial detention is to assure the Defendant's appearance in Court. What is happening here goes far beyond that and is a direct violation of his constitutional rights.

This case is a complex case involving multiple matters of first impression in relation to Bitcoin, the blockchain and untested blockchain forensics. There is a significant volume of electronic discovery. The Jail's pretextual unconstitutional behavior has denied Mr. Sterlingov access to and time with Defense counsel necessary to review the voluminous discovery in this case and prepare his defense. Speaking with Mr. Sterlingov through "phone calls, video visit, or through the glass in [the] lobby area"[13] is insufficient for these purposes. Moreover, it puts him under the purview of the prying eyes and ears of a Jail seeking to curry favor with its federal contractors.

Sec. G.2.2.b of the Federal Performance Based Detention Standards Handbook directs facilities housing federal inmates to ensure uncensored contact with attorneys and authorized

---

[12] *Campbell v. McGruder*, 580 F.2d 521 (D.C. Cir. 1978) citing *Cummings v. Missouri*, 71 U.S. 277, 321-22 (1867); *Brown v. Wilemon*, 139 F.2d 730, 732 (5th Cir. 1944), cert. denied sub nom., *Wilemon v. Bowles*, 322 U.S. 748 (1944).
[13] *See* Ex. B.

representatives.[14] The Jail is in direct violation of this standard just like it directly violates the constitution with its pretextual excuses.

### The Court Should Order the Jail to Provide Full Access to Mr. Sterlingov

Early on in the representation, Defense counsel was able to speak with Mr. Sterlingov over Zoom through which multiple individuals would be able to speak with Mr. Sterlingov at the same time. The jail then limited video-call access to communications through Securus. The Securus video platform does not facilitate multiple people joining a video call and limits Mr. Sterlingov's video communications to a single person at a time. Moreover, the Securus software is buggy, repeatedly glitches and is unreliable. Similarly, the phone system at the jail does not allow users to conference in multiple callers, limits calls to 15 minutes, and the audio quality renders the conversation inaudible and incomprehensible at points. This prevents Mr. Sterlingov from working with his attorneys and expert witnesses in a productive manner, increases transaction costs, and the time it takes to do everything. Likewise, communicating with Mr. Sterlingov through glass in the jail lobby is insufficient. Defense counsel needs Mr. Sterlingov to be able to work with them on computers to review records, provide context to documents, contribute to the theory of defense.

### Conclusion

This Court should order the Jail to provide Mr. Sterlingov's Defense counsel immediate and full access in the Jail's attorney-client room to prepare for his September 2023 trial. As per federal regulations, access should be provided seven days a week. Additionally, this Court should order the transfer of Mr. Sterlingov as soon as possible from the punitive substandard conditions he is being held in at the Jail to the federal facility at Alexandria, Virginia, or another

---

[14] Federal Performance Based Detention Standards Handbook, Rev 11, §G.2.2.b (May 2022) (available at: https://www.usmarshals.gov/sites/default/files/media/document/detention-standards.pdf).

appropriate federal facility near the courthouse. The current failure of the federal government to detain Mr. Sterlingov pretrial under conditions allowing him to prepare his defense in this complex and novel prosecution is a direct violation of his Fifth and Sixth Amendment rights under the United States Constitution and has materially impacted and delayed his defense. If the Government cannot provide constitutional facilities for Mr. Sterlingov's pretrial detention, then this Court should order his immediate release pretrial so that he can adequately prepare his defense.

Dated: July 28, 2023
New York, New York

        Respectfully submitted,

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov