UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 21-cr-399 (RDM)** |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENT TO PRESENT EXPERT TESTIMONY

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby supplements its previous notices, ECF No. 61 and ECF No. 124, of its intent to introduce expert testimony pursuant to Fed. R. Evid. 702, 703, and 705, and Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This filing is intended to ensure compliance with updated provisions of Rule 16.

The government hereby provides notice that previously noticed expert Ms. Elizabeth Bisbee's testimony will include information contained in her supplemental report, signed and dated July 28, 2023, which has been provided to defense counsel under separate cover. The supplemental report updates Ms. Bisbee's prior report, dated December 8, 2022 (the "original report"), and her testimony at the June 23, 2023 *Daubert* hearing, but it does not expand the scope or other substance of her intended trial presentation. Ms. Bisbee's original report included multiple voluminous attachments that specified which addresses in each cluster were identified through the co-spend heuristic. The original report identified only the addresses identified through primary co-spend. The supplemental report attachments identify addresses identified through both primary and secondary co-spend, defined in the supplemental report, and identify the root address for each of the co-spend clusters. The inclusion of both primary and secondary co-spend increases the relative

1

percentage of each cluster that is based on co-spend, but does not change the addresses in the cluster or the flow of funds between clusters. At the June 23, 2023 *Daubert* hearing, Ms. Bisbee testified based on the numbers in her original report; her testimony at trial — to the extent the relative percentage of co-spend addresses within a cluster is a topic of testimony — will reflect the numbers in the supplemental report. The supplemental report also fixes two typos in the original report.

## CONCLUSION

The government respectfully submits that the testimony of Ms. Bisbee will help the jury understand the evidence in this case.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov