UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S NOTICE OF ONGOING VIOLATIONS OF LOCAL CRIMINAL RULE 57.7(b)

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, respectfully provides notice of apparent ongoing violations of Local Criminal Rule 57.7(b), some of which occurred in the past several days. It further asks the Court to order the parties to comply with Rule 57.7(b).

## FACTUAL AND PROCEDURAL BACKGROUND

On June 15, 2023, the government filed its Notice and Motion for Order to Show Cause Regarding Ongoing Violations of Local Criminal Rule 57.7(b) concerning numerous extrajudicial statements by defense counsel concerning this case. The government also provided links to defense counsels' Twitter feeds, stating "Defense counsel's Twitter feeds likewise contain a stream of commentary on the merits of this case and *ad hominem* attacks." ECF No. 121, at 4.[1] The defendant also filed a Notice and Motion for Order to Show Cause Regarding Ongoing Violations of Local Criminal Rule 57.7(b). ECF No. 125. The government opposed the defendant's Motion. ECF 127. During the Court's June 16, 2023 hearing addressing the allegations, the defense argued it should be able to fundraise through publicity where there was no reasonable possibility a juror

---

[1] The government refers to the Court the arguments made in that prior Motion.

would be influenced from that publicity.  June 16, 2023 Hearing Transcript (6/16/23 Tr.) at 72. After the Court admonished defense counsel to follow Rule 57.7(b), *see id.* at 72-73, the following colloquy occurred:

> Mr. Ekeland:  Okay, Your Honor.  We submit that we are complying by the rule because we don't think there's any reasonable probability that any juror --
>
> The Court:  You're posting stuff on Twitter.  If you're having a private conversation that's not being placed on the internet with people in Europe, fine; I don't see a problem there.  I get that.
>
> But if you're doing stuff that is being posted on the internet, on Twitter and YouTube, I think that there is a risk that you're tainting the jury venire by doing that.

*Id*. at 73-74.

The Court then stated:

> At this point in time, I don't think it's necessary for me to enter an order. But I will say this.  If I do see other violations, and other violations of Rule 57.7(b) are brought to my attention, at that point in time I'm just going to enter an order.  If you violate that order, you will be in contempt, and there will be consequences for that.  But as of now, I expect everyone to comply with the rule.  As I said, if any further violations are brought to my attention, I will actually issue an order directing compliance and hold the violating parties in contempt after that.

Tr. at 75.

With the understanding that the parties would comply with Rule 57.7(b), the Court then denied both motions.

The defendant subsequently filed its Motion to Authorize Issuance and Pretrial Return of Subpoena Duces Tecum to Chainalysis, Inc. Under Federal Rule of Criminal Procedure 17(c). ECF 155.  On August 10, 2023, the government filed its Opposition to the motion.  ECF 161.  In the Opposition, the government, in noting that the defendant was attempting to intimidate potential government witnesses, cited to the June 23, 2023 hearing.  The government cited numerous tweets or retweets by defense counsel Mr. Hassard in July 2023, including a "rats" tweet that contextually refers to a specific witness.  *See* ECF 161.

## SOME PERTINENT DEFENSE TEAM PUBLIC STATEMENTS

The government does not seek to describe all the tweets on the @mikehassard account available to the public that comment on the case before the Court, but some of the statements blatantly demonstrate that an order is needed.  After the Court's admonishment, and after the government pointed out that the defense team's public comments amounted to witness intimidation, the defense team has declined to delete its "rats" tweet, as shown by this image of Mr. Hassard's Twitter feed, taken on August 18, 2023 (this Friday):



On August 10, 2023, last Thursday, Mr. Hassard reposted the following, referencing that this case involved "only government parasites incompetence combined with greed":



The YouTube link is to a seventy-minute video with this visual image designed to have viewers "donate to Roman's legal defense fund.":



Contextually, Mr. Hassard's reposting of the "only government parasites incompetence combined with greed" statement is part of the plan to raise money for the defense team.[2]

The government is also aware that Mr. Hassard reposted the following tweet on August 13, 2023, (Monday) stating that "#FreeRoman! Chainalysis & DOJ are FULL OF SHIT!"

---

[2] As stated in the government's earlier motion, Mr. Hassard had earlier retweeted a July 20, 2023 post describing Chainalysis as "the parasitical company that sent innocent people in jail over bullshit (see Roman Sterlingov)." One may assume that "parasites" in the August 10, 2023 repost refers to Chainalysis.


On August 15, 2023 (Wednesday), Mr. Hassard also reposted the following:



Mr. Hassard may have found the article "incredible" because the defense team helped "shap[e]" it:



Clicking on the article hyperlink, as Mr. Hassard encourages a viewer to do, takes the reader to an article, bitcoinmagazine.com/culture/state-sponsored-attacks-on-bitcoin-privacy-are-growing, that makes, among others, the following statements:

- "This ongoing case [*United States v. Sterlingov*], which is set to go to trial on September 14, 2023, is an example of how far the state will go to attack your financial privacy."

- "[Y]our financial privacy is under attack!"

- "Those in charge of the fiat system are more determined than ever to use every tool at their disposal, legislative or otherwise, to neuter Bitcoin while weaponizing the justice system against individual, privacy-conscious Bitcoiners, as in the case of Sterlingov. Fortunately we have the capabilities to develop new privacy-preserving tools that would render all these State-level attacks useless."

- o "In addition to predatory legislation and Orwellian CBDCs, blockchain surveillance companies such as Chainalysis, are another threat to our financial privacy that lurks in the shadows."

*See* Attachment A.

The cited examples of Rule 57.7(b) violations are examples which have been posted since August 10, 2023 or remain posted despite Mr. Hassard's ability to delete them. They do not represent the total number of tweets since June 16, 2023, but are highlights of a fundraising campaign that relies on referencing Chainalysis and its employees as "rats," "parasites," "FULL OF SHIT," and a "threat to our financial privacy that lurks in the shadows." As the Court is aware, the government intends to elicit testimony of a Chainalysis employee in front of a jury in this case.

The government respectfully requests that the Court act in accordance with the Court's stated views on June 16, 2023, and, at a minimum, order the parties to comply with Rule 57.7(b).

9

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

BY:   */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

        */s/ C. Alden Pelker*
        */s/ Jeffrey Pearlman*
        C. Alden Pelker, Maryland Bar
        Jeff Pearlman, D.C. Bar No. 466901
        Trial Attorneys, U.S. Department of Justice
        Computer Crime & Intellectual Property Section
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 616-5007 (Pelker)
        (202) 579-6543 (Pearlman)
        Catherine.Pelker@usdoj.gov
        Jeffrey.Pearlman2@usdoj.gov