**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO. 21-cr-399 (RDM)** |
| | **:** | |
| **ROMAN STERLINGOV,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S MOTION TO QUASH DEFENSE**
**SUBPOENA TO FORMER GOVERNMENT PROSECUTOR LEE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves to quash the defense subpoena to former Assistant United States Attorney Youli Lee.  Former AUSA Lee's only involvement in this case was as one of the prosecutors supervising the investigation of Bitcoin Fog, and the only conceivable purpose of calling her at trial is to pry into privileged—and completely irrelevant—matters relating to her work as a government prosecutor.  The defendant has not met the high bar to justify calling a government prosecutor as a witness at trial.  Nor has the defendant complied with *Touhy* regulations, of which the defendant is well aware from prior briefings, that govern requests for testimony by current or former Department of Justice personnel.  The subpoena should be quashed.

**BACKGROUND**

Former AUSA Lee was a longtime career prosecutor in the U.S. Attorney's Office for the District of Columbia.  She worked on a number of cyber and cryptocurrency investigations, including not just Bitcoin Fog, but also Welcome to Video (which took down the world's largest darknet-based child sexual abuse material website) and other significant cases built through blockchain analysis.

Former AUSA Lee left the U.S. Attorney's Office in late 2019, long before the defendant was arrested in this case. She then held a number of positions in government and the private sector—moving first to the U.S. Department of Commerce, Bureau of Industry and Security; then to the California-based cryptocurrency exchange Coinbase; and finally to Chainalysis. Former AUSA Lee joined Chainalysis in or about the beginning of 2022, well after the defendant had been arrested and was first indicted in this case. She did not—as the defense mistakenly seems to believe—move directly from the U.S. Attorney's Office to Chainalysis.

The defendant did not provide any notice or otherwise alert the government to the subpoena to one of the former prosecutors assigned to this case, notwithstanding the protracted litigation regarding the defendant's subpoena to Trial Attorney Pelker. Nor did the defendant submit any request to the Department of Justice for such testimony pursuant to *Touhy* regulations. The defense has never communicated with the prosecution team to discuss former AUSA Lee's prospective testimony or explain their theory of relevance.

On August 25, 2023, the Chief of the Civil Division of the U.S. Attorney's Office for the District of Columbia issued a letter to defense counsel requesting cooperation with the U.S. Department of Justice's *Touhy* regulations. *See* Ex. 1 (Letter from B. Hudak to T. Ekeland (Aug. 25, 2023)). The *Touhy* letter highlighted the relevant regulations and requested: "[T]o assess your subpoena to Ms. Lee and evaluate any concerns or objections the Department may have to it, we request that you provide the summary required by the Department's *Touhy* regulations to the U.S. Attorney's Office," and in particular asked the defense to "address whether any of the factors listed in 28 C.F.R. § 16.26(b) are present, and if they are, why an Assistant Attorney General should nonetheless authorize disclosure." The defense has not responded.

## ARGUMENT

### A. The Defendant Cannot Show that Testimony from Former AUSA Lee Is Relevant and Admissible, Let Alone Vital to His Case and Unavailable Through Another Source

First, the defense has not met the high bar for calling a government prosecutor as a witness at trial. As the government has outlined in prior briefing in this case, a defendant seeking to call a prosecutor as a witness in his case bears the burden of showing: (1) that the proposed testimony is "vital to his case," *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991); and (2) that the same evidence cannot be obtained from another source, *id.*, and that he has "exhausted" "all other sources of possible testimony," *United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982). *See* ECF No. 64, at 3-4; ECF No. 73, at 41-42; ECF No. 120, at 8-9; ECF No. 132, at 2-3. "The law does not liberally permit a defendant to call a prosecutor as a witness. On the contrary, a defendant must demonstrate a compelling and legitimate need to do so. Where witnesses other than the prosecutor can testify to the same matters or conversations, no compelling need exists." *United States v. Wallach*, 788 F. Supp. 739, 743-44 (S.D.N.Y. 1992) (internal citations omitted). The defendant has not met this high bar.

Former AUSA Lee's *only* involvement in this case was in her capacity as one of the prosecutors supervising the investigation. She was not a percipient witness to any key witness interview, undercover transaction, or physical search; she was not part of the chain of custody for any evidence; she had no unique knowledge of the underlying evidence. To be sure, like any prosecutor, former AUSA Lee developed some derivative knowledge of the case through her work as an attorney advising the investigative team. But any knowledge gleaned by former AUSA Lee would be, at best, inadmissible hearsay, irrelevant, and highly inculpatory.

Further, none of former AUSA Lee's knowledge of the case is unique. There is no testimony the defense can elicit from her that they cannot obtain from another source—such as the

government experts and case agents who will testify during the government's case-in-chief, or any one of the *eight* government agents and analysts the defendant has subpoenaed (so far) to testify in the defense case.[1]   Here, where the defendant cannot even show that former AUSA Lee's testimony is admissible and relevant, such testimony is certainly not vital to his case and unavailable from another source.

If the defendant intends to call former AUSA Lee in service of his attorneys' personal feelings toward Chainalysis, the subpoena is not just improper but wholly misguided.   Former AUSA Lee was not employed by Chainalysis at any relevant time while this case was investigated or charged.   She only joined the company in or about 2022, well *after* the defendant had been charged and originally indicted in this case.   Even if the Court were to credit defense counsel's baseless conspiracy theories about Chainalysis, they have nothing to do with former AUSA Lee.

### B.  The Defendant Is Seeking Privileged Testimony

Second, virtually any testimony from former AUSA Lee about her work as a prosecutor would be protected under deliberative process privilege, attorney-client privilege, and attorney work product doctrines.   It would set an ominous precedent, and chill the work of Department of Justice attorneys working in good faith to protect the public and enforce the law, if defendants were allowed to compel frivolous and irrelevant testimony about every legal decision made during the course of an investigation.   The government has exhaustively briefed issues of deliberative process privilege and attorney work product in relation to the baseless defense subpoena to Trial Attorney Pelker, and it incorporates by reference those arguments and legal authorities here.   See

---

[1] The defendant has served the government with trial subpoenas for IRS-CI Agents Justin Allen, Devon Beckett, and Leo Rovensky; IRS-CI Analyst Aaron Bice; former IRS-CI Agents Matthew Price and Tigran Gambaryan; FBI Staff Operations Specialist Luke Scholl; and former FBI Agent Kathleen Kaderabek.  The government could not accept service of the subpoenas on behalf of those employees who have since left government service.

ECF No. 120, at 12-15; ECF No. 132, at 7.  It is up to the defendant, as the party seeking to force

disclosure of attorney deliberations, communications, and work product, to make a sufficient legal

showing to justify overcoming those important protections.  The defendant has not done so.

### C. The Defendant Continues To Refuse To Comply with *Touhy* Regulations

Third, the defendant has failed to comply with applicable *Touhy* regulations.  Here, too,

the government has exhaustively briefed the issue and incorporates those arguments and legal

authorities here.  ECF No. 73, at 42; ECF No. 120, at 10-15; ECF No. 132, at 5-9.  "When one

considers the variety of information contained in the files of any government department and the

possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of

centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or

challenged is obvious."  *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 419 (1951).

These procedural regulations protect important governmental interests by providing a

mechanism for senior officials to review prospective testimony and determine whether to invoke

any substantive privilege against disclosure—as appears to be likely here.  Courts have routinely

upheld the need for requesting parties to provide such summaries when seeking oral testimony

from Department officials.  *See, e.g.*, *United States v. Springer*, 444 F. App'x 256, 263 (10th Cir.

2011); *United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982); *United States v. Marino*,

658 F.2d 1120, 1125 (6th Cir. 1981).  The defendant's failure to provide a summary of the

anticipated testimony from former AUSA Lee pursuant to applicable *Touhy* regulations only

invites disruption and delay at trial, as the government will be forced to object and argue privilege

issues in the midst of the defendant's direct examination.

Failure to comply with this procedural prerequisite is a valid ground to quash or deny a

subpoena.  *See, e.g., United States v. Archer*, 2010 WL 2633080, at *1-2 (E.D. Tenn. June 25,

2010) (quashing subpoena to FBI agent); *United States v. Guild*, 2008 WL 169355, at \*2-3 (E.D. Va. Jan. 15, 2008) (quashing subpoena to AUSA); *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir. 1981) (affirming denial of subpoena to FBI and U.S. Marshal's Office for failure to comply with *Touhy* regulations).

* * *

The defendant's subpoena to former AUSA Lee, who cannot testify concerning admissible evidence, appears to be part of the defense team's campaign of harassment directed toward Chainalysis. The Court should not allow such tactics to waste the jury's time at trial. The subpoena to former AUSA Lee should be quashed.

## CONCLUSION

For the foregoing reasons, the Court should quash the defendant's trial subpoena to the former government prosecutor assigned to this case, former AUSA Youli Lee.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:     */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
*/s/ Jeffrey Pearlman*
C. Alden Pelker, Maryland Bar
Jeff Pearlman, D.C. Bar No. 466901
Trial Attorneys, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007 (Pelker)
(202) 579-6543 (Pearlman)
Catherine.Pelker@usdoj.gov
Jeffrey.Pearlman2@usdoj.gov