IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ROMAN STERLINGOV,** <br><br> Defendant. | Criminal No. 21-CR-399 (RDM) |

**CHAINALYSIS' NOTICE IN RESPONSE TO THE COURT'S ORDER REGARDING REACTOR HEURISTICS**

Non-party Chainalysis Inc. ("Chainalysis") provides this notice in response to the Court's questions during a hearing on August 29, 2023 and Order of August 30, 2023 (ECF No. 174) regarding the heuristics employed by Reactor.

**RELEVANT BACKGROUND AND RESPONSES**

The Court is familiar with the numerous attempts of defendant to obtain the source code of Chainalysis' Reactor software. Those attempts are described more fully elsewhere.[1] The Court has instructed defense counsel many times about the proper procedure for showing the specific relevance of portions of Reactor's source code. To review that history briefly:

- On June 16, 2023, the Court ordered defense counsel to obtain a statement from an expert in computer code detailing the "particular facts" that the expert would need to determine "to make an assessment of whether this computer model is fairly predictive." (June 16, 2023 Hr'g Tr. at 32:19-21.)

- On July 19, 2023, the Court reminded defense counsel with respect to the source code "to have a conversation with government counsel . . . saying the judge told us to be narrow

---

[1] Following defendant's inappropriate initial attempt to obtain 81 categories of documents, including source code, from Chainalysis and three of its employees through early-return pretrial subpoenas (*see* ECF No. 93, ECF No. 95, ECF No. 97, ECF No. 99, ECF No. 103, ECF No. 105), defendant filed a motion for leave to issue a pretrial subpoena seeking Reactor source code. (ECF No. 155.) Chainalysis and the government opposed that motion. (ECF No. 160; ECF No. 161.) This notice responds to the Court's questions at a hearing on defendant's motion on August 29, 2023 and Order of August 30, 2023 (ECF No. 174).

1

sf-5624328

and more focused; here is our more narrow and more focused request." (July 19, 2023 Hr'g Tr. at 30:5-9.)

- On August 22, 2023, in response to defendant's motion for leave to issue a pretrial subpoena, the Court summarized: "I was pretty clear about the process that I intended to take place, and you didn't seem to follow that, where I said what I need is you to provide me with some statement by a coding expert or other person with the relevant knowledge to identify to me what is it in the code that you need; what is it the code will reveal." (Aug. 22, 2023 Hr'g Tr. at 12:5-11.) The Court observed that defense counsel had still failed to provide any explanation about what Reactor source code would be expected to reveal. (*Id.* at 12:12-17.) The Court concluded: "I'm going to give you the same order I gave you last time. Go find that expert, have that expert write down what it is the expert needs to look for in the source code." (*Id.* at 21:1-3.)

- On August 28, 2023, counsel for the government, the defendant, and Chainalysis met and conferred on the issue of Reactor source code. Defense counsel stated that Laurent Salat, the expert they had spoken with on this issue, said that he needed to see the entirety of Reactor's source code. Counsel for Chainalysis reminded defense counsel that this justification is insufficient and they *still* had not complied with the Court's order.

- On August 29, 2023, at a hearing on defendant's motion for leave to issue a Rule 17(c) subpoena, the Court repeated the requirements that defense counsel would need to satisfy to bring a proper Rule 17(c) request before the Court. In an effort to answer the question posed by the Court as to the potential value of the source code and to bring this issue to an end, Chainalysis voluntarily offered to provide additional detail regarding the heuristics used in this case to substantiate heuristic 2. The Court then permitted defense counsel to describe his only other potential additional grounds for the source code – information on how heuristic 1 handles CoinJoin and whether there were any manual alterations regarding heuristic 3. (*See* ECF No. 174.)

Unlike the defendant, Chainalysis has not been intentionally ignoring the Court's instructions. In its ongoing efforts to facilitate the Court's inquiries, even though it is a non-party in this matter, Chainalysis has repeatedly tried to work with the Court and defense counsel to respond to inquiries. To that end and to close out the inappropriate efforts to obtain access to source code, Chainalysis will voluntarily provide the government with the following information which the government may produce to the defendant: (1) the specific assumptions and logic tests used by heuristic 2 (behavioral clustering) for the results in this case; (2) information on how heuristic 1 (co-spend clustering) detects and controls for CoinJoin; and (3) information regarding

2

whether any manual alterations were applied to heuristic 3 (intelligence-based clustering). Chainalysis is attempting to complete these voluntary productions as soon as it can. It believes it should be in a position to do so by the end of the week of September 4. As these were the only remaining questions posed regarding the analysis, this information should be more than enough to provide defendant with the details he needs to understand how Elizabeth Bisbee's expert analysis works. The defendant and his team of alleged experts cannot articulate the relevance of the source code – this additional information should finally put this issue to rest.

Defendant's repeated attempts to obtain Reactor source code and defendant's repeated refusal to comply with the Court's clear orders show he has no basis to review that source code. Defendant has now had multiple opportunities to provide a *specific* explanation from an expert detailing the expert's need to review *specific* portions of Reactor source code that could be relevant in this case. Defendant has refused to do so. Not one single expert across myriad filings and hearings has provided any reason to look at Reactor source code. That is because there is no reason. Defendant has offered no support on the record and certainly no substantiation sufficient for a subpoena for production. It remains an exercise in harassment, nothing more. Defendant continues to argue that because he does not have access to the source code, he cannot say what he may find and therefore needs to review the entirety of that source code. As multiple rounds of earlier briefing and multiple rounds of oral argument have pointed out, this is the definition of a fishing expedition that *United States v. Nixon*, 418 U.S. 683 (1974), and cases applying its holding have held is improper under Rule 17(c).

The Court is now left only with defendant's say-so that the whole of Reactor source code is relevant. That is plainly insufficient. Defense counsel rests on the supposed oral statement of Mr. Salat that he needs to examine all of Reactor's source code to determine what may be

3

relevant. That does not come close to complying with the Court's order. Nor is Mr. Salat a credible expert with whom Chainalysis could safely entrust its source code. Mr. Salat has publicly denounced expert witness Ms. Bisbee's report as "a huge pile of bullshit trying to hide the complete lack of science behind the heuristics used by blockchain analytics platforms." (Laurent Salat (@LaurentMT), Twitter (July 22, 2023).) For good measure, Mr. Salat has accused the "DoJ [of] fabricating evidences [sic]." (*Id.* (Aug. 24, 2023).) This is not a serious attempt by defendant to comply with this Court's order.

Defense counsel's ulterior motives and inappropriate behavior are detailed in numerous other filings. (*See, e.g.*, ECF No. 121, ECF No. 160 at 14-16, ECF No. 161 at 9-13, ECF No. 165, ECF No. 167 at 9-12.) That behavior should be sufficient reason to deny access to Reactor's source code. Defense counsel has made it clear that they will say anything to earn plaudits with their online fan base. But apart from all of that, defendant has failed even to make a good faith effort to comply with this Court's orders. Defendant has provided no basis for the Court to authorize review of Reactor source code, in whole or in part. In the absence of any specific statement from an expert that explains the basis for reviewing a portion of the source code, the Court should not authorize a fishing expedition by defense counsel. With the additional information that Chainalysis will provide to the government as a direct response to the defendant's unsubstantiated questions, this should end the matter, and Chainalysis respectfully submits that defendant's motion for leave to issue a subpoena should finally be denied in accordance with the Court's directions. To credit defendant's argument that he must see the entirety of the source code first and then determine relevance later stands the requirements of *Nixon* on their head. That is not the way a Rule 17(c) subpoena, or any valid subpoena, works. It is continued harassment of a non-party witness for personal gain.

4
sf-5624328

Dated this 31st day of August, 2023.

        Respectfully submitted,

        MORRISON & FOERSTER LLP

By:   */s/ William Frentzen*
      William Frentzen (D.C. Bar No. 1740835)
      WFrentzen@mofo.com
      425 Market Street, 32nd Floor
      San Francisco, CA 94105
      Telephone: (415) 268-7000
      Facsimile: (415) 268-7522

OF COUNSEL:

Michael Komorowski
MKomorowski@mofo.com
Emani N. Oakley
EOakley@mofo.com
425 Market Street, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Non-party Chainalysis Inc.*