UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>      Defendant. | No. 21-cr-399 (RDM) |

## DEFENSE RESPONSE TO GOVERNMENT'S MOTION TO ADMIT CERTAIN EXHIBITS

Except as noted below, the Defense stipulates to the Government's proffered certifications of authenticity but does not stipulate to the admissibility of any of the proffered evidence. These stipulations only relate to the specific business records, certified by the custodian of record or government official, as produced by the Government in discovery.

## Background

On October 24, 2023, the Government filed a Notice and Motion in Limine to Admit Certain Government Exhibits (Dkt. 62).

On November 7, 2022, the Defense filed its Opposition to Government's Motion in Limine to Admit Certain Government Exhibits (Dkt. 71).

On November 14, 2022, the Government filed its Reply in Support of the Government's Motion in Limine to Admit Certain Government Exhibits (Dkt. 78).

On June 21, 2023, the Government filed a Supplement to its Motion in Limine to Admit Certain Exhibits (Dkt. 140). The Government's supplemental briefing solely concerns the Mt. Gox records.

1

On July 5, 2023, the Defense filed its Opposition to the Government's Supplemental briefing for the Government's Motion in Limine to Admit Certain Exhibits (Dkt. 144).

On July 11, 2023, the Government filed a Reply in Support of its Supplemental briefing for its Motion in Limine to Admit Certain Exhibits (Dkt. 146).

On August 30, 2023, following a hearing in which this matter was discussed, this Court ordered that the Defense meet and confer with the Government and to file a brief on or before September 4, 2023, setting forth the specific grounds, if any, that the Defense has for opposing the Government's motion to admit certain Government exhibits.

On September 1, 2023, the Defense met and conferred with the Government regarding the Government's efforts to admit certain Government exhibits.

## Defense's Response to the Government's Motion to Admit Certain Evidence

Except as noted below, the Defense stipulates to the certifications of the proffered evidence as authentic but does not stipulate to its admissibility.

1. **Defense Response to the Government's Original Motion in Limine to Admit Certain Exhibits**

    A. <u>Records from Financial Institutions, Online Service Providers, and Other Business</u>

The Defense stipulates to the authenticity of the records from the 47 entities identified on pages 4 and 5 of the Government's Motion in Limine to Admit Certain Exhibits (Dkt. 62) but does not stipulate to their admissibility at trial. Furthermore, the Defense only stipulates to the authenticity to the records from the entities to the extent that they have been produced in Discovery to the Defense.

### B. Official Government Records – Lack of Registration or Licensure

The Defense stipulates that Bitcoin Fog never registered for a license as a money transmission business in Washington D.C. with either FinCen or the District of Columbia Department of Insurance, Securities, and Banking.

### C. Archive.org Screenshots

The Defense stipulates to the authenticity of the screenshots from archive.org but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the archive.org screenshots to the extent they have been produced to the Defense in discovery.

### D. Blockchain Records

The Defense stipulates to the authenticity of the publicly viewable blockchain ledger but does not stipulate to its admissibility at trial. The Defense does not stipulate to the authenticity or admissibility of any conclusions, opinions, or speculations derived from using heuristics, proprietary algorithms, or any other methodology that goes beyond what is recorded in the public blockchain ledger.

### E. Records Seized from Electronic Devices

#### a. Devices Seized from the Defendant at the Time of Arrest

The Defense stipulates to the authenticity in relation to the electronic devices actually seized from Mr. Sterlingov when he was arrested at Los Angeles International Airport. However, the discovery reveals that the Government appears to have mixed up electronic devices from other cases unrelated to Mr. Sterlingov, and the Defense does not stipulate to the authenticity of any of those unrelated devices, and reserves all rights to object to the contamination of the chain of custody of the electronic devices in this case by electronic devices from unrelated cases.

Moreover, the Defense only stipulates to the authenticity of the records from the electronic devices actually seized from Mr. Sterlingov to the extent they have been produced to the Defense in discovery.

### b. Defendant's To the Moon VPN Servers in Romania

The Defense stipulates to the authenticity of the business records for the To the Moon VPN servers but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the To the Moon VPN Server records to the extent they have been produced to the Defense in discovery.

### c. Seized Electronic Evidence from Other Investigations

#### i. Mt. Gox

The Defense does not stipulate to the authenticity of the Mt. Gox records, nor their admissibility at trial. The Mt. Gox records are inauthentic and inaccurate. The Defense refers to its supplemental briefing on this issue (Dkts. 71, 144), and incorporates those arguments here by reference.

Additionally, the Government has not produced a full, native set of the Mt. Gox data for review by the Defense, merely producing fragmented spreadsheets. The Government has withheld production on the grounds that the records are sensitive and insisted that the Defense review the records at the FBI offices in Manassas, Virginia. Not only is this impractical, unduly burdensome, and unduly expensive, it has no sound basis in law or in fact, as a protective order is in place, and none of the referenced data contains national security information or child pornography. Moreover, the Mt. Gox database was publicly leaked years ago. Additionally, the Government has produced numerous other records containing sensitive information, like the records from darknet markets, such as Silk Road, without withholding them from the Defense. The real reason it appears that the Government is withholding the Mt. Gox records from the

Defense is because they are riddled with errors, potentially contain forged information, and are central to the Government's charges against Mr. Sterlingov.

The Defense does not stipulate to the authenticity of the Mt. Gox records, nor their admissibility at trial.

### ii. BTC-e Records

The Defense stipulates to the authenticity of the BTC-e records, but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the BTC-e records to the extent they have been produced to the Defense in discovery.

### iii. Liberty Reserve Records

The Defense stipulates to the authenticity of the Liberty Reserve records, but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the Liberty Reserve records to the extent they have been produced to the Defense in discovery.

### iv. Silk Road

The Defense stipulates to the authenticity of the Silk Road records, but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the Silk Road records to the extent they have been produced to the Defense in discovery.

### v. Silk Road 2.0

The Defense stipulates to the authenticity of the Silk Road 2.0 records, but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the Silk Road 2.0 records to the extent they have been produced to the Defense in discovery.

vi. <u>AlphaBay</u>

The Defense stipulates to the authenticity of the AlphaBay records, but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the AlphaBay records to the extent they have been produced to the Defense in discovery.

vii. <u>Welcome to Video</u>

The Defense stipulates to the authenticity of the Welcome to Video records, but does not stipulate to their admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the Welcome to Video records to the extent they have been produced to the Defense in discovery.

F. <u>Records from Foreign Document Requests</u>

The Defense recognizes the foreign document returns as authentic to the extent they are actual business records and not the work product of foreign governments or other individuals. The Defense does not stipulate to any of the foreign documents' admissibility at trial. Moreover, the Defense only stipulates to the authenticity of the foreign records to the extent they have been produced to the Defense in discovery.

G. <u>Charts and Testimony</u>

The only summary charts that the Defense has been provided with are those for Government proffered expert witness Sarah Glave. The Defense is still reviewing them for their accuracy and reserves the right to object to their use should it be warranted.

H. <u>Demonstratives</u>

No demonstratives have been provided to the Defense, and the Defense reserves its right to object to any Government demonstratives as necessary.

## Conclusion

As described above, the Defense generally stipulates to the authenticity, but not the admissibility of the proffered Government evidence. The Defense stipulates to the authenticity of the proffered evidence based on the certifications provided by the Government and limited to the scope of those certifications and as produced in the discovery to the Defense. As noted above, and in its prior briefing, the Defense objects to both the authenticity and admissibility of the Mt. Gox data, because it is both inauthentic and inaccurate, and it has not been fully produced in its native format to the Defense.

Dated: September 4, 2023
Brooklyn, New York

                        Respectfully submitted,

                        /s/ Tor Ekeland
                        Tor Ekeland (NYS Bar No. 4493631)
                        *Pro Hac Vice*
                        Tor Ekeland Law, PLLC
                        30 Wall Street, 8th Floor
                        New York, NY
                        t:  (718) 737 - 7264
                        f:  (718) 504 - 5417
                        tor@torekeland.com

                        /s/ Michael Hassard
                        Michael Hassard (NYS Bar No. 5824768)
                        *Pro Hac Vice*
                        Tor Ekeland Law, PLLC
                        30 Wall Street, 8th Floor
                        New York, NY
                        t:  (718) 737 - 7264
                        f:  (718) 504 - 5417
                        michael@torekeland.com

                        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov