UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>　　　　Defendant. | No. 21-cr-399 (RDM) |

**DEFENSE RESPONSE TO COURT ORDER REGARDING THE GOVERNMENT'S FOREIGN LANGUAGE TRANSLATIONS (Dkt. 174)**

The Government produced to the Defense translations into English from Russian, Swedish, and Romanian. The Government produced these translations on May 19, 2022, August 23, 2022, and August 31, 2023. In some cases, the Government translated the entire document in question, such as with Swedish banking records, but in other instances the Government only translated portions of a document, such as with Mr. Sterlingov's hand-written notes.

None of the Government's translations show Mr. Sterlingov discussing the operation of Bitcoin Fog, and there are serious questions as to their relevancy to this prosecution. Many of the translations appear to reflect a prosecutorial bias in the word choice and phrasing. Mr. Sterlingov, to the extent that his current pretrial incarceration has allowed him to review the Government's translations, objects to their use at trial. He requests that this Court appoint an independent, neutral translator who has not been informed that these translations are based on documents from a defendant in a federal criminal trial.

## Background

On May 19, 2022, the Government produced translations of Mr. Sterlingov's handwritten and digital notes. The Government's discovery does not pair these translations with their source, nor did the Government include dates or page references that allow the Defense to easily identify their source. Many of the translations are fragmented and are not a complete translation of the full documents in question.

On August 23, 2022, the Government produced translations of Romanian language documents and communications related to the webhosting of Mr. Sterlingov To the Moon VPN business. The Government does not pair these translations with their source, nor did the Government include dates or page references that would allow the Defense to easily identify their source.

On August 30, 2023, following a hearing in which this matter was discussed, the Court ordered that the Defense meet and confer with the Government and to file a brief on or before September 5, 2023, setting forth the grounds that the Defense has for opposing the Government's Russian translations.

On August 31, 2023, the Government produced translations of Swedish documents and emails as well as communications made while Mr. Sterlingov was in the Northern Neck Regional Jail in Warsaw, Virginia. The Government does not pair these translations with their source, nor did the Government include dates or page references that would allow the Defense to easily identify their source.

On September 1, 2023, the Defense met and conferred with the Government regarding the Government's Russian translations, among other topics.

## Argument

1. **Prosecutorial Bias Permeates the Government's Foreign Language Translations**

Mr. Sterlingov, a native speaker of both Russian and Swedish, opposes the Government's translations. What he has been able to review, given his limited access to the discovery resulting from his pretrial detention in state jails rented by the federal government due to the lack of any adequate federal facilities in the District of Columbia, leads to this opposition. The Government's translations from Russian, Swedish, and Romanian appear to reflect a prosecutorial and interpretive bias that calls into question their objectivity. It appears that translations were made with the goal of assisting the prosecution secure a conviction, rather than providing accurate, neutral translations.

For example, in one document that the Government has repeatedly highlighted, the Government's translators misinterpret the Russian word for "depositing" as "putting." The mistranslation appears to reflect a desire to portray the simple and innocent act of depositing as somehow being a sinister act involving money laundering. A simple Google translation of this specific word translates it as "depositing", not "putting". Similar mistranslations and biased word choices infect the Government's translations and raise questions as to their objectivity and neutrality.

Additionally, the Government's failure to identify the original documents from which the translations were derived makes reviewing the Government's translations unduly burdensome. There is no particular order to the Government's translations and translations appear to have been cherry-picked from discovery. The fragmentary, piece-meal nature of the Government's translations makes it difficult, if not impossible, to place these translations within their proper context.

### 2. The Government Appears to Use Summaries Rather than Complete Translations

The piecemeal and fragmentary nature of the Government's translations, combined with a clear reference to each original source makes it difficult to ascertain whether the Government's translations are summaries or verbatim translations. To the extent that the Government is using summaries in lieu of complete translations, the Defense objects.

### 3. The Defense Requests Neutral Translations

The Defense requests that the Court appoint a neutral translator who has not been informed that they are translating documents from a defendant in a federal criminal trial. Moreover, the Defense requests that the translated documents be clearly and specifically identified by the Government so that their original language versions are readily identifiable. A neutral translator who is uninformed as to the fact that they are translating documents from a federal criminal defendant will mitigate the negative effects of any cognitive or confirmation bias. As proffered Defense expert Dr. Itiel Dror testified at his Daubert hearing, what a person is told before they begin a task affects the output from that task. A neutral Court-appointed translator would resolve this issue, and the Defense requests that one be appointed by the Court.

## Conclusion

The Defense does objects to the Government's certifications of its foreign language translations, and requests that this Court appoint an independent neutral translator who has not been informed that the documents to be translated are from a federal criminal defendant.

Dated: September 5, 2023
Brooklyn, New York

        Respectfully submitted,

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t: (718) 737 - 7264
        f: (718) 504 - 5417
        michael@torekeland.com

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t: (718) 737 - 7264
        f: (718) 504 - 5417
        tor@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov