UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>*Defendant.* | Criminal No. 21-399 (RDM) |

# ORDER

The parties are hereby ORDERED to review the draft voir dire provided herein and should be prepared to raise any objections or suggestions at the pretrial conference on September 7, 2023.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 6, 2023

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>*Defendant*. | Criminal No. 21-399 (RDM) |

**[DRAFT] VOIR DIRE**

Good morning and welcome to the United States District Court. I am Judge Moss, and I will be the presiding judge in this case. You have been called to this courtroom for possible selection in a criminal case entitled *United States v. Roman Sterlingov.*

Would you all please stand so that the Deputy Clerk can swear you in, and then we will proceed.

The purpose of jury selection, which you will hear referred to as *voir dire*, is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. In short, it is our aim to select a jury of twelve, with four alternates, that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you. During this process, you will be introduced to the participants in the trial, and I will

ask you a series of questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to truthfully answer those questions.

This is a criminal case in which Defendant Roman Sterlingov is charged in an indictment with money laundering, conspiracy to commit money laundering, operating an unlicensed money transmitting business, and money transmission without a license. The charged offenses are alleged to have occurred from on or about October 27, 2011, to at least on or about April 27, 2021, in the District of Columbia and elsewhere. An indictment is just the formal way of informing a defendant of the nature of the charges against him. Mr. Sterlingov has pled not guilty to the indictment and has sought a trial by jury. He is presumed innocent of the charged crimes, and you are not to consider the indictment as any indication of guilt.

You all should now have an index card and a pen or pencil. If you have not already done so, please write your juror number in the upper right-hand corner of your index card. I am now going to ask you a series of questions. They are all yes/no questions. If you have a "yes" answer to a particular question, please write the number of the question on your card. Don't write "yes" or why you have a "yes" answer; just write the number.

2

After I finish asking you all the questions, I—along with the lawyers and my staff—will leave and head down to my courtroom on the fourth floor. The Deputy Clerk will then escort each of you there, in groups of about 20, where you will meet with me and the lawyers. At that point, I will ask that you give your card to the Deputy Clerk and come sit in the witness box in that Courtroom. I will then ask you about your answers, and I will provide the lawyers with the opportunity briefly to follow up on our discussion.

I should note that a few of the questions I need to ask might touch on personal or private matters, which you would rather not discuss on the public record. In order to choose a fair and impartial jury, I need to ask these questions, and you need to answer them fully and truthfully. If there is anything that you would like to discuss in private, just let me know, and I can close that portion of our discussion to everyone except the lawyers and their clients, who I will instruct to keep your comments private.

Here are my questions:

### Eligibility

1. Do you no longer live in the District of Columbia?

### Knowledge of the Case and Media Exposure

2. Other than what I've just summarized, have you heard, seen,

or read anything from any source about this case?

3. Do you read, subscribe to, listen to podcasts, or follow on social media any specialized technology or cryptocurrency media, such as WIRED Magazine, CoinDesk, Cointelegraph, or podcasts relating to cryptocurrency?

4. [Have you heard, seen, or read anything about a case involving the theft and laundering of cryptocurrency from the cryptocurrency exchange Bitfinex, or the arrest of Ilya "Dutch" Lichtenstein and Heather Morgan, also known as "Razzlekhan" or the "Crocodile of Wall Street"?]

5. Have you heard, seen, or read anything about a case involving Larry Harmon, Helix, or bitcoin mixing and tumbling?

6. Are you familiar with any of the following companies: Chainalysis, Ciphertrace, Excygent LLC, Elliptic, or any companies that do "blockchain analysis"?

### Knowledge of the Parties

7. The government is represented by Assistant United States Attorneys Christopher Brown and Jeffrey Pearlman and Department of Justice Trial Attorney Catherine Alden Pelker. They will be assisted at trial by paralegals Michon Tart and Divya Ramjee. Do you know or have any connection with Mr. Brown, Mr. Pearlman, Ms. Pelker, Ms. Tart, or Ms.

4

Ramjee?

8. The defendant in this case is Roman Sterlingov. Do any of you know or have any connection with Mr. Sterlingov?

9. The attorneys representing the defendant are Tor Ekeland and Michael Hassard of Tor Ekeland PLLC. They will be assisted at trial by paralegal [*insert name of paralegal*]. Do you know or have any connection with Mr. Ekeland, Mr. Hassard, Tor Ekeland PLLC, [*or name of paralegal*]?

10. If I could ask that you all take a minute to look at the other potential jurors: do you recognize or think you know any of the other potential jurors in the panel?

11. During the presentation of evidence, you may hear testimony from or about the following persons: [*list parties' witnesses*]. Do you know any of these prospective witnesses or individuals?

12. The Courtroom Deputy is Glenda Walker, the court reporter is Tammi Sefranek, and my law clerks are Meghan Holloway, Jessica Levy, and Taylor Nicolas. Do you know me or any member of my staff?

### **Presumption of Innocence**

13. The government has the burden of proving that Mr. Sterlingov is guilty beyond a reasonable doubt, and he is presumed innocent unless

and until the government meets that burden. Would you have any difficulty or hesitation with respecting this allocation of the burden of proof?

14.  There has been an indictment in this case. An indictment is not evidence of a crime. It merely initiates a case and is a formal way of presenting the charges. The indictment here informs the defendant, the Court, and the members of the jury of the charges against the defendant. Would the fact that an indictment charges Defendant Sterlingov lead you to believe that he is, in fact, guilty or make it difficult for you to apply the presumption of innocence?

15.  The Indictment contains several charges or counts against Mr. Sterlingov. If the evidence convinces you that Mr. Sterlingov is guilty beyond a reasonable doubt with respect to one count, but not of another count, will you have any difficulty considering the evidence of each count separately and rendering an independent verdict on each count?

16.  Do you currently have an opinion regarding whether the defendant is guilty or not guilty?

## Case-Specific Questions

17.  Some of you may watch legal or true crimes shows in which financial crimes are investigated. These shows are usually fictional. If you

watch these shows, would you be able to set aside what you have seen and decide this case solely based on the evidence presented at trial?

18.     [In this case, you may hear from one or more witnesses who have already pled guilty to a criminal offense and who have entered into cooperation plea agreements with the government.  Would the use of these cooperating witnesses prevent you from rendering a fair and impartial verdict in this case?]

19.     The defendant is a citizen of Russia and of Sweden.  Do you have any strong feelings or opinions about Russia or Sweden that would make it difficult for you to render a fair and impartial verdict in this case?

20.     Do you have any strong feelings about foreign nationals being prosecuted in the United States that would make it difficult for you to render a fair and impartial verdict in this case?

21.     Are you a computer professional by education, training, or experience?

22.     Have you ever used the Tor browser or used any similar technology for your online activities?

23.     Have you ever accessed part of the Internet called the Darknet?

24.     Do you have any strong feelings or opinions about the use of

cryptocurrency?

25. Have you ever purchased, sold, or owned any cryptocurrency, such as Bitcoin, Ethereum, or Dogecoin, or any other kind of cryptocurrency?

26. Have you ever participated in an Initial Coin Offering, purchased a Non-Fungible Token, or NFT, or purchased some other form of digital asset?

27. Do you have any strong feelings or opinions about whether cryptocurrency should or should not be regulated by the government?

28. Do you have any strong feelings or opinions about the laws governing illegal drugs, narcotics, or controlled substances?

29. Do you have any strong feelings or opinions about the laws relating to financial regulation or consumer protection?

30. Do you have any strong feelings or opinions about the IRS or the FBI that would make it difficult for you to be a fair juror in this case?

31. Have you, or any of your family or close friends ever been audited by the IRS?

32. Do you have any strong feelings or opinions about law enforcement using undercover investigative methods or techniques to collect evidence in criminal cases?

**Experience with the Justice System**

33. Have you previously served on a grand jury or a trial jury in a criminal or civil case in any court?

34. Have you ever been a witness in any civil or criminal court case? Have you ever been a party to a court case?

35. Have you, a family member, or a close friend been the victim of or witness to a crime?

36. Have you, a family member, or a close friend ever had any legal training or ever worked at a law office?

37. Have you, a family member, or a close friend ever been detained by the police, arrested, or charged with a crime?

38. Do you have any strong opinions about criminal defendants, defense attorneys, or prosecutors that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

39. There may be testimony from law enforcement officers in this case. Would you tend to believe or disbelieve their testimony—or find them more or less credible than other witnesses—because they are law enforcement officers?

40. Have you, a family member, or a close friend ever worked for any of the following organizations: First, any type of federal, state, or

local law enforcement agency? Second, a local, state, or federal prosecutor's office, such as the Office of the Attorney General for the District of Columbia, the United States Attorney's Office, the Department of Justice, or a state's attorney or commonwealth attorney? Third, any public defender or a private criminal defense office? Fourth, any jail, prison, or other type of penal institution?

41. Have you, or any of your family, close friends, or household members ever worked for or with a governmental entity engaged in financial regulation, whether at the local or federal level, such as the D.C. Department of Insurance, Securities, and Banking; the U.S. Department of the Treasury; the Financial Crimes Enforcement Network; the U.S. Securities and Exchange Commission; the Federal Reserve System; the Commodity Futures Trading Commission; the Federal Deposit Insurance Corporation; the Office of the Comptroller of the Currency, or similar agency?

### Hardship and Catch-All

42. Do you have any health problems that would interfere with your ability to sit as a juror in this case? Do you take medication that makes you drowsy or makes it difficult to remain alert during these proceedings? Do you have any problems with your hearing or eyesight?

43. Are you, or is anyone with whom you live, or with whom you need to have frequent contact at heightened risk of severe illness from COVID-19?

44. Do you have any difficulty reading, speaking, or understanding English?

45. We expect the presentation of evidence in this trial to conclude by October 11, 2023. After the close of the evidence, the jury will deliberate until it has reached a decision. Would serving as a juror in this case be an extreme hardship to you?

46. My final question is what I call my "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there any reason that would make it difficult for you to sit as a fair and impartial juror in this case?

Now, as explained, counsel and I are going to head to a different courtroom, where we will explore these questions and answers with each of you. The Deputy Clerk will bring you to the courtroom one by one with your card. We will go over the information that you have listed and have a

discussion with you about it.  Feel free to wear a mask if you like.  We will be starting on the right in the front row and just make our way through however many of you we need to talk to.

If you need to use the facilities, you can go outside, and courthouse personnel can direct you to them.  But please come back promptly.  Do not wait around out in the hall.  Certainly, do not leave this floor of the courthouse.  Sometimes people stand outside the courtroom and start talking among themselves and it means that the Deputy Courtroom Clerk has to go out and find you.  And that takes time.  So please come back into the courtroom promptly.

I ask that you not speculate about the case.  If you have information that you are going to be providing me, please do not discuss it with your fellow jurors so that you do not create problems for them by telling them something that may require that I excuse you and then may wind up requiring that I excuse them as well.

You may not conduct any independent investigation of the law or the facts in the case.  This means that you cannot conduct any kind of research about this case—for example, researching any issue on the internet using your phone or another device, asking any questions of anyone via email or text, or otherwise communicating about or investigating the facts or law

connected to the case. Similarly, you may not do any investigation about any of the attorneys, witnesses, expert witnesses, or law enforcement personnel in this case. If a family member, friend, or colleague asks you about the case, you can say that you are being considered for service in a criminal case, but you may not say anything more, and you may not discuss the case with anyone.

You can talk among yourselves. There is no problem with that, I just ask that you not discuss the case.

If you do get up, please look at whomever is on either side of you and where you are—we put you in order according to the list, so we know who you are—and I ask that you go back to the same seat when you return. That way, we do not take you out of order.

If you run into anyone associated with this case, please do not talk to them about anything. If you are seen talking to them, I will need to add that to my list of questions to make sure you are not talking about the case. You are not allowed to talk about the case. Again, if you are seen talking to counsel or others, even if you are not talking about the case, I still need to make an inquiry, and that takes a lot of extra time. We want you to come here without getting additional information from somebody else. If you are chosen as a juror, you will be required to make your decision based

solely on the evidence that is going to be presented to you in the courtroom.

We will do this as quickly as we possibly can. I appreciate your patience.