## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ROMAN STERLINGOV, <br><br> *Defendant.* | Criminal No. 21-399 (RDM) |

### ORDER

The parties are hereby ORDERED to review the draft preliminary jury instructions provided herein and should be prepared to raise any objections or suggestions at the pretrial conference on September 8, 2023.

**SO ORDERED**.

/s/ Randolph D. Moss

RANDOLPH D. MOSS

United States District Judge

Date:  September 8, 2023

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

     v.

ROMAN STERLINGOV,

     *Defendant.*

Criminal No. 21-399 (RDM)

## [DRAFT] PRELIMINARY JURY INSTRUCTIONS

## PRELIMINARY INSTRUCTIONS

**SWEAR IN JURY**

## PRELIMINARY INSTRUCTION BEFORE TRIAL

Before we begin the trial, I want to explain how this trial will work and some of the legal rules that will be important in this trial.  These remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

## NOTETAKING BY JURORS

When you took your seats, you probably noticed that each of you had a notebook and pen waiting for you.  That is because I permit jurors to take notes during trial if they wish.  Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations.  You should remember, however, that your notes are only an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight.  You will not be able to take the notebooks with you as you come and go, and you will not be permitted to take them home with you overnight.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed.  No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

## PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED

You have probably noticed that there are sixteen (16) of you sitting in the jury box.  Only twelve (12) of you will retire to deliberate in this matter.  Before any of you even entered the courtroom, we randomly selected the alternates' seats.  I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations.  As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial and that all of you give this case your fullest and most serious attention.

## A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY

## CONNECTED TO THE CASE

At the beginning of the jury selection process, you were introduced to some witnesses by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

## PRELIMINARY INSTRUCTION BEFORE TRIAL

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case.

The indictment contains four counts. In Count One, the indictment charges that the defendant conspired with co-conspirators known and unknown, including darknet vendors and darknet administrative teams, to engage in a Money Laundering Conspiracy through a bitcoin mixer known as Bitcoin Fog. In Count Two, the indictment charges that the defendant conducted a money laundering transaction involving property represented to be the proceeds of unlawful activity on November 21, 2019. In Count Three, the indictment charges that the defendant operated an unlicensed money transmitting business, known as Bitcoin Fog, or aided and abetted others in doing so. And in Count Four, the indictment charges that the defendant, through the operation of Bitcoin Fog, engaged in the business of money transmission without a license in the District of Columbia.

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of any defendant or draw any conclusion about the guilt of any defendant just because he has been indicted. At the end of the trial, you will have to decide whether the evidence presented has convinced you beyond a

reasonable doubt that the defendant committed the offenses with which he has been charged.

As I have explained, Mr. Sterlingov is charged with four counts.  Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

I will provide more detailed instructions at the end of the case and will only briefly describe the elements of the four counts now.

In Count One, Mr. Sterlingov is charged with money laundering conspiracy. There are two elements to this charge, each of which the government must prove beyond a reasonable doubt.  First, the government must prove that a conspiracy existed.  A conspiracy exists when two or more people agree to commit an offense. A conspiracy does not require a formal agreement or a plan, in which every detail is worked out, but the members of the conspiracy must have a common understanding to commit at least one of the alleged crimes, which are known as the objects of the conspiracy.  Second, the government must prove that the defendant intentionally joined in that agreement.

Here, the indictment alleges two objects of the conspiracy:

The first alleged object of the conspiracy is laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  A person violates § 1956(a)(1)(A)(i) when: (1) knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, (2) he conducts or attempts to conduct that financial transaction and the transaction both affects interstate or foreign commerce and, in fact, involves the proceeds of the unlawful activity, and (3) he does so with the intent to promote the carrying on of the unlawful activity.  The indictment alleges that the unlawful activity at issue was the illegal manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance.

The second alleged object of the conspiracy is laundering a monetary instrument in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  A person violates § 1956(a)(1)(B)(i) when: (1) knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, (2) he conducts or attempts to conduct that financial transaction and the transaction both affects interstate or foreign commerce and, in fact, involves the proceeds of the unlawful activity, and (3) he knows that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity.  With respect to this objective of the conspiracy, the indictment also alleges that the unlawful activity at issue was

8

the illegal manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance.

In Count Two, the defendant is charged with money laundering, in violation of 18 U.S.C. § 1956(a)(3)(A) and (B). That charge contains three elements, each of which the government must prove beyond a reasonable doubt. First, the government must prove that the defendant knowingly conducted or tried to conduct a financial transaction that affected interstate or foreign commerce. Second, it must prove that the transaction involved property represented by a law enforcement officer to be the proceeds of some form of unlawful activity. Third, it must prove that the defendant acted with the intent to promote the carrying on of specified unlawful activity or with the intent to conceal or disguise the nature, location, source, ownership, or control of the property he believed to be the proceeds of specified unlawful activity. The indictment alleges that the unlawful activity at issue was the illegal manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

In Count Three, the defendant is charged with Operating an Unlicensed Money Transmitting Business from on or about October 27, 2011 through on or about April 27, 2021. That charge contains three elements, each of which the government must prove beyond a reasonable doubt. First, the government must provide that Bitcoin Fog was an unlicensed money transmitting business. I will

9

explain what an unlicensed money transmitting business is in a moment.  Second, it must prove that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned that business.  The government is not required to prove that the defendant did all of the things in this list, but only that he did one of them.  Third, the government must prove that the money transmitting business affected interstate or foreign commerce.

An "unlicensed money transmitting business" means a money transmitting business that (a) is operated without an appropriate money transmitting license in the District of Columbia, where such operation is punishable as a misdemeanor or felony under District of Columbia law, whether or not the defendant knew a license was required or was punishable by District of Columbia law, (b) fails to comply with the money transmitting business registration requirements under certain federal laws, which I will instruct you about in greater detail at the end of the case, or (3) otherwise involves the transportation or transmission of funds that are known by the defendant to have been derived from a criminal offense or were intended to be used to promote or support unlawful activity.  A money transacting business is "unlicensed" for purposes of § 1960 if any one of these conditions is satisfied.

Finally, in Count Four, the defendant is charged with Money Transmission Without a License from on or about October 27, 2011 through on or about April

27, 2021.  There are two elements to this charge, each of which the government must prove beyond a reasonable doubt.  First, the government must prove that the defendant was engaged in the business of money transmission in the District of Columbia.  And, second, it must prove that the defendant did not have a license issued by the District of Columbia to engage in that business.

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he or she is proven guilty beyond a reasonable doubt.  The burden is on the government to prove the defendant guilty beyond a reasonable doubt and that burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his or her innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant."  When I mention the "government," I am referring to Assistant United States Attorney Christopher Brown and Department of Justice Trial Attorneys Catherine Alden Pelker and Jeffrey Pearlman.  When I

mention the defendant or defense, I am referring either to the defendant, Mr.

Roman Sterlingov, or his attorneys, Mr. Tor Ekeland, Mr. Michael Hassard, and

Mr. Tauseef Ahmed.

As the first step in this trial, counsel for the government and counsel for each

of the defendants will have an opportunity to make opening statements.  Counsel

for each defendant may make opening statements immediately after the

government's opening statement or the defense may wait until the beginning of its

case, or may choose not to make an opening statement at all.  You should

understand that the opening statements are not evidence.  They are only intended to

help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what

is called its case-in-chief.  This means that the government will call witnesses to

the witness stand and ask them questions.  This is called direct examination.  When

the government is finished, the defense may ask questions.  This is called cross-

examination.  When the defense is finished, the government may conduct a brief

re-direct examination.  After the government presents its evidence, each defendant

may present evidence but is not required to do so.  The law does not require a

defendant to prove his or her innocence or to produce any evidence.  If the defense

does put on evidence, the defense will call witnesses to the stand and ask questions

on direct examination, the government will cross-examine, and the defense may

conduct a brief re-direct examination.  When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

After all the evidence is presented, counsel for the government and counsel for each of the defendants will have an opportunity to make a closing argument in support of its case.  The lawyers' closing arguments, just like their opening statements, are not evidence in this case.  They are only intended to help you understand the evidence.

Finally, after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be.  Your verdict must be unanimous; that is, all twelve jurors must agree on the verdict.

I want briefly to describe my responsibilities as the judge and your responsibilities as the jury.  My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case.  It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case.  You—and only you—are the judges of the facts.  You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the

witnesses.  You must consider and weigh the testimony of all witnesses who appear before you.  You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations.  You will have to rely entirely on your memory and your notes if you choose to take any.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases.  Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic.  You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law.  You should not take any of my statements or actions as any indication of my opinion

14

about how you should decide the facts.  If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it.  The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case.  That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence.  Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence.  If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible.  I will respond by saying either "sustained" or "overruled."  If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been.  If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations.  You should follow this same rule if any of the exhibits are

stricken.  If I overrule an objection, the question may stand and the witness may answer it.  You must not hold such objections against the lawyer who makes them or the party that he or she represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions.  This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors.  This is because we don't want you making decisions until you've heard all the evidence and the instructions of law.  In addition, you may not talk about the case with anyone else.  In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all.  Do not send or accept messages, including email and text messages, about your jury service.  You must not disclose your thoughts about your jury service or ask for advice on how to decide the case.  This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom.  People will undoubtedly ask what kind of case you're sitting in on.  You may tell them it is a criminal case, but nothing else.  Now, when the case is completely over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury.  If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all.  For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions.  If you do overhear a discussion about the case, you should report that to me as soon as you can.  Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the Deputy Clerk or the marshal.  Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service.  You may tell those who need to know where you are, that you have been chosen for a jury, and how long the

17

case may take.  You may not, however, give anyone any information about the case itself or the people involved in the case.  You must also warn people not to try to say anything to you or write to you about your jury service or the case.  This includes face-to-face, phone, or computer communications.

Because you must decide this case based only on what occurs in the courtroom, you may not conduct any independent investigation of the law or the facts in the case.  That used to mean that you could not conduct any research in books or newspapers or visit the scene of the alleged offense.  In this electronic age, it also means you cannot conduct any other kind of research—for example, researching any issue on the internet, asking any questions of anyone via email or text, or otherwise communicating about or investigating the facts or law connected to the case.  In the event that you inadvertently encounter any news or reporting about this case, you should not listen to or read that news or reporting, and you should not allow anyone else to tell you about any such news or reporting.

I want to explain a bit further why there is a ban on internet communications and research concerning the case.  Unfortunately, courts around the country have occasionally experienced problems with jurors ignoring this rule, sometimes resulting in costly retrials.  Generally speaking, these jurors have not sought to corrupt the process; rather, they have been seeking additional information to aid them in what is undoubtedly a heavy and solemn responsibility.  Nonetheless, there

are good reasons for this rule.

In the first place, obviously, not everything one sees online is true.  This includes not only information from persons responding to whatever postings you may make about the case, but it also can include information from established websites.  For example, a mapping site might not reflect the way a location appeared at the times that are at issue in a case.  Furthermore, even items that are technically true can change their meaning and significance based upon context.

In addition, both sides are entitled to have the chance not only to dispute or to rebut evidence presented by the other side, but also to argue to you how that evidence should be considered within the factual and legal confines of the case.  Any secret communications or research by you robs them of those opportunities and can distort the process, sometimes with negative results.  It is for those reasons, that I instruct you that you should not use the internet to communicate about the case or do any research about the case.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention during trial, do not

discuss it with other jurors or anyone else.  Just let me or my clerk know as soon

after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to

do so, and only in the jury room and only in the presence of all of your fellow

jurors.  It is important that you keep an open mind and not decide any issue in the

case until after I submit the entire case to you with my final instructions.

Finally, we have a fine court reporter here taking down testimony, but you

will not have a transcript with you during deliberations.  You must rely on your

memory and, if you take them, your notes as an aid to that memory.  So, I ask you

to pay close attention.

We will begin with the opening statement by the government.