# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.

**ROMAN STERLINGOV**,

Defendant.

Criminal No. 21-CR-399 (RDM)

**[PROPOSED] SOURCE CODE PROTECTIVE ORDER**

This Source Code Protective Order supplements the Protective Order approved by the Court on September 17, 2021 (ECF No. 18), and which Chainalysis Inc. ("Chainalysis") incorporates herein by reference. Where the Protective Order Governing Discovery and this Source Code Protective Order conflict in their treatment of Source Code, this Source Code Protective Order shall control.

Chainalysis, Inc. hereby submits a supplemental protective order to govern the information or items relevant to the Source Code in this matter in response to the Court's September 6, 2023 order (September 6, 2023, Minute Order). In providing this Source Code Protective Order, Chainalysis neither waives any objections nor concedes to Defendant's requests for review of any Source Code. Accordingly, it is HEREBY ORDERED THAT:

**<u>Highly Confidential Source Code Materials</u>**

1.      Chainalysis may provide access to defense counsel (defined as counsel of record in this case) and Bryan Bishop with access to certain trade secret and proprietary source code and object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), including source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map

1

files, object files, linker files, browse info files, debug files, and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("HIGHLY CONFIDENTIAL SOURCE CODE").

2. The protections conferred by this Source Code Protective Order cover not only HIGHLY CONFIDENTIAL SOURCE CODE (as defined above), but also (1) any information copied from HIGHLY CONFIDENTIAL SOURCE CODE; (2) all copies, excerpts, summaries, or compilations of HIGHLY CONFIDENTIAL SOURCE CODE in any form and created by any individual; and (3) any testimony, conversations, or presentations that might reveal HIGHLY CONFIDENTIAL SOURCE CODE.

3. Prior to being given access to any HIGHLY CONFIDENTIAL SOURCE CODE, Bryan Bishop, will swear and affirm that he is not a past or current employee of a competitor to Chainalysis, that he is not and is not anticipated to become an employee of a competitor to Chainalysis, that he is hereby prohibited from engaging in competitive behavior with Chainalysis during this litigation and for five (5) years following the conclusion of this litigation, and that he will comply with the terms of this Source Code Protective Order. Bryan Bishop will return a signed acknowledgement form attached as Attachment A to this Order to the Court, the United States, and Chainalysis.

4. Prior to being given access to any HIGHLY CONFIDENTIAL SOURCE CODE, defense counsel will swear and affirm that they will comply with the terms of this Source Code Protective Order. Defense counsel will return a signed acknowledgement form attached as Attachment B to this Order to the Court, the United States, and Chainalysis.

5.     All HIGHLY CONFIDENTIAL SOURCE CODE may be used by defense counsel and their expert Bryan Bishop solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without notice to Chainalysis and further order of this Court.

6.     The defendant, defense counsel, and Bryan Bishop shall not disclose any HIGHLY CONFIDENTIAL SOURCE CODE to any person or entity without notice to Chainalysis and prior permission from the Court.

7.     Chainalysis may make its HIGHLY CONFIDENTIAL SOURCE CODE available for inspection and review by Bryan Bishop in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, on the premises of Chainalysis.  The HIGHLY CONFIDENTIAL SOURCE CODE shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and Bryan Bishop shall not copy, remove, or otherwise transfer any portion of the HIGHLY CONFIDENTIAL SOURCE CODE onto any recordable media or recordable device. Chainalysis may visually monitor the activities of Bryan Bishop during any HIGHLY CONFIDENTIAL SOURCE CODE review, but only to ensure that there is no unauthorized recording, copying, or transmission of the HIGHLY CONFIDENTIAL SOURCE CODE.  Outside personal electronic devices, such as phones, handheld devices, laptops, or other personal computers shall be prohibited in the secure room.

8.     Defense counsel and Bryan Bishop shall maintain in its custody and control any materials and all copies made thereof derived in any way from HIGHLY CONFIDENTIAL SOURCE CODE and shall not disclose such information in any way to any other person.

9.     Upon conclusion of all stages of this case or any action brought pursuant to 28

U.S.C. Section 2255, any materials and all copies made thereof derived in any way from HIGHLY CONFIDENTIAL SOURCE CODE shall be destroyed or returned to the United States or Chainalysis, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

10. The procedures for use of HIGHLY CONFIDENTIAL SOURCE CODE during any hearing or the trial of this matter shall be determined by the parties, Chainalysis, and the Court in advance of the hearing or trial. No party shall disclose HIGHLY CONFIDENTIAL SOURCE CODE in open court or in public filings without prior consideration by the Court.

### Scope of this Order

11. **Supplemental Nature of This Order.** This Order supplements and does not modify the existing Protective Order Governing Discovery (ECF No. 18), which was entered by the Court on September 17, 2021

12. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. **No Waiver**. Chainalysis neither waives any objections nor concedes to Defendant's requests for review of any Source Code.

14. **No Ruling on Discoverability or Admissibility**. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED this \_\_\_\_\_ day of _____ 2023.

_____
Randolph D. Moss
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, Bryan Bishop, declare under penalty of perjury that I have read in its entirety and understand the Source Code Protective Order that was issued by the United States District Court for the District of Columbia on [date] in the case of *United States v. Sterlingov*, No. 21-CR-399 (RDM). I agree to comply with and to be bound by all the terms of this Source Code Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Source Code Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further swear and affirm that I am not a past or current employee of a competitor to Chainalysis, that I am not and am not anticipated to become an employee of a competitor to Chainalysis, that I am hereby prohibited from engaging in competitive behavior with Chainalysis during this litigation and for five years following the conclusion of this litigation.

I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Source Code Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____
        [signature]

6

sf-5629143

EXHIBIT B

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [insert name of defense counsel], declare under penalty of perjury that I have read in its entirety and understand the Source Code Protective Order that was issued by the United States District Court for the District of Columbia on [date] in the case of *United States v. Sterlingov*, No. 21-CR-399 (RDM).  I agree to comply with and to be bound by all the terms of this Source Code Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Source Code Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Source Code Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
     [printed name]

Signature: _____
     [signature]

sf-5629143