**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | **No. 21-cr-399 (RDM)** |
| v. | |
| ROMAN STERLINGOV | |
| Defendant. | |

**DEFENSE NOTICE OF OBJECTIONS TO GOVERNMENT'S PROPOSED OPENING DEMONSTRATIVES IN RESPONSE TO THE COURT'S SEPTEMBER 8th, 2023, ORDER (Dkt. 186)**

Defendant Roman Sterlingov, through his undersigned counsel, hereby objects to the Government's proposed opening demonstrative slides attached hereto as Exhibit A. The Defense received the slides at 10:00 am this morning, in accordance with the Court's Order. In general, the slides contain information not in evidence, irrelevant information, are more prejudicial than probative and are argumentative. To the extent that the slides contain highlighting, the highlights are argumentative.

In regards to all slides related to Akemashite Omedetou (including the slides on pages 3, 4, 5, 6, 7, 8, 25, 26, 28, 29) they are hearsay, lack a foundation, are irrelevant, and are more prejudicial than probative. There is no solid evidentiary basis for connecting Akemashite Omedetou to Mr. Sterlingov.

In regards to the slide on page 9 of 45, the summary table of Bitcoin Fog darknet market exposure, these figures appear to be based upon Chainalysis Reactor's heuristics that the Government can produce no known error rates for, no rates of false positives, no rates of false negatives, nor any peer-reviewed paper attesting to their accuracy. Furthermore, as this Court is

well aware, the validity of the clustering techniques related to the Bitcoin Fog cluster are contested by the Defense. Moreover, given this, the slide is argumentative, more prejudicial than probative, lacks foundation and contains hearsay. Finally, there is no information given as to when the valuations in relation to the exchange rate between the Bitcoin and the US dollar amounts was made.

In regards to the slide on page 17 of 45, the diagram of the differences between the surface web, deep web and dark web, this figure is argumentative, lacks foundation, is more prejudicial than probative, and attempts to make a distinction between the deep web and the dark web that doesn't exist.

In regards to the slide on pages 18 and 19 of 45, the Defense has not agreed as to the accuracy of the translation of the slide in question. Mr. Sterlingov has not had an opportunity to review these translations given the Defense's lack of full access to him.

In regards to the slide on page 21 of 45, this appears to be a diagram from Mr. Scholl's expert report, an expert report that the Government stated at our last hearing that they were not seeking to introduce into evidence. Moreover, the Defense objects that the diagram is argumentative, lacks foundation, contains hearsay, is irrelevant, is more prejudicial than probative, and that is an inaccurate depiction of all the transactions involved as noted in both Ms. Still's expert report and in Mr. Scholl's testimony at his Daubert hearing.

In regards to the slide on page 22 of 45, the same objections apply as to slide 21 with the addition that this is the first time that the Defense has seen this slide and neither Ms. Still nor Mr. Scholl have testified regarding it.

In regards to the slide on page 27 of 45, which purports to be a Killdozer private message, it lacks foundation, is irrelevant, is more prejudicial than probative, and lacks a date,

time, or any identifying and contextual information. Moreover, the highlighting and presentation is argumentative.

In regards to the slide on page 28 of 45, which adds an alleged private message from Akemashite Omedetou without identifying the fact that it is not a message sent from Akemashite Omedetou to Killdozer, it lacks all dates, times and contextual information, lacks foundation, is irrelevant, is more prejudicial than probative, contains hearsay when it comes to the statements of Akemashite Omedetou, and its presentation and highlighting is argumentative.

In regards to the slide on page 29 of 45, the same objections apply as to all slides referencing Akemashite Omedetou, and its presentation and highlighting is argumentative.

In regards to the slide on page 31 of 45, it is lacking an evidentiary foundation that connects the email in question with Mr. Sterlingov. It is irrelevant and more prejudicial than probative.

In regards to the slide on page 37 of 45, which appears to be a chart created by the Government, it lacks foundation, is argumentative, contains hearsay, is irrelevant, is more prejudicial than probative, and appears to be a summary slide based on Ms. Mazars de Mazarin's expert report, an expert report the Government stated that they would not be seeking to move into evidence.

In regards to the slide on page 38 of 45, which appears to be a chart created by the Government based on Ms. Mazars de Mazarin's IP Address Analysis expert report, the Defense has the same objections as it has for slide 37 of 45.

In regards to the slide on page 39 of 45, it is hearsay, irrelevant, more prejudicial than probative, and the highlighting constitutes impermissible argument.

In regards to the slide on page 40 of 45, the same objections as for slide 39 apply. Moreover, the proffered demonstratives are taken out of context. Moreover, the highlighting and presentation constitutes impermissible argument for an opening statement.

In regards to the slide on page 41 of 45, it lacks context and identifying information, lacks foundation, is irrelevant, is more prejudicial than probative, and appears to contain hearsay. Moreover, the highlighting and presentation constitute impermissible argument for an opening statement.

In regards to the slide on page 43 of 45, it lacks foundation, is irrelevant, is more prejudicial than probative, and contains hearsay.

For the reasons stated above, this Court should prohibit the Government from using the objected to proffered demonstrative slides in its opening.

Dated: September 11, 2023
Brooklyn, NY

        Respectfully submitted,

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System and sent by email to the attorneys for the Government listed below:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov