UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  Plaintiff,  v.  ROMAN STERLINGOV  Defendant. | No. 21-cr-399 (RDM) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE (DKT. 221)**

Defendant Roman Sterlingov, by and through undersigned counsel, submits this Opposition to the Government's latest Motion in Limine (Dkt. 221). For the foregoing reasons, the Government's motion should be dismissed with prejudice because there is no potential or actual conflict of interest.

**FACTS**

On January 19, 2024, Plaintiff Exceptional Media Ltd. filed a civil suit in New York State Court against Defendant Chainalysis, Inc. and several of its employees for defamation per se and tortious interference with business relationships. Tor Ekeland Law, PLLC represents Exceptional Media Ltd. Plaintiff's cause of action arises from Chainalysis, Inc.'s ongoing misidentification of Exceptional Media's YieldNodes project as a scam. Among other allegations the lawsuit alleges that Chainalysis Inc. and several of its employees authored a globally-distributed document titled *The 2022 Crypto Crime Report* in which it identified YieldNodes as the second largest scam of

2022, and, upon information and belief, flagged cryptocurrency accounts affiliated with YieldNodes and its clients in its globally-distributed compliance software. Exceptional Media Ltd. solicited Tor Ekeland Law, PLLC to file the lawsuit on their behalf.

The New York State civil lawsuit is against Chainalysis, Inc., and some of its employees. This is a distinct entity from the Government's hired expert in Mr. Sterlingov's case, Chainalysis Government Solutions, LLC. Chainalysis Government Solutions, LLC is a limited liability company based in Ashburn, Virginia. Chainalysis, Inc. is a Delaware corporation registered as a foreign business corporation in New York State. Chainalysis Government Solutions, LLC witness Ms. Elizabeth Bisbee's *Daubert* hearing testimony confirms this:

> **Mr. Ekeland**: …[T]here's actually two Chainalysis companies, correct?
> **Ms. Bisbee**: Correct.
> **Mr. Ekeland**: There's Chainalysis, Incorporated, which initially developed Chainalysis Reactor; is that correct?
> **Ms. Bisbee**: Correct.
> **Mr. Ekeland**: And you actually work for Chainalysis Global Solutions, correct?
> **Ms. Bisbee**: Chainalysis Government Solutions.[1]

Neither Chainalysis, Inc., nor Chainalysis Government Solutions, LLC are clients of Tor Ekeland Law, PLLC, nor does the firm receive any benefit from any relationship from either entity. As of this writing, process has not been served in the civil case, and defendants have not answered.

Recently, Mr. Sterlingov communicated his interest in a plea deal with the United States Government for time served. The Government responded by offering the same ten-year plea deal as before, which Mr. Sterlingov rejected on January 24, 2024. On January 25, 2024, the

---

[1] Tr. 120:1-8 (Testimony of E. Bisbee) June 23, 2023.

Government offered a cooperation plea with a possibility of a 5K1.1 downward departure for substantial assistance, which was communicated to Mr. Sterlingov on January 26, 2024.

## LEGAL STANDARD

DC Rule of Professional Conduct 1.7 ("Rule 1.7") lays out the analysis of any potential conflict of interest. It generally tracks the ABA Model Rules.[2] Rule 1.7 emphasizes the risk of representing clients with adverse interests, or instances in which "the lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests."[3]

However, even if a conflict of interest exists, it may be waived by a client. The conditions are the same under both the ABA Model Rules and the D.C. Rules of Professional Conduct, and state that a lawyer may represent a client in a potentially conflicted matter if there is full disclosure and consent by the clients and that the lawyer reasonably believes that they will be able to provide competent and diligent representation to each affected client.

## ARGUMENT

### A. There is No Actual or Potential Conflict

First, Chainalysis Government Solutions LLC is a legally distinct business entity from Chainalysis, Inc. If they are not distinct entities, then serious issues involving veil piercing and entity liability arise. If the Government is arguing on Chainalysis Government Solution LLC's behalf and wishes to take the position that it is the same legal entity as Chainalysis, Inc., it should state so clearly, as it does nowhere in its Motion in Limine. Moreover, Chainalysis

---

[2] D.C. R. Prof'l. Cond. 1.7.
[3] *Id*.

Government Solutions LLC's employee and Government witness Elizabeth Bisbee is not a named party in the New York civil lawsuit.

The Government absurdly alleges that Mr. Sterlingov's decision to testify or to take a plea may be adversely affected by its manufactured conflict of interest and sudden concern for Mr. Sterlingov's welfare. But Mr. Sterlingov has no knowledge of Chainalysis Reactor or Chainalysis Inc. at all. There is nothing that he could testify to related to Chainalysis, Inc. or Chainalysis Government Solutions, LLC for that matter. There is nothing about the civil case which could affect his decision whether to testify on his own behalf. As for the decision whether to take a plea, that is Mr. Sterlingov's and not counsel's decision to make. And the record demonstrates he has been fully informed of every plea offer. The Government admits in its motion that his recent interest in taking a plea for time served was communicated to them, although the Government failed to mention to the Court that Mr. Sterlingov was seeking an offer for time served.

**B. Exceptional Media's and Mr. Sterlingov's Interests are Aligned**

There is no actual or potential conflict between the Plaintiff in the civil lawsuit and Mr. Sterlingov because their interests are aligned. In both instances, Plaintiff and Defendant are defending themselves from false accusations brought about by shoddy blockchain analysis, failures in due diligence, and lack of corroborating evidence. Moreover, a key difference between the two cases involves the fact that Chainalysis Government Solutions, LLC makes no attribution regarding Mr. Sterlingov at all:

> **Mr. Ekeland**: Okay. And that's who you work for, Chainalysis Government Solutions. Okay. Now, if I recall your testimony correctly, you've made no attributions regarding Mr. Sterlingov anywhere in your expert report, correct?
> **Ms. Bisbee**: Correct.

> **Mr. Ekeland**: And the only place that Mr. Sterlingov's name appears on your expert report is on the title page, correct?
> **Ms. Bisbee**: Correct.[4]

Whereas the civil lawsuit alleges that Chainalysis, Inc. explicitly and falsely accused Plaintiff of running a scam.

### C. The Government's Caselaw is Inapposite

The Government cites to *United States v. Hearst*, 638 F.2d 1190, 1193 (9th Cir. 1980), a Ninth Circuit case in which defense counsel had a book contract that could have affected tactical decision making. Here, the Defense does not have any kind of book contract whatsoever, nor is it in negotiations for any. One is hard pressed to manufacture a hypothetical where Defense counsel could elicit statements beneficial to a non-existent book contract. If anything, winning an acquittal would be beneficial to any hypothetical book contract. The Government's citation makes no sense in the current context.

As for *Wheat v. United States*, 486 U.S. 153 (1988), the Supreme Court analyzed whether a conflict of interest could be found when a single lawyer represents two separate defendants in a criminal case. That is not happening here. Here, Counsel represents Mr. Sterlingov as a criminal defendant in a federal district court and Plaintiff Exceptional Media, Ltd. in a civil matter for defamation in New York State Court that is not substantially related to Mr. Sterlingov's case. In Mr. Sterlingov's federal case, Chainalysis Government Solutions, LLC is a minor witness, whereas in the state civil case, the distinct entity Chainalysis, Inc. is a named defendant.

As for *United States v. Lorenzana-Cordon*, 125 F. Supp. 3d 129 (D.D.C. 2015), the Court found that there was no conflict of interest in the representation of a defendant in a criminal case, even though the defendant's counsel was also representing a witness against the defendant in a

---

[4] Tr. 120:19-121:2 Testimony of E. Bisbee) June 23, 2023.

separate case. That is not the fact pattern here. In *Lorenzana-Cordon* the Court held a conflict hearing because the potential conflict was obvious. Here, the Government seeks to manufacture a conflict to knock out competent and diligent defense counsel it is afraid of losing to.

### D. The Two Matters are Distinct

While Exceptional Media's and Mr. Sterlingov's interests are aligned, Exceptional Media's civil case against Chainalysis Inc. is distinct from Mr. Sterlingov's defense. There is no risk of divided loyalty or the potential for compromised judgment.

Exceptional Media's lawsuit (not as the Government mischaracterizes it 'Counsel's Lawsuit') was filed independently for independent reasons and has nothing to do with Mr. Sterlingov's case. There are obvious statute of limitation issues that required filing the civil case in January.[5] If Mr. Sterlingov's case had proceeded to trial in September, this discussion would not be occurring. Plaintiff solicited Tor Ekeland Law, PLLC to represent them, not the other way around. Furthermore, Mr. Sterlingov's trial will be concluded well before any substantive proceedings in the civil case. Process has yet to be served, no answers or dispositive motions have been filed, discovery has not commenced, and no judge has been assigned. Mr. Sterlingov's matter is well advanced and was already scheduled for trial in September 2023, well before the filing of the civil lawsuit. They are two distinct cases that involve different parties, different facts, different jurisdictions, different procedural postures and different timelines.

### E. There is No Harassment

The only contact Defense Counsel has had with Chainalysis Global Solutions, LLC or Chainalysis, Inc. has been through legal process. Chainalysis, Inc. is a corporation with a multi-

---

[5] Chainalysis Inc. published some of its defamatory statements in February 2022. New York State has a one-year statute of limitations on defamation claims. *See* N.Y. C.P.L.R. § 215(3).

billion-dollar market valuation and multiple law firms representing it. Likewise, Chainalysis Global Solutions, LLC has been ably and fiercely represented by former AUSA William Frentzen of Morrison Foerster. Both Chainalysis, Inc. and Chainalysis Government Solutions, LLC are public figures operating on an international scale. Chainalysis Government Solutions, LLC is a primary government contractor for agencies like the United States Department of Justice and the Treasury Department, to name just two. It willingly, knowingly and profitably stepped into the public arena and the Government's complaints that political criticisms of any Chainalysis entity constitute harassment, or that legal proceedings against Chainalysis, Inc. for defamation constitute harassment, ring hollow.

The Government, with its zealous advocacy on behalf of Chainalysis Government Solutions, LLC, raises the specter of its own conflict of interest given the facts that Chainalysis Inc., or Chainalysis Government Solutions, LLC: (1) hired one of the prosecutors from this case, Youli Lee; (2) bought a company five months after Mr. Sterlingov's arrest from IRS-CI Aaron Bice, who worked on this case, that was formed during the pendency of this case and used to investigate this case; (3) hired the Government's proffered expert witness Elizabeth Bisbee, formerly of the DEA; and (4) hired a former Assistant Director of the FBI Laboratory, Gurvais Grigg.[6] If anything, the Government has a core conflict of interest between justice and its advocacy on behalf of a potential future employer and investor. The real conflict of interest here is in the Government using private contractors that hire prosecutors from this case, buy companies from investigators on this case, and that people working on this case know that they can potentially later profitably work for.[7]

---

[6] *See* WHY I JOINED CHAINALYSIS AFTER 23 YEARS AT THE FBI, Gurvais Grigg (April 6, 2021) (available at https://www.chainalysis.com/blog/gurvais-grigg-chainalysis/) (last accessed January 25, 2024).
[7] *See e.g.* Dkt. 220 at 7-8.

What the Government is really trying to do with its motion is eliminate competent, diligent and zealous Defense Counsel that has exposed the deep flaws in the Government's ill-conceived, misguided prosecution. Now, on the eve of trial, the Government is afraid of losing, and makes baseless claims of witness harassment. Nothing that Defense Counsel has done rises to the level of witness harassment under any legal standard. This is the reason the Government fails to even mention the legal standard for witness harassment – because they cannot meet it.

### F. The Government's Motion is Frivolous Harassment

The real reason the Government filed its motion on the eve of trial is because they are afraid of losing. The Government does not have the Bitcoin Fog servers, the Bitcoin Fog server logs, or the Bitcoin Fog ledgers. As such, it cannot verify its allegations. It has no eye-witnesses and lacks corroborating evidence. Its investigation is riddled with errors running from typos through baseless speculation. Desperate to avoid exposure at trial of its deeply flawed investigation, methodologies and prosecution, it now files a last-minute motion in the desperate hopes of removing its adversary from this case under the false pretext of concern for the Defendant it has jailed pretrial for the last three years on the flimsiest of evidence.

## CONCLUSION

For the foregoing reasons, this Court should deny the Government's Motion in Limine.

Dated: January 26, 2024
Brooklyn, New York

                    Respectfully submitted,

                    /s/ Michael Hassard
                    Michael Hassard (NYS Bar No. 5824768)
                    *Pro Hac Vice*
                    Tor Ekeland Law, PLLC
                    30 Wall Street, 8th Floor
                    New York, NY
                    t:  (718) 737 - 7264
                    f:  (718) 504 - 5417
                    michael@torekeland.com

                    /s/ Tor Ekeland
                    Tor Ekeland (NYS Bar No. 4493631)
                    *Pro Hac Vice*
                    Tor Ekeland Law, PLLC
                    30 Wall Street, 8th Floor
                    New York, NY
                    t:  (718) 737 - 7264
                    f:  (718) 504 - 5417
                    tor@torekeland.com

                    *Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January 2024, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov