UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>       Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>       Defendant. | **No. 21-cr-399 (RDM)** |

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF INVESTIGATING AGENT DEVON BECKETT'S CONTACT INFORMATION

Roman Sterlingov, by and through undersigned counsel, moves this Court to enter an Order compelling the Government to produce the contact information for primary Government investigator, former Special Agent Devon Beckett so that the Defense can subpoena Ms. Beckett's testimony for trial.

### FACTS

On April 26, 2021, the Criminal Complaint was filed in this matter. Devon Beckett is the signed complainant and author of the memorandum of support, which is attached as an exhibit to the Criminal Complaint (Dkt. 1).

On March 14, 2023, undersigned counsel sent a subpoena a*d testificandum* for Devon Beckett's testimony to Government counsel for the original September 2023 trial date. This subpoena was sent alongside subpoenas for testimony from other investigators who contributed to the Bitcoin Fog investigation.

1

On March 17, 2023, AUSA Christopher Brown acknowledged receipt of the subpoena for Devon Beckett's testimony. The Government did not raise any issue with Defense counsel calling Devon Beckett as a witness at that time.

On September 7, 2023, Defense counsel submitted its witness list to the Government and the Court in anticipation of the September 14, 2023, trial, which included Devon Beckett as one of the witnesses the Defense intended to call. The Government did not raise any issue with Defense counsel calling Devon Beckett as a witness at that time.

On January 23, 2024, AUSA Jeffrey Pearlman, after inquiry by Defense counsel, informed Defense counsel that the Defense would need to reissue subpoenas for the February 12, 2024, trial date. In this email, Mr. Pearlman informed Defense counsel for the first time that Devon Beckett had medically retired from the Government and that she was no longer employed by the Government, and thus, the Government would not accept service on her behalf.

On January 23, 2024, AUSA Christopher Brown informed Defense counsel that Devon Beckett is not local to the D.C. area and that she would be required to travel to D.C. for any testimony.

On January 30, 2024, Defense counsel re-issued subpoenas *ad testificandum* for testimony from Government agents who were involved in the Bitcoin Fog investigation. Defense counsel included a subpoena for Devon Beckett's testimony in this submission to the Government.

On January 30, 2024, Defense counsel requested Devon Beckett's contact information so that the Defense could independently serve Devon Beckett's subpoena *ad testificandum*.

On January 30, 2024, AUSAChristopher Brown informed Defense counsel that he "[does] not feel comfortable giving out [Ms. Beckett's] personal information".

On January 31, 2024, during a conference call between Government counsel and Defense counsel, AUSA Christopher Brown again refused to provide Devon Beckett's contact information.

This motion follows.

**LEGAL STANDARD**

The Compulsory Process Clause of the Sixth Amendment grants criminal defendants the Constitutional right to attain witnesses in their favor by way of Court-ordered subpoena. This right is not ambiguous, and the case law supporting this right is extensive.

"The Sixth Amendment's Confrontation Clause guarantees the right of a defendant in a criminal proceeding "to be confronted with the witnesses against him."[1] "Accordingly, "the right of confrontation necessarily includes the right to 'ask the witness who he is and where he lives' because this is 'the very starting point in exposing falsehood and bringing out the truth through cross-examination' when 'the credibility of a witness is in issue.'"[2]

In 1948 when the Supreme Court held in *In re Oliver* that: "A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense – a right to his day in court - are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel."[3]

---

[1] U.S. Const. amend. VI.
[2] *See United States v. Berry*, No. 1:17-cr-00086-TC (D. Utah Sep. 10, 2018), *see also United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1140 (10th Cir. 2014) (quoting Smith v. Illinois, 390 U.S. 129, 131 (1968)).
[3] *In re Oliver*, 333 U.S. 273 (1948).

In modern practice, a violation of the Compulsory Process Clause leads to the reversal of a conviction unless the original error is "harmless".[4] The exclusion of defense evidence can "significantly undermine fundamental elements of a defendant's defense"[5]

## ARGUMENT

Courts around the country have repeatedly held that courts have broad discretion to compel the production of evidence needed by either the prosecution or the defense.[6] In *United States v. Slough* the court held that "to the extent that the government possesses updated contact information for any witnesses identified in the Government's Brady disclosures or in the indictment, the Government shall disclose such information to the defendants."[7] Here, the Government is attempting to prevent the cross-examination of the principal investigative agent who signed the Criminal Complaint accusing Mr. Sterlingov – IRS-CI Devon Beckett. Ms. Beckett is not some ancillary witness whose testimony can be brought out through cross-examination of alternative witnesses.

The Government asserts that Ms. Beckett is "medically retired", and that they "do not feel comfortable" sharing Ms. Beckett's contact information so the Defense can serve her a subpoena for her testimony. The Government feeling uncomfortable has never been the basis for the abrogation of a defendant's Fifth Amendment Due Process and Sixth Amendment Confrontation Clause rights. The Government offers no legitimate reason for its refusal to provide the contact information for service of a subpoena on Ms. Beckett.

---

[4] Kime, Stacey *Can a right be less than the sum of its parties?* AMERICAN CRIMINAL LAW REVIEW, 1501-29 at 525 (2011).
[4] *In re Oliver*, 333 U.S. 273 (1948).   Kime at 525.
[5] *See United States v. Scheffer*, 523 U.S. 303,304 (1998); *see also Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).
[6] *See United States v. Nobles*, 422 U.S. 225 (1975), *see also* U.S. v. Slough, 669 F. Supp. 2d 51 (D.D.C. 2009), *see also* Hartley v. Wilfert, 931 F. Supp. 2d 230 (D.D.C. 2013).
[7] *See, e.g. U.S. v. Slough*, 669 F. Supp. 2d 51, 60 (D.D.C. 2009).

## CONCLUSION

This Court should order the Government to provide the Defense with the contact information for Ms. Beckett for the purposes of serving her with a subpoena *ad testificandum*. She is the author of the memorandum in support of the Criminal Complaint, signatory to the Criminal Complaint, and one of the Government's lead investigators in this case. As such, Mr. Sterlingov has a Sixth Amendment right to subpoena her. For the foregoing reasons, this Court should compel the Government to provide Ms. Beckett's contact information so that the Defense can issue a subpoena for her testimony at trial.

Dated: February 1, 2024
Brooklyn, New York

        Respectfully submitted,

        <u>/s/ Michael Hassard</u>
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        <u>/s/ Tor Ekeland</u>
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2024, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov