UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>Defendant. | No. 21-cr-399 (RDM) |

**DEFENDANT'S MOTION TO CHANGE PRETRIAL DETENTION FACILITIES IN ADVANCE OF TRIAL**

Roman Sterlingov, by and through undersigned counsel, moves this Court to enter an Order mandating that he be moved from the Washington D.C. Central Detention Facility ("CDF") to the adjacent Washington D.C. Correctional Treatment Facility ("CTF") in advance of his trial, currently scheduled to begin February 12, 2024.

**ARGUMENT**

Mr. Sterlingov cannot effectively prepare for trial while detained at CDF. He has limited access to a computer and has not been able to fully review discovery because of the jail's limitation on his computer access. Upon information and belief, CDF only grants pretrial inmates access to a computer in two-week intervals. Once Mr. Sterlingov's two-week time period with a laptop concludes, he is prevented from accessing a computer until one becomes available again. While Mr. Sterlingov most recent access to a computer began on or about January 20, 2024, CDF is scheduled to take away his computer access on February 3, 2024. At present, it does not appear likely that Mr. Sterlingov will have continuous access to discovery during the trial. This will impair Mr. Sterlingov's ability to meaningfully participate in his defense.

1

Furthermore, upon information and belief, the conditions at CDF are below federal standards and physically and mentally impair Mr. Sterlingov prior to his anticipated month-long trial. Inmates at CDF regularly smoke cigarettes inside the facility and the entire facility smells of cigarette smoke. Mr. Sterlingov does not smoke, and the smoke in the air irritates his respiratory system. Upon information and belief, the cells at CTF have fresher air and are not polluted with cigarette smoke.

Upon information and belief, at CDF Mr. Sterlingov has been prevented from maintaining his physical appearance and personal hygiene. CDF limits inmates' access to haircuts and shaving. Mr. Sterlingov has informed Defense Counsel he has extremely irregular access to shaving and haircuts and has regularly gone over six-week intervals without either. It is important that Mr. Sterlingov have regular access to haircuts and shaving leading up to and during trial so that he can present himself in a clean and presentable state to the jury. Upon information and belief, haircuts and shaving are substantially more accessible at the adjacent CTF.

Upon information and belief, at CDF, Mr. Sterlingov has been deprived of sleep due to the noise from disruptive inmates, noisy fans and loud televisions that regularly remain on until 4 – 5 a.m. Upon information and belief, CTF affords inmates a calmer, quieter environment in which to prepare for trial.

Upon information and belief, at CDF, Mr. Sterlingov has been deprived of vitamins and medication. The sub-optimal medical services seem designed only to address ongoing medical emergencies, and not promote preventative or rehabilitative healthcare. Mr. Sterlingov requests access to cheap, simple non-pharmaceutical vitamins that improve his attention, vitality and

sleep. Upon information and belief, such vitamins and preventative care are available at the adjacent CTF facility.

Finally, upon information and belief, at CDF, Mr. Sterlingov has not had regular access to educational programs or the outdoors. Despite attempting to join educational programs, Mr. Sterlingov has been thus far denied access to the limited education opportunities that exist. Moreover, Mr. Sterlingov has been denied regular access to the outdoors. An irregular schedule exists at CDF where Mr. Sterlingov has had limited access to the outdoors for roughly one-hour every two-weeks or so. Upon information and belief, CTF offers pretrial detainees more opportunity to access fresh, outside air.

Upon information and belief, because CDF and CTF are two different facilities located on the same grounds, and that CDF and CTF are essentially two different wings of the same facility, and because transfers between the two complexes are a common and regular occurrence, there will be no quarantine period or additional delays incurred by moving Mr. Sterlingov from CDF to CTF that will impact his upcoming trial.

## CONCLUSION

The conditions at CDF make it extremely difficult, if not impossible, for Mr. Sterlingov to effectively prepare for trial and meaningfully participate in his defense. Accordingly, the Defense respectfully submits that this Court should enter the attached proposed order mandating Mr. Sterlingov's transfer to the adjacent CTF facility in advance of his trial.

Dated: February 1, 2024
Brooklyn, New York

        Respectfully submitted,

        <u>/s/ Michael Hassard</u>
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        <u>/s/ Tor Ekeland</u>
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2024, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov