**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | **No. 21-cr-399 (RDM)** |
| v. | |
| ROMAN STERLINGOV | |
| Defendant. | |

**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S PROPOSED OPENING SLIDE DECK**

After conferring with the Government, the Defense and the Government cannot agree over the Defense's following objections to the Government's proposed opening slide deck received by the Defense via email at 3:27 pm on February 8, 2024.

The Government's opening slide deck contains numerous documents that are not yet in evidence, are argumentative, are unfairly prejudicial to the defendant, confuse the issues, needlessly present cumulative evidence, are irrelevant, or will be misleading to the jury. Moreover, the Government's slide deck contains documents that incorporate commentary and include extraneous matter, contrary to this Court's Trial Order regarding opening statements (Dkt. 246). The Government's slide deck is more appropriate for closing arguments than it is for opening arguments (attached as Ex. A).

**DEFENSE OBJECTIONS**

**Slide #2** – Zoomed and highlighted BitcoinTalk posts – this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates Akemashite Omedetou with

the Defendant; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #3** – Zoomed and highlighted BitcoinTalk posts –this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates Akemashite Omedetou with the Defendant; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #5** – Summary Table of Bitcoin Fog Darknet Market Exposure – this is opinion testimony not in evidence. As discussed in pretrial hearings, these amounts are not for the jury to consider. It is highly prejudicial; nearly all of the "exposure" (an argumentative work) occurred outside the statute of limitations; the chart assigns a fixed monetary value in USD to Bitcoin, the price of which regularly fluctuates; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; impermissible expert opinion lacking scientific or evidentiary foundation, and violating FRE 401 and 403.

**Slide #8** – Diagram displaying alleged functioning of a mixing service - this is not in evidence; consists of unsupported and unscientific expert opinion; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being argumentative; hearsay; and violating FRE 401 and 403.

**Slide #14** – Bitcoin Fog Announcement by Akemashite Omedetou - this is discovery that is not in evidence; argumentative; inaccurately associates Akemashite Omedetou with the

Defendant; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

      **Slide #15** - Bitcoin Fog Announcement by Akemashite Omedetou - this is discovery that is not in evidence; argumentative; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates Akemashite Omedetou with the Defendant; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

      **Slide #16** - Bitcoin Fog Announcement by Akemashite Omedetou - this is discovery that is not in evidence; argumentative; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates Akemashite Omedetou with the Defendant; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

      **Slide #17** - Bitcoin Fog Announcement by Akemashite Omedetou - this is discovery that is not in evidence; argumentative; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates Akemashite Omedetou with the Defendant; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

      **Slide #18** - Bitcoin Fog Announcement by Akemashite Omedetou - this is discovery that is not in evidence; argumentative; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates

Akemashite Omedetou with the Defendant; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #19** - Bitcoin Fog Announcement by Akemashite Omedetou - this is discovery that is not in evidence; argumentative; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates Akemashite Omedetou with the Defendant; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #20** - Bitcoin Fog Announcement by Akemashite Omedetou - this is discovery that is not in evidence; argumentative; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; inaccurately associates Akemashite Omedetou with the Defendant; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #26** – Bitcoin Fog landing page - this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context; contains circling that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #27** – Bitcoin Fog Clearnet webpage –this is discovery that is not in evidence; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #29** – Iceberg Graphic – argumentative in its arbitrary, metaphorical visual representation of the global internet; inaccurately differentiates between "deepweb" and "darkweb"; prejudices the jury by associating the Tor network with the word "dark"; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to improper expert opinion, hearsay, and violating FRE 401 and 403.

**Slide #33** – Alleged Flow of Funds Diagram – argumentative; incomplete and inaccurate depiction of the flow of funds; assumes facts not in evidence; inaccurately associates Mr. Sterlingov's Mt. Gox Account with Mt. Gox accounts that were not under his control; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being improper expert opinion lacking scientific foundation, cumulative; hearsay, and violating FRE 401 and 403.

**Slide #35** – Edited (?) and distorted screenshot of back-up codes for heavydist@gmail.com – discovery not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay and violating FRE 401 and 403.

**Slide #36** – Russian language general instructions for transferring value from BTC to USD - this is discovery that is not in evidence; argumentative; prejudicial; contains selected portions of a larger document that emphasize partial components at the expense of presenting the full context of the document; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; argumentative; hearsay; and violating FRE 401 and 403.

**Slide #37** – Translated Russian language general instructions for transferring value from BTC to USD - this is discovery that is not in evidence and is a translation that the Defendant has not certified; prejudicial; contains selected portions of a larger document that emphasize partial components at the expense of presenting the full context of the document; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #39** –Liberty Reserve registration for plama@plasmadivision.com – this is discovery that is not in evidence; confusing to the jury; not the same Liberty Reserve account that was used to pay for highosting.net domain registration; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to hearsay; and violating FRE 401 and 403.

**Slide #40** – Mt. Gox Account registration – this is discovery that is not in evidence; confusing to the jury; confusing to the jury; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to hearsay; and violating FRE 401 and 403.

**Slide #42** - Translated Russian language general instructions for transferring value from BTC to USD - this is discovery that is not in evidence and is a translation that the Defendant has not certified; prejudicial; contains selected portions of a larger document that emphasize partial components at the expense of presenting the full context of the document; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #44** – Translated Russian language general instructions for transferring value from BTC to USD - his is discovery that is not in evidence and is a translation that the Defendant has not certified; prejudicial; contains selected portions of a larger document that emphasize partial

components at the expense of presenting the full context of the document; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #45** – List of login names and emails for various, unrelated Mt. Gox accounts – this is discovery that is not in evidence; argumentative in that it associates Mr. Sterlingov with accounts that there is no evidence are his; constitutes improper expert opinion lacking scientific foundation; confusing to the jury; inaccurately associates the Defendant's Mt. Gox account with unrelated Mr. Gox accounts; selected material taken out of context; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #46** – Translated Russian language general instructions for transferring value from BTC to USD - his is discovery that is not in evidence and is a translation that the Defendant has not certified; prejudicial; contains selected portions of a larger document that emphasize partial components at the expense of presenting the full context of the document; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #47** – shormint@hotmail.com account information – discovery not in evidence; presents incomplete information; unclear what platform this account information is related to; argumentative; contains selected portions of a larger document that emphasize partial components at the expense of presenting the full context of the document; confusing to the jury; prejudicial; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #48** – Bitcoin Fog Graphic with Akemashite Omedetou name and shormint@hotmail.com email address – argumentative; unclear what platform this account information is related to; government curated document; confusing to the jury; prejudicial; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #49** – Alleged Flow of Funds Diagram – argumentative; incomplete and inaccurate depiction of the flow of funds; assumes facts not in evidence; inaccurately associates Mr. Sterlingov's Mt. Gox Account with Mt. Gox accounts that were not under his control; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being improper expert opinion lacking scientific foundation, cumulative; hearsay, and violating FRE 401 and 403.

**Slide #50** - Bitcoin Fog Clearnet webpage – irrelevant; this is discovery that is not in evidence; argumentative; prejudicial; cumulative; hearsay; FRE 401; and FRE 403.

**Slide #51** - Zoomed and highlighted section of Bitcoin Fog Clearnet site – this is discovery that is not in evidence; argumentative; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; contains highlighting that is argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #52** - Zoomed and highlighted section of BitcoinTalk thread – this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; contains highlighting that is argumentative; and is

subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #54** – Zoomed and highlighted private message – this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; contains highlighting that is argumentative; one message taken out of context from a larger conversation; incomplete; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #55** – Zoomed and highlighted private message – argumentative in conjunction with the prior slide; this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; contains highlighting that is argumentative; one message taken out of context from a larger conversation; incomplete; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #57** – IP address overlap chart –this is unscientific expert opinion that is not in evidence; argumentative; confusing to the jury; incomplete; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401, 403 and 702.

**Slide #58** – Photographs of materials seized from Mr. Sterlingov at LAX – this is discovery that is not in evidence; prejudicial; no context is provided; argumentativly associates innocuous computer hardware with criminal activity; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; and violating FRE 401 and 403.

**Slide #60** – Flow of funds diagram - argumentative; incomplete and inaccurate depiction of the flow of funds; assumes facts not in evidence; inaccurately associates Mr. Sterlingov's Mt. Gox Account with Mt. Gox accounts that were not under his control; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being improper expert opinion lacking scientific foundation, cumulative; hearsay, and violating FRE 401 and 403.

**Slide #63** – M247 Romania Title Page with email confirmation of delivery of To the Moon Server - this is discovery that is not in evidence; argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #64** - M247 Romania Title Page with email confirmation of delivery of To the Moon Server and selected BitcoinTalk posts by Akemashite Omedetou - this is discovery that is not in evidence; argumentative in its posting of Akemashite Omedetou's BitcoinTalk post posts next to the server receipt for Mr. Sterlingov's To the Moon VPN server; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #66** – Messages from an unidentified account between unidentified parties - this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; confusing to the jury; contains highlighting that is argumentative; argumentative and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #67** - Messages from an unidentified account between unidentified parties - this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; confusing to the jury; contains highlighting that is argumentative; argumentative and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #68** - Excerpts from an unidentified account between unidentified parties - this is discovery that is not in evidence; contains zoomed in portions that emphasize partial components at the expense of presenting the full context of the document; confusing to the jury; contains highlighting that is argumentative; argumentative and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #70** – Photograph of cellphone –this is discovery that is not in evidence; confusing to the jury; argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #72** – Silk Road screenshot – this is discovery that is not in evidence; argumentative; highly prejudicial; confusing to the jury; contains discovery from a deepweb marketplace that was shut down well outside the statute of limitations; argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #73** – Silk Road screenshot – this is discovery that is not in evidence; argumentative; highly prejudicial; confusing to the jury; contains discovery from a deepweb marketplace that was shut down well outside the statute of limitations; argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #74** – Silk Road screenshot – this is discovery that is not in evidence; argumentative; highly prejudicial; confusing to the jury; contains discovery from a deepweb marketplace that was shut down well outside the statute of limitations; argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #75** – Silk Road screenshot – this is discovery that is not in evidence; argumentative; highly prejudicial; confusing to the jury; contains discovery from a deepweb marketplace that was shut down well outside the statute of limitations; argumentative; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, hearsay; and violating FRE 401 and 403.

**Slide #76** – Summary Table of Bitcoin Fog Darknet Market Exposure – this is opinion testimony not in evidence. As discussed in pretrial hearings, these amounts are not for the jury to consider. It is highly prejudicial; nearly all of the "exposure" (an argumentative work) occurred outside the statute of limitations; the chart assigns a fixed monetary value in USD to Bitcoin, the price of which regularly fluctuates; and is subject to evidentiary objections that need to be resolved at trial including, but not limited to, being cumulative; hearsay; impermissible expert opinion lacking scientific or evidentiary foundation, and violating FRE 401 and 403.

**Slide #80** – Description of Count Three including accusations – argumentative and prejudicial portion of an accusatory instrument.

Dated: February 9th, 2024
Brooklyn, New York

Respectfully submitted,

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February 2024, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov