## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>*Defendant*. | Criminal No. 21-399 (RDM) |

## FORFEITURE JURY INSTRUCTIONS

*[signature]* 3/12/24

1

## FORFEITURE: GENERALLY

Members of the jury, in view of your verdict that the defendant is guilty of Count One, Count Two, and Count Three of the Indictment, you have another task to perform before you are discharged. I now must ask you to render special verdicts concerning property that the government has alleged is subject to forfeiture to the United States.

The purpose of forfeiture is to ensure that no one profits from criminal conduct. "Forfeiture" in this case means the defendant will be divested or deprived of his ownership or his interest, if any, in certain property as a penalty for committing violations of certain federal laws. You must now consider what verdict to render on the question of whether there is a connection between the following specific property and the Counts to which you have already found the defendant guilty. The items that the government seeks to forfeit in this matter include the following six items:

1. $349,625.72, seized from Kraken accounts #AA68 N84GQ UXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

2. Approximately 0.10877 Bitcoin (BTC) cryptocurrency (after required fees), seized from Kraken accounts # AA68 N84GQ UXT DGMY, held

2

in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

3. Approximately 205.9625 Ethereum (ETH) cryptocurrency (after required fees), seized from Kraken accounts # AA68 N84GQ UXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

4. Approximately 9,371.52683 Stellar (XLM) cryptocurrency (after required fees), seized from Kraken accounts # AA68 N84GQ UXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

5. Approximately 35.9998 Monero (XMR) cryptocurrency (after required fees), seized from Kraken accounts # AA68 N84GQ UXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN; and

6. Approximately 1,354 BTC currently held in the Bitcoin Fog wallet, identified by root address 1YZJKaAx2HRWvcbCXDBtQbBZcRU46WJqw.

You must now consider what verdict to render on the question of whether there is a connection between that specific property and Count One, Count Two, and/or Count Three, for which you have already found the defendant guilty.

**BURDEN OF PROOF**

It is the Government's burden to establish the required connection between the specific property and the offense or offenses committed by the defendant which would make the property subject to forfeiture. You should find that the Government has met its burden if it has established that connection by a "preponderance of the evidence."

This is a lower standard from that which applied to the guilt or innocence phase of the trial. At that stage of the case, the Government was required to meet its burden "beyond a reasonable doubt." At this forfeiture stage, however, the Government need only establish its proof by a "preponderance of the evidence."

"Preponderance of the evidence" means that the Government has to produce evidence which, considered in light of all of the facts, leads you to believe that what the Government claims is more likely true than not true. To put it differently, if you were to put the Government's evidence and the Defendant's evidence on opposite sides of a balance scale, the Government's evidence would have to make the scale tip slightly on its side of the balance. If the Government's evidence fails to do this, then the Government has not met its burden of proof.

## FORFEITURE PURSUANT TO 18 U.S.C. § 982(a)(1)

Section 982(a)(1) of Title 18 of the United States Code provides, in relevant part, that whoever engages in a Money Laundering Conspiracy, in violation of Title 18, United States Code, Section 1956(h); Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(3)(A) or (B); or Operating an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a), shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

The Government alleges that certain properties are forfeitable under this category based on the Defendant's convictions.  Each item of property is set out in a Special Verdict Form which follows at the end of these instructions.  As to each item of property, you must determine whether or not the applicable connection exists between that property and the above category.

## DEFINITION OF PROPERTY "INVOLVED IN" A MONEY LAUNDERING OFFENSE

The phrase "any property, real or personal, involved in" a money laundering offense includes:

1. The money or other property that was being laundered;

2. Any commissions or fees paid to the launderer; and

3. Any property used to facilitate the laundering offense.

Property that was used to facilitate the money laundering transaction may include property that was not part of the transaction itself, but was used to make the money laundering offense easier to commit or harder to detect. This may include untainted property if it was comingled with the property being laundered and facilitated the money laundering offense.

In the case of a money laundering conspiracy that takes the form of a business, the property that is "involved in" the money laundering conspiracy includes all funds that flow through the business to "bankroll" or otherwise facilitate the conspiracy. It is not limited to specific transactions.

Property "involved in" a money laundering offense includes any property traceable to the property that was involved in the offense. The phrase "any property traceable to" such property includes property that was acquired or maintained with the proceeds of the underlying money laundering crime.

7

## DEFINITION OF PROPERTY "INVOLVED IN" AN UNLICENSED MONEY TRANSMITTING BUSINESS OFFENSE

The phrase "any property, real or personal, involved in" an unlicensed money transmitting business offense includes any property "involved in" operation of the business during the time period while the business was operating in violation of the law, regardless of its purpose or whether the property was involved in specific transactions. This includes any property that passed through the unlicensed money transmitting business's accounts during the relevant time period.

Property "involved in" an unlicensed money transmitting business offense includes any property traceable to the property that was involved in the offense. The phrase "any property traceable to" such property includes property that was acquired or maintained with the proceeds of the underlying money laundering crime.

## DEFINITION OF PROPERTY "TRACEABLE TO"

Property "traceable to" the proceeds of an offense includes property that was acquired or maintained with the proceeds. For example, if someone uses the proceeds of a crime to buy a car, the car is regarded as property traceable to the proceeds. The point is that the proceeds of an offense remain the proceeds of the offense even as they change from one thing to another.

## INSTRUCTIONS ON GUILTY VERDICT AND PRIOR JURY INSTRUCTIONS

All instructions previously given to you concerning your consideration of the evidence, other than instructions on the standard of proof, will apply during your supplemental deliberations concerning the forfeiture allegations. These previous instructions include but are not limited to, instructions on the credibility of witnesses, your duty to deliberate together, and the necessity of reaching a unanimous verdict.

In your consideration of the forfeiture allegations, you are instructed that your previous determination that the defendant is guilty of Count One, Count Two, and Count Three charged in the Indictment is binding on this part of the proceeding. Thus, you must not seek to discuss or reconsider the guilt or innocence of the defendant.

## EVIDENCE THAT MAY BE CONSIDERED

While deliberating, you may consider any evidence offered by the parties at any time during this trial.  Thus, you may consider any evidence offered during the guilt or innocence phase of the trial as well as any additional evidence offered during the forfeiture phase of the trial.

## DISPOSITION OF FORFEITED PROPERTY

You are also instructed that what happens to any property that you find has a connection to a crime is exclusively a matter for the Court to decide.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.  Your only concern is to determine whether the government has established the requisite connection between the specific property and the defendant's crimes.

## UNANIMOUS VERDICT

Your verdict that these properties are subject to forfeiture must be unanimous; that is, you must reach a unanimous verdict as to each question on the special verdict form.