UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>   Defendant. | No. 21-cr-399 (RDM) |

**DEFENDANT'S MOTION TO SPEAK WITH JURORS**

The Defendant, Roman Sterlingov, by and through undersigned counsel, hereby respectfully requests to speak with jurors that served during his trial.[1]

To be clear the Defense is not seeking an evidentiary hearing, to haul jurors into court to forcefully examine them concerning any improper influences that may have affected their verdict, or even to impeach the verdict through their testimony. *See United States v. Moon,* 718 F.2d 1210, 1234 (2d Cir.1983)*, cert. denied,* 466 U.S. 971 (1984); Fed. R. Evid 606(b). Instead, the defense simply seeks to communicate with jurors that *willingly agree* to communicate with members of the Defense team.

Following this Honorable Court's discharge of the jury and instruction that "You are free to discuss the case or not discuss the case with anyone as you see fit," Mar. 12, 2024, Tr. 46:19-20, the defense erroneously believed that it was free to communicate with jurors without additional authority.[2] Immediately after trial, members of the defense team, including Jeffrey M. Fischback, whose declaration is attached hereto as Exhibit 1, communicated with certain members of the jury that wanted to communicate with the Defense. In total, approximately five jurors agreed to speak

---

[1] This Motion is filed in accordance with LCrR 49(f)(4).
[2] Upon realizing the procedures outlined in LCrR 24.2(b), the defense promptly requested clarification and permission from this Honorable Court.

1

with the defense. Exhibit 1. Being respectful of their time, the defense posed very few questions and intended to reach out to jurors who were willing to speak at a later point in time. Exhibit 1. During the conversation at least one juror stated that they weighed the evidence against Mr. Sterlingov based on a "preponderance" standard rather than the applicable "beyond a reasonable doubt" standard.  Exhibit 1. The reason – whether the jury simply decided to disregard this Honorable Court's instructions or whether they were inappropriately influenced by extraneous and outside information – was not provided.  Accordingly, the Defense team is requesting permission from this Honorable Court to further investigate this issue with jurors that *willingly agree* to speak with the defense team.

The Sixth Amendment "expressly" entitles "a defendant in a criminal prosecution to a trial 'by an impartial jury.'" *United States v. Parse*, 789 F.3d 83, 110 (2d Cir. 2015). Similarly, "[a] fair trial in a fair tribunal is a basic" ingredient of "due process," guaranteed by the Fifth Amendment. *Id.* at 110-11 (citation and internal quotation marks omitted).  Both are "interrelated" and there is no dispute that "the jury verdict required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt." *Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993).

Respectfully, a failure to hold the Government to its burden would be a serious violation of a defendant's Fifth and Sixth Amendment guarantees. These potentially serious constitutional issues warrant at least some sort of investigation to determine whether improper influences caused the failure. *See United States v. Moten*, 582 F.2d 654, 666 (2d Cir. 1978) ("When there has been a showing warranting an investigation, barring all interviewing, even under supervision of the court, is improper."). Whether this investigation results in a new trial motion is not currently at issue. Similarly, the Defense is not seeking to introduce any statements prohibited by Fed. R. Evid. 606(b). Our current request is simply to allow us to investigate the matter further with jurors that

2

*willingly agree* to speak with members of the defense team. To be entitled to a further investigation, there must be "good cause", *i.e.,* "reasonable grounds for investigation." *United States v. Davis*, 402 F. Supp. 2d 252, 265 (D.D.C. 2005) (*quoting United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir.1983)). Reasonable grounds exist "when there is clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant." *Id.* (internal citation and quotations omitted). That requirement, however, does not "demand that the allegations be irrebuttable; if the allegations were conclusive, there would be no need for a hearing [or investigation]." *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir. 1989) (jurors' statements concerning inappropriate conduct "constituted competent and relevant evidence"). If the jury decided the case on an inapplicable standard because of improper influences, then a new trial may be warranted. At this stage, however, the Defense believes there is good cause to inquire further.

While "[i]t is true that the defendant should not be permitted to trample on other important interests such as the secrecy of grand jury proceedings or the right of petit jurors to be free from harassment, [] it is also true that a defendant has a constitutional right to a trial by an impartial jury." *Moten*, 582 F.2d at 660. To the extent the Government is concerned about harassment, the Defense will provide a written notification to jurors prior to conducting any interview consistent with LCrR 24.2(b), *i.e.,* that no juror is required to speak to anyone, including the parties and their representatives, but that a juror may do so if the juror wishes. Additionally, the Defense will not publicly disclose the contents of any interview and in the event an affidavit is produced in support of a new trial motion, the affidavit will be filed, with permission from this Honorable Court, under seal.

3

Dated: June 11, 2024
New York, New York

                        Respectfully submitted,

                        /s/ Michael Hassard
                        Michael Hassard (NYS Bar No. 5824768)
                        *Pro Hac Vice*
                        Tor Ekeland Law, PLLC
                        30 Wall Street, 8th Floor
                        New York, NY
                        t:  (718) 737 - 7264
                        f:  (718) 504 - 5417
                        michael@torekeland.com

                        /s/ Tor Ekeland
                        Tor Ekeland (NYS Bar No. 4493631)
                        *Pro Hac Vice*
                        Tor Ekeland Law, PLLC
                        30 Wall Street, 8th Floor
                        New York, NY
                        t:  (718) 737 - 7264
                        f:  (718) 504 - 5417
                        tor@torekeland.com

                        /s/ Maksim Nemstev
                        *Pro Hac Vice Pending*
                        Maksim Nemstev, PC
                        20 Park Plaza, Suite 1000
                        Boston, MA
                        t: (617) 227-3700
                        f: (718) 701-5922


                        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of June 2024, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

<u>s/ Michael Hassard</u>

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.pearlman@usdoj.gov