UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>   Defendant. | No. 21-cr-399 (RDM) |

### REPLY TO RESPONSE TO MOTION TO SPEAK WITH JURORS

The Defendant, Roman Sterlingov, by and through undersigned counsel, hereby respectfully submits this reply to the Government's response to his request to speak with jurors that served during his trial.

First, the Government argues that Mr. Fischbach's declaration is "unsworn" and therefore "beyond belief and unworthy of consideration." Dkt. 302 at 2. To address the Government's concerns, the defense is resubmitting the same declaration signed "under the pains and penalties of perjury." *See* Exhibit A at 3. The Defense does not believe that the previous declaration was unworthy of consideration due to the lack of this language. However, to satisfy the Government's concern that Mr. Fischbach indeed accurately recounted his recollections of his interactions, the Defense is resubmitting the declaration with the added attestation.

Second, there is nothing "bizarre" about Mr. Fischbach's statements. Indeed, Mr. Fischbach simply recounts interactions with jurors and observations of them on that day. The recollections are his ("[t]his is accurate to the best of my memory of that day…") and the fact that he confirmed his recollections with his "wife" ("who was seated… just a few feet away") does not in any way diminish his memory or make his statements "inherently incredible". Exhibit A at 2-3. To the extent that Mr. Fishbach made certain observations, *e.g.,* that it "appear[ed] to [him] that

1

some other jurors wished to speak, but appeared nervous, looking back at the doors[,]" "that some jurors may have felt intimidated by other members[,]" or that "there were other jurors that did, in fact, want to provide additional information regarding their decision," those are reasonable lay opinions based on what he heard and observed. *Id.*

Third, the Defense is not seeking to introduce any statements prohibited by Fed. R. Evid. 606(b) or to have any "judicial inquiry" into "intra-jury influences." Dkt. 302 at 3. As we stated in our opening papers, it is unclear from Mr. Fischbach's conversations whether the jury weighed the evidence against Mr. Sterlingov based on a "preponderance" standard rather than the applicable "beyond a reasonable doubt" standard because of its "disregard" for this Honorable Court's instructions or "whether they were inappropriately influenced by extraneous and outside information…" Dkt. 300 at 2. To the extent it's the latter, future statements would be admissible under Fed. R. Evid. 606(b) and a new trial may be appropriate. At this stage, however, the Defense is not seeking to admit any jury statements. Instead, we are simply seeking to further investigate this issue with jurors that *willingly agree* to speak with the Defense team. As we previously stated, the issue here – one implicating Mr. Sterlingov's constitutional rights – is serious and an investigation is warranted. *See* Dkt. 300 at 2-3; *see also United States v. French,* 904 F.3d 111, 117 (1st Cir. 2018) (if a defendant comes forward at any point in the litigation with a mere "colorable or plausible claim" the district court has an "unflagging duty" to "investigate the claim.") (internal citations and quotations omitted); *United States v. Chiantese*, 582 F.2d 974, 979 (5th Cir. 1978) ("[I]n instances where the jury misconduct involves influences from outside sources, the failure of the trial judge to hold a hearing constitutes an abuse of discretion and is therefore reversible error.").

Finally, this Honorable Court has broad discretion "to handle such situations in the least disruptive manner possible." *United States v. Ramos*, 71 F.3d 1150, 1153 (5th Cir. 1995); *see also French*, 904 F.3d at 117 ("The type of investigation the district court chooses to conduct is within the district court's discretion; it may hold a formal evidentiary hearing, but depending on the circumstances, such a hearing may not be required."); LCrR 24.2(b) ("The Court may grant permission to speak with a juror upon such conditions as it deems appropriate, including but not limited to a requirement that the juror be examined only in the presence of the Court.").

At this stage, the Defense believes that the "least disruptive manner" to investigate this issue would be to permit the Defense team to speak with jurors that *willingly agree* to speak with the Defense team. Further, any concerns about harassment are readily abated by the conditions proposed by the defense, *see* Dkt. 300 at 3, that could be incorporated by this Honorable Court into any order.

Dated: June 21, 2024
New York, New York

                    Respectfully submitted,

                    /s/ Maksim Nemstev
                    *Pro Hac Vice*
                    20 Park Plaza, Suite 1000
                    Boston, MA 02116
                    t: (617) 227-3700
                    f: (718) 701-5922
                    max@mnpc.law

                    /s/ Michael Hassard
                    Michael Hassard (NYS Bar No. 5824768)
                    *Pro Hac Vice*
                    Tor Ekeland Law, PLLC
                    30 Wall Street, 8th Floor
                    New York, NY 10005
                    t: (718) 737 - 7264
                    f: (718) 504 - 5417
                    michael@torekeland.com

                    /s/ Tor Ekeland
                    Tor Ekeland (NYS Bar No. 4493631)
                    *Pro Hac Vice*
                    Tor Ekeland Law, PLLC
                    30 Wall Street, 8th Floor
                    New York, NY 10005
                    t: (718) 737 - 7264
                    f: (718) 504 - 5417
                    tor@torekeland.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2024, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.pearlman@usdoj.gov