UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | :    **CRIMINAL NO. 21-cr-399 (RDM)** |
| v. | : |
| | : |
| **ROMAN STERLINGOV,** | : |
| | : |
| Defendant. | : |

## PRELIMINARY ORDER OF FORFEITURE

***WHEREAS***, the Superseding Indictment, ECF No. 43, provided notice to the defendant Roman Sterlingov, pursuant to Federal Rule of Criminal Procedure 32.2(a), that the government will seek the forfeiture of property, that is, forfeiture of any property, real or personal, involved in the offenses charged in Counts One, Two, and Three, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1);

***WHEREAS***, the Superseding Indictment provided notice to the defendant, Roman Sterlingov, that the government will seek the forfeiture of the following specific property upon conviction of the offenses charged in Counts One, Two, and Three:

    a. $349,625.72, seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    b. Approximately 0.10877 Bitcoin (BTC) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    c. Approximately 205.9625 Ethereum (ETH) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

1

   d. Approximately 9,371.52683 Stellar (XLM) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

   e. Approximately 35.9998 Monero (XMR) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN; and

   f. Approximately 1,354 BTC currently held in the Bitcoin Fog wallet, identified by root address 1YZJKaAx2HRWvcbCXDBtQbBZcRU46WJqw;

**WHEREAS**, the Superseding Indictment provided notice to the defendant, Roman Sterlingov, that the government will seek a forfeiture money judgment against the defendant and in favor of the United States for a sum of money equal to the value of any property, real or personal, involved in the offenses charged in Counts One, Two, and Three, and any property traceable thereto;

**WHEREAS**, the Superseding Indictment provided notice to the defendant, Roman Sterlingov, that the government will seek the forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p);

**WHEREAS**, on March 12, 2024, a jury returned a verdict of guilty against the defendant on Counts One, Two, Three, and Four of the Superseding Indictment;

**WHEREAS**, on March 12, 2024, a jury returned a Special Verdict Form finding that each of the following specific properties was property, real or personal, involved in the offenses for which the defendant had been convicted as charged in Counts One, Two and Three, or property traceable thereto:

   a. $349,625.72, seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    b. Approximately 0.10877 Bitcoin (BTC) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    c. Approximately 205.9625 Ethereum (ETH) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    d. Approximately 9,371.52683 Stellar (XLM) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    e. Approximately 35.9998 Monero (XMR) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN; and

    f. Approximately 1,354 BTC currently held in the Bitcoin Fog wallet, identified by root address 1YZJKaAx2HRWvcbCXDBtQbBZcRU46WJqw;

**WHEREAS**, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), this Court determines, based upon the evidence and information before it, including the evidence presented at trial, that any property, real or personal, involved in the offenses charged in Counts One, Two, and Three, for which the defendant was convicted, and any property traceable thereto, is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1);

**WHEREAS**, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), this Court determines, based upon the evidence and information before it, including the evidence presented at trial, that entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $395,563,025.39 is appropriate, pursuant to Title 18, United States Code, Section 982(a)(1);

**WHEREAS**, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

***WHEREAS***, the Court finds that the United States has satisfied the statutory criteria to forfeit substitute property under Title 21, United States Code, Section 853(p), and that property involved in the offenses charged in Counts One, Two, and Three have been dissipated by the defendant and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

***WHEREAS***, the entry of a preliminary order of forfeiture authorizes the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), to seize property subject to forfeiture, and Title 21, United States Code, Section 853(g) authorizes the Attorney General to seize all property ordered forfeited upon such terms and conditions as the Court shall deem proper;

***WHEREAS***, the net proceeds the United States realizes from the forfeiture and liquidation of the specific property and substitute property listed in this Order shall be credited towards the money judgment upon final forfeiture of such property to the United States;

***WHEREAS***, upon entry of a forfeiture order, Federal Rule of Criminal Procedure 32.2(b)(3) authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

***NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED***:

1. The following property is declared forfeited to the United States: (1) any property, real or personal, involved in the offenses charged in Counts One, Two, and Three, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1). The following specific property is declared forfeited:

    a. $349,625.72, seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

4

    b. Approximately 0.10877 Bitcoin (BTC) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    c. Approximately 205.9625 Ethereum (ETH) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    d. Approximately 9,371.52683 Stellar (XLM) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

    e. Approximately 35.9998 Monero (XMR) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN; and

    f. Approximately 1,354 BTC currently held in the Bitcoin Fog wallet, identified by root address 1YZJKaAx2HRWvcbCXDBtQbBZcRU46WJqw.

2. A forfeiture money judgment in the amount of $395,563,025.39 is entered against the defendant and in favor of the United States.

3. The Court finds that the United States has satisfied the statutory criteria to forfeit substitute property under Title 21, United States Code, Section 853(p), and that property involved in the offenses charged in Counts One, Two, and Three have been dissipated by the defendant and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4. The following property is declared forfeited, pursuant to Title 21, United States Code, Section 853(p), as substitute property:

    a. Approximately 10.25623378 BTC cryptocurrency (after required fees), seized from nine Mycelium wallet accounts located on one Samsung Galaxy S8+ Mobile Telephone.

5. Upon final forfeiture of the specific property and substitute property identified in the previous paragraphs to the United States, the net proceeds realized by the United States shall be credited to the forfeiture money judgment.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment.

8. The Attorney General or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the specific property and substitute property identified in the previous paragraphs of this Order, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and Title 21, United States Code, Section 853(g).

6. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

7. The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this _4th_ day of ~~July~~ Nov., 2024.

RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE